Jeff Macy "In Pro Per"
P.O. Box #103
Twin Peaks, Ca. 92391
(909) 744 -8480
macybuilders@yahoo.com

FILED
CLERK, U.S. DISTRICT COURT

10/29/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

N/S
NO CV30
NO CV71

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JEFF MACY, as an individual<br><br>PLAINTIFF,<br><br>vs.<br><br>CALIFORNIA HIGHWAY PATROL RUNNING SPRINGS, a public entity, CHRISTOPHER BATES, as an individual, JEFFREY O'BRIEN, as an individual, and DOES 1-50. | Case No.: **TBD** 5:23-cv-02245-RGK(BFM)<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR:<br>**(1)** False ticket.<br>**(2)** Emotional Distress<br>**(3)** Endangerment<br>**(4)** Cover up.<br>**(5)** Failure to do Public Records Request San Bernardino County Public Request #23-3765 (Running Springs CA Highway Patrol).<br>**(6)** Violation of Bane Act.<br>**(7)** Illegal detainment.<br>**(8)** Unlawful Traffic Stop.<br>**(9)** Collusion/Racketeering.<br>**(10)** Unreasonable Search and Seizure.<br>**(11)** Municipal and Supervisory Liability (42 U.S.C. § 1983). |

**DEMAND FOR JURY TRIAL**

PLAINTIFF JEFF MACY ("Mr. Macy"), through his undersigned counsel, hereby files this Complaint against Defendants California Highway Patrol Running Springs, Christopher Bates ("Bates"), Jeffrey O'Brien ("O'Brien"), and Does 1 to 50, inclusive (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983, 1985 & 1988, the Fourth & Fourteenth

PAGE 1

Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAINTIFF'S federal claims that the claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

**PARTIES**

3. PLAINTIFF JEFF MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.

4. Defendant California Highway Patrol Running Springs, is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

5. Defendant Christopher Bates is and at all times relevant a resident in the County of San Bernardino and existing under the laws of the State of California.

6. Defendant Jeffrey O'Brien is and at all times relevant a resident in the County of San Bernardino and existing under the laws of the State of California.

7. On information and belief at all times relevant, Defendant DOES 1-50 were residents of the County of San Bernardino and are sued in their individual capacity.

**FACTS COMMON TO ALL CAUSES OF ACTION**

PAGE 2

8. After 2-day October 23-24, 2023 trial Jeff Macy was **innocent** of the seat belt infraction traffic ticket and not responsible to pay seat belt ticket.

9. Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.

10. I am informed and believe that Defendants own ticket itself CT: 001 vc **"No Seat Belt"**-admits Plaintiff's family had seatbelts on, and says **"…secured by a non-factory equipped seat belt"** <–Word for word from Officer Bates written on ticket!

11. I am informed and believe that Officer Bates asked plaintiffs kids to get out of the truck, further endangering plaintiff's family on HWY 18, high-speed road. Plaintiff and family could have gotten hit by traffic while standing on the Highway 18 road in the hot sun for over 1 hour.

12. I am informed and believe that it was an unlawful police detention on suspicion of out of view no seatbelt, yet officer said everyone had a secured seatbelt on! – "**Unlawful police detention is when law enforcement, without legal justification, restricts your freedom to leave. Doing so constitutes a civil rights violation based on the Fourth Amendment. That amendment to the U.S. Constitution prohibits officers from conducting unreasonable searches or seizures.**"

13. I am informed and believe that **§3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt:**

    a. "It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

b. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Jeff Macy, has the benefit of that presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt.

c. The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the crime with which [he/she] is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her]. United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998 "If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit [him/her] of that crime…"

14. I am informed and believe that 2 Highway Patrol Officers violated Plaintiff Jeff Macy & family's federal civil rights. 1st Amendment right to record police! (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011) "is a case in which the United States Court of Appeals for the First Circuit held that a private citizen

PAGE 4

has the right to record video and audio of police carrying out their duties in a public place."

15. I am informed and believe that Highway patrol said, "Not allowed to record during his (highway patrol officer) traffic stop". Forced to get son Josiah Macy to take over recording. Macy was told cannot investigate. Illegal traffic stop of "suspicion of non-factory installed vehicle seat belt". –Police are not above the Law. Federal Civil Enforcement. (34 USC §12601)

16. I am informed and believe that the Fourth Amendment to the Constitution. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." -Officer entered plaintiff's truck without permission and seized private property images without consent.

17. I am informed and believe that the Supreme Court noted in (Mapp v. Ohio (1961)), there remains no fixed test for reasonableness. Instead, trial courts determine reasonableness using an objective standard on a case-by-case basis. The reasonableness inquiry under the Fourth Amendment focuses on the specific context and the threat that the suspect poses. In the event that an individual believes law enforcement failed to conduct a seizure reasonably, that individual may pursue a civil action against the relevant government officers for a violation of his or her constitutional rights. But such a suit may be brought only after the alleged constitutional violation has occurred…

18. I am informed and believe that no-where does vehicle code say, "Must have a manufactured factory installed seat belt?" Illegal search and

PAGE 5

seizure. Officer Bates climbed up into my truck and took picture(s) without permission. –The picture(s) will be self-evident of this violation as/is also recorded by adult Josiah Macy. Contesting this 1-hour illegal arrest/ticket as said. Civil rights act 1871 (42 USC §1983) "willfully" 18 USC § 242 "specific intent" (Screws v U.S. 91 (1945) Federal civil rights crimes: "A pattern or practice by LAW ENFORCEMENT OFFICERS to deprive people of their constitutional rights." (34 USC § 12601)

19. I am informed and believe that in Exhibit #1 there is a video recording of Officer Bates with a folded over shirt to cover his name tag, and refusing to identify himself in full when requested many times by Mr. Macy.

  a) "Thus, there is no absolute requirement that law enforcement officers identify themselves prior to conducting a search or seizure. Instead, a failure to do so bears on the reasonableness of the officers' overall behaviors, including, as the U.S. Court of Appeals for the Eighth Circuit noted in Atkinson v. City of Mountain View, Mo. (2013), the nature of the plaintiff's crime and whether or not the plaintiff posed an immediate threat to the officer. A unanimous Seventh Circuit panel in Doornbos v. City of Chicago (2017) stated that, "[a]lthough some unusual circumstances may justify an officer's failure to identify himself in rare cases, it is generally not reasonable for a plainclothes officer to fail to identify himself when conducting a stop." Thus, there is some chance that an officer could be denied qualified immunity on the basis of a failure to identify if that failure was deemed unreasonable and precedents just discussed had "clearly established" a right to

disclosure." In the event of a constitutional violation, the doctrine of qualified immunity…

b) Reasonableness standard is essential. Only if the right(s) in question has been clearly established and a reasonable officer would not believe that the activity the officer engaged in was lawful, will that officer be denied qualified immunity. "The nature of the inquiry into the reasonableness of a law enforcement officer's failure to identify as such is largely dependent on where the search or seizure in question occurred."- Supreme Court.

c) Similarly, Section 5–331.09 of the Code of the District of Columbia requires that the Metropolitan Police Department "ensure that all uniformed officers assigned to police First Amendment assemblies are equipped with the enhanced identification and may be identified even if wearing riot gear," including "by modifying the manner in which those officers' names or badge numbers are affixed to the officers' uniforms or helmets" to make the information more visible.

d) The Justice Department has also previously played an Important role in making sure that police departments meet accountability standards for displaying identifying information. In 2014, it criticized the Ferguson Police Department for reports of officers having failed to wear nameplates, which emerged as part of an investigation into the police department "for an alleged pattern or practice of unlawful misconduct." The investigation was triggered in part by the killing of Michael Brown, an African American man, by a white police officer. A Justice Department letter sent to

Ferguson police explained that "[o]fficers wearing name plates while in uniform is a basic component of transparency and accountability. … Allowing officers to remain anonymous when they interact with the public contributes to mistrust and undermines accountability. The failure to wear name plates conveys a message to community members that, through anonymity, officers may seek to act with impunity." Requirements that officers introduce themselves by name and rank as soon as practicable during investigatory and noncustodial stops was also part of the consent decree between the City of Ferguson and the Department of Justice, which was entered into in March 2016 in the wake of the Justice Department's investigation. The new guidelines were intended to promote the police department's efforts at community policing. Even prior to the consent decree, municipal law in Ferguson required that officers "wear the regulation uniform while on duty" and a nameplate was part of that regulation uniform.

20. I am informed and believe that Officer Bates stated, "Does not have a business card with name on it." Officer added words to vehicle code 27315I VC, even to his Sergeant, Said, "Section 27315I says MUST have a "FACTORY installed seatbelt???" -Sergeant trusted his fellow officer's words to support Officer Bates' misquoted words. This is an abuse of duty by Officer Bate's authority and expertise. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the law, to back up his false claim!

a. 27315l Vehicle Code: "l A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations."

21. I am informed and believe that Exhibit #2 Weight Receipt "County of San Bernardino SOLID WASTE MANAGEMENT DIVISION. Transaction #520932116 6/27/23 loc 52/ Heaps Peak. Time in 12:09 pm. Origins 739 Lake Arrowhead Ca 92352. Trans Type: 120 Land Use. Weight Net: 2,240 lbs. (1.12 tons) That's a lot of trash! Both officers were informed that plaintiff had just left the Running Springs Dump, after dumping trash. (Solid waste removal) Even after being informed that, and knowing Plaintiff's business card says, "Hauling" which would exempt plaintiffs from even using seatbelts, still stubbornly gave seat belt ticket. "Garbage truck drivers, & persons who work frequently entering & leaving vehicle". Exhibit #2–Yet Sergeant knew we dumped trash, as printed on our business card in neon orange; that he had when Macy's had worked for him previously.

22. **California Code, Vehicle Code - VEH § 27315** (Current as of January 01, 2023)

a. "(o) This section **does not apply** to a driver actually engaged in the collection of **solid waste or recyclable materials along that driver's collection route** if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route." (If driver does not need a seatbelt, why would co-worker need a seatbelt in a trash truck?)

23. **There was no probable cause to check to see if a seatbelt was being used or not, out of site lap belt.**

   a. The traffic stop has to be short, though. Was over 1 hour.

   **California Code, Vehicle Code - VEH § 27315**:

   **(e) A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations.**

   **(o) This section does not apply to a driver actually engaged in the collection of <u>solid waste</u> or <u>recyclable materials</u> along that driver's collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route. (not reasonable to expect that if a driver does not need a seatbelt, that a passenger does need a seatbelt? Garbage trucks even have 2 workers hanging off the back of the truck with no seatbelt all over the usa)**

   ------------------------------------------------------------------------------------------------------

24. **Seat Belt Laws in California? https://www.dmv.org/ca-california/safety-laws.php:**

   a. Vehicles must contain **properly functioning** seat belts.

   b. **Agency of Transportation <u>Department of Motor Vehicles</u> [Federal above Calif laws]**

PAGE 10

------------------------------------------------------------------------

25. **Safety Belts 23 V.S.A. § 1259. Safety belts; persons age 18 and over**

**(2) the person is a <u>driver or passenger frequently stopping and leaving the motor vehicle</u> or delivering property from the motor vehicle, if the speed of the motor vehicle between stops does not exceed 15 miles per hour;**

------------------------------------------------------------------------

26. (2018 Isuzu npr truck uses lap belt type 1 for interior bench seat passengers)

    a. FEDERAL MOTOR VEHICLE SAFETY STANDARDS –higher law than Calif law:

    b. **49 CFR § 571.209 - Standard No. 209; Seat belt assemblies**

    **(c) *Attachment hardware:***

**(1)** Eye bolts, shoulder bolts, or other bolt used to secure the <u>pelvic restraint</u> of <u>seat belt assembly</u> to a motor vehicle shall withstand a force of 40,034 N when tested by the procedure specified in S5.2(c)(1), except that attachment bolts of a <u>seat belt assembly</u> designed for installation in specific models of motor <u>vehicles</u> in which the ends of two or more seat belt <u>assemblies</u> cannot be attached to the vehicle by a single bolt shall have breaking strength of not less than 22,241 N.

       (pelvic- means lap only requirement- 2 point seatbelt (type 1) is only requirement)

       *Type 1 seat belt assembly* is a lap belt for <u>pelvic restraint</u>.

       **49 CFR § 571.209** (g) Adjustment.

       (1) A Type 1 or Type 2 seat belt assembly shall be capable of adjustment to fit occupants whose dimensions and weight range from those

of a 5th-percentile adult female to those of a 95th-percentile adult male. The seat belt assembly shall have either an automatic-locking retractor, an emergency-locking retractor, or an adjusting device that is within the reach of the occupant.

(2) A Type 1 or Type 2 seat belt assembly for use in a vehicle having seats that are adjustable shall conform to the requirements of S4.1(g)(1) regardless of seat position. However, if a seat has a back that is separately adjustable, the requirements of S4.1(g)(1) need be met only with the seat back in the manufacturer's nominal design riding position.

---

California Code, Vehicle Code - **VEH § 27318**

At a minimum, the law states that the seatbelt must be a lap belt that crosses a person's upper thighs and hips.

(e)(1) For purposes of this section, "acceptably restrained by a safety belt" means all of the following:

(A) The latch plate is securely fastened in the buckle.

(B) The lap belt shall be adjusted to fit low and tight across the hips or upper thighs, not the stomach area.

---

**Federal Motor Carrier Safety Administration (FMCSA), DOT.  established within the Department of Transportation on January 1, 2000, pursuant to the Motor Carrier Safety Improvement Act of 1999 (49 U.S.C. 113).**

**2012 amendment to the 1984 Act requires FMCSA to ensure that CMV drivers are not coerced to violate certain provisions of the FMCSRs (sec. 31136(a)(5)).**

**Coercion is now prohibited by** <u>49 CFR 390.6</u>. **Given the obvious value of this final rule and the ease of compliance, the Agency believes that no one will be coerced** *not* **to wear a seat belt.**

**A. Compliance Responsibilities**

*Comments:* Three commenters opposed imposing a new responsibility on drivers to ensure passenger compliance with a seat belt regulation. An individual stated that neither the **motor carrier nor the driver should be responsible for requiring passengers to use the seat belts, and mentioned that drivers deal with many other regulations already.** Both ATA and Werner stated that a motor carrier could not and should not be responsible for the use of safety belts in CMVs, as they have no practicable way to monitor it.

27. I am informed and believe that Officer Bates was fishing for a reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by Officer Bates being parked on the other side of the road. On his… "Possibility that there was not a seatbelt present"? Yet ticket even says "…secured by a non-factory equipped seat belt" –Word for word from Officer Bates. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) –This can be against a race, religion or any targeted type, including people with criminal records. Jeff Macy had already filed a Federal Lawsuit against San Bernardino County. Seemed like a suspiciously targeted stop.

28. I am informed and believe that (Exhibit # History TBD) plaintiffs are still waiting for Public Records request incident reports from said Highway Patrol. HWY patrol has refused to give us their video recording from their car! They ask for my video evidence and have still not come to get it.  History: 1-2 years ago, Highway patrol illegally towed same exact truck. A Highway patrol officer lied writing ticket that Macy's Isuzu box truck was blocking a private road & blocking a fire hydrant. Was another false ticket (Plaintiffs

had photo of truck position showing past the 15' side legal requirement. A Highway Patrol Officer willingly lied, assumed to continue harassing Jeff Macy and get money through fake fines unjustly. On appeal was found again, Jeff Macy was correct, it was not a violation or valid ticket. Being another error (intentional police misconduct) ticket was dropped, costing Mr. Macy thousands of dollars to get work truck out of impound. Highway Patrol had truck towed all the way out of San Bernardino County to Hesperia, CA. (Another violation of Federal law). Truck should not have been towed by Highway Patrol's command from the side of the road; a private property on a private road. Other times looked like the same officer of Highway Patrol was driving around my neighborhood for no reason. Also slowed down stared at plaintiffs for no reason, as if looking to stop plaintiffs again for doing nothing wrong.  Next year Highway Patrol pulled over Jeff Macy for suspicion of not have a seatbelt for 4th passenger. After inspection seeing 4th legal safe seatbelt, said plaintiffs were ok and free to leave. (Wasted 15 minutes of plaintiffs lives for Officer's fishing expedition). Mr. Macy left without further incident. Other times Highway Patrol's come out, driven up plaintiff's private road "Augusta Way" asking plaintiff questions about plaintiff's vehicle parked on the side of plaintiff's own property. This is a clear pattern of unjust harassment.

29. I am informed and believe that Exhibit #3 CPRA Request Letter. Jeff Macy has request numerous times for documents and the recording from Highway Patrol's local office, dispatch & directly through public records request office locally and Sacramento. Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead, CA or tickets to "Jeffrey Macy" by highway patrol or traffic stops from the last 10 years. (1 Example request not fulfilled).

San Bernardino County Public Request #23-3765 (Running Springs Ca Highway Patrol)

30. I am informed and believe that Mr. Macy alleges Running Springs, CA. Highway Patrol is actively covering up &/or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Mr. Macy has received was a letter on April 07, 2023 file # 801.13318.a14522. Which just repeated the requests plaintiff asked for from Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burrtec/Highway Patrol. Plaintiff had called the office & mailed back a response saying, YES, give me the evidence requested already to Highway patrol by D.J. Minor, Chief's confirmation of request.

31. I am informed and believe that plaintiffs have been 100% cooperative, peaceful at all times, and have provided all documents requested during illegal traffic stop. (Driver's License, Registration & Proof of insurance- all valid, up to date)

32. I am informed and believe that (Plaintiffs have HD video/audio of clear recording of illegal traffic stop, which started after realizing Officer was not going to let plaintiffs go home). All accusations are true based on Plaintiff's video recording and 4 adult Macy witnesses. Traffic infraction ticket hopefully will get dismissed soon. Plaintiffs have the right & just to file Federal Lawsuits against said Officers, and Running Springs Highway Patrol for: gross negligence, civil rights violations, harassment, government invasion of privacy, emotional distress (1871 (42 § 1983), illegal detainment, false arrest, cover-up; forcing citizens to have to go to out of area (Lake Arrowhead, San Bernardino, CA to far away Fontana, CA to contest/appear/appeal; against right to a trial by own peers (own area [Lake Arrowhead, CA, San

PAGE 15

Bernardino County.] plaintiffs live in), not even in the same Town (Fontana, CA). 50-minute drive down the hill in a car, If no traffic.

## FIRST CAUSE OF ACTION

### False Ticket

### (By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50)

33. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 26, inclusive.

34. Defendants were informed that plaintiffs had just left Running Springs Dump, after dumping trash, but even after being informed that, and knowing their business card says, Hauling, which would exempt plaintiffs from even using seatbelts, still stubbornly gave seatbelt ticket. "Garbage truck drivers, & persons who work frequently entering & leaving vehicle".

35. Defendant Officer Bates was fishing for a reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by Officer Bates parked on the other side of road. On his… "Possibility that there was not a seatbelt present"? Yet ticket even says "…secured by a non-factory equipped seat belt" –Word for word from Officer Bates.

36. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) –This can be against a race, religion or any targeted type, including people with criminal records. Plaintiff Jeff Macy had already filed a Federal Lawsuit against San Bernardino County. Seemed like a suspiciously targeted stop and false ticket.

37. History: 1-2 years ago, Highway patrol illegally towed same exact truck. A Highway patrol officer lied writing ticket that Macy's Isuzu box truck was blocking a private road & blocking a fire hydrant. This was another false

ticket (we had photo evidence of truck position showing that it was past the 15' side legal requirement. A Highway Patrol officer willingly lied, assumed to continue harassing Plaintiff Jeff Macy and get money through fake fines unjustly. On appeal was found again that Plaintiff Jeff Macy was correct, no violations, or valid ticket. Being another error (intentional police misconduct), the ticket was dropped. It cost Mr. Macy thousands of dollars to get work truck out of impound. Highway Patrol had truck towed all the way out of San Bernardino County to Hesperia California. (Another violation of Federal law). Truck should not have been towed by Highway Patrol command from the side of the road; a private property on a private road. Other times looked like same officer of Highway Patrol was driving around my neighborhood for no reason. Slowed down stared at us for no reason, as if looking to stop us again for doing nothing wrong.  Next year Highway Patrol pulled over Plaintiff Jeff Macy for suspicion of not have a seatbelt for 4th passenger. After inspection seeing 4th legal safe seatbelt, said we were ok and free to leave. (Wasted 15 minutes of our lives for his fishing expedition). Mr. Macy left without further incident. Other times Highway Patrol came out, drove up plaintiff's private road "Augusta Way" asking questions about my vehicle parked on the side of my own property. This is a clear pattern of unjust harassment and abuses towards Plaintiff and family. Yet Defendants Highway Patrol refused to tow an abandoned, undriveable RV that was obstructing a roadway.

38. Defendant Officer Bates is not in a position of power to decide what is a factory or non-factory seatbelt.

39. Officer Bates showed gross negligence by misquoting and adding words to vehicle code 27315(e) VC, even to his Sergeant, Said, "Section 27315(e)

PAGE 17

says MUST have a "FACTORY installed seatbelt???" -Sergeant trusted his fellow officer's words to support Officer Bates misquoted words. This is an abuse of duty by Officer Bate's authority and expertise to give plaintiffs a false ticket to get more money. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the law, to back up his false claim!

40. Plaintiff Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## SECOND CAUSE OF ACTION

### Emotional Distress

### (By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50)

41. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 40, inclusive.

42. Plaintiff is informed and believes and thereon alleges that Defendants' actions described in this Complaint were intentional, extreme, and outrageous.

43. Plaintiff is further informed and believes and heron alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiffs serious emotional distress.

44. The conduct of the Defendants was despicable, abuse of power, abuse of authority, oppressive, and accomplished with a conscious disregard for Plaintiff Jeff Macy's rights.

45. Defendant Officer O'Brien violated Plaintiff Jeff Macy's federal civil rights, 1st Amendment right to record the police. Defendant did not allow Plaintiff to

PAGE 18

record during defendant's traffic stop, Plaintiff had to get his son Josiah Macy to take over recording. Officer O'Brien was not unbiased or neutral and caused great emotional distress upon plaintiff.

46. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## THIRD CAUSE OF ACTION

### Endangerment

### (By Plaintiff Against Officers Christopher Bates and Jeffrey O'Brien)

47. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 46, inclusive.

48. Defendants endangered Plaintiff and family by having everyone get out of the vehicle on a high-speed highway 18 for suspicion of non-factory seatbelt. Suspicion is not probably cause.

49. Defendants had no warrant to do an unreasonable search of plaintiff's vehicle.

50. As a result of the conduct of Defendants, they are liable because they were integral participants in the wrongful entry and inspection or because they failed to intervene to prevent these violations.

51. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## FOURTH CAUSE OF ACTION

### Cover Up

### (By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50)

PAGE 19

52. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 51, inclusive.

53. Defendants are actively covering up or failing to follow the 10-day legal requirement to disclose and provide video footage, incident report, or written testimony. Plaintiff made a public records request to 3 different places and have received nothing back. Plaintiff has already complied with giving Defendants our video evidence for a swap, but has received nothing.

54. Defendants' higher ups did not dismiss the ticket, so they could cover up the false ticket. Plaintiffs have not received 1 call from internal affairs. Plaintiff has requested a meeting with the Lieutenant, but Defendants always cover it up and say the Lieutenant is on vacation or undergoing training.

55. For the good of the community, anyone that is involved in this cover up and widespread corruption should be suspended or fired.

56. Ignorance is not above the law, as police would tell you, but when police do something wrong, they cover it up? Defendants swore an oath and a promise to serve the community, not to extort money from the people. The constitution was written to protect we the people from the police. What is representation? Who is the mediator between we the people and the Highway Patrol?

57. Defendants have failed to do any and all investigations or resolutions to this day.

58. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**FIFTH CAUSE OF ACTION**

PAGE 20

**Gross Negligence/Failure to do Public Records Request San Bernardino County**

**Public Request #23-3765 (Running Springs CA Highway Patrol)**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher**

**Bates, Jeffrey O'Brien, and Does 1 to 50)**

59. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 58, inclusive.

60. Defendants violated Government Code (GC) sections 6250-6270 failure to complete request within the 10 days to this day.

61. Defendants failed to do a public records request as requested by Plaintiff multiple times.

62. Defendants have failed to provide incident reports, dashcam footage, bodycam footage.

63. Plaintiff has requested numerous times for documents as well as recordings from Highway Patrol. Defendants fail to follow the 10-day legal requirement to disclose and provide the documents as requested.

64. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

<u>SIXTH CAUSE OF ACTION</u>

**Violation of Bane Act (Cal. Civ. Code § 52.1)**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher**

**Bates, Jeffrey O'Brien, and Does 1 to 50)**

65. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 64, inclusive.

66. Defendants were intimidating with their 2 police cars, badges, guns, tasers, telling plaintiff he couldn't record, had to get out of vehicle, somehow

PAGE 21

defendants were experts in knowing and creating new law saying that it had to be a factory installed seatbelt.

67.  Defendant intentionally interfered with Plaintiff's rights by threats, intimidation or coercion in that Defendant acted intimidating against Jeff Macy from exercising their first amendment right to film law enforcement officers that are conducting police activity in public.

68. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## SEVENTH CAUSE OF ACTION

### Illegal Detainment

### (By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50)

69. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 68, inclusive.

70. A police detention is a seizure of your person. If it is unreasonable, it violates your Fourth Amendment rights. If it violates the Fourth Amendment, it is unlawful.

71.  Defendants illegally detained Plaintiff and Plaintiff's family for over an hour on Highway 18 road in the hot sun risking bodily harm from traffic and endangering Plaintiff and Plaintiff's family.

72.  Defendants had no legal justification to restrict Plaintiff and Plaintiff's family freedom to leave.

73. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## EIGHTH CAUSE OF ACTION

PAGE 22

**Unlawful Traffic Stop**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50)**

74. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 73, inclusive.

75. Defendants lacked probable cause saying that suspicion of non-factory installed vehicle seat belt, violation of Fourth Amendment.

76. Defendants ticket itself admits that there were seatbelts and secured by a non-factory equipped seat belt.

77. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**<u>NINTH CAUSE OF ACTION</u>**

**Collusion/Racketeering**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50)**

78. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 77, inclusive.

79. The federal Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC §§ 1961-1968) prohibits (1) acquiring, establishing, or operating an enterprise with illegally derived income, (2) acquiring or maintaining an interest in or control of an enterprise through illegal activity, and (3) using an enterprise to commit illegal acts (Extortion, Blackmail, Etc., 31A Am Jur 2d). Defendants pulled plaintiffs over to extort money out of plaintiffs by giving an unjust ticket, guessing that the seatbelt was not a factory seatbelt.

80. Plaintiff Jeff Macy has already filed a Federal Lawsuit against San Bernardino County. Seemed like a suspiciously targeted stop because Defendants colluding and racketeering with Burrtec.

81. Defendants Highway Patrol is actively covering up &/or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Plaintiff Mr. Macy has received was a letter on April 07, 2023 file # 801.13318.a14522. which just repeated the requests plaintiff asked for from Defendant Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burrtec/Highway Patrol. Plaintiff had called the office & mailed back a response saying, YES, give me the evidence requested already to Highway patrol by D.J. Minor, Chief's confirmation of request.

82. Plaintiff believes that Defendant Officer Bates was fishing for a reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by Officer Bates being parked on the other side of the road. On his… "Possibility that there was not a seatbelt present"? Yet ticket even says "…secured by a non-factory equipped seat belt" –Word for word from Officer Bates. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) –This can be against a race, religion or any targeted type, including people with criminal records.

83. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## TENTH CAUSE OF ACTION

### Unreasonable Search and Seizure

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50)**

PAGE 24

84. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 83, inclusive.

85. Defendants made an unlawful police detention on suspicion of out-of-view no seatbelt, yet officer said everyone had a secured seatbelt on! – "**Unlawful police detention is when law enforcement, without legal justification, restricts your freedom to leave. Doing so constitutes a civil rights violation based on the Fourth Amendment. That amendment to the U.S. Constitution prohibits officers from conducting unreasonable searches or seizures.**"

86. Defendants violated Plaintiff's Fourth Amendment to the Constitution. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." -Officer entered plaintiff's truck without permission and seized private property images without consent.

87. Defendants had no warrant to do an unreasonable search of plaintiff's vehicle.

88. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## ELEVENTH CAUSE OF ACTION

### Municipal and Supervisory Liability (42 U.S.C. § 1983)

### (By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50)

89. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 88, inclusive.

90. Defendants California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 50, deprived Mr. Macy of the rights and liberties secured to them by the 4th and 14th Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, a agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general and of Mr. Macy, and of persons in his class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official recognized custom, policy and practice of:

    (a) Employing and retaining as California Highway Patrol Running Springs Officers and other personnel, including Bates and O'Brien who Defendants California Highway Patrol Running Springs and Does 1 to 50 at all times material herein knew or reasonably should have known had propensities for abusing their authority and for mistreating citizens by failing to follow written policies;

    (b) Inadequately supervising, training, controlling, assigning and disciplining California Highway Patrol Running Springs Officers and other personnel, including Bates and O'Brien who Defendants California Highway Patrol Running Springs and Does 1 to 50 each know or in the exercise of reasonable care should have known the aforementioned propensities and character traits;

    (c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining

the intentional conduct by California Highway Patrol Running Springs Officers and other personnel, including Bates, O'Brien, and Does 1-50 who are California Highway Patrol Running Springs Officers;

(d) Failing to adequately train California Highway Patrol Running Springs Officers including Defendants Bates and O'Brien and failing to institute appropriate policies regarding constitutional procedures and practices.

91. Defendants California Highway Patrol Running Springs, Bates, O'Brien, and Does 1 to 50, together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect of the constitutional rights of Mr. Macy and other individuals similarly situated.

92. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and wrongful acts, Defendants California Highway Patrol Running Springs, Bates, O'Brien, and Does 1 to 50, acted with intentional, reckless, and callous disregard for the safety and constitutional rights of Mr. Macy. Defendants California Highway Patrol Running Springs, Bates, O'Brien, and Does 1 to 50, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any reasonable person of normal sensibilities.

PAGE 27

93. By reason of the aforementioned policies and practices of Defendants California Highway Patrol Running Springs, Bates, O'Brien, and Does 1 to 50, Mr. Macy incurred damages in the form of lost money and emotional injuries, including, without limitation, humiliation, all of which are continuing and damage to reputation. Plaintiff's actual damages will be ascertained at trial.

94. The policies, practices, and customs implemented and maintained and still tolerated by Defendants California Highway Patrol Running Springs, Bates, O'Brien, and Does 1 to 50, were affirmatively linked to and were significantly influential forces behind the false ticket given to Mr. Macy.

95. Plaintiffs Jeff Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**WHEREFORE,** Plaintiff's pray judgment against Defendants as follows:

1. For compensatory damages of $100,000 if settled before trial:

2. For treble damages pursuant to the Bane Act;

3. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter and make an example of the Defendants;

4. For interest on those claims where it is available under law;

5. For an order awarding PLAINTIFF their reasonable attorney's fees as to Plaintiff's civil rights claim pursuant to 42 U.S.C. § 1988, and Plaintiff's claim under the Bane Act, including litigation costs and expenses;

6. For cost of suit; and

7. For such other and further relief as this Court may deem to be just and proper.

PAGE 28

Dated: _10/29/2023_

Respectfully Submitted,

By: _Jeff Macy_

Jeff Macy- Bible Law Translator

Plaintiff

PAGE 29

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury.

3

4

Dated: 10/29/2023

5

6                                              Respectfully Submitted,

7                              By: Jeff Macy

8                                   Jeff Macy- Bible Law Translator

9                                                    Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              PAGE 30