Rob Bonta
Attorney General of California
Iveta Ovsepyan
Senior Assistant Attorney General
Julio A. Hernandez
Deputy Attorney General
State Bar No. 260508
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6238
  Fax: (916) 322-8288
  E-mail: Julio.Hernandez@doj.ca.gov
*Attorneys for Defendants*
*Christopher Bates and Jeffrey O'Brien*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jeff Macy, as an individual, Jerusha Macy, as an individual, Josiah Macy, as an individual, and Jodiah Macy, as an individual,**<br><br>                  Plaintiffs,<br><br>v.<br><br>**California Highway Patrol, a State Agency; Officer Christopher Bates; Supervisor Officer Sergeant Jeffrey O'Brien, and Does 1 - 10, inclusive,**<br><br>                  Defendants. | 5:23-CV-02245-RGK-BFM<br><br>**ANSWER OF CHRISTOPHER BATES AND JEFFREY O'BRIEN TO THE SECOND AMENDED COMPLAINT (ECF 20)**<br><br><br>Judge: Hon. Brianna Fuller Mircheff<br>Trial Date: TBA<br>Action Filed: 5/06/2024 |

COMES NOW Defendants, Christopher Bates and Jeffrey O'Brien, and in response to the Second Amended Complaint (ECF 20) on file herein admit, deny, and allege as follows:

    1. Answering opening paragraph of the complaint, answering Defendants admit that "O'Brien" and "Bates" are officers with the California Highway Patrol

1

1  (CHP).  Answering Defendants deny each and every remaining allegation of said paragraph of the complaint.

2. Answering paragraphs 1-3, of the complaint, answering Defendants admit the allegations in said paragraph of the complaint.

3. Answering paragraphs 4, of the complaint, answering Defendants admit the allegations in said paragraph of the complaint.

4. Answering paragraphs 6-5, of the complaint, said paragraphs reference confidential information pursuant to California Penal Code section 832.7, only subject to disclosure pursuant to Sections 1043 and 1046 of the California Evidence Code. On this basis, answering Defendants cannot admit or deny the allegations in said paragraph of the complaint.

5. Answering paragraph 7, of the complaint, answering Defendants have no information or belief upon the subjects of said paragraph sufficient to enable Defendants to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

6. Answering paragraph 8 of the complaint, answering Defendants admit the allegations in said paragraph of the complaint, except for the allegation that "Jeff Macy was Innocent."

7. Answering paragraph 9 of the complaint, answering Defendants deny each and every allegation in said paragraph of the complaint.

8. Answering paragraph 10 of the complaint, answering Defendants admit the allegations in said paragraph of the complaint.

9. Answering paragraph 11 of the complaint, answering Defendants deny each and every allegation in said paragraph of the complaint.

10. Answering paragraphs 12-20 of the complaint, said paragraphs contain conclusions of law which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering Defendants deny each and every allegation of said paragraphs.

11.     Answering paragraph 21 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering Defendants deny each and every allegation of said paragraph. Additionally Defendants have no information or belief upon the facts alleged in said paragraph sufficient to enable Defendants to answer the allegations because the paragraphs references "Exhibit #2" which is not attached to the complaint, and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

12.     Answering paragraph 22 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering Defendants deny each and every allegation of said paragraph.

13.     Answering paragraph 23 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that said paragraph may be deemed to require an answer, answering Defendants admit "ticket even says '…secured by a non-factory equipped seat belt'" but deny each and every other allegation of said paragraph.

14.     Answering paragraph 24, of the complaint, answering Defendants admit that plaintiff submitted public records request. Answering Defendants have no information or belief upon the remaining subjects of said paragraph sufficient to enable Defendants to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

15.     Answering paragraph 25 of the complaint, Defendants have no information or belief upon the facts alleged in said paragraph sufficient to enable Defendants to answer the allegations because the paragraphs references "Exhibit #3" which is not attached to the complaint, and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

///

16. Answering paragraph 26 of the complaint, answering Defendants deny each and every allegation in said paragraph of the complaint.

17. Answering paragraph 27 of the complaint, answering Defendants admit that plaintiff provided all documents requested during subject traffic stop, but deny each and every remaining allegation in said paragraph of the complaint.

18. Answering paragraph 28 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering Defendants deny each and every allegation of said paragraph.

19. Pursuant to the District Court's June 25, 2024 Order Accepting Magistrate Judge's Interim Report and Recommendation (ECF 27), causes of action 1-5, and 7-9 are dismissed in their entirety against all Defendants with prejudice and without leave to amend. As such, answering Defendants are not required to admit or deny paragraphs 29-100, and 104-126, comprising of dismissed causes of action 1-5 and 7-9, respectively.

20. Pursuant to the District Court's June 25, 2024 Order Accepting Magistrate Judge's Interim Report and Recommendation (ECF 27), cause of action 6 is dismissed to the extent that it (i) alleges a claim for unlawful stop against all Defendants, including answering Defendants. As such, answering Defendants are not required to admit or deny paragraph 102 (a) of the complaint, alleging an unlawful stop.

21. Answering paragraph 101 of the complaint, answering Defendants deny each and every allegation in said paragraph of the complaint.

22. Answering the surviving allegations of paragraph 102 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering Defendants deny each and every allegation of said paragraph.

///

23. Answering paragraph 103 of the complaint, answering Defendants deny each and every allegation in said paragraph of the complaint.

24. Answering the prayer for relief of the complaint, answering Defendants deny each and every allegation in said payer for relief of the complaint.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1:

The complaint presents no actual controversy or justiciable question which is presently suitable for determination in this court.

AFFIRMATIVE DEFENSE NO. 2:

The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 3:

The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 4:

The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages. Cal. Gov't Code, § 818; Cal. Civ. Code, § 3294.

AFFIRMATIVE DEFENSE NO. 5:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendant(s) would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that

the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendant(s) would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendant(s) would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the Constitutions of the United States and the State of California in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

8) Such damages would amount to excessive fines in contravention of the Eighth Amendment; and

9) Defendant(s) would be deprived in other ways of the right to due process of law.

By reason of the above premises, the award of punitive damages herein should not be allowed.

AFFIRMATIVE DEFENSE NO. 6:

The complaint and each cause of action therein are barred by the two-year statute of limitations of California Code of Civil Procedure section 335.1.

AFFIRMATIVE DEFENSE NO. 7:

The complaint and each cause of action alleged therein are barred by the three-year statute of limitations of California Code of Civil Procedure section 338.

/ / /

/ / /

/ / /

**AFFIRMATIVE DEFENSE NO. 8:**

Should any plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

**AFFIRMATIVE DEFENSE NO. 9:**

Answering defendants were at all relevant times acting within the course and scope of duty of public employment.

**AFFIRMATIVE DEFENSE NO. 10:**

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the pleading. As the proceeding arises under the California Government Claims Act or is for express or implied indemnity or for contribution in a civil action, defendants are entitled to recover costs, including reasonable attorneys' fees, upon prevailing on summary judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit. Cal. Civ. Proc. Code § 1038.

**AFFIRMATIVE DEFENSE NO. 11:**

Pursuant to California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

**AFFIRMATIVE DEFENSE NO. 12:**

At all relevant times, plaintiff failed to mitigate injury and damages.

**AFFIRMATIVE DEFENSE NO. 13:**

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

///

///

AFFIRMATIVE DEFENSE NO. 14:

The action is barred by the failure to precede the action with a claim as required by California Government Code sections 945.4, 911.2, 905.2, and 950.2.

AFFIRMATIVE DEFENSE NO. 15:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 16:

Answering defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

AFFIRMATIVE DEFENSE NO. 17:

At all relevant times, defendant exercised due care and acted only in the execution or enforcement of the law.

AFFIRMATIVE DEFENSE NO. 18:

The complaint herein fails to state facts sufficient to constitute a cause of action in that simple negligence is not a federal civil rights violation. *Daniels* v. *Williams* 474 U.S. 327(1986).

AFFIRMATIVE DEFENSE NO. 19:

The complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the complaint was not without due process of law.

AFFIRMATIVE DEFENSE NO. 20:

Answering defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 21:

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 22:

All acts of defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 23:

To the extent that the complaint herein seeks recovery on any common law tort theory, any liability for common law tort must be diminished in proportion to the amount of fault attributable to plaintiff and others.

AFFIRMATIVE DEFENSE NO. 24:

Answering defendants are entitled to qualified and official and quasi-judicial immunity.  Defendant(s) acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law.  *Harlow* v. *Fitzgerald* 457 U.S. 800, 818 (1982).

AFFIRMATIVE DEFENSE NO. 25:

Insofar as defendants have approved or reviewed determinations and actions of any subordinate, such review and approval was done in a legislative, judicial, or quasi-judicial capacity, within the scope of discretion, with due care, and with a reasonable and good faith belief that such actions were in accordance with the Constitution and laws of the United States.

AFFIRMATIVE DEFENSE NO. 26:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Cal. Gov. Code, §§ 815.2, 820.2.

AFFIRMATIVE DEFENSE NO. 27:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. Cal. Gov. Code, §§ 815.2, 820.4.

AFFIRMATIVE DEFENSE NO. 28:

Qualified immunity protects governmental officials performing discretionary functions from liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow* v. *Fitzgerald* 457 U.S. 800, 818, (1982).

AFFIRMATIVE DEFENSE NO. 29:

There is no liability for any injury or damages, if any there were, caused by a misrepresentation by any public employee, whether such misrepresentation was negligent or intentional or not. Cal. Gov. Code, §§ 818.8, 822.2.

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against plaintiff; and
2. Plaintiff take nothing by the Complaint; and
3. Defendants be awarded costs of suit incurred herein; and
4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated: August 6, 2024  

Respectfully submitted,

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Senior Assistant Attorney General

*/s/ Julio A. Hernandez*

JULIO A. HERNANDEZ
Deputy Attorney General
*Attorneys for Defendants Christopher Bates and Jeffrey O'Brien*

SA2024302219
38299124.docx

# CERTIFICATE OF SERVICE

**Case Name:** *Macy, Jeff, et al. v. California Highway Patrol, et al.*
**Case No.:** 5:23-CV-02245-RGK-BFM

I hereby certify that on **August 6, 2024**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **ANSWER OF CHRISTOPHER BATES AND JEFFREY O'BRIEN TO THE SECOND AMENDED COMPLAINT (ECF 20)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **August 6, 2024**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jeff Macy
P.O. Box #103
Twin Peaks, CA 92391

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **August 6, 2024**, at Sacramento, California.

| Donna Kulczyk | /s/ Donna Kulczyk |
|---|---|
| Declarant | Signature |