

Jeff Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Phone: (909) 744-8480
E-mail: Macybuilders@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

| | |
|---|---|
| JEFF MACY, as an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA HIGHWAY PATROL, a State Agency; Officer CHRISTOPHER BATES, in his official & individual capacity, Supervisor Officer Sergeant JEFFREY O'BRIEN, in his official & individual capacity, & DOES 1-10, inclusive,<br><br>Defendants. | Case No.: **5:23-CV-02245-RGK-BFM**<br><br>**INTERROGATORIES TO DEFENDANTS OFFICER CHRISTOPHER BATES & SUPERVISOR OFFICER SERGEANT JEFFREY O'BRIEN**<br><br>Judge: Hon. Brianna Fuller Mircheff<br>Trial Date: TBA<br>Action Filed: 5/06/2024<br><br>**SET NO. 1** |

Pursuant to Federal Rules of Civil Procedure 26 & 33 & Local Rule 33, Defendant CSA-18 Special Districts Public Works, shall respond to these interrogatories within thirty (30) days of service.

## INTERROGATORIES

The Plaintiff requests that the Defendant answer under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories.

## INSTRUCTIONS & DEFINITIONS

A. Each Interrogatory should be answered upon your entire knowledge from all sources & all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants & information which is known

PAGE 1

by each of them. An incomplete or evasive answer is a failure to answer.

B. If any answer is qualified, state specifically the terms of each qualification & the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered & answer the same in full to the extent possible; state further & specifically the reason(s) why the remainder cannot be answered.

C. Each Interrogatory is considered continuing, & if Defendant obtains information which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

D. "Document(s)" shall mean & include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, & without limiting the generality of the foregoing, letters, diaries, desk & other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries,

pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, & any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean & include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state: (a) the nature of the document (e.g., letter, memorandum, contract, etc.); (b) the author or sender of the document; (c) the recipient of the document; (d) the date the document was authored, sent, and/or received; & (e) the reason such document is allegedly privileged. "Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded. "Hardware" means the physical components of a computer or any device capable of maintaining recorded data. "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device. "Computer" means any & all programmable electronic devices or

apparatuses, including hardware, software, & other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any & all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, & includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size. "Identify" means that you should state: (a) any & all names, legal, trade or assumed; (b) all addresses used; (c) all telephone & tele-fax numbers used; and, if applicable: (d) brand, make, manufacturer's name, address, phone number & the manufacturer's relationship to any & all defendants in the above captioned action; & (e) employer's name, address, phone number & the employer's relationship to any & all defendants in the above captioned action. "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind. "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, & to show the logical development or relationships thereof. "Describe" means to represent or give an account of in words. "User" means any person or computer which interacts with a different computer.

E. If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

F. "*DEFENDANTS*", "*YOU*" & "*YOUR*" shall mean Defendants Officer Christopher Bates & Supervisor Officer Sergeant Jeffrey O'Brien.

G. "PLAINTIFF" shall mean Plaintiff Jeff Macy.

## INTERROGATORIES

1. Provide a list of each Defendants training on Plaintiff's right to record an Officer on duty.
2. List all exhibits Defendants propose to introduce at trial.
3. Identify each person whom the Defendants expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify & the substance of the facts & opinions to which the expert is expected to testify, & a summary of the grounds for each opinion.
4. Provide a list of each Defendants training on seatbelts.
5. Provide a list of each Defendants training on identifying themselves.
6. Provide a list of each Defendants training on displaying nametags.
7. Provide a list of each Defendants training on entering vehicles without permission.
8. Provide a list of each Defendants training on trash companies & 3-point seatbelts.
9. Provide a list of each Defendants training on passengers not wearing a seatbelt.
10. Provide a list of each Defendants training on how long they can detain someone.

14. State the name(s), business address(es) & job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each interrogatory.

15. Identify & describe each document & record known to Defendants which are related to Plaintiff.

Respectfully Submitted,

By Plaintiff: _____*Jeff Macy*_____

Jeff Macy- 1611 Bible Law Translator.

Dated: 8/12/2024