Rob Bonta
Attorney General of California
Iveta Ovsepyan
Supervising Deputy Attorney General
Julio A. Hernandez
Deputy Attorney General
State Bar No. 260508
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6238
  Fax: (916) 322-8288
  E-mail: Julio.Hernandez@doj.ca.gov
*Attorneys for Defendants*
*Christopher Bates and Jeffrey O'Brien*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jeff Macy, as an individual,** | Case No. 5:23-CV-02245-RGK-BFM |
| Plaintiffs, | **OPPOSITION TO PLAINTIFF JEFF MACY'S MOTION FOR SANCTIONS** |
| v. | |
| **California Highway Patrol, a State Agency; Officer Christopher Bates; Supervisor Officer Sergeant Jeffrey O'Brien, and Does 1 - 10, inclusive,** | Judge: Hon. Brianna Fuller Mircheff<br>Trial Date: Not Set<br>Action Filed: 5/06/2024 |
| Defendants. | |

Defendants Officer Christopher Bates and Sergeant Jeffrey O'Brien hereby oppose Plaintiff Jeff Macy's motion for sanctions. The facts do not warrant the imposition of sanctions in this matter.

## INTRODUCTION

From the outset of the deposition at issue, Plaintiff Macy's responses demonstrated his displeasure of submitting to a deposition, which is reflected in the present motion. As demonstrated by the transcript of the deposition, Defendants'

1

counsel Deputy Attorney General (DAG) Julio Hernandez conducted the deposition with professionalism while faced with a challenging witness. Moreover, nothing in the conduct of the deposition warrants imposition of sanctions on defendants or DAG Hernandez. Defendants request that the motion be denied.

**FACTS**

On October 1, 2024, the deposition of plaintiff Jeff Macy was completed. (Declaration of Julio A. Hernandez, ¶2.) The deposition took place in a conference room in San Bernardino, California. (*Ibid.*) In attendance were Plaintiff Jeff Macy, his wife Julie Macy, Stacy M. Wilson, court reporter, Saxon Christin, Videographer, and DAG Hernandez. (*Ibid.*)

Prior to the deposition commencing, Plaintiff Macy objected to the deposition and video recording of the deposition. (*Id.*, at ¶3.) However, only the objection to the video recording was placed on the record. (*Ibid.*) On October 8, 2024, counsel for Defendants sent a meet and confer letter to plaintiff Macy on the video recording objection before seeking the Court's intervention. (*Ibid.*) Consequently, Defendants have not taken possession of the video recording of the deposition. (*Ibid.*)

From the outset of the deposition, Plaintiff Macy objected to questions seeking relevant background information, such as confirming his address. (*Id.*, at ¶4.) During the deposition, plaintiff Macy continually interrupted DAG Hernandez's questioning and provided unresponsive testimony. (*Ibid.*; A true and correct condensed copy of the transcript of the deposition of Plaintiff Macy is attached as Exhibit A to the Hernandez Decl.) About a little over an hour into the deposition, DAG Hernandez raised his voice to stop plaintiff Macy from providing unresponsive testimony. (*Id.*, at ¶6.) At no time did DAG Hernandez get off his seat, lunge at plaintiff Macy, or "reach across the table in Plaintiff's face."[1] (*Ibid.*)

---

[1] The video recording of the deposition demonstrates that DAG Hernandez was not near Plaintiff Macy's face.

2

DAG Hernandez immediately sought to go off the record, and once the parties were off the record, DAG Hernandez apologized to all the participants. (*Ibid*.) Once back on the record, DAG Hernandez again apologized to Plaintiff Macy. (*Ibid*.) DAG Hernandez did not again raise his voice even though Plaintiff Macy's interruptions and non-responsive answers continued, unnecessarily prolonging the deposition. (*Ibid*.)

DAG Hernandez sincerely apologizes to the Court for any unbecoming conduct. (*Id*., at ¶7.) However, as further discussed below, an imposition of sanctions is not warranted.

## LEGAL ARGUMENT

### I. PLAINTIFF'S JUSTIFICATION FOR THE IMPOSITION OF SANCTIONS.

Plaintiff's justification for the imposition of sanctions is enumerated as follows:

(1) The deposition was improper because plaintiff Macy is self-represented and therefore "opposing counsel." (Plaintiff's Motion for Sanctions, at 2:21-3:7; 3:13-14.);
(2) Irrelevant questions were asked during the deposition (*Id*. at 3:11-12.);
(3) DAG Hernandez directed questions to Mrs. Macy. (*Id*. at 3:15-17.);
(4) DAG Hernandez raised his voice and was rude, obnoxious, and threating towards Plaintiff Macy. (*Id*. at 3:9-10; 3:12-13.).

None of plaintiff's argument for the imposition of sanctions is supported by authority or admissible evidence. Nonetheless, defendants shall respond to each argument below.

### II. DEFENDANTS ARE ENTITLED TO DEPOSE MR. MACY AS HE IS THE PLAINTIFF IN THIS CASE.

Plaintiff Macy, who is self-represented, argues he is not subject to deposition because in effect he is "opposing counsel." (*Id*. 3;13-14.) However, Plaintiff Macy is a party to the case and not an attorney.

Depositions are governed by Federal Rule of Civil Procedure Rule 30, which states in pertinent part that "[a] party may, by oral questions, depose any person,

| | |
|---|---|
| 1 | including a *party,* without leave of court . . . ." Fed. R. Civ. P. 30(a)(1) (emphasis |
| 2 | added.) A self-represented party is bound by the same rules as attorneys. *Smith v.* |
| 3 | *Weiss*, No. 1:18-cv-00852-, 2020 U.S. Dist. LEXIS 233619, at *10 (E.D. Cal. Dec. |
| 4 | 10, 2020). |
| 5 | In this matter, Plaintiff Macy is a party to the case; thus, he is subject to be |
| 6 | deposed even though he is self-represented. Plaintiff's position that a self- |
| 7 | represented party is shielded from deposition because they are "opposing counsel" |
| 8 | would prevent any self-represented party from ever being deposed. This argument |
| 9 | is simply untenable and does not comport with the plain language of Federal Rules |
| 10 | of Civil Procedure Rule 30. |
| 11 | The three California appellate court cases cited by Plaintiff do not support his |
| 12 | position. As a preliminary matter, those cases are not binding in federal Court. |
| 13 | Regardless, the facts and circumstances in those cases are inapposite here. In |
| 14 | *Carehouse Convalescent Hosp. v. Superior Court*, 143 Cal. App. 4th 1558 (2006), |
| 15 | the appellate court denied the deposition of an attorney because there were other |
| 16 | means to obtain the discovery sought by plaintiff. *Spectra-Physics, Inc. v. Superior* |
| 17 | *Court*, 198 Cal. App. 3d 1487 (1988), arose out of a discovery dispute pending a |
| 18 | good faith settlement motion, wherein the appellate court denied the deposition of |
| 19 | non-settling parties' counsel, finding that the noticing party did not produce |
| 20 | sufficient evidence to justify the deposition and it had other means of obtaining the |
| 21 | same information. Finally, in *Trade Ctr. Props., Inc. v. Superior Court of S.F.*, 185 |
| 22 | Cal. App. 2d 409 (1960), the appellate found that it would be against public policy |
| 23 | to have the deposition of the opposing counsel because the noticing party did not |
| 24 | show good cause warranting the deposition of counsel. |
| 25 | The three cited California cases are clearly distinguishable from Plaintiff |
| 26 | Macy's deposition. First, the cases involved counsel for a party, which Plaintiff is |
| 27 | not. Second, the court found that the noticing parties had other means to obtain the |
| 28 | discovery; here, Plaintiff Macy is a party to the case and there is no other way to |

obtain Plaintiff's deposition testimony of the traffic stop that is the subject of the litigation prior to trial. And third, there was no good cause that overcame the public policy to avoid deposition of party counsel, whereas here, Plaintiff *is* a party. None of the facts in this matter are remotely similar to the cited California cases and the deposition is permitted by Federal Rule of Civil Procedure Rule 30. Moreover, no written objection was presented prior to the date of the deposition.

Because Defendants are entitled to take Plaintiff Macy's deposition, it cannot be a basis for the imposition of sanctions.

### III. ASKING QUESTIONS SUBJECT TO A RELEVANCE OBJECTION IS NOT A BASIS FOR IMPOSITION OF SANCTIONS; NONETHELESS, IRRELEVANT QUESTIONS WERE NOT ASKED.

"The Federal Rules of Civil Procedure contemplate that, absent exceptional circumstances (which generally involve third parties or the depositions of attorneys), depositions are expected to be taken, with all objections relating to the scope or relevance of a specific deposition question being noted on the record and then the question being answered by the deponent." *Hesselbrock v. I.Q. Data Sys.*, No. CV 23-2169 FLA (PVCx), 2024 U.S. Dist. LEXIS 71772, at *6 (C.D. Cal. Mar. 20, 2024). During a deposition, an attorney may properly state objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). "If a party believes that a particular question asked of a deponent is improper for any other reason, that party may object; however, 'the examination still proceeds; the testimony is taken subject to any objection.'" *Mendez v. R+L Carriers, Inc.*, 2012 U.S. Dist. LEXIS 60148, 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012) (quoting Fed.R.Civ.P. 30(c)(2).) Therefore, it was proper for Plaintiff to cite an objection on the record and answer the question regardless of the objection. If necessary, Plaintiff can seek the Court's ruling on his objections, which he has not done, but must still provide a response. However, an objection for relevance is not a proper basis for the issuance of sanctions.

/ / /

1    Moreover, the deposition questions may relate to "any nonprivileged matter
2    that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1), The Rules
3    of Civil Procedure provide the parties latitude to make relevant inquiries at a
4    deposition.
5        An examination of the questions subject to Plaintiff Macy's objections
6    demonstrate that they were proper and appropriate. Plaintiff Macy objected on
7    relevance or privilege grounds to the following questions:

| Objected Question | Transcript Location |
|---|---|
| My understanding is that your current address is 26175 Augusta Way in Lake Arrowhead. Is that correct? | 13:16-18 |
| Zip Code is 92352? | 13:22 |
| What is your date of birth, sir? | 14:5 |
| You're married? | 15:2 |
| Do you have any other children, sir? | 15:12 |
| What's your wife's name, sir? | 15:17 |
| What is her [wife's] name, sir? | 15:25 |
| How long have you been at the Augusta Way address? | 16:23-24 |
| And how long have you been married, sir? | 20: 3 |
| And do you have any other children, sir? | 21:7 |

19   Plaintiff either reluctantly answered the questions or refused to answer. The
20   purpose of these questions was to determine additional potential witnesses, obtain
21   background information about Plaintiff, assess his potential damages claims, and
22   confirm information gathered from Court records filed by plaintiff. All the
23   objected-to questions were both relevant and proper. Even if the Court does not
24   agree they are relevant or if they are subject to privilege, these questions cannot be
25   a basis for the imposition of sanctions because they were asked in good faith in
26   connection with plaintiff's claims in this lawsuit.
27   / / /
28   / / /

6

### IV. THERE WERE NO ON-THE-RECORD QUESTIONS TO MRS. MACY.

Plaintiff offers no authority that asking a third-party questions during the deposition, either off or on the record, is a basis for sanctions. Nonetheless, DAG Hernandez did not ask any on-the-record questions to Mrs. Macy. (Hernandez Decl. ¶5; Macy Dep. Transcript.) While DAG Hernandez exchanged pleasantries prior to and after the deposition with Mrs. Macy, such short and appropriate interactions are not a basis for sanctions. (*Ibid.*)

### V. COUNSEL'S CONDUCT DOES NOT WARRANT AN IMPOSITION OF SANCTIONS.

#### A. Legal Standard on Sanctions for Unbecoming Conduct at a Deposition.

"The guiding premise of the Federal Rules of Civil Procedure directs attorneys and courts "to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1. Rule 30 implements Rule 1's goals by prescribing how attorneys should behave during depositions. The Rule provides that "examination and cross-examination of a deponent proceed as they would at trial." Fed. R. Civ. P. 30(c)(1). Two things are implicit in the Rule 30's command that examination must "proceed as [it] would at trial." First, attorneys must follow the same procedures as they would at trial. [] Second, attorneys must conduct themselves as they would at trial. *Id*. ("[C]ounsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer.")." *Dunn v. Wal-Mart Stores, Inc*., No. 2:12-cv-01660-GMN-VCF, 2013 U.S. Dist. LEXIS 157554, at *2-3 (D. Nev. Nov. 1, 2013).

"Conduct unbecoming a member of the bar is a serious concern. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 2113 n. 19 (discussing Rule 30 [*3] and citing *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007). If, at a deposition, an attorney fails to proceed as he or she would at trial, Rule 30(d)(2) provides that, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who

7

impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2)." *Ibid.*

"The plain language of Rule 30(d)(2) indicates that the court's inquiry is twofold. First, the court must determine whether a person's behavior has impeded, delayed, or frustrated the fair examination of the deponent. See Fed. R. Civ. P. 30(d)(2). Second, the court must "impose an appropriate sanction." *Id*. The Ninth Circuit provides District Courts with wide discretion to fashion "an appropriate sanction." *Yeti by Molly, Ltd. v. Deckers*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). The 1970 Advisory Committee's Notes to Rule 30(d)(2) state that the expenses incurred in relation to a Rule 30(d) motion triggers Rule 37(a)'s cost-payment provisions." *Ibid*.

As discussed below, DAG Hernandez's conduct does not warrant sanctions.

### B. Defendants' Counsel's Conduct Was Professional and a Single Instance Does Not Warrant Sanctions.

The October 1, 2024, deposition was held in a large conference room. (Hernandez Decl. ¶2.) The conference room is approximately 20 by 30 feet and comfortably accommodated all six individuals present. (*Ibid*.) The conference room table used to conduct the deposition is approximately 6 by 10 feet in dimension. (*Ibid*.) The deposition was video recorded; however, due to Plaintiff Macy's objection, defendants have not taken possession of the recording. (*Id*. at ¶3.)

DAG Hernandez admits that he raised his voice in one instance to stop Plaintiff Macy from continuing an ongoing non-responsive answer. (*Id*. at ¶6.) DAG Hernandez was attempting to establish the evidentiary foundation and scope of a video that was posted on YouTube purporting to demonstrate the traffic stop that is the subject of this litigation. (*Ibid*.) After repeated interruptions and unresponsive replies, DAG Hernandez, in a moment of frustration, raised his voice to stop Plaintiff Macy from continuing his non-responsive response. (*Ibid*.) (Attached as Exhibit A to the Hernandez Declaration is a reproduction of the line of

questioning that led up to DAG Hernandez raising his voice. (*Ibid*.; Macy Dep. 65:25-73:5.).)

DAG Hernandez immediately attempted to go off the record, however, Plaintiff Macy initially refused. (*Ibid*.; Macy Dep. 73:5-74:23.) Once the parties were off the record, DAG Hernandez apologized to Plaintiff Macy and the others present. (*Ibid*.) Upon return on the record DAG Hernandez again apologized to Plaintiff Macy. (*Ibid*.; Macy Dep. 75:5-16.) Moreover, DAG Hernandez now apologizes to the Court for any unbecoming conduct. (*Id*. at ¶7.)

At no time did DAG Hernandez reach "across the table in Plaintiff's face," which would have required DAG Hernandez to stand up and lunge at Plaintiff due to the size of the conference room table. (*Id*. at ¶2, 6.) Rather, DAG Hernandez reached out his hand in open palm in a "stop" gesture, but did not get off his seat, lunge at the deponent, or otherwise act in an aggressive or threating manner. (*Id*. at ¶6.) DAG Hernandez never used profanity, insulted the deponent, or in any other way attempted to impede the deposition. (*Ibid*.) Rather, the deposition continued with Plaintiff's ongoing interruptions of DAG Hernandez's questions, but nonetheless, DAG Hernandez did not again raise his voice despite the challenging witness. (*Ibid*.)

Other than in single moment when DAG Hernandez raised his voice to instruct Plaintiff Macy to stop a nonresponsive answer, DAG Hernandez allowed Plaintiff Macy to provide lengthy testimony responses. DAG Hernandez's single instance of raising of the voice did not impede, delay, or frustrate the fair examination of Plaintiff Macy. As the transcript of the deposition demonstrates, there was no ongoing unbecoming conduct by DAG Hernandez. Rather, the deposition continued and was completed, notwithstanding Plaintiff's Macy ongoing interruption of DAG Hernandez's examination.

///
///

1      In contrast, Plaintiff's motion does not provide any facts that demonstrate that DAG Hernandez was rude, obnoxious, or threatening in any way, other than the conclusory statements.

     Thus, the conduct during the deposition does not warrant the imposition of sanctions.

## CONCLUSION

     There is no basis for the imposition of sanctions in this matter. First, the deposition of Plaintiff Macy was proper, notwithstanding his claims of being "opposing counsel." Second, the examination was within the bounds of the issues of the complaint. Third, no other witness was examined under oath. Fourth, other than a single instance of DAG Hernandez raising of the voice to stop an unresponsive answer, there was no other unbecoming conduct by Defendants' counsel. And finally, the deposition was completed. Thus, the facts on the deposition do not warrant an imposition of sanctions, and Defendants respectfully request that the motion be denied.

Dated: October 22, 2024

Respectfully submitted,

ROB BONTA  
Attorney General of California  
IVETA OVSEPYAN  
Supervising Deputy Attorney General

*/s/ Julio A. Hernandez*

JULIO A. HERNANDEZ  
Deputy Attorney General  
*Attorneys for Defendants*  
*Christopher Bates and Jeffrey O'Brien*

SA2024302219  
38492514.docx

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Christopher Bates and Jeffrey O'Brien, certifies that this brief contains **2,648** words, which:

  X   complies with the word limit of L.R. 11-6.1.

  ___   complies with the word limit set by court order dated _____.

Dated: October 22, 2024          */s/ Julio A. Hernandez*
                                                    Julio A. Hernandez
                                                    Deputy Attorney General

**DECLARATION OF SERVICE BY E-MAIL AND U.S. MAIL**

**Case Name:** *Macy, Jeff, et al. v. California Highway Patrol, et al.*
**Case No.:** 5:23-CV-02245-RGK-BFM

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **October 22, 2024**, I served the attached **OPPOSITION TO PLAINTIFF JEFF MACY'S MOTION FOR SANCTIONS** by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Jeff Macy
P.O. Box #103
Twin Peaks, CA 92391
**E-mail:** macybuilders@yahoo.com

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **October 22, 2024**, at Sacramento, California.

| Donna Kulczyk | /s/ Donna Kulczyk |
|---|---|
| Declarant | Signature |