UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| **Case No.:** 5:23-cv-02245-RGK-BFM | **Date:** November 5, 2024 |

**Title:** Jeff Macy v. California Highway Patrol Running Springs, et al.

==================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) Order Re: Motions for Sanctions (ECF 47, 52)

Plaintiff has filed two Motions requesting discovery sanctions. The first relates to conduct that occurred during a deposition. (ECF 47.) That Motion is fully briefed; Defendants filed an opposition (ECF 50) and the time for Plaintiff's optional reply has passed. The second Motion relates to Plaintiff's receipt of discovery from Defendants that, he claims, was intentionally damaged and manipulated. (ECF 52.)

With respect to the first Motion, Plaintiff complains that (1) defense counsel reached his hand across the table and put it in Plaintiff's face; (2) that defense counsel asked irrelevant questions; (3) that defense counsel was rude, obnoxious, and threatening; (4) that Plaintiff should not have to be deposed because he does not have an attorney; and (5) that defense counsel asked Plaintiff's wife questions. (ECF 47 at 3.) The Court sees no basis for court intervention, let alone sanctions.

First, a pro se litigant can be deposed just as any counseled party can. Under Rule 30(c)(2), if a deponent (or counsel, where a deponent is represented

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 5:23-cv-02245-RGK-BFM | **Date:** | November 5, 2024 |

**Title:**  Jeff Macy v. California Highway Patrol Running Springs, et al.

by counsel) believes that a particular question is objectionable—for example, if it seeks irrelevant information—the deponent may object "but the examination proceeds." That means the deponent must continue and answer the question. Rule 30 provides only limited circumstances in which a person being deposed can refuse to answer a question.

With respect to defense counsel's conduct, the Court reviewed the transcript and concludes that the behavior reflected there does not warrant imposition of a sanction. Plaintiff alleges that defense counsel yelled and put his hand in Plaintiff's face. The transcript reflects that defense counsel said, "Mr. Macy, you need to stop"; and he essentially conceded, in the moment, that he yelled. (ECF 50-1 at 24 ("I've never raised my voice in a deposition before.").) There is no excuse for uncivil behavior, but in mitigation, defense counsel had asked his question repeatedly and had trouble getting a straight answer—or even getting a word in edgewise. Immediately after this comment, defense counsel asked for a break, and once back on the record, apologized to Plaintiff for raising his voice. Defense counsel does not dispute that he put his hand up "in a 'stop' gesture" to try to get Plaintiff to stop speaking, but states under penalty of perjury that he remained in his seat while doing so and notes he was separated from Plaintiff by the six-feet span of the table. There were no issues in the remainder of the deposition, even when Plaintiff's answers spanned several pages of narration and offered seemingly irrelevant information. Under these circumstances, the Court concludes that sanctions are not warranted.

The first **Motion (ECF 47) is therefore denied**.

Going forward, all parties and counsel are reminded to familiarize themselves with this Court's Professionalism and Civility guidelines, which can be found at https://www.cacd.uscourts.gov/attorneys/admissions/civility-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

**Case No.:** 5:23-cv-02245-RGK-BFM                **Date:** November 5, 2024

**Title:** Jeff Macy v. California Highway Patrol Running Springs, et al.

and-professionalism-guidelines. These rules and procedures apply equally to pro se litigants such as Plaintiff. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules").

The Court clerk is directed to **strike** the second Motion **(ECF 52)** from the docket**.** The Motion does not reflect that Plaintiff complied with either the Local Rule that requires parties to meet and confer before filing any motion, or this Court's procedures that require an informal discovery conference before the filing of any discovery related motion. Plaintiff was previously warned that any motion filed without complying with those instructions would be struck. Moreover, this is a case where a meet and confer could be useful: Plaintiff complains that he received a CD-ROM that was damaged; a meet and confer with defense counsel may well solve that problem. The second complaint is that Plaintiff claims certain video appears to have been manipulated; here again, defense counsel might be able to resend the file through a different medium or confirm that the video file Plaintiff received is the best available.

**IT IS SO ORDERED**.

cc:   Jeff Macy, pro se
      Counsel of Record

Initials of Preparer:    ch