Jeff Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Telephone: (909) 744 -8480
Email: 1611Bible.us@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
02/18/2025
CENTRAL DISTRICT OF CALIFORNIA
BY AP DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

JEFF MACY, as an individual,

PLAINTIFF,

vs.

CALIFORNIA HIGHWAY PATROL, a State Agency; Officer CHRISTOPHER BATES, Supervisor Officer Sergeant JEFFREY O'BRIEN, & DOES 1-10, inclusive,

DEFENDANTS.

Case No.: 5:23-cv-02245-RGK-BFM

**DECLARATION OF JEFF MACY IN SUPPORT OF OPPOSITION OF DEFENDANTS CHRISTOPHER BATES & JEFFREY O'BRIEN'S MOTION FOR SUMMARY JUDGMENT**

Date: March 18, 2025
Time: 10:00 a.m.
Courtroom: 780
Judge: Hon. Brianna Fuller Mircheff

Trial Date: Not Set
Action Filed: 5/06/2024

I, Jeff Macy declare:

1. I am the plaintiff & I have personal knowledge of the facts set forth in this declaration.
2. Attached as **Exhibit 1** is a true & correct copy of Plaintiff's Second Amended Complaint, ECF 18.
3. Attached as **Exhibit 2** is a true & correct copy of an Officer's illegal search without probably cause.
4. Attached as **Exhibit 3** is a true & correct copy of Plaintiff's Risk Management Claim.
5. Attached as **Exhibit 4** is a true & correct copy of California Code Vehicle Code § 27315.
6. Attached as **Exhibit 5** is a true & correct copy of another Risk Management Claim.

7. Attached as **Exhibit 6** is a true & correct copy of Plaintiff's Civilian Complaint.

8. Attached as **Exhibit 7** is a true & correct copy of California Highway Patrol not providing Public Record's Requests.

9. Attached as **Exhibit 8** is a true & correct copy of Officer-Violator Contact.

10. Attached as **Exhibit 9** is a true & correct copy of Plaintiff's Civilian Complaint Front Page Received.

11. Attached as **Exhibit 10** is a true & correct copy of Plaintiff's Civilian Complaint Page 1.

12. Attached as **Exhibit 11** is a true & correct copy of Plaintiff's Civilian Complaint Page 2.

13. Attached as **Exhibit 12** is a true & correct copy of Plaintiff's Civilian Complaint Page 3.

14. Attached as **Exhibit 13** is a true & correct copy of Plaintiff's Civilian Complaint Page 4.

15. Attached as **Exhibit 14** is a true & correct copy of Plaintiff's Civilian Complaint Page 5.

16. Attached as **Exhibit 15** is a true & correct copy of Plaintiff's Civilian Complaint Page 6.

17. Attached as **Exhibit 16** is a true & correct copy of Solid Waste Management Dump Weight Receipt.

18. Attached as **Exhibit 17** is a true & correct copy of Highway Patrol Information.

19. Attached as **Exhibit 18** is a true & correct copy of the original front ticket LQ30682.

20. Attached as **Exhibit 19** is a true & correct copy of the original back ticket LQ30682.

21. Attached as **Exhibit 20** is a true & correct copy of original payment collection options.

22. Attached as **Exhibit 21** is a true & correct copy of unanswered public records request 23-3765.

23. Attached as **Exhibit 22** is a true & correct copy of Macy Video Evidence.

24. Attached as **Exhibit 23** is a true & correct copy of California Highway Patrol Complaint.

25. Attached as **Exhibit 24** is a true & correct copy of California Highway Patrol Records.

26. Attached as **Exhibit 25** is a true & correct copy of California Highway Patrol Risk Management Public Records Request.

27. Attached as **Exhibit 26** is a true & correct copy of Highway Patrol's copy of ticket LQ30682.

28. Attached as **Exhibit 27** is a true & correct copy of Defendant Bates not answering Plaintiff's Interrogatories.

29. Attached as **Exhibit 28** is a true & correct copy of Defendant O'Brien not answering Plaintiff's Interrogatories.

30. Attached as **Exhibit 29** is a true & correct copy of California Highway Patrol Public Records Request.

31. Attached as **Exhibit 30** is a true & correct copy of Highway Patrol no fault.

32. Attached as **Exhibit 31** is a true & correct copy of Office of Risk & Insurance Management Failure of Duty.

33. Attached as **Exhibit 32** is a true & correct copy of Incident Detail Reporrt of Towing Plaintiff's Isuzu Truck.

34. Attached as **Exhibit 33** is a true & correct copy of California PRA Request.

I declare under penalty of perjury under the laws of the State of California & the United States that the foregoing is true & correct.

Respectfully Submitted,

By Plaintiff: Jeff Macy

Jeff Macy

(Bible Translator & Director of Religious Organization 1611Bible.us)

Dated: 2/18/25

## DECLARATION OF SERVICE BY E-MAIL

**Case Name:** **Macy, Jeff, v. California Highway Patrol, et al.**

**Case No.:** **5:23-CV-02245-RGK-BFM**

I declare:

1. I am at least 18 years old.

a. My residence or business address is: P.O. Box # 433, Twin Peaks, CA 92391.

b. My electronic service address is: Jerushastar@gmail.com.

2. I electronically served the following documents: **DECLARATION OF JEFF MACY IN SUPPORT OF OPPOSITION OF DEFENDANTS CHRISTOPHER BATES & JEFFREY O'BRIEN'S MOTION FOR SUMMARY JUDGMENT.**

3. I electronically served the documents listed in 2 as follows:

a. Name of person served: Julio Hernandez & Donna Kulczyk.
On behalf of: Defendants California Highway Patrol, Officer Christopher Bates, Supervisor Officer Sergeant Jeffrey O'Brien, & Does 1-10

b. Electronic service address of person(s) served:
Julio.hernandez@doj.ca.gov & Donna.kulczyk@doj.ca.gov

c. On: 2/18/25

Date: 2/18/25

I declare under penalty of perjury under the laws of the State of California that the foregoing is true & correct.

Declarant: Jerusha Macy

Jerusha Macy

EXHIBIT 1
PAGE 6

Jeff Macy "In Pro Per"
P.O. Box #103
Twin Peaks, Ca. 92391
(909) 744 -8480
macybuilders@yahoo.com

SECOND AMENDED COMPLAINT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JEFF MACY, as an individual,

PLAINTIFFS,

vs.

CALIFORNIA HIGHWAY PATROL, a State Agency; Officer CHRISTOPHER BATES, in his official capacity, Supervisor Officer Sergeant JEFFREY O'BRIEN, in his official capacity, and DOES 1-10, inclusive,

DEFENDANTS.

Case No.: **5:23-CV-02245-RGK-BFM**

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983);
STATE LAW CLAIMS FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF
DEMAND FOR JURY TRIAL FOR:

**(1)** UNLAWFUL ticket.
**(2)** Severe Emotional Distress
**(3)** Endangerment
**(4)** Cover up.
**(5)** Refusal to obey Public Records Request #23-3765 San Bernardino.
**(6)** Fourth Amendment Violations.
**(7)** Supervisory Liability (42 U.S.C. § 1983).
**(8)** Negligence.
**(9)** Conspiracy.

**[DEMAND FOR JURY TRIAL]**

***"When a man assumes a public trust, he should consider himself as public property, and justly liable to the <u>inspection</u> and vigilance of public opinion; and the more sensibly he is made to feel his dependence, the less danger will there be of his abuse of power — The abuse of power, that rock on which good governments, and the people's rights, have been so often wrecked." — Thomas Jefferson*** (Highway Patrol Officer O'Brian- said, "Jeff Macy was not allowed to conduct his own investigation, ask questions or video record stop" Other officer Bates refused to answer about his id or badge #; or tell what Jeff Macy was being charged with =/. Public records request #23-3765 4 video/audio recordings from Highway Patrol went missing. So Highway Patrol can't give 2 Body & 2 Patrol car Video/audio recordings to Macy's.)

PLAINTIFF JEFF MACY ("Mr. Macy"), through their undersigned counsel, hereby files this Complaint against Defendants California Highway Patrol Running Springs, Christopher Bates ("Bates"), Jeffrey O'Brien ("O'Brien"), and Does 1 to 10, inclusive (collectively "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983, 1985 & 1988, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAINTIFF'S federal claims that the claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.
2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

**PARTIES**

3. PLAINTIFF JEFF MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.
4. Defendant California Highway Patrol Running Springs, is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

5. Defendant Christopher Bates is and at all times relevant a resident in the County of San Bernardino and existing under the laws of the State of California.

6. Defendant Jeffrey O'Brien is and at all times relevant a resident in the County of San Bernardino and existing under the laws of the State of California.

7. On information and belief at all times relevant, Defendant DOES 1-10 were residents of the County of San Bernardino and are sued in their individual capacity.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. After 2-day October 23, 24 2023 trial Jeff Macy was **innocent** of the seat belt infraction traffic ticket and not responsible to pay seat belt ticket.

9. Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.

10. I am informed and believe that Defendants own ticket itself CT: 001 vc **"No Seat Belt"**-admits Plaintiff's family had seatbelts on, and says **"…secured by a non-factory equipped seat belt"** <–*Word for word from Officer Bates written on ticket!*

11. I am informed and believe that Officer Bates asked plaintiffs kids to get out of the truck, further endangering plaintiff's family on HWY 18, high-speed road. Plaintiff and family could have gotten hit by traffic while standing on the Highway 18 road in the hot sun for over 1 hour.

12. I am informed and believe that it was an unlawful police detention on suspicion of out of view no seatbelt, yet officer said everyone had a secured seatbelt on! – "**Unlawful police detention is when law enforcement, without**

**legal justification, restricts your freedom to leave. Doing so constitutes a civil rights violation based on the Fourth Amendment. That amendment to the U.S. Constitution prohibits officers from conducting unreasonable searches or seizures."**

13. I am informed and believe that **§3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt:**

a. "It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

b. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Jeff Macy, has the benefit of that presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt.

c. The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the crime with which [he/she] is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability

of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her]. United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998 "If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit [him/her] of that crime…"

14. I am informed and believe that 2 Highway Patrol Officers violated Plaintiffs Jeff, Jerusha, Josiah, Jodiah's Macy's Federal Civil rights. 1st Amendment right to record police! (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011) "is a case in which the United States Court of Appeals for the First Circuit held that a private citizen has the right to record video and audio of police carrying out their duties in a public place."

15. I am informed and believe that Highway Patrol said, "Not allowed to record during his (highway patrol officer) traffic stop". Josiah Macy took over recording at Jeff Macy's request for fear of his safety. Jeff Macy was ordered cannot investigate. Illegal traffic stop for "suspicion of non-factory installed vehicle seat belt". –Police are not above the Law. Federal Civil Enforcement. (34 USC §12601)

16. I am informed and believe that the Fourth Amendment to the Constitution. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." -Officer entered plaintiff's truck without permission and seized private property images without consent.

17. I am informed and believe that the Supreme Court noted in (Mapp v. Ohio (1961)), there remains no fixed test for reasonableness. Instead, trial courts determine reasonableness using an objective standard on a case-by-case basis. The reasonableness inquiry under the Fourth Amendment focuses on the specific context and the threat that the suspect poses. In the event that an individual believes law enforcement failed to conduct a seizure reasonably, that individual may pursue a civil action against the relevant government officers for a violation of his or her constitutional rights.

18. I am informed and believe that no-where does vehicle code say, "Must have a manufactured factory installed seat belt?" Illegal search and seizure. Officer Bates climbed up into Macy's trash truck and took pictures without permission. –The pictures are self-evident of this violation as video recorded by Josiah Macy. Civil rights act 1871 (42 USC §1983) "willfully" 18 USC § 242 "specific intent" (Screws v U.S. 91 (1945) Federal civil rights crimes: "A pattern or practice by LAW ENFORCEMENT OFFICERS to deprive people of their constitutional rights." (34 USC § 12601)

19. I am informed and believe that Exhibit #1 video recording of Officer Bates with a folded over shirt intentionally covered Officers name tag, & refused to identify himself in full, even when requested many times by Jeff Macy.

"Thus, there is no absolute requirement that law enforcement officers identify themselves prior to conducting a search or seizure. Instead, a failure to do so bears on the reasonableness of the officers' overall behaviors, including, as the U.S. Court of Appeals for the Eighth Circuit noted in Atkinson v. City of Mountain View, Mo. (2013), the nature of the plaintiff's crime and whether or not the plaintiff posed an immediate threat to the officer. A unanimous Seventh Circuit panel in Doornbos v. City of Chicago (2017) stated that, "[a]lthough some

unusual circumstances may justify an officer's failure to identify himself in rare cases, it is generally not reasonable for a plainclothes officer to fail to identify himself when conducting a stop." Thus, there is some chance that an officer could be denied qualified immunity on the basis of a failure to identify if that failure was deemed unreasonable and precedents just discussed had "clearly established" a right to disclosure." In the event of a constitutional violation, the doctrine of qualified immunity…

Reasonableness standard is essential. Only if the right(s) in question has been clearly established and a reasonable officer would not believe that the activity the officer engaged in was lawful, will that officer be denied qualified immunity. "The nature of the inquiry into the reasonableness of a law enforcement officer's failure to identify as such is largely dependent on where the search or seizure in question occurred."- Supreme Court.

Similarly, Section 5–331.09 of the Code of the District of Columbia requires that the Metropolitan Police Department "ensure that all uniformed officers assigned to police First Amendment assemblies are equipped with the enhanced identification and may be identified even if wearing riot gear," including "by modifying the manner in which those officers' names or badge numbers are affixed to the officers' uniforms or helmets" to make the information more visible.

The Justice Department has also previously played an Important role in making sure that police departments meet accountability standards for displaying identifying information. In 2014, it criticized the Ferguson Police Department for reports of officers having failed to wear nameplates, which emerged as part of an investigation into the police department "for an alleged pattern or practice of unlawful misconduct." The investigation was triggered in part by the killing of Michael Brown, an African American man, by a white

police officer. A Justice Department letter sent to Ferguson police explained that "[o]fficers wearing name plates while in uniform is a basic component of transparency and accountability. … Allowing officers to remain anonymous when they interact with the public contributes to mistrust and undermines accountability. The failure to wear name plates conveys a message to community members that, through anonymity, officers may seek to act with impunity." Requirements that officers introduce themselves by name and rank as soon as practicable during investigatory and noncustodial stops was also part of the consent decree between the City of Ferguson and the Department of Justice, which was entered into in March 2016 in the wake of the Justice Department's investigation. The new guidelines were intended to promote the police department's efforts at community policing. Even prior to the consent decree, municipal law in Ferguson required that officers "wear the regulation uniform while on duty" and a nameplate was part of that regulation uniform.

20. I am informed and believe that Officer Bates stated, "Does not have a business card with name on it." Officer added words to vehicle code 27315I VC, even to his Sergeant, Said, "Section 27315I says MUST have a "FACTORY installed seatbelt???" -Sergeant trusted his fellow officer's words to support Officer Bates' misquoted words. This is an abuse of duty by Officer Bate's authority and expertise. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the law, to back up his false claim!

27315I Vehicle Code: "I A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a

sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations."

21. I am informed and believe that Exhibit #2 Weight Receipt "County of San Bernardino SOLID WASTE MANAGEMENT DIVISION. Transaction #520932116 6/27/23 loc 52/ Heaps Peak. Time in 12:09 pm. Origins 739 Lake Arrowhead Ca 92352. Trans Type: 120 Land Use. Weight Net: 2,240 lbs. (1.12 tons) That's a lot of trash! Both officers were informed that plaintiff had just left the Running Springs Dump, after dumping trash. (Solid waste removal) Even after being informed that, and knowing Plaintiff's business card says, "Hauling" which would exempt plaintiffs from even using seatbelts, still stubbornly gave seat belt ticket. "Garbage truck drivers, & persons who work frequently entering & leaving vehicle". Exhibit #2–Yet Sergeant knew we dumped trash, as printed on our business card in neon orange; that he had when Macy's had worked for him previously.

22. **California Code, Vehicle Code - VEH § 27315** current.

"(o) This section **does not apply** to a driver actually engaged in the collection of **solid waste or recyclable materials along that driver's collection route** if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route." (If driver does not need a seatbelt, why would co-worker need a seatbelt in a trash truck?)

**There was no probable cause to check to see if a seatbelt was being used or not, out of site lap belt.**

The traffic stop has to be short, though. Was over 1+ hour.

**California Code, Vehicle Code - VEH § 27315**

**(e) A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations.**

**(o) This section does not apply to a driver actually engaged in the collection of solid waste or recyclable materials along that driver's collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route. (not reasonable to expect that if a driver does not need a seatbelt, that a passenger does need a seatbelt? Garbage trucks even have 2 workers hanging off the back of the truck with no seatbelt all over the usa)**

---------------------------------------------------------------------------------------------------------------------------------------------

**Seat Belt Laws in California? https://www.dmv.org/ca-california/safety-laws.php**

Vehicles must contain **properly functioning** seat belts.

**Agency of Transportation Department of Motor Vehicles [Federal above Calif laws]**

-------------------------------------------------------------------------------------------------------------------------------

**Safety Belts 23 V.S.A. § 1259. Safety belts; persons age 18 and over**

**(2) the person is a driver or passenger frequently stopping and leaving the motor vehicle or delivering property from the motor vehicle, if the speed of the motor vehicle between stops does not exceed 15 miles per hour;**

---------------------------------------------------------------------------------------------------------------------------

(2018 Isuzu npr truck uses lap belt type 1 for interior bench seat passengers)

FEDERAL MOTOR VEHICLE SAFETY STANDARDS –higher law than Calif law.

**49 CFR § 571.209 - Standard No. 209; Seat belt assemblies**

**(c)** ***Attachment hardware.***

**(1)** Eye bolts, shoulder bolts, or other bolt used to secure the pelvic restraint of seat belt assembly to a motor vehicle shall withstand a force of 40,034 N when tested by the procedure specified in S5.2(c)(1), except that attachment bolts of a seat belt assembly designed for installation in specific models of motor vehicles in which the ends of two or more seat belt assemblies cannot be attached to the vehicle by a single bolt shall have breaking strength of not less than 22,241 N.

(pelvic- means lap only requirement- 2 point seatbelt (type 1) is only requirement)

*Type 1 seat belt assembly* is a lap belt for pelvic restraint. **49 CFR § 571.209** (g) Adjustment.

(1) A Type 1 or Type 2 seat belt assembly shall be capable of adjustment to fit occupants whose dimensions and weight range from those of a 5th-

percentile adult female to those of a 95th-percentile adult male. The seat belt assembly shall have either an automatic-locking retractor, an emergency-locking retractor, or an adjusting device that is within the reach of the occupant.

(2) A Type 1 or Type 2 seat belt assembly for use in a vehicle having seats that are adjustable shall conform to the requirements of S4.1(g)(1) regardless of seat position. However, if a seat has a back that is separately adjustable, the requirements of S4.1(g)(1) need be met only with the seat back in the manufacturer's nominal design riding position.

---

California Code, Vehicle Code - **VEH § 27318**

At a minimum, the law states that the seatbelt must be a lap belt that crosses a person's upper thighs and hips.

(e)(1) For purposes of this section, "acceptably restrained by a safety belt" means all of the following:

(A) The latch plate is securely fastened in the buckle.

(B) The lap belt shall be adjusted to fit low and tight across the hips or upper thighs, not the stomach area.

---

**Federal Motor Carrier Safety Administration (FMCSA), DOT. established within the Department of Transportation on January 1, 2000, pursuant to the Motor Carrier Safety Improvement Act of 1999 (49 U.S.C. 113).**

**2012 amendment to the 1984 Act requires FMCSA to ensure that CMV drivers are not coerced to violate certain provisions of the FMCSRs (sec. 31136(a)(5)).**

**Coercion is now prohibited by 49 CFR 390.6. Given the obvious value of this final rule and the ease of compliance, the Agency believes that no one will be coerced *not* to wear a seat belt.**

**A. Compliance Responsibilities**

*Comments:* Three commenters opposed imposing a new responsibility on drivers to ensure passenger compliance with a seat belt regulation. An individual stated that neither the **motor carrier nor the driver should be responsible for requiring passengers to use the seat belts, and mentioned that drivers deal with many other regulations already.** Both ATA and Werner stated that a motor carrier could not and should not be responsible for the use of safety belts in CMVs, as they have no practicable way to monitor it.

23. I am informed and believe that Officer Bates was fishing for a reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by Officer Bates being parked on the other side of the road. On his… "Possibility that there was not a seatbelt present"? Yet ticket even says "…secured by a non-factory equipped seat belt" –Word for word from Officer Bates. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) –This can be against a race, religion or any targeted type, including people with criminal records. Jeff Macy had already filed a Federal Lawsuit against San Bernardino County. Seemed like a suspiciously targeted stop.

24. I am informed and believe that (Exhibit # History TBD) plaintiffs are still waiting for Public Records request incident reports from said Highway Patrol. HWY patrol has refused to give us their video recording from their car! They ask for my video evidence and have still not come to get it. History: 1-2 years ago, Highway patrol illegally towed same exact truck. A Highway patrol officer lied writing ticket that Macy's Isuzu box truck was blocking a private road & blocking a fire hydrant. Was another false ticket (Plaintiff has photo of truck

position showing past the 15' side legal requirement. A Highway Patrol Officer willingly lied, assumed to continue harassing Jeff Macy and get money through fake fines injustice, illegal. On appeal was found again, Jeff Macy was correct, it was not a violation or valid ticket. Being another error (intentional police misconduct) ticket was dropped, costing Mr. Macy thousands of dollars to get work truck out of impound. Highway Patrol had truck towed all the way out of San Bernardino County to Hesperia, CA. (Another violation of Federal law). Truck should not have been towed by Highway Patrol's command from the side of the road; a private property on a private road. Other times looked like the same officer of Highway Patrol was driving around my neighborhood for no reason. Also slowed down stared at plaintiffs for no reason, as if looking to stop plaintiffs again for doing nothing wrong. Next year Highway Patrol pulled over Jeff Macy for suspicion of not have a seatbelt for 4th passenger. After inspection seeing 4th legal safe seatbelt, said plaintiffs were ok and free to leave. (Wasted 15 minutes of plaintiffs lives for Officer's fishing expedition). Mr. Macy left without further incident. Other times Highway Patrol's come out, driven up plaintiff's private road "Augusta Way" asking plaintiff questions about plaintiff's vehicle parked on the side of plaintiff's own property. This is a clear pattern of illegal harassment.

25. I am informed and believe that Exhibit #3 CPRA Request Letter. Jeff Macy has request numerous times for documents and the recording from Highway Patrol's local office, dispatch & directly through public records request office locally and Sacramento. Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead, CA or tickets to "Jeffrey Macy" by highway patrol or traffic stops from the last 10 years. (1 Example request not fulfilled).

San Bernardino County Public Request #23-3765 (Running Springs Ca Highway Patrol)

26. I am informed and believe that Mr. Macy alleges Running Springs, CA. Highway Patrol is actively covering up &/or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Mr. Macy has received was a letter on April 07, 2023 file # 801.13318.a14522. Which just repeated the requests plaintiff asked for from Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burrtec/Highway Patrol. Plaintiff had called the office & mailed back a response saying, YES, give me the evidence requested already to Highway patrol by D.J. Minor, Chief's confirmation of request.

27. I am informed and believe that plaintiffs have been 100% cooperative, peaceful at all times, and have provided all documents requested during illegal traffic stop. (Driver's License, Registration & Proof of insurance- all valid, up to date)

28. I am informed and believe that (Plaintiffs have HD video/audio of clear recording of illegal traffic stop, which started after realizing Officer was not going to let plaintiffs go home). All accusations are true based on Plaintiff's video recording and 4 adult Macy witnesses. Traffic infraction ticket hopefully will get dismissed soon. Plaintiffs have the right & just to file Federal Lawsuits against said Officers, and Running Springs Highway Patrol for: gross negligence, civil rights violations, harassment, government invasion of privacy, emotional distress (1871 (42 § 1983), illegal detainment, false arrest, cover-up; forcing citizens to have to go to out of area (Lake Arrowhead, San Bernardino, CA to far away Fontana, CA to contest/appear/appeal; against right to a trial by own peers (own area [Lake Arrowhead, CA, San Bernardino

County.] plaintiffs live in), not even in the same Town (Fontana, CA). 50-minute drive down the hill in a car, If no traffic.

**FIRST CAUSE OF ACTION**

**UNLAWFUL TICKET**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates)**

29. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 28, inclusive.

30. Defendant had known plaintiffs were a trash service, & were informed left Running Springs Dump not far away had just dumped trash. Even after knowing their business card "hauling" which officer Jeffrey O'Brien had been given previously when hired same Macy family still didn't dismiss ticket citation.

31. "(o) This section does not apply to a driver actually engaged in the collection of solid waste or recyclable materials along that driver's collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route."

32. Also: §220 (5) Subsection (4) does not apply to a person:

33. "(c) who is actually engaged in work that requires him or her to alight from and re-enter the motor vehicle at frequent intervals and who, while engaged in that work, does not drive or travel in that vehicle at a speed exceeding 40 km/h,"

34. Weight Receipt "County of San Bernardino SOLID WASTE MANAGEMENT DIVISION.

35. Transaction #520932116 6/27/23 loc 52/ Heaps Peak. Time in 12:09 pm. Origins 739 Lake Arrowhead Ca 92352. Trans Type: 120 Land Use. Weight Net: 2,240 lbs (1.12 tons) ← That's a lot of trash!

36. Defendant Officer Bates was fishing for a reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by Officer Bates parked on the other side of road. On his… "Possibility that there was not a seatbelt present"? Yet ticket even says "…secured by a non-factory equipped seat belt" ←Word for word from Officer Bates.

37. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) –This can be against a race, religion or any targeted type, including people with criminal records. Plaintiff Jeff Macy had already filed a Federal Lawsuit against San Bernardino County connected with exact Running Springs Highway Patrol for refusing to check SB County waste management trash trucks "Burrtec", contracted with SB County. Seems like another suspicious targeted stop and false ticket.

38. History: 1-2 years ago, Highway patrol illegally towed same exact truck. Highway patrol officer lied writing ticket that Macy's Isuzu box truck was blocking a private road & blocking a fire hydrant. This was another false ticket (we had photo evidence of truck position showing that it was past the 15' side legal requirement. Highway Patrol officer willingly lied, assumed to continue harassing Plaintiff Jeff Macy and get money through fake fines. On appeal was found again that Plaintiff Jeff Macy was correct, no violations, or valid ticket. Being another error (intentional police misconduct), the ticket was dropped. It cost Mr. Macy thousands of dollars to get work truck out of impound. Same Highway Patrol had truck towed all the way out of San Bernardino County to Hesperia California. (Another violation of Federal law). Truck should not have been towed by Highway Patrol command from the side of the road; a private property on a private road. Other times looked like same officer of Highway Patrol was driving around my neighborhood for no

reason. Slowed down stared at us for no reason, as if looking to stop us again for doing nothing wrong.  Next year Highway Patrol pulled over Plaintiff Jeff Macy for suspicion of not have a seatbelt for 4th passenger. After inspection seeing 4th legal safe seatbelt, said we were ok and free to leave. (Wasted 15 minutes of our lives for his fishing expedition). Mr. Macy left without further incident. Other times Highway Patrol came out, drove up plaintiff's private road "Augusta Way" asking questions about my vehicle parked on the side of my own property. This is a clear pattern of illegal harassment and abuses towards Plaintiff and family. Yet Defendants Highway Patrol refused to tow an abandoned RV that was obstructing our roadway.

39. Defendant Officer Bates is not an expert in Federal Law to overrule Federal Judge decisions about factory or non-factory seatbelts, or 2-3 point seatbelts.

40. Officer Bates showed gross negligence by misquoting and adding words to vehicle code 27315(e) VC, even to his Sergeant, Said, "Section 27315(e) says MUST have a "FACTORY installed seatbelt???" -Sergeant trusted his fellow officer's words to support Officer Bates misquoted words. This is an abuse of duty by Officer Bate's authority and expertise to give plaintiffs a false ticket to get more money. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the Law, to back up Highway Patrol's unlawful ticket!

41. FEDERAL MOTOR VEHICLE SAFETY STANDARDS –higher law than Calif law.

42. 49 CFR § 571.209 - Standard No. 209; Seat belt assemblies

43. (c) Attachment hardware.

44. Eye bolts, shoulder bolts, or other bolt used to secure the pelvic restraint of seat belt assembly to a motor vehicle shall withstand a force of 40,034 N when tested by the procedure specified in S5.2(c)(1), except that attachment bolts of a seat belt assembly designed for installation in specific models of motor vehicles in which the ends of two or more seat belt assemblies cannot be attached to the vehicle by a single bolt shall have breaking strength of not less than 22,241 N.

45. (pelvic- means lap only requirement- 2-point seatbelt (type 1) is only requirement)

46. Type 1 seat belt assembly is a lap belt for pelvic restraint.

47. 49 CFR § 571.209 (g) Adjustment.

48. (1) A Type 1 or Type 2 seat belt assembly shall be capable of adjustment to fit occupants whose dimensions and weight range from those of a 5th-percentile adult female to those of a 95th-percentile adult male. The seat belt assembly shall have either an automatic-locking retractor, an emergency-locking retractor, or an adjusting device that is within the reach of the occupant.

49. (2) A Type 1 or Type 2 seat belt assembly for use in a vehicle having seats that are adjustable shall conform to the requirements of S4.1(g)(1) regardless of seat position. However, if a seat has a back that is separately adjustable, the requirements of S4.1(g)(1) need be met only with the seat back in the manufacturer's nominal design riding position.

50. California Code, Vehicle Code - VEH § 27318

51. At a minimum, the Law states that the seatbelt must be a lap belt that crosses a person's upper thighs and hips.

52. (e)(1) For purposes of this section, "acceptably restrained by a safety belt" means all of the following:

53. (A) The latch plate is securely fastened in the buckle.

54. (B) The lap belt shall be adjusted to fit low and tight across the hips or upper thighs, not the stomach area.

55. Federal Motor Carrier Safety Administration (FMCSA), DOT. established within the Department of Transportation on January 1, 2000, pursuant to the Motor Carrier Safety Improvement Act of 1999 (49 U.S.C. 113).

56. 2012 amendment to the 1984 Act requires FMCSA to ensure that CMV drivers are not coerced to violate certain provisions of the FMCSRs (sec. 31136(a)(5)). Coercion is now prohibited by 49 CFR 390.6. Given the obvious value of this final rule and the ease of compliance, the Agency believes that no one will be coerced not to wear a seat belt.

57. A. Compliance Responsibilities

58. Comments: Three commenters opposed imposing a new responsibility on drivers to ensure passenger compliance with a seat belt regulation. An individual stated that neither the motor carrier nor the driver should be responsible for requiring passengers to use the seat belts, and mentioned that drivers deal with many other regulations already. Both ATA and Werner stated that a motor carrier could not and should not be responsible for the use of safety belts in CMVs, as they have no practicable way to monitor it.

59. Plaintiffs allege that law enforcement officials must have a valid reason for issuing a ticket, & that the ticket be based on a reasonable suspicion or

probable cause. Plaintiffs allege this is a violation of fourth amendment rights.

60. Plaintiffs also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**SECOND CAUSE OF ACTION**

**SEVERE EMOTIONAL DISTRESS**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien.)**

61. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 60, inclusive.

62. Defendants **"abused a position of authority",** Plaintiff's will never trust Highway Patrol again out of great fear. Plaintiff was extremely worried during the traffic stop which is why Plaintiff was filming for Plaintiff's safety. Plaintiff was told "Not allowed to record during his (highway patrol officer) traffic stop". Plaintiff was told to stop filming the stop. Highway Patrol claimed they can pull Macy's over any time for "Suspicion of a crime". Lap belts cannot be seen from Highway Patrol vehicles, so they guess if lap belts are connected/secured or not and harass us constantly. Jeff Macy makes sure he has witnesses with him whenever he drives around now, for fear of Highway Patrol abuses of power! (witnesses to record for his safety)

63. Defendants had already known Plaintiff was **"particularly vulnerable to emotional distress"**. Plaintiff Jeff Macy had already filed a Federal Lawsuit, alleging Highway Patrol; for covering up and failing to inspect County Trash trucks brakes, safety, smog damaging our private roads, "Burrtec-waste management" (Our competition) We had already requested public records request many times and they refuse to cooperate or comply with-in 10 day law to prove documents (evidence). We have gotten 0 to this day over 1 year.

64. **Defendants, "knew that their conduct with likely result in emotional harm".**

65. When defendant Officer Bates detained during traffic stop holding Jeff Macy's driver's license for over 1 hour, standing in the hold sun never to traffic it would cause worry, fear, **emotional harm. =/ 3 Macy kids worried if their Dad could be arrested; especially when Officer O'Brien ordered Dad to put his phone down. (Usually when a Patrol Officer tells suspect to put things down they arrest them) 2 Patrol Officers with guns' surround vs 56 yr. old Jeff Macy. Officer O'Brian orders Jeff Macy cannot ask questions or investigate. Officer Bates with his Officer name tag folded over on uniform. Refused to identify himself, was the scariest Cop ever known to Jeff Macy. Never seen a Police Officer completely hide his name and badge number. Also refused to verbally give his name. Refused to read the vehicle citation code out loud; knowing Jeff Macy sold cars before; knew the vehicle codes had no violation under this section or accusation in existence. Officer Bates maliciously "reckless disregard" was turning pages threw his Vehicle codes thick book, to try and fish for some kind of violation; that is why a simple traffic stop took over 1+ hour. <u>Defendants, "Gave little or no thought to the probable effects of their conduct."</u> (Over 1-hour evil fishing through DMV book to look for a violation somewhere without finding 1)**

66. Plaintiffs are informed and believes and thereon alleges that Defendants' actions described in this Complaint were intentional, extreme, and outrageous.

67. Plaintiffs are further informed and believes and heron alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiffs serious emotional distress.

68. The conduct of the Defendants was despicable, abuse of power, abuse of authority, oppressive, and accomplished with a conscious disregard for Plaintiff Jeff Macy's rights.

69. Defendants Christopher Bates, Jeffrey O'Brien violated Plaintiffs Macy's federal civil rights, 1st Amendment right to record the police. Defendants armed with guns did not allow Plaintiff Jeff Macy to continue recording, under duress, threat of arrest. Jeff Macy complied with Officer's order to stop recording during defendant's traffic detainment stop. Josiah Macy took over recording.

70. Plaintiffs also claim for **compensatory damages** and **punitive damages**; attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief. Defendants are allowed to recover punitive damages in California in cases of recklessness and intentional wrongdoing.

71. Plaintiffs also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**THIRD CAUSE OF ACTION**

**ENDANGERMENT**

**(By Plaintiff Against Officers Christopher Bates and Jeffrey O'Brien)**

72. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 71, inclusive.

73. Defendant Sergeant Officer O'Brien took over the traffic stop and showed up in a separate car.

74. Defendants endangered Plaintiffs by having everyone get out of the vehicle on a high-speed Highway 18 for suspicion of non-factory seatbelt. Suspicion is not probable cause. Plaintiffs would never stand by Highway 18, especially since the place Plaintiffs were pulled over at, is right next to a high school

where teenagers have just gotten their licenses and are still learning how to drive.

75. There was great risk of bodily harm and the other side of Highway 18 is a cliff edge. It's common knowledge for law enforcement agencies not to have citizens stand by highways. Patrol is trained to always pull suspects over at safe locations out of harm's way. The Officers should have had Plaintiffs pull off the highway in a safe location.

76. Plaintiff Jeff Macy was not allowed to record Defendants, as shown at around 4:55 of this video: https://www.youtube.com/watch?v=GvmaMonuPeo. Plaintiff Jeff Macy was forced to comply and have Plaintiff Josiah Macy take over recording out of fear of Defendants gun and taser, two Officers surrounded Plaintiff Jeff Macy.

77. Defendant Officer O'Brien would not allow Plaintiff Jeff Macy to conduct own investigation or ask questions. Plaintiff's First Amendment rights were violated.

78. Defendant Officer Bates refused to identify himself numerous times. Patrol Bates arrived with name already folded over Defendant's shirt to hide Defendant's nametag. As the supervisor on duty, Defendant sergeant Officer O'Brien would not enforce Defendant Officer Bates to display Defendant's badge either when Jeff Macy asked him to help get Officer Bates I.D.

79. Defendants had no warrant, probable cause to do an unreasonable search of plaintiff's vehicle. As shown at 11:11 of Defendant Officer Bates entering Isuzu trash truck in this video: https://www.youtube.com/watch?v=GvmaMonuPeo.

80. As a result of the conduct of Defendants, they are liable because they were integral participants in the wrongful entry and inspection or because they failed to intervene to prevent these violations.

81. By reason of the aforementioned endangerment caused by Defendants, Plaintiff incurred damages in the form of emotional injuries & emotional distress, all of which are continuing and damaging. Plaintiff's actual damages will be ascertained at trial.

82. Plaintiffs also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**FOURTH CAUSE OF ACTION**

**COVER UP**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 10)**

83. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 82, inclusive.

84. Defendants are actively covering up or failing to follow the PRA 10-day legal requirement to disclose and provide video footage 4 total; 2 body camera's & 2 Patrol car video's, incident report, or written testimony. San Bernardino Public records request number 23-3765 received June 28th 2023 via web. (Also drove to exact Running Springs Highway Patrol office in person on July 3rd, 2023. Stamped "received" with complaint form CHP 240b against said officers. Also to Sacramento public records division of Highway patrol. Plaintiffs made a public records request to 3 different places and have received nothing back. Plaintiffs have already complied with giving Defendants Macy's video evidence on USB and web links for a swap, but have received no video from Highway Patrol back.

85. Defendants' higher ups did not dismiss the ticket even after seeing legal facts and video, so they could cover up the UNLAWFUL ticket. Plaintiffs have not received 1 call or letter stating outcome from internal affairs about complaint. Plaintiffs have requested a meeting with the Lieutenant, but Defendants always cover it up and say the Lieutenant is on vacation or undergoing training.

86. For the good of the community, anyone that is involved in this cover up and widespread corruption should be retrained, suspended or fired.

87. Ignorance is not above the law, as police would tell you when writing a fine or ticket or arrest; but when police do something wrong, they allowed cover it up, delete video evidence? Defendants swore an oath and a promise to serve the community, not to extort money from, "We the people". The constitution was written to protect "we the people" from the police. Where is our "taxation without representation"? Who is the mediator between "we the people" and the Government Highway Patrol?

88. Defendant's authorities to the best of our knowledge has failed to do any and all investigations or resolutions to this day!

89. Plaintiffs are still requesting 4 videos; the Defendants 2 body cameras with video and audio and the Defendants 2 vehicle cameras with video and audio. No Public Records Requests have been fulfilled by the Highway Patrol or 3 agencies as legally required. Plaintiffs were not given videos for the trial that Plaintiffs won against Highway Patrol. Self-evident of cover up to try and lie & deceive the court at trial, that Plaintiff's Macy's won at trial. Highway Patrol Administration is still not cooperating with investigation or providing public records requests; Police are not above the Law.

90. Does 1-10 Officer Gonzales was very rude and pressing buttons on the phone to make buzzer sounds, & hung up the phone on Plaintiff Jeff Macy; while investigating why Police are not proving public requests 4 video's, evidentiary documents.

91. Does 1-10 Ashley Watson hung up the phone on Plaintiff Jeff Macy to help cover up for the Defendants; while investigating why Police are not proving public requests 4 video's, evidentiary documents.

92. Does 1-10 Gibson Dave has not called back or given audio and video recordings of Defendants Officer Bates and O'Brien's body cameras and vehicles.

93. Plaintiffs also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**FIFTH CAUSE OF ACTION**

**GROSS NEGLIGENCE/FAILURE TO DO PUBLIC RECORDS REQUEST SAN BERNARDINO COUNTY PUBLIC REQUEST #23-3765 (RUNNING SPRINGS CA HIGHWAY PATROL)**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 10)**

94. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 93, inclusive.

95. Defendants violated Government Code (GC) sections 6250-6270 failure to complete request within the 10 days to this day.

96. Defendants failed to do a public records request as requested by Plaintiff multiple times.

97. Defendants have failed to provide incident reports, dashcam footage, bodycam footage.

98. Plaintiff has requested numerous times for documents as well as recordings from Highway Patrol. Defendants fail to follow the 10-day legal requirement to disclose and provide the documents as requested.

99. Plaintiffs also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**SIXTH CAUSE OF ACTION**

**FOURTH AMENDMENT VIOLATIONS**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien)**

100. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 99, inclusive.

101. Defendants violated the Fourth Amendment by:

**(a)** Unlawful Traffic Stop: Defendant Officer Christopher Bates lacked probable to detain Macy Family, said, "I stopped you for suspicion of non-factory installed vehicle seat belt!". Violation of Fourth Amendment. §3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt. *Notice Officer Bates did not identify himself or his agency when 1st contacted commerical trash truck driver Jeff Macy. (*Standard procedure-sketchy-impersonating a Police Officer?*). Defendant's ticket itself box says uensecure seatbelt, yet Bates admits that Macy's seatbelts were secured, **"Secured by a non-factory equipped seat belt"!**

Plaintiff allege California § 27315 VC (d) (2) states that to be properly restrained by a safety belt that the lower lap part of the belt crosses the hips. And 49 CFR 571.208 S4.1.1.2. (a) only

requires a lap belt protection system. (Shoulder belt part NOT required by Law).

(b) Illegal Detainment: A police detention is a seizure of your person. If it is unreasonable, it violates your Fourth Amendment rights. If it violates the Fourth Amendment, it is an unlawful traffic stop.

Defendants had no legal jusitification to restrict Plaintiff and Plaintiff's family freedom to leave.

(c) Unreasonable Search and Seizure: Defendants made an unlawful police detention on suspicion of out-of-view no seatbelt, yet officer said everyone had a secured seatbelt on! – **"Unlawful police detention is when law enforcement, without legal justiciation, restricts yoru freedom to leave. Doing so constitutes a civil rights violation based on the Fourth Amendment. That amendment to the U.S. Constitution prohibits officers from conducting unreasonable searches or seizures."**

Defendants violated Plaintiff's Fourth Amendment to the Consitution. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, sh all not be violated, and no warrants shall issue, but upon porbably cause, supported by oath or affirmation, and particularly describing the place to be Searched, and the persons or things to be seized." –Officer entered plaintiff's truck without permission and seized private peroperty images without consent.

Defendants had no warrant to do an unreasonable search of plaintiff's vehicle.

102. Plaintiff also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**SEVENTH CAUSE OF ACTION**

**SUPERVISORY LIABILITY (42 U.S.C. § 1983)**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 10)**

103. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 102, inclusive.

104. Defendants California Highway Patrol Running Springs, Christopher Bates, Sergeant Jeffrey O'Brien, and Does 1 to 10, deprived Plaintiffs of their rights and liberties secured to them by the 4th and 14th Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, a agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general and of Mr. Macy, and of persons in his class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official recognized custom,

policy and practice of:

Employing and retaining as California Highway Patrol Running Springs Officers and other personnel, including Bates and O'Brien who Defendants California Highway Patrol Running Springs and Does 1 to 10 at all times material

herein knew or reasonably should have known had propensities for abusing their authority and for mistreating citizens by failing to follow written policies and customs;

It is a persistent and widespread custom, procedure for law enforcement agencies and CHP, that when pulling over citizens, "Vehicles must be pulled over to a safe location, away from traffic" Dangerous highways, freeways have high vehicle speeds, that kill people standing on roadways. Especially near cliff's (Literally pulled over not far from restaurant called, "**The Cliff hanger**") or oncoming traffic. Defendants have engaged in unconstitutional conduct against Plaintiffs by violating Police training, knowing not to endanger citizens by having them get out of vehicles on roadways; without probable cause or criminal suspicion emergency situations. Even then Police are supposed to block traffic to ensure everyone safety (usually by using their Patrol Cruiser to block traffic). Police are not allowed to get citizens out of their vehicle for an infraction or simple traffic stop. CHP Running Springs Officers violated U.S. citizens Macy's Federal and Constitutional Rights, & Bill of Rights.

Supervisor Sergeant Officer O'Brien took over traffic stop, standard policy and custom to take over when a supervisor shows up. Sergeant Officer O'Brien started investigating, asking questions and told Plaintiff Jeff Macy not allowed to record Defendants, as shown at around 4:55 of this video: https://www.youtube.com/watch?v=GvmaMonuPeo.

Even after Jeff Macy told **Supervisor (Watch commander) Sergeant Officer O'Brien** about the secured seatbelt; still did not stop the unlawful ticket from being given. Supervisor Sergeant Officer O'Brien made no effort to help lookup

Plaintiffs citation code when ask nicely (which says Macy's did nothing wrong); instead covered up for personal friend Officer Bates & supported the unlawful ticket (Even after having stopped same truck before and said nothing was wrong for same allegation). Supervisor Sergeant Officer O'Brien told Plaintiffs that he knew Officer Bates as a personal friend. The UNLAWFUL TICKET trial at SUPERIOR COURT of California county of San Bernardino at: Fontana District 17780 Arrow Boulevard Fontana, CA 92335 USA: $153.00, says,

**"…if fail to appear you may be arrested & punished by 6 months in jail and/or $1,000 FINE regardless of the original charge (§40508 Veh. Code [VC] or §853.7 Penal Code [PC]). In addition, any person who fails to appear as provided by law may be deemed to have elected to have a trial by written declaration (in absentia) pursuant to section 40903(a) VC upon any alleged infraction, as charged by the arresting/citing officer."**

**WHAT TO DO: "You are required to appear at court for a misdemeanor violation. For all violations, your court date/time/place are on the front of this notice to appear. Have the citation with you when contacting the court. In all infraction cases, you must do one or more of the following for each violation: …If you do not do one of the above actions, then a "failure to appear" charge will be filed against you (§40508(a) VC) and your driver license may be withheld, suspended, or revoked. In some courts you may be charged an amount in addition to the bail amount and the case may be turned over to a collection agency (§1214.1 PC)."**

*←Serious threats by Highway Patrol of our freedom & extortion.*

Citation Number: LQ30682 Case Number: 23IN-065744 was appealed successfully by the Macy's proving their innocence of wrong doing during a 2-day trial was victorious proving all these false allegations were false imprisonment. Superior Court Judge dismissed citation.

Inadequate supervision, training, controlling, assigning and disciplining California Highway Patrol Running Springs Officers & other personnel; including Defendants California Highway Patrol Running Springs Bates and O'Brien. Does 1 to 10 each know or in the exercise of reasonable care should have known the aforementioned propensities and character traits;

Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling & disciplining the intentional conduct by California Highway Patrol Running Springs Officers and other personnel, including Bates, O'Brien, and Does 1-10 who are California Highway Patrol Running Springs Officers;

Failing to adequately train California Highway Patrol Running Springs Officers including Defendants Bates and O'Brien and failing to institute appropriate policies regarding constitutional procedures and practices.

105. Defendant Supervisor Sergeant Officer O'Brien, and Does 1 to 10, together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect of the constitutional rights of Plaintiff.

106. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and wrongful acts, Defendants, including Officer Bates & Supervisor Sergeant Officer O'Brien, and Does 1 to 10, acted with intentional, reckless, and callous disregard for the safety and constitutional rights of Plaintiffs. Defendants California Highway Patrol Running Springs, Bates, O'Brien, and Does 1 to 10, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any reasonable person of normal sensibilities.

107. By reason of the aforementioned policies and practices of Defendants, Highway Patrol Office Administrators, including Officer Bates & Supervisor Sergeant Officer O'Brien, & Does 1 to 10, Plaintiffs incurred damages in the form of lost money and emotional injuries, including, without limitation, humiliation, all of which are continuing and damage to reputation. Plaintiffs actual damages will be ascertained at trial.

108. The policies, practices, and customs implemented and maintained & still tolerated by Defendant Supervisor Sergeant Officer O'Brien, and Does 1 to 10, were affirmatively linked to and were significantly influential forces behind the unlawful ticket harming Plaintiff.

109. Plaintiffs also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**EIGHTH CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 10)**

110. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 109, inclusive.

111. Defendants were **negligent**, Officers are trained to not hold Plaintiffs on the side of a roadway/highway/freeway; for more than (1+) one plus hour endangering Plaintiffs. (freedom, interrogated, detained, can't leave, go to bathroom, hospital, work, stand in hot sun)

112. Defendant Officer Jeffrey O'Brien was negligent. Officers know they have to be recordable, video/audio recorded; according to the **first amendment**. (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011)

113. Defendant Officer Christopher Bates was negligent. Officers know they cannot violate the **fourth amendment** rights as Officer Bates illegally jumped up into Plaintiffs truck, searching and seizing video evidence without consent.

114. Defendants were negligent. Officers know their name tags (identification)has to be clearly visible. Officer Christoper Bates had his name tag folded over, cannot be seen. Officer Christopher Bates knows an officer must have their name tag clearly visible. Supervisor Sergeant Officer Jeffrey O'Brien when informed by Plaintiffs of the name tag problem; refused to order his personal friend Officer Christopher Bates to unhide his identification as his supervisor's duty.

115. Defendants were negligent. Officers know Officers need to identify themselves. Officer Christopher Bates failed to identify himself as per Macy's video evidence & testimonies. Officer Christopher Bates failed to identify himself numerous times. Jeff Macy asked and Officer Jeffrey O'Brien did not force Officer Christopher Bates to identify himself. Doornbos v. City of Chicago (2017)

116. By reason of the aforementioned negligence of Defendants, Plaintiff incurred damages in the form of emotional injuries & emotional distress, all of

which are continuing and damaging. Plaintiff's actual damaes will be ascertained at trial.

117. Plaintiffs also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**NINTH CAUSE OF ACTION**

**CONSPIRACY**

**(By Plaintiff Against California Highway Patrol Running Springs, Christopher Bates, Jeffrey O'Brien, and Does 1 to 10)**

118. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 117, inclusive.

119. 1. Code enforcement, 2. California Highway Patrol, 3. Burrtec, 4. Waste Management, 5. Public Works, 6. CSA 18 7. San Bernardino County Sheriff's Department are allegedly conspiring, targeting Jeff Macy's religious Yeshua Temple project with animus-based discrimination against their freedom of religion. Governmental agencies are targeting Plaintiffs; religious nonprofit Christians, conspiring with other government organizations to deprive Plaintiffs of their civil rights and/or ability to build Holy Temple. Code Enforcement has given egregious notices, & have trespassed on Macy's Family private property; with no warrants or court orders on Macy's Mojave River Rd, CedarPines Park Ca 36-acre private property. Public Works, CSA-18 has cut down our cables at our religious private property. Burrtec private trash company drives on our Augusta Way private road without permission. For years has caused weight damage to Macy's private road from excessive weight from Burrtec trucks, which travel from **County SWMD** which is the County of San Bernardino's **S**olid **W**aste **M**anagement **D**ivision, that Waste Management has willingly allowed. Deputy Sheriff Officer Robert Maestas

from San Bernardino County Sheriff's Department, gave Plaintiff Jeff Macy an illegal ticket for picking up trash. Family put trash in Macy family trash truck, from own Macy's private property. On Christmas evening, for a claim made a week earlier by an unknown neighbor said had verbal permission to report broken sign on our property as stolen trash? Deputy Sheriff Officer Robert Maestas said, "I didn't want to give you a ticket, but captain made me do it, …don't want to arrest you; but you will have to appear in court to contest it." Jeff Macy, whole family present collecting trash testified to Officer it was trash in a trash pile on our private property, out of sight, no neighbors live in view of where we were picking up trash on Macy's property. Macy's had to worry, still had threat of going to jail for picking up trash that County Code Enforcement said we had to do within 30 days. The ticket was dismissed by the District Attorney. This was illegal detainment, & another example of conspiracy & harassment being alleged. County Sheriff's Department illegally detained and ticketed Jeff Macy without any witness or suspects identification procedure. Right to confront witness of false allegation. These are all Law Enforcement agencies coordinated attacks against Macy's free Yeshua Temple project. Plaintiff gives out free non copyrighted bible to the people 1611bible.us. Plaintiff is building a free temple for people.

120. Legally, a Conspiracy exists when 2 or more persons join together and form an agreement to violate the Law, & then act on that agreement. Supervisor Officer Sergeant O'Brien told plaintiffs that he knew Officer Bates as a friend personally. Supervisor Officer Sergeant O'Brien made no effort to help the Plaintiff as expected; instead covered up for Officer Bates &

supported the UNLAWFUL TICKET. The unlawful ticket was appealed, & Superior Court Judge agreed was in error & dismissed.

121. Plaintiff believe that Defendant Officer Bates was fishing for a reason to give "click-it-or-ticket" seatbelt violation ticket to gain money (extortion). Officer Bates had animus against Plaintiff Officer Bates's name tag was folded over intentionally, refused to give Plaintiff Bates name, badge number or any other identification. Based on suspicion out of view by Officer Bates being parked on the other side of the road. On his… "Possibility that there was not a seatbelt present"? Yet ticket even says **"…secured by a non-factory equipped seat belt"** -Word for word from Officer Bates. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) –This can be against a race, **religion**, or any targeted type, including people with criminal records. Plaintiff Jeff Macy had already filed a Federal Lawsuit against San Bernardino County. Targeted stop. Plaintiff Jeff Macy had already filed a Federal Lawsuit, alleging Highway Patrol; for covering up and failing to inspect County Trash trucks brakes, safety, smog damaging our private roads, "Burrtec-waste management" (Our competition) We had already requested public records request many times and they refuse to cooperate or comply with-in 10-day law to prove documents (evidence). We have gotten 0 to this day over 1 year.

122. Highway Patrol as an organization sends Officers out to extort money with tickets to fill their quota. Highway Patrol did not help Macys at our religious property to tow vehicles trespassing, but will tow Macy's trash truck on a private road. Highway Patrol has come out to our private road trying to record us splitting our own firewood on our private property. Highway Patrol's motive is to defund us by religious discrimination, having known

before that we are trying to build a religious Holy Temple, "Yeshua Temple". Defendant Officer Bates pulled Plaintiffs over to extort money to harm Plaintiffs by giving Macy's Family an illegal ticket, draining their resources, to further hinder their community **"Yeshua Temple"** project. Defendant Sergeant Officer O'Brien also showed up & conspired with his admitted on Macy's & if we ever get 4 Highway Patrol's videos; personal friend Officer Bates, by supporting the illegal traffic ticket. Yet Defendant Sergeant O'Brien Defendant had pulled over same Macy's trash truck in Cedar Glen for same allegation (harassment) & after his investigation (Made Macy's get out of trash truck, without probable cause) said, **"The aftermarket seatbelt was properly installed and safe, your free to go"!** Many Officer's from Highway Patrol Running Springs Ca have a harmful pattern of refusing to help Macy's, including Bates, O'Brien. At the Camp Yeshua Temple project, by refusing to tow illegal abandoned parked vehicles, R.V. blocking their entrance to Temple development. Another time Highway Patrol towed Macy family's same Isuzu trash truck illegally before, & tried to tow vehicles from Macy's Augusta Way private road. Officer Bate's traffic stop on June 27 furthermore established a pattern of targeted stops.

123.    Plaintiffs believe that Defendant Officer Bates was fishing for a reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by Officer Bates being parked on the other side of the road. On his… "Possibility that there was not a seatbelt present"? Ticket written says **"…secured by a non-factory equipped seat belt"** –Word for word from Officer Bates. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) –This can be against a race, **religion** or any targeted type, including people with criminal records.

124. Defendants Highway Patrol is actively covering up &/or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Plaintiff Mr. Macy received letter dated April 07, 2023 file # 801.13318.A14522. which just repeated the requests plaintiff asked for from Defendant Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burrtec/Highway Patrol. Plaintiff had called the office & mailed back a response saying, **YES, give me the evidence** requested already to Highway patrol signed by D.J. Minor, Chief Inland Division confirmation of request. Letter came from California state Transportation Agency, Governor Gavin Newson letter head.

125. Plaintiffs also claim attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**WHEREFORE,** Plaintiffs pray judgment against Defendants as follows:

1. For compensatory damages of $1,000,000. if settled before trial:
2. For treble damages pursuant to the Bane Act;
3. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter and make an example of the Defendants;
4. For interest on those claims where it is available under law;
5. For an order awarding PLAINTIFFS their reasonable attorney's fees as to Plaintiffs civil rights claim pursuant to 42 U.S.C. § 1988, and Plaintiffs claim under the Bane Act, including litigation costs and expenses;
6. For cost of suit; and
7. For such other and further relief as this Court may deem to be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a trial by jury.

Respectfully Submitted,

By Plaintiff: ______________________________

Jeff Macy- **1611** Bible Law Translator.

Dated: ____________________

Exhibit 2

An officer's hunch without evidence of illegal activity is not enough to legally search your car. Before searching, he must observe something real. Common examples of probable cause include the sight or smell of contraband in plain view or plain smell, or an admission of guilt for a specific crime. The presentation of any of these facts would allow an officer to perform a search and make an arrest.

**Minor traffic violations** (e.g. speeding, broken tail-light, or expired registration, infractions) **are not considered probable cause**.

Exhibit 3
PAGE 50

Ticket infraction LQ 30682 6-27-23 Tuesday 12:55 pm HWY 18.

The ticket itself CT: 001 vc **"No Seat Belt"**-admits we had seatbelts on says **"…secured by a non-factory equipped seat belt"** <–Word for word from officer Bates!

Officer asked my kids to get out truck, further endangering my family on HWY high speed road. We/kids could have gotten hit by traffic while standing on the Highway 18 road, in the hot sun for 1 hour. Unlawful police detention on suspicion of out of view no seatbelt, yet officer said everyone had a secured seatbelt on! –

"**Unlawful police detention** is when law enforcement, without legal justification, restricts your freedom to leave. Doing so constitutes a civil rights violation based on the **Fourth Amendment**. That amendment to the U.S. Constitution prohibits officers from conducting unreasonable **searches** or **seizures**."

**§3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt:**

"It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Jeff Macy, has the benefit of that presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the

crime with which [he/she] is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her]. United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998 "If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit [him/her] of that crime…"

Macy's version of events:

2 Highway Patrol Officers violated Jeff Macy, & family's federal civil rights. 1st Amendment right to record police! (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011) "is a case in which the United States Court of Appeals for the First Circuit held that a private citizen has the right to record video and audio of police carrying out their duties in a public place."

Highway patrol said, "Not allowed to record during his (highway patrol officer) traffic stop". Forced to get son Josiah Macy to take over recording. Macy was told cannot investigate. Illegal traffic stop of "suspicion of non-factory installed vehicle seat belt". –Police are not above the Law. Federal Civil Enforcement. (34 usc §12601)

Fourth Amendment to the Constitution. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable

cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." -Officer entered our truck without permission and seized private property imagines without consent. Supreme Court noted in (Mapp v. Ohio (1961)), there remains no fixed test for reasonableness. Instead, trial courts determine reasonableness using an objective standard on a case-by-case basis. The reasonableness inquiry under the Fourth Amendment focuses on the specific context and the threat that the suspect poses. In the event that an individual believes law enforcement failed to conduct a seizure reasonably, that individual may pursue a civil action against the relevant government officers for a violation of his or her constitutional rights. But such a suit may be brought only after the alleged constitutional violation has occurred…

No-where does vehicle code say, "Must have a manufactures factory installed seat belt?" Illegal search and seizure. Officer Bates climbed up into my truck and took picture/s without permission. –The picture/s will be self-evident of this violation as/is also recorded by adult Josiah Macy. Contesting this 1-hour illegal arrest/ticket as said. Civil rights act 1871 (42 USC §1983) "willfully" 18 usc § 242 "specific intent" (Screws v U.S. 91 (1945) Federal civil rights crimes: "A pattern or practice by LAW ENFORCEMENT OFFICERS to deprive people of their constitutinal rights." (34 usc § 12601)

**Exhibit #1** Video recording of Officer Bates folded shirt name tag, and refusing to identify himself in full when requested many times by Mr. Macy.

"Thus, there is no absolute requirement that law enforcement officers identify themselves prior to conducting a search or seizure. Instead, a failure to do so bears on the reasonableness of the officers' overall behaviors, including, as the U.S. Court of Appeals for the Eighth Circuit noted in Atkinson v. City of Mountain

View, Mo. (2013), the nature of the plaintiff's crime and whether or not the plaintiff posed an immediate threat to the officer. A unanimous Seventh Circuit panel in Doornbos v. City of Chicago (2017) stated that, "[a]lthough some unusual circumstances may justify an officer's failure to identify himself in rare cases, it is generally not reasonable for a plainclothes officer to fail to identify himself when conducting a stop." Thus, there is some chance that an officer could be denied qualified immunity on the basis of a failure to identify if that failure was deemed unreasonable and precedents just discussed had "clearly established" a right to disclosure."

In the event of a constitutional violation, the doctrine of qualified immunity… Reasonableness standard is essential. Only if the right(s) in question has been clearly established and a reasonable officer would not believe that the activity the officer engaged in was lawful, will that officer be denied qualified immunity. "The nature of the inquiry into the reasonableness of a law enforcement officer's failure to identify as such is largely dependent on where the search or seizure in question occurred."- Supreme Court.

Officer Bates refused to give Jeff Macy his name or business card, or show his name tag.

Similarly, Section 5–331.09 of the Code of the District of Columbia requires that the Metropolitan Police Department "ensure that all uniformed officers assigned to police First Amendment assemblies are equipped with the enhanced identification and may be identified even if wearing riot gear," including "by modifying the manner in which those officers' names or badge numbers are affixed to the officers' uniforms or helmets" to make the information more visible. The Justice Department has also previously played an important role in making sure that police departments meet accountability standards for displaying

identifying information. In 2014, it criticized the Ferguson Police Department for reports of officers having failed to wear nameplates, which emerged as part of an investigation into the police department "for an alleged pattern or practice of unlawful misconduct." The investigation was triggered in part by the killing of Michael Brown, an African American man, by a white police officer. A Justice Department letter sent to Ferguson police explained that "[o]fficers wearing name plates while in uniform is a basic component of transparency and accountability. … Allowing officers to remain anonymous when they interact with the public contributes to mistrust and undermines accountability. The failure to wear name plates conveys a message to community members that, through anonymity, officers may seek to act with impunity." Requirements that officers introduce themselves by name and rank as soon as practicable during investigatory and noncustodial stops was also part of the consent decree between the City of Ferguson and the Department of Justice, which was entered into in March 2016 in the wake of the Justice Department's investigation. The new guidelines were intended to promote the police department's efforts at community policing. Even prior to the consent decree, municipal law in Ferguson required that officers "wear the regulation uniform while on duty" and a nameplate was part of that regulation uniform.

Stated, "Does not have a business card with name on it. Officer added words to vehicle code 27315(e) vc, even to his Sargent, Said, *"Section 27315(e) says MUST have a "FACTORY installed seatbelt???"* -Sargent trusted his fellow officer's words to support officer Bates misquoted words. This is an abuse of duty by Officer Bate's authority and expertise. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the law, to back up his false claim!

27315(e) Vehicle Code: "(e) A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations."

**Exhibit #2** Weight Receipt "County of San Bernardino SOLID WASTE MANAGEMENT DIVISION.

Transaction #520932116 6/27/23 loc 52/ Heaps Peak. Time in 12:09 pm. Origins 739 Lake Arrowhead Ca 92352. Trans Type: 120 Land Use. Weight Net: 2,240 lbs (1.12 tons) ← That's a lot of trash!

Both officers were informed that we had just left the Running Spring Dump, after dumping trash. (Solid waste removal) Even after being informed that, and knowing our business card says, Hauling" which would exempt us from even using seatbelts, still stubbornly gave seat belt ticket. "Garbage truck drivers, & persons who work frequently entering & leaving vehicle".

Exhibit #2–Yet Sargent knew we dumped trash, as printed on our business card in neon orange; that he had when Macy's had worked for him previously.

"(o) This section does not apply to a driver actually engaged in the collection of solid waste or recyclable materials along that driver's collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route."

Also: §220 (5) Subsection (4) does not apply to a person:

"(c) who is actually engaged in work that requires him or her to alight from and re-enter the motor vehicle at frequent intervals and who, while engaged in that work, does not drive or travel in that vehicle at a speed exceeding 40 km/h," – We were driving under the 35mph speed limit on HWY 18. All our other trash,

weed abatement clean-up (branches, leaves, trash wood, debris) roads are even slower mountain hilly roads.

Fishing for reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by officer Bates parked on other side of road. On his… "possibility there was not a seatbelt present"? Yet ticket even says **"…secured by a non-factory equipped seat belt"** –Word for word from officer Bates. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) –This can be against a race, religion or any targeted type, including people with criminal records. Jeff Macy had already filed a Federal Lawsuit against San Bernardino County. Seemed like a suspiciously targeted stop.

(**Exhibit # History** TBD) Still waiting for Public Records request incident reports from said Highway Patrol. HWY patrol has refused to give us their video recording from their car! They ask for my video evidence and have still not come to get it. History: 1-2 years ago Highway patrol illegally towed same exact truck. A Highway patrol officer lied writing ticket that Macy's Isuzu box truck was blocking a private road & blocking a fire hydrant. Was another false ticket (we had photo of truck position showing past the 15' side legal requirement. A Highway Patrol officer willingly lied, assumed to continue harassing Jeff Macy and get money through fake fines unjustly. On appeal was found again, Jeff Macy was correct, no violations or valid ticket. Being another error (intentional police misconduct) ticket dropped. Costing Mr. Macy thousands of dollars to get work truck out of impound. Highway Patrol had truck towed all the way out of San Bernardino County to Hesperia Ca. (Another violation of Federal law). Truck should not have been towed by Highway Patrol command from the side of the road; a private property on a private road. Other times looked like same

officer of Highway Patrol was driving around my neighborhood for no reason. Slowed down starred at us for no reason, as if looking to stop us again for doing nothing wrong.  Next year Highway Patrol pulled over Jeff Macy for suspicion of not have a seatbelt for 4th passenger. After inspection seeing 4th legal safe seatbelt, said we were ok and free to leave. (Wasted 15 minutes of our lives for his fishing expedition). Mr. Macy left without further incident. Other times Highway Patrols came out, drove up my private road "Augusta Way" asking me questions about my vehicle parked on the side of my own property. This is a clear pattern of unjust harassment.

**Exhibit #3 CPRA Request Letter.** Jeff Macy has request numerous times for documents and recording from Highway Patrol local office, dispatch & directly through public records request office locally and Sacramento. Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years. (1 Example request not fulfilled).

 **San Bernardino County Public Request #23-3765 (Running Springs Ca Highway Patrol)**

Mr. Macy alleges Running Springs Ca. Highway Patrol is actively covering up &/or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Mr. Macy has received was a letter on April 07, 2023 file # 801.13318.a14522. Which, just repeated the requests I asked for from Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burtec/Highway Patrol. I called office & mailed back response saying, YES, give me the evidence requested already to Highway patrol by D.J. Minor, Chief's confirmation of request.

Macy's were 100% cooperative, peaceful at all times and provided all documents requested during illegal traffic stop. (Driver's License, Registration & Proof of insurance- all valid, up to date)

(Macy's have HD video/audio of clear recording of illegal traffic stop, which started after realizing Officer was not going to let us go home). All accusations are true based on MACY's video recording and 4 adult Macy witnesses. Traffic infraction ticket hopefully will get dismissed soon. We have the right & just to file Federal Lawsuits against said Officers, and Running Springs Highway Patrol for: gross negligence, civil rights violations, harassment, government invasion of privacy, emotional distress (1871 (42 § 1983), illegal detainment, false arrest, cover-up; forcing citizens to have to go to out of area (Lake Arrowhead, San Bernardino CA to far away Fontana, Ca to contest/appear/appeal; against right to a trial by own peers (own area [Lake Arrowhead Ca, San Bernardino County.] we live in), not even in the same Town (Fontana, Ca). 50 minute drive down the hill in a car, if no traffic.

Jeff Macy P.O. box #103 twin peaks ca 92391. (loveothersas@gmail.com) Any questions Jeff Macy 909-744-8480 home, 909-915-5554 cell phone. All evidence within 10 days as highway patrol notice to appear court date upcoming. I can send video evidence of officer admitting everyone had seat belts on! Here is the video link to it➔ https://www.youtube.com/watch?v=GvmaMonuPeo

Exhibit 4

**There was no probable cause to stop the Macy's to check to see if a seatbelt was being used or not, out of site lap belt.**

The traffic stop has to be short, though. Was over 1 hour.

**California Code, Vehicle Code - VEH § 27315**

**(e) A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations.**

**(o) This section does not apply to a driver actually engaged in the collection of solid waste or recyclable materials along that driver's collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route. (not reasonable to expect that if a driver does not need a seatbelt, that a passenger does need a seatbelt? Garbage trucks even have 2 workers hanging off the back of the truck with no seatbelt all over the usa)**

---

**Seat Belt Laws in California? https://www.dmv.org/ca-california/safety-laws.php**

Vehicles must contain **properly functioning** seat belts.

**Agency of Transportation Department of Motor Vehicles [Federal above Calif laws]**

---

**Safety Belts 23 V.S.A. § 1259. Safety belts; persons age 18 and over**

**(2) the person is a driver or passenger frequently stopping and leaving the motor vehicle or delivering property from the motor vehicle, if the speed of the motor vehicle between stops does not exceed 15 miles per hour;**

---

(2018 Isuzu npr truck uses lap belt type 1 for interior bench seat passengers)

FEDERAL MOTOR VEHICLE SAFETY STANDARDS –higher law than Calif law.

**49 CFR § 571.209 - Standard No. 209; Seat belt assemblies**
**(c) *Attachment hardware.***

**(1)** Eye bolts, shoulder bolts, or other bolt used to secure the pelvic restraint of seat belt assembly to a motor vehicle shall withstand a force of 40,034 N when tested by the procedure specified in S5.2(c)(1), except that attachment bolts of a seat belt assembly designed for installation in specific models of motor vehicles in which the ends of two or more seat belt assemblies cannot be attached to the vehicle by a single bolt shall have breaking strength of not less than 22,241 N.

(pelvic- means lap only requirement- 2 point seatbelt (type 1) is only requirement)

*Type 1 seat belt assembly* is a lap belt for pelvic restraint.

**49 CFR § 571.209** (g) Adjustment.

(1) A Type 1 or Type 2 seat belt assembly shall be capable of adjustment to fit occupants whose dimensions and weight range from those of a 5th-percentile adult female to those of a 95th-percentile adult male. The seat belt assembly shall have either an automatic-locking retractor, an emergency-locking retractor, or an adjusting device that is within the reach of the occupant.

(2) A Type 1 or Type 2 seat belt assembly for use in a vehicle having seats that are adjustable shall conform to the requirements of S4.1(g)(1) regardless of seat position. However, if a seat has a back that is separately adjustable, the requirements of S4.1(g)(1) need be met only with the seat back in the manufacturer's nominal design riding position.

---

California Code, Vehicle Code - **VEH § 27318**

At a minimum, the Law states that the seatbelt must be a lap belt that crosses a person's upper thighs and hips.

(e)(1) For purposes of this section, "acceptably restrained by a safety belt" means all of the following:

(A) The latch plate is securely fastened in the buckle.

(B) The lap belt shall be adjusted to fit low and tight across the hips or upper thighs, not the stomach area.

---

**Federal Motor Carrier Safety Administration (FMCSA), DOT. established within the Department of Transportation on January 1, 2000, pursuant to the Motor Carrier Safety Improvement Act of 1999 (49 U.S.C. 113).**

**2012 amendment to the 1984 Act requires FMCSA to ensure that CMV drivers are not coerced to violate certain provisions of the FMCSRs (sec. 31136(a)(5)). Coercion is now prohibited by 49 CFR 390.6. Given the obvious value of this final rule and the ease of compliance, the Agency believes that no one will be coerced *not* to wear a seat belt.**

**A. Compliance Responsibilities**

*Comments:* Three commenters opposed imposing a new responsibility on drivers to ensure passenger compliance with a seat belt regulation. An individual stated that neither the motor carrier nor the driver should be responsible for requiring passengers to use the seat belts, and mentioned that drivers deal with many other regulations already. Both ATA and Werner stated that a motor carrier could not and should not be responsible for the use of safety belts in CMVs, as they have no practicable way to monitor it.

Exhibit 5

PAGE 63

Ticket infraction LQ 30682 6-27-23 Tuesday 12:55 pm HWY 18.

**§3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt**

"It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, [__________], has the benefit of that presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the crime with which [he/she] is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her]. United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998 "If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit [him/her] of that crime…"

Macy's version of events:

2 Highway Patrol Officers violated Jeff Macy, & family's federal civil rights. 1st Amendment right to record police! (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011) "is a case in which the United States Court of Appeals for the First Circuit held that a private citizen has the right to record video and audio of police carrying out their duties in a public place."

Highway patrol said, "Not allowed to record during his (highway patrol officer) traffic stop". Forced to get son Josiah Macy to take over recording. Macy was told cannot investigate. Illegal traffic stop of "suspicion of non-factory installed vehicle seat belt". –Police are not above the Law. Federal Civil Enforcement. (34 usc §12601)

Fourth Amendment to the Constitution. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." -Officer entered our truck without permission and seized private property imagines without consent.

Supreme Court noted in (Mapp v. Ohio (1961)), there remains no fixed test for reasonableness. Instead, trial courts determine reasonableness using an objective standard on a case-by-case basis. The reasonableness inquiry under the Fourth Amendment focuses on the specific context and the threat that the suspect poses. In the event that an individual believes law enforcement failed to conduct a seizure

reasonably, that individual may pursue a civil action against the relevant government officers for a violation of his or her constitutional rights. But such a suit may be brought only after the alleged constitutional violation has occurred…

No-where does vehicle code say, "Must have a manufactures factory installed seat belt?" Illegal search and seizure. Officer Bates climbed up into my truck and took picture/s without permission. –The picture/s will be self-evident of this violation as/is also recorded by adult Josiah Macy. Contesting this 1-hour illegal arrest/ticket as said. Civil rights act 1871 (42 USC §1983) "willfully" 18 usc § 242 "specific intent" (Screws v U.S. 91 (1945) Federal civil rights crimes: "A pattern or practice by LAW ENFORCEMENT OFFICERS to deprive people of their constitutinal rights." (34 usc § 12601)

**Exhibit #1** Video recording of Officer Bates folded shirt name tag, and refusing to identify himself in full when requested many times by Mr. Macy.

"Thus, there is no absolute requirement that law enforcement officers identify themselves prior to conducting a search or seizure. Instead, a failure to do so bears on the reasonableness of the officers' overall behaviors, including, as the U.S. Court of Appeals for the Eighth Circuit noted in Atkinson v. City of Mountain View, Mo. (2013), the nature of the plaintiff's crime and whether or not the plaintiff posed an immediate threat to the officer. A unanimous Seventh Circuit panel in Doornbos v. City of Chicago (2017) stated that, "[a]lthough some unusual circumstances may justify an officer's failure to identify himself in rare cases, it is generally not reasonable for a plainclothes officer to fail to identify himself when conducting a stop." Thus, there is some chance that an officer could be denied qualified immunity on the basis of a failure to identify if that failure was deemed unreasonable and precedents just discussed had "clearly established" a right to disclosure."

In the event of a constitutional violation, the doctrine of qualified immunity…

Reasonableness standard is essential. Only if the right(s) in question has been clearly established and a reasonable officer would not believe that the activity the officer engaged in was lawful, will that officer be denied qualified immunity. "The nature of the inquiry into the reasonableness of a law enforcement officer's failure to identify as such is largely dependent on where the search or seizure in question occurred."- Supreme Court.

Officer Bates refused to give Jeff Macy his name or business card, or show his name tag.

Similarly, Section 5–331.09 of the Code of the District of Columbia requires that the Metropolitan Police Department "ensure that all uniformed officers assigned to police First Amendment assemblies are equipped with the enhanced identification and may be identified even if wearing riot gear," including "by modifying the manner in which those officers' names or badge numbers are affixed to the officers' uniforms or helmets" to make the information more visible.

The Justice Department has also previously played an important role in making sure that police departments meet accountability standards for displaying identifying information. In 2014, it criticized the Ferguson Police Department for reports of officers having failed to wear nameplates, which emerged as part of an investigation into the police department "for an alleged pattern or practice of unlawful misconduct." The investigation was triggered in part by the killing of Michael Brown, an African American man, by a white police officer. A Justice Department letter sent to Ferguson police explained that "[o]fficers wearing name plates while in uniform is a basic component of transparency and

accountability. … Allowing officers to remain anonymous when they interact with the public contributes to mistrust and undermines accountability. The failure to wear name plates conveys a message to community members that, through anonymity, officers may seek to act with impunity." Requirements that officers introduce themselves by name and rank as soon as practicable during investigatory and noncustodial stops was also part of the consent decree between the City of Ferguson and the Department of Justice, which was entered into in March 2016 in the wake of the Justice Department's investigation. The new guidelines were intended to promote the police department's efforts at community policing. Even prior to the consent decree, municipal law in Ferguson required that officers "wear the regulation uniform while on duty" and a nameplate was part of that regulation uniform.

Stated, "Does not have a business card with name on it. Officer added words to vehicle code 27315(e) vc, even to his Sargent, Said, *"Section 27315(e) says MUST have a "FACTORY installed seatbelt???"* - Sargent trusted his fellow officer's words to support officer Bates misquoted words. This is an abuse of duty by Officer Bate's authority and expertise. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the law, to back up his false claim!

27315(e) Vehicle Code: "(e) A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations."

**Exhibit #2** Weight Receipt "County of San Bernardino SOLID WASTE MANAGEMENT DIVISION.

Transaction #520932116 6/27/23 loc 52/ Heaps Peak. Time in 12:09 pm. Origins 739 Lake Arrowhead Ca 92352. Trans Type: 120 Land Use. Weight Net: 2,240 lbs (1.12 tons) ← That's a lot of trash!

Both officers were informed that we had just left the Running Spring Dump, after dumping trash. (Solid waste removal) Even after being informed that, and knowing our business card says, Hauling" which would exempt us from even using seatbelts, still stubbornly gave seat belt ticket. "Garbage truck drivers, & persons who work frequently entering & leaving vehicle".

Exhibit #2–Yet Sargent knew we dumped trash, as printed on our business card in neon orange; that he had when Macy's had worked for him previously.

"(o) This section does not apply to a driver actually engaged in the collection of solid waste or recyclable materials along that driver's collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route."

Also: §220 (5) Subsection (4) does not apply to a person:

"(c) who is actually engaged in work that requires him or her to alight from and re-enter the motor vehicle at frequent intervals and who, while engaged in that work, does not drive or travel in that vehicle at a speed exceeding 40 km/h," –We were driving under the 35mph speed limit on HWY 18. All our other trash, weed abatement clean-up (branches, leaves, trash wood, debris) roads are even slower mountain hilly roads.

Fishing for reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by officer Bates parked on other side of road. On his… "possibility there was not a seatbelt present"? Yet ticket even says "…secured by a non-factory equipped seat belt" –Word for word from

officer Bates. “Opportunities for Law Enforcement to harass minority groups” (St. Lois et. Al, 2011) – This can be against a race, religion or any targeted type, including people with criminal records. Jeff Macy had already filed a Federal Lawsuit against San Bernardino County. Seemed like a suspiciously targeted stop.

(**Exhibit # History** TBD) Still waiting for Public Records request incident reports from said Highway Patrol) History: 1-2 years ago Highway patrol illegally towed same exact truck. A Highway patrol officer lied writing ticket that Macy’s Isuzu box truck was blocking a private road & blocking a fire hydrant. Was another false ticket (we had photo of truck position showing past the 15’ side legal requirement. A Highway Patrol officer willingly lied, assumed to continue harassing Jeff Macy and get money through fake fines unjustly. On appeal was found again, Jeff Macy was correct, no violations or valid ticket. Being another error (intentional police misconduct) ticket dropped. Costing Mr. Macy thousands of dollars to get work truck out of impound. Highway Patrol had truck towed all the way out of San Bernardino County to Hesperia Ca. (Another violation of Federal law). Truck should not have been towed by Highway Patrol command from the side of the road; a private property on a private road. Other times looked like same officer of Highway Patrol was driving around my neighborhood for no reason. Slowed down starred at us for no reason, as if looking to stop us again for doing nothing wrong. Next year Highway Patrol pulled over Jeff Macy for suspicion of not have a seatbelt for 4th passenger. After inspection seeing 4th legal safe seatbelt, said we were ok and free to leave. (Wasted 15 minutes of our lives for his fishing expedition). Mr. Macy left without further incident. Other times Highway Patrol’s came out, drove up my private road “Augusta Way” asking me questions about my vehicle parked on the side of my own property. This is a clear pattern of unjust harassment.

**Exhibit #3 CPRA Request Letter.** Jeff Macy has request numerous times for documents and recording from Highway Patrol local office, dispatch & directly through public records request office locally and Sacramento. Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years. (1 Example request not fulfilled).

**San Bernardino County Public Request #23-3765 (Running Springs Ca Highway Patrol)**

Mr. Macy alleges Running Springs Ca. Highway Patrol is actively covering up &/or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Mr. Macy has received was a letter on April 07, 2023 file # 801.13318.a14522. Which, just repeated the requests I asked for from Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burtec/Highway Patrol. I called office & mailed back response saying, YES, give me the evidence requested already to Highway patrol by D.J. Minor, Chief’s confirmation of request.

Macy’s were 100% cooperative, peaceful at all times and provided all documents requested during illegal traffic stop. (Driver’s License, Registration & Proof of insurance- all valid, up to date)

(Macy’s have HD video/audio of clear recording of illegal traffic stop, which started after realizing Officer was not going to let us go home). All accusations are true based on MACY’s video recording and 4 adult Macy witnesses. Traffic infraction ticket hopefully will get dismissed soon. We have the right & just to file Federal Lawsuits against said Officers, and Running Springs Highway Patrol for: gross negligence, civil rights violations, harassment, government invasion of privacy, emotional distress (1871 (42 § 1983), illegal detainment, false arrest, cover-up; forcing citizens to have to go to out of area (Lake Arrowhead, San Bernardino CA to far away Fontana, Ca to contest/appear/appeal; against right to a trial

by own peers (own area [Lake Arrowhead Ca, San Bernardino County.] we live in), not even in the same Town (Fontana, Ca). 50 minute drive down the hill in a car, if no traffic.

**San Bernardino County Public Request #23-3765**

California running springs Highway Patrol officer "Bates" badge id #18392

on: 6-27-23 12:55 to 1:45pm Tuesday.

1) Full name and badge numbers of "officer "Bates" & his responding sergeant “Obrien”.

2) All/both highway patrol car’s video/audio records of traffic stop ticket# LQ 30682

3) All audio & or videos on body cameras of both officers involved in traffic infraction stop.

4) Any & all stops/tows of Isuzu npr truck by highway patrol last 10 years or this white box truck: 2018 Isuzu npr lic # 17394g3

5) Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years.

6) All full names of any highway patrol officers in any of the said above requests. DMV internal affairs contact number, address.

7) All final verdict/s or outcomes of highway patrol stops or tickets from highway patrol last 10 years related to said truck or related to Jeffrey Lloyd Macy.

8) Name/s of public recorders request workers who are responsible for replying to any public requests made the last 2 years from Jeff Macy of any department; provide within 10 days.

9) Any documents/laws/vehicle codes or regulation or policy’s related to officers who are supposed to identify themselves or provide business card or answer questions related to a traffic policy/traffic stop of running spring highway patrol office or current California laws.

Mail all documents or e-mail to: Jeff Macy P.O. box #103 twin peaks ca 92391. (loveothersas@gmail.com)

Any questions Jeff Macy 909-744-8480 home, 909-915-5554 cell phone. All evidence within 10 days as highway patrol notice to appear court date upcoming.

Exhibit 6
PAGE 69

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

**CIVILIANS' COMPLAINT INFORMATION**

CHP 240B (Rev. 12-15) OPI 031

| CHP USE ONLY | | |
|---|---|---|
| CONTROL NUMBER | | |
| LOCATION CODE | YEAR | SEQUENTIAL NO. |
| | | |

PERSON FILING COMPLAINT *(LAST, FIRST, M.I.)*

Macy, Jeffrey, L

| MAILING ADDRESS *(STREET, APARTMENT NUMBER)* | NAME AND IDENTIFICATION NUMBER OF EMPLOYEE |
|---|---|
| po box #103 | Christopher Bates #18392 & #19087 |
| CITY, STATE, ZIP CODE | LOCATION OF INCIDENT |
| Twin Peaks, Ca 92391 | HWY 18 |
| HOME TELEPHONE NUMBER *(INCLUDE AREA CODE)* | DATE/TIME OF OCCURRENCE |
| 909-744-8480 | 12:55 pm |
| OTHER TELEPHONE NUMBER *(INCLUDE AREA CODE)* | CITATION OR ARREST REPORT NUMBER |
| 909-915-5554 | LQ 30682 |

ADDITIONAL EMPLOYEE(S) *(INCLUDE NAMES AND IDENTIFICATION NUMBERS WHEN KNOWN)*

Jeffrey O'Brien

## IMPORTANT! READ AND SIGN THE FOLLOWING INFORMATION.

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER FOR ANY IMPROPER POLICE CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CIVILIANS' COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CIVILIAN COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

I have read and understand the above statement.

Signature ______________________ Date ______________

Allegations of misconduct brought to the attention of the Department through the Civilians' Complaint process are investigated by the command (Area or Division) where the employee was assigned at the time of the alleged misconduct. If necessary, the Office of Internal Affairs will assist you in contacting the proper command to ensure your allegations are investigated. The Department makes every effort to complete civilians' complaint investigations within sixty (60) days.

Pursuant to California Penal Code §§ 832.7 and 832.8, peace officer personnel records, including civilians' complaint investigations, are confidential and are not releasable.

In accordance with California Penal Code § 832.5, any member of the public may obtain a copy of the Department's Civilians' Complaint Investigation Manual (Highway Patrol Manual 10.4). Members of the public may purchase a copy of this manual by contacting the California Highway Patrol, Publications Unit, at 601 North 7th Street, P.O. Box 942898, Sacramento, CA 94298, or via electronic mail at publications@chp.ca.gov.

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

**CIVILIANS' COMPLAINT INFORMATION**

CHP 240B (Rev. 12-15) OPI 031 *(Page 2)*

If you need assistance completing this form, contact any CHP Office, or the Office of Internal Affairs, at 601 North 7th Street, P.O. Box 942898, Sacramento, CA 94298 or (916) 843-3060

This section may be used by you and/or the Department to summarize or further clarify your complaint.

Ticket infraction LQ 30682 6-27-23 Tuesday 12:55 pm HWY 18.
§3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt
" It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.
The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, [__________], has the benefit of that presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt.
The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the crime with which [he/she] is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her]. United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998 " If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit [him/her] of that crime..."
Macy's version of events:
2 Highway Patrol Officers violated Jeff Macy, & family's federal civil rights. 1st Amendment right to record police! (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011) " is a case in which the United States Court of Appeals for the First Circuit held that a private citizen has the right to record video and audio of police carrying out their duties in a public place."
Highway patrol said, "Not allowed to record during his (highway patrol officer) traffic stop". Forced to get son Josiah Macy to take over recording. Macy was told cannot investigate. Illegal traffic stop of "suspicion of non-factory installed vehicle seat belt". – Police are not above the Law. Federal Civil Enforcement. (34 usc §12601)
Fourth Amendment to the Constitution. " The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." -Officer entered our truck without permission and seized private property imagines without consent.
Supreme Court noted in (Mapp v. Ohio (1961)), there remains no fixed test for reasonableness. Instead, trial courts determine reasonableness using an objective standard on a case-by-case basis. The reasonableness inquiry under the Fourth Amendment focuses on the specific context and the threat that the suspect poses. In the event that an individual believes law enforcement failed to conduct a seizure reasonably, that individual may pursue a civil action against the relevant government officers for a violation of his or her constitutional rights. But such a suit may be brought only after the alleged constitutional violation has occurred...
No-where does vehicle code say, " Must have a manufactures factory installed seat belt?" Illegal search and seizure, climbed up into my truck and took picture/s without permission. – The picture/s will be self-evident of this violation as/is also recorded by adult Josiah Macy.
Contesting this 1-hour illegal arrest/ticket as said. civil rights act 1871 (42 USC §1983) "willfully" 18 usc § 242 "specific intent" (Screws v U.S. 91 (1945) Federal civil rights crimes: "A pattern or practice by LAW ENFORCEMENT OFFICERS to deprive people of their constitutinal rights." (34 usc § 12601)
Exhibit #1 Video recording of Officer Bates folded shirt name tag, and refusing to identify himself in full when requested many times by Mr. Macy.
" Thus, there is no absolute requirement that law enforcement officers identify themselves prior to conducting a search or seizure. Instead, a failure to do so bears on the reasonableness of the officers' overall behaviors, including, as the U.S. Court of Appeals for the Eighth Circuit noted in Atkinson v. City of Mountain View, Mo. (2013), the nature of the plaintiff's crime and whether or not the plaintiff posed an immediate threat to the officer. A unanimous Seventh Circuit panel in Doornbos v. City of Chicago (2017) stated that, " [a]lthough some unusual circumstances may justify an officer's failure to identify himself in rare cases, it is generally not reasonable for a plainclothes officer to fail to identify himself when conducting a stop."

*(Attach additional pages as needed.)*

ESTADO DE CALIFORNIA
DEPARTAMENTO DE PATRULLA DE AUTOPISTAS DE CALIFORNIA

# INFORMACIÓN DE DENUNCIA CIVIL

CHP 240B (Rev. 12-15) OPI 031

**SOLO PARA USO DE CHP**

| CONTROL NUMBER | | |
|---|---|---|
| LOCATION CODE | YEAR | SEQUENTIAL NO. |
| | | |

PERSONA QUE REGISTRA LA DENUNCIA *(APELLIDO, NOMBRE, INICIAL DE SEGUNDO NOMBRE)*

| | |
|---|---|
| DIRECCIÓN DE CORREO *(CALLE, NÚMERO DE APARTAMENTO)* | NOMBRE Y NÚMERO DE IDENTIFICACIÓN DE EMPLEADO |
| CIUDAD, ESTADO, CÓDIGO POSTAL | LUGAR DEL INCIDENTE |
| NÚMERO DE TELÉFONO *(CON CÓDIGO DE ÁREA)* | FECHA/HORA DEL SUCESO |
| OTRO NÚMERO DE TELÉFONO *(CON CÓDIGO DE ÁREA)* | NÚMERO DE CITACIÓN O DE INFORME DE ARRESTO |

EMPLEADOS ADICIONALES *(INCLUIR NOMBRE Y NÚMEROS DE IDENTIFICACIÓN SI SE CONOCEN)*

## IMPORTANTE! LEER Y FIRMAR LA SIGUIENTE INFORMACIÓN.

**USTED TIENE DERECHO A HACER UNA DENUNCIA CONTRA UN OFICIAL DE POLICÍA POR CUALQUIER CONDUCTA INDEBIDA. LA LEY DE CALIFORNIA REQUIERE QUE ESTA AGENCIA TENGA UN PROCEDIMIENTO PARA INVESTIGAR LAS DENUNCIAS CIVIL. USTED TIENE DERECHO A RECIBIR UNA DESCRIPCIÓN POR ESCRITO DE ESTE PROCEDIMIENTO. ESTA AGENCIA PUEDE DETERMINAR, DESPUÉS DE UNA INVESTIGACIÓN, QUE NO EXISTEN SUFICIENTES PRUEBAS PARA JUSTIFICAR ACCIÓN SOBRE SU DENUNCIA; INCLUSO SI ESE ES EL CASO, USTED TIENE DERECHO A PRESENTAR LA DENUNCIA Y HACER QUE ESTA SE INVESTIGUE SI USTED CREE QUE UN POLICÍA SE COMPORTÓ DE MANERA INAPROPIADA. ESTA AGENCIA TIENE QUE RETENER LAS DENUNCIAS CIVIL Y LOS INFORMES O HALLAZGOS RELACIONADOS CON LAS DENUNCIAS POR UN PERIODO MINIMO DE CINCO AÑOS.**

He leído y entendido la declaración expuesta arriba.

Firma ______________________________ Fecha ____________________

Los alegatos de mala conducta que se presenten al Departamento a través del proceso de Denuncias Civil son investigados por la jefatura (área o división) a la que estaba asignado el empleado en el momento de la presunta mala conducta. Si es necesario, la Oficina de Asuntos Internos lo ayudará a ponerse en contacto con la jefatura correspondiente para garantizar que se investiguen sus alegatos. El Departamento hace su mayor esfuerzo por completar las investigaciones de las denuncias civil en un período de sesenta (60) días.

De conformidad con las secciones 832.7 y 832.8 del Código Penal de California, los expedientes de personal de los oficiales de paz, incluyendo las investigaciones de las denuncias civil, son confidenciales y no pueden hacerse públicos.

De conformidad con la sección 832.5 del Código Penal de California, todo miembro del público puede obtener una copia del Manual de Investigación de Denuncias Civil del Departamento (Manual de Patrulla de Autopistas 10.4). Los miembros del público pueden comprar una copia de este manual poniéndose en contacto con el Departamento de Patrulla de Autopistas de California, a la siguiente dirección: Sacramento, CA 94298, o por correo electrónico en: publications@chp.ca.gov.

Si necesita ayuda para llenar este formulario, póngase en contacto con una oficina de CHP, o con la Oficina de Asuntos Internos, en el P.O. Box 942898, Sacramento, CA 94298 o al teléfono (916) 843-3060.

Esta sección pueden usarla usted y/o el Departamento para resumir o aclarar más detalles sobre su denuncia.

." Thus, there is some chance that an officer could be denied qualified immunity on the basis of a failure to identify if that failure was deemed unreasonable and precedents just discussed had " clearly established" a right to disclosure."
In the event of a constitutional violation, the doctrine of qualified immunity...
Reasonableness standard is essential. Only if the right(s) in question has been clearly established and a reasonable officer would not believe that the activity the officer engaged in was lawful, will that officer be denied qualified immunity. " The nature of the inquiry into the reasonableness of a law enforcement officer' s failure to identify as such is largely dependent on where the search or seizure in question occurred." - Supreme Court.
Officer Bates refused to give Jeff Macy his name or business card, or show his name tag.
Similarly, Section 5– 331.09 of the Code of the District of Columbia requires that the Metropolitan Police Department " ensure that all uniformed officers assigned to police First Amendment assemblies are equipped with the enhanced identification and may be identified even if wearing riot gear," including " by modifying the manner in which those officers' names or badge numbers are affixed to the officers' uniforms or helmets" to make the information more visible.
The Justice Department has also previously played an important role in making sure that police departments meet accountability standards for displaying identifying information. In 2014, it criticized the Ferguson Police Department for reports of officers having failed to wear nameplates, which emerged as part of an investigation into the police department " for an alleged pattern or practice of unlawful misconduct." The investigation was triggered in part by the killing of Michael Brown, an African American man, by a white police officer. A Justice Department letter sent to Ferguson police explained that " [o]fficers wearing name plates while in uniform is a basic component of transparency and accountability. ... Allowing officers to remain anonymous when they interact with the public contributes to mistrust and undermines accountability. The failure to wear name plates conveys a message to community members that, through anonymity, officers may seek to act with impunity." Requirements that officers introduce themselves by name and rank as soon as practicable during investigatory and noncustodial stops was also part of the consent decree between the City of Ferguson and the Department of Justice, which was entered into in March 2016 in the wake of the Justice Department' s investigation. The new guidelines were intended to promote the police department' s efforts at community policing. Even prior to the consent decree, municipal law in Ferguson required that officers " wear the regulation uniform while on duty" and a nameplate was part of that regulation uniform.
Stated, " Does not have a business card with name on it. Officer added words to vehicle code 27315(e) vc, even to his Sargent, Said, " Section 27315(e) says MUST have a " FACTORY installed seatbelt???" -Sargent trusted his fellow officer' s words to support officer Bates misquoted words. This is an abuse of duty by Officer Bate' s authority and expertise. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the law, to back up his false claim!
27315(e) Vehicle Code: " (e) A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations."
Exhibit #2 Weight Receipt " County of San Bernardino SOLID WASTE MANAGEMENT DIVISION.
Transaction #520932116 6/27/23 loc 52/ Heaps Peak. Time in 12:09 pm. Origins 739 Lake Arrowhead Ca 92352. Trans Type: 120 Land Use. Weight Net: 2,240 (1.12 tons) That' s a lot of trash!
Both officers were informed that we had just left the Running Spring Dump, after dumping trash. (Solid waste removal) Even after being informed that, and knowing our business card says, Hauling" which would exempt us from even using seatbelts, still stubbornly gave seat belt ticket. " Garbage truck drivers, & persons who work frequently entering & leaving vehicle" .
Exhibit #2– Yet Sargent knew we dumped trash, as printed on our business card in neon orange; that he had when Macy' s had worked for him previously.
" (o) This section does not apply to a driver actually engaged in the collection of solid waste or recyclable materials along that driver' s collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route."
Also: §220 (5) Subsection (4) does not apply to a person
" (c) who is actually engaged in work that requires him or her to alight from and re-enter the motor vehicle at frequent intervals and who, while engaged in that work, does not drive or travel in that vehicle at a speed exceeding 40 km/h," – We were driving under the 35mph speed limit on HWY 18. All our other trash, weed abatement clean-up (branches, leaves, trash wood, debris) roads are even slower mountain

*(Adjunte las páginas adicionales según sean necesarias.)*

Exhibit 7
PAGE 74



CALIFORNIA HIGHWAY PATROL
1929
SAFETY, SERVICE, & SECURITY

CALIFORNIA STATE
TRANSPORTATION AGENCY

GAVIN NEWSOM
GOVERNOR

CALIFORNIA
HIGHWAY PATROL

April 07, 2023

File No.: 801.13318.A14522

Mr. Jeff Macy
P.O. Box 103
Twin Peaks, CA 92391

Dear Mr. Macy:

The California Highway Patrol (CHP), Inland Division, received your request for records on March 30, 2023. Please accept this correspondence as a determination on your request.

In your request, you asked for the following, verbatim:

1. Any records of Burrtec trucks last year in mountain region safety violations.
2. Are all Burrtec trash trucks being inspected bi annually.
3. Any violations for Burrtec trucks or drives in mountain area.
4. Any weight restrictions on mountain roads, or my private road Augusta way lake arrowhead.
5. Requesting your specialist from "safer" to provide all records of Burrtec trucks for last 7 years (Mountain region only sb).

Inland Division is determining whether you seek copies of disclosable public records in the Department's possession. Accordingly, the Inland Division is extending its 10-day response timeframe by an additional 14 days, as authorized by Government Code section 7922.535, subdivision (c)(1).

If you have any questions or if you need additional information, please contact the Inland Division Public Records Act Coordinator Associate Governmental Program Analyst Monique Jules, ID A14522, at (909) 806-2400.

Sincerely,

D. J. MINOR, Chief
Inland Division

SAFETY, SERVICE, AND SECURITY
CHP 49 (Rev. 3-23) OPI 076

847 East Brier Drive, San Bernardino, CA 92408
909-806-2400 | 800-735-2929 (TT/TDD) | 800-735-2922 (Voice)

AN INTERNATIONALLY
ACCREDITED AGENCY



Exhibit 8

PAGE 76

# CHAPTER 4

# OFFICER-VIOLATOR CONTACT

## REVISED FEBRUARY 2016

## TABLE OF CONTENTS

INTRODUCTION ........ 4-3
INITIAL CONTACT ........ 4-3
Courteous and Efficient Contact ........ 4-3
Positive Approach ........ 4-3
Critical Time ........ 4-3
OBTAINING IDENTIFICATION ........ 4-4
TAKING APPROPRIATE ACTION ........ 4-4
Appropriate Action ........ 4-4
Decision-Making ........ 4-4
Admitting One's Mistakes ........ 4-4
Enforcement ........ 4-5
KEEP YOUR APPROACH TO THE VIOLATOR NEUTRAL ........ 4-5
Professionalism ........ 4-5
Polite and to the Point Conversation ........ 4-5
Lectures ........ 4-5
Remarks by the Violator ........ 4-5
Sincerity ........ 4-5
Unnecessary Delays ........ 4-5
Requests for Identification ........ 4-6
ARREST AND NOTICE TO APPEAR ........ 4-6
Professional Approach ........ 4-6

THIS PAGE INTENTIONALLY LEFT BLANK

## CHAPTER 4

## OFFICER-VIOLATOR CONTACT

1. INTRODUCTION.

a. For purposes of this chapter, all uniformed members of the Department will be referred to as officers, unless otherwise indicated.

b. Law enforcement agencies are judged mainly by the contacts officers have with the public. One officer's actions can impact the entire program of public relations. The majority of the public favors traffic law enforcement, if it is fair and impartially applied using reasonable methods. The overall program of traffic safety will fail without the total support of field officers and their use of courtesy and common sense during all enforcement contacts. The success or failure of any public organization rests largely on the confidence of the people it serves.

2. INITIAL CONTACT.

a. Courteous and Efficient Contact. There is no better way to initiate an enforcement contact than with courtesy. The public looks with favor upon the officer who is polite and tactful. It is the officer's duty to initiate and make enforcement contacts with as little friction as possible, taking appropriate action with courtesy and fair and equitable treatment.

b. Positive Approach. When contacting a violator, the officer should proceed in a courteous, positive manner, with an air of professionalism.

(1) The officer must employ a businesslike approach which will indicate to the violator they are going to be treated fairly.

(2) During contacts with the public, officers must be constantly aware of and avoid certain mannerisms and actions, such as: smoking, chewing gum, or chewing on toothpicks, which tend to irritate violators and detract from the professional bearing expected of California Highway Patrol (CHP) officers.

c. Critical Time. The first 60 seconds are crucial in an officer's contact with the violator. During this time, the officer may gain or lose support for the Department or place themselves in a life-threatening position.

(1) Immediately after greeting the violator, the officer shall briefly explain why the enforcement stop was made. Many arguments can be avoided if the officer

definitively and firmly, yet politely, tells the violator the reason for the contact rather than ask questions.

(a) A tone of voice which indicates the officer has merely stated a fact should not create the resentment that an accusation would. For example, the statement, “I stopped you because you were exceeding the speed limit,” spoken in a pleasant tone, is a definitive statement and is not an invitation for lengthy discussion.

(b) If an officer approaches a violator in a negative manner and asks, for example, “Do you know why I stopped you?” or “Do you realize what you did?” the response elicited would likely be negative and create conflict.

(2) Until the officer has an opportunity to learn the violator’s last name, the violator should be addressed as “Sir” or “Ma’am.” Sir or ma’am should not be spoken in a patronizing or subservient manner, but merely as a substitute for the person’s last name. Forms of address should usually befit the person being contacted (i.e., calling a juvenile sir would not be appropriate). As a general rule, adults perceive officers addressing them by their first name as being overly familiar.

3. OBTAINING IDENTIFICATION. After explaining to the violator the reason for being stopped, the officer should request a driver license. The violator should remove the license or other identification (ID) from its holder or case. The officer should not accept a wallet or anything that is inside a picture holder or case.

4. TAKING APPROPRIATE ACTION.

a. Appropriate Action. If a violation warrants an arrest, the officer should advise the violator they will be receiving a citation and the reason. Occasionally, a warning or explanation from the officer is a more appropriate action. Each enforcement contact must be evaluated on the basis of good, sound professional judgment by the officer. Do not make an enforcement stop for an obvious violation, then cite for something else.

b. Decision-Making. The officer should make their decision relating to the action they will take on the basis of the facts and circumstances surrounding the violation. The officer should not make their decision based on the attitude and/or appearance of the violator.

c. Admitting One’s Mistakes. We must recognize the fact that we can sometimes make a mistake. If an officer realizes they have made an error, they should admit

the mistake. In such cases, do not issue a citation. The officer should conclude the contact as graciously as possible.

d. Enforcement. Officers should not apologize for taking an appropriate enforcement action.

5. KEEP YOUR APPROACH TO THE VIOLATOR NEUTRAL.

a. Professionalism. Do not put on an act. Be straightforward, sincere, and maintain poise. Make every attempt not to show outward signs of personal feelings and always remain on the alert for any danger.

b. Polite and to the Point Conversation. Keep conversation to a minimum. Answer any honest questions the violator asks, but maintain control of the situation. Try not to be placed on the defensive by any violator.

c. Lectures. Remember that the violation was not committed against you and it was not committed on your highway. Stick to the facts of the case with a view toward accident prevention and do not give a lecture.

d. Remarks by the Violator. Learn to disregard irritating remarks made by violators. Their remarks are probably due to the individual's upset condition and would not be made under ordinary circumstances.

(1) These remarks are usually just a defense or rationalization for their actions. Let the violator talk; it is a good safety valve for them.

(2) Simply advise the violator why they are receiving the citation.

e. Sincerity. Knowing the job and how to deal with people tactfully can ensure enforcement contacts and the completion of transactions proceed with a minimum amount of friction. Remember, an approach that will work well for one officer may work just the opposite for another officer. If the violator is convinced of your sincerity, you will usually have far less trouble during your contact.

f. Unnecessary Delays. In the absence of reasonable suspicion or probable cause, the enforcement stop shall not be extended beyond the time necessary to complete the enforcement action.

(1) An officer will spend less time in court if courteous, efficient, and sincere conduct is used during the enforcement contact.

(2) Avoid all suggestions of bargaining or fixing. Do not try to magnify or minimize the punishment.

(a)   Make no statements regarding the amount of fines or dispositions of citations.

(b)   Do not enter into a discussion as to whether or not the citation can be adjudicated by mail.  This is the function of the court.  Advise the violator only that information can be obtained by contacting the court at the address indicated on the citation.

(3)   Give the violator detailed and complete information concerning where to appear for trial or settlement of the citation.  Refrain from making parting remarks which might incense or agitate the violator.

g.   Requests for Identification.  During the course of public contacts, members of the public might occasionally request officers to present photographic ID.  Complying with this request is a sign of good faith and promotes confidence among members of the public that the person(s) they are dealing with is, in fact, a CHP officer.

(1)   While on duty, officers shall have their departmentally-issued ID card in their immediate possession, in accordance with Highway Patrol Manual 73.5, Uniform/Grooming and Equipment Standards Manual, Chapter 1, Uniform Policy.

(2)   On-duty officers receiving requests to view photographic ID should comply by displaying the front (photograph) side of their departmentally-issued ID card, unless doing so would reasonably jeopardize officer and/or public safety.

(3)   Officers making contact with members of the public by telephone should provide verbal ID upon request.  Verbal ID consists of the uniformed employee's name, rank, and ID number.

(4)   Officers working in an undercover capacity are exempt from these requirements while engaged in undercover operations or investigative activities.

(5)   Officers deployed in tactical formations are exempt from these requirements while participating in crowd control or engaged in a response to a civil disturbance.


6.   ARREST AND NOTICE TO APPEAR.

a.   Professional Approach.

(1)   Be certain of the identity of the violator and the description of the vehicle. Be certain of all elements of the violation.  If there is any doubt, do not take enforcement action.

(2)   Officers should approach an enforcement contact in a decisive manner, maintain self-control, and have a well-defined plan before talking to the violator.

(3)   When the violator provides their driver license, check the address and make sure it is current.  Check the photograph and description to confirm it is the same individual described on the license.  A comparison of signatures on the citation and the driver license should also be made.

(4)   The officer's actions should be governed as if all cases will go to court.

(a)   The reverse side of the green copy of the CHP 215, Notice to Appear, is the officer's record of the offense.

(b)   The officer shall make any notes on the reverse side of the green copy, per HPM 100.9, Enforcement Documents Manual, Chapter 1, CHP 215, Notice to Appear.  The officer can use it in court to refresh their memory of the circumstances of the arrest.  Be complete.  Do not trust the circumstances of the offense to memory alone.

(5)   If the driver refuses to give a written promise to appear, follow departmental policy as outlined in HPM 100.68, Traffic Enforcement Policy Manual, Chapter 2, Arrest Policies.  Every effort should be made to obtain the driver's signature at the scene.

(a)   Intervention by a third person, such as a supervisor or an officer from an adjacent beat, is usually sufficient to get the violator to comply.

(6)   A CHP 215 should normally charge only a single major hazardous violation observed during the continuing movement immediately prior to the enforcement action.

(a)   Additional charges may be added when there is clear-cut evidence of other violations which are not connected to the major violation charge (refer to HPM 100.68, Chapter 1, Patrol and General Enforcement Guidelines, for examples of additional charges).

(b)   This policy does not preclude charging the violator with reckless driving for a series of violations which clearly constitute the elements of that offense.

THIS PAGE INTENTIONALLY LEFT BLANK

Exhibit 9
PAGE 85

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**CIVILIANS' COMPLAINT INFORMATION**
CHP 240B (Rev. 12-15) OPI 031

RECEIVED JUL 03 2023

| CHP USE ONLY | | |
|---|---|---|
| CONTROL NUMBER | | |
| LOCATION CODE | YEAR | SEQUENTIAL NO. |
| | | |

| | |
|---|---|
| PERSON FILING COMPLAINT *(LAST, FIRST, M.I.)*<br>Macy, Jeffrey, L | |
| MAILING ADDRESS *(STREET, APARTMENT NUMBER)*<br>po box #103 | NAME AND IDENTIFICATION NUMBER OF EMPLOYEE<br>Christopher Bates #18392 & #19087 |
| CITY, STATE, ZIP CODE<br>Twin Peaks, Ca 92391 | LOCATION OF INCIDENT<br>HWY 18 |
| HOME TELEPHONE NUMBER *(INCLUDE AREA CODE)*<br>909-744-8480 | DATE/TIME OF OCCURRENCE<br>12:55 pm |
| OTHER TELEPHONE NUMBER *(INCLUDE AREA CODE)*<br>909-915-5554 | CITATION OR ARREST REPORT NUMBER<br>LQ 30682 |
| ADDITIONAL EMPLOYEE(S) *(INCLUDE NAMES AND IDENTIFICATION NUMBERS WHEN KNOWN)*<br>Jeffrey O'Brien | |

**IMPORTANT! READ AND SIGN THE FOLLOWING INFORMATION.**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER FOR ANY IMPROPER POLICE CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CIVILIANS' COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CIVILIAN COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

I have read and understand the above statement.

Signature Jeff Macy ☺ Date 7/1/2023

Allegations of misconduct brought to the attention of the Department through the Civilians' Complaint process are investigated by the command (Area or Division) where the employee was assigned at the time of the alleged misconduct. If necessary, the Office of Internal Affairs will assist you in contacting the proper command to ensure your allegations are investigated. The Department makes every effort to complete civilians' complaint investigations within sixty (60) days.

Pursuant to California Penal Code §§ 832.7 and 832.8, peace officer personnel records, including civilians' complaint investigations, are confidential and are not releasable.

In accordance with California Penal Code § 832.5, any member of the public may obtain a copy of the Department's Civilians' Complaint Investigation Manual (Highway Patrol Manual 10.4). Members of the public may purchase a copy of this manual by contacting the California Highway Patrol, Publications Unit, at 601 North 7th Street, P.O. Box 942898, Sacramento, CA 94298, or via electronic mail at publications@chp.ca.gov.

Exhibit 10
PAGE 87

Attorney Names
Attorneys' Business Address
City, ST ZIP Code
Phone | Fax
Email

COURT NAME

JURISDICTION

| | |
|---|---|
| PLAINTIFF'S NAME,<br>Plaintiff,<br>vs.<br>DEFENDANT'S NAME,<br>Defendant | Case No.: Number<br><br>PLEADING TITLE |

Type body of pleading here.

Dated this day of Month, year.

_______________________
Attorney Name

**Ticket infraction LQ 30682 6-27-23 Tuesday 12:55 pm HWY 18.**

**§3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt**

"It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, [__________], has the benefit of that presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the crime with which [he/she] is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her]. United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998 "If, after fair and impartial consideration of all the evidence, you have a

Exhibit 11
PAGE 89

reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit [him/her] of that crime..."

Macy's version of events:

2 Highway Patrol Officers violated Jeff Macy, & family's federal civil rights. 1st Amendment right to record police! (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011) "is a case in which the United States Court of Appeals for the First Circuit held that a private citizen has the right to record video and audio of police carrying out their duties in a public place."

Highway patrol said, "Not allowed to record during his (highway patrol officer) traffic stop". Forced to get son Josiah Macy to take over recording. Macy was told cannot investigate. Illegal traffic stop of "suspicion of non-factory installed vehicle seat belt". –Police are not above the Law. Federal Civil Enforcement. (34 usc §12601)

Fourth Amendment to the Constitution. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." -Officer entered our truck without permission and seized private property images without consent.

Supreme Court noted in (Mapp v. Ohio (1961)), there remains no fixed test for reasonableness. Instead, trial courts determine reasonableness using an objective standard on a case-by-case basis. The reasonableness inquiry under the Fourth Amendment focuses on the specific context and the threat that the suspect poses. In the event that an individual believes law enforcement failed to conduct a seizure reasonably, that individual may pursue a civil action against the relevant government officers for a violation of his or her constitutional rights. But such a suit may be brought only after the alleged constitutional violation has occurred...

No-where does vehicle code say, "Must have a manufactures factory installed seat belt?" Illegal search and seizure. Officer Bates climbed up into my truck and took picture/s without permission. –The picture/s will be self-evident of this violation as/is also recorded by adult Josiah Macy. Contesting this 1-hour illegal arrest/ticket as said. Civil rights act 1871 (42 USC §1983) "willfully" 18 usc § 242 "specific intent" (Screws v U.S. 91 (1945) Federal civil rights crimes: "A pattern or practice by LAW ENFORCEMENT OFFICERS to deprive people of their constitutional rights." (34 u.sc. § 12601)

**Exhibit #1 Video recording** of Officer Bates folded shirt name tag, and refusing to identify himself in full when requested many times by Mr. Macy.

"Thus, there is no absolute requirement that law enforcement officers identify themselves prior to conducting a search or seizure. Instead, a failure to do so bears on the reasonableness of the officers' overall behaviors, including, as the U.S. Court of Appeals for the Eighth Circuit noted in Atkinson v. City of Mountain View, Mo. (2013), the nature of the plaintiff's crime and whether or not the plaintiff posed an immediate threat to the officer. A unanimous Seventh Circuit panel in Doornbos v. City of Chicago (2017) stated that, "[a]lthough some unusual circumstances may justify an officer's failure to identify himself in rare cases, it is generally not reasonable for a plainclothes officer to fail to identify himself when conducting a stop." Thus, there is some chance that an officer could be denied qualified immunity on the

Exhibit 12
PAGE 91

basis of a failure to identify if that failure was deemed unreasonable and precedents just discussed had "clearly established" a right to disclosure."

In the event of a constitutional violation, the doctrine of qualified immunity...

Reasonableness standard is essential. Only if the right(s) in question has been clearly established and a reasonable officer would not believe that the activity the officer engaged in was lawful, will that officer be denied qualified immunity. "The nature of the inquiry into the reasonableness of a law enforcement officer's failure to identify as such is largely dependent on where the search or seizure in question occurred."- Supreme Court.

Officer Bates refused to give Jeff Macy his name or business card, or show his name tag.

Similarly, Section 5–331.09 of the Code of the District of Columbia requires that the Metropolitan Police Department "ensure that all uniformed officers assigned to police First Amendment assemblies are equipped with the enhanced identification and may be identified even if wearing riot gear," including "by modifying the manner in which those officers' names or badge numbers are affixed to the officers' uniforms or helmets" to make the information more visible.

The Justice Department has also previously played an important role in making sure that police departments meet accountability standards for displaying identifying information. In 2014, it criticized the Ferguson Police Department for reports of officers having failed to wear nameplates, which emerged as part of an investigation into the police department "for an alleged pattern or practice of unlawful misconduct." The investigation was triggered in part by the killing of Michael Brown, an African American man, by a white police officer. A Justice Department letter sent to Ferguson police explained that "[o]fficers wearing name plates while in uniform is a basic component of transparency and accountability. … Allowing officers to remain anonymous when they interact with the public contributes to mistrust and undermines accountability. The failure to wear name plates conveys a message to community members that, through anonymity, officers may seek to act with impunity." Requirements that officers introduce themselves by name and rank as soon as practicable during investigatory and noncustodial stops was also part of the consent decree between the City of Ferguson and the Department of Justice, which was entered into in March 2016 in the wake of the Justice Department's investigation. The new guidelines were intended to promote the police department's efforts at community policing. Even prior to the consent decree, municipal law in Ferguson required that officers "wear the regulation uniform while on duty" and a nameplate was part of that regulation uniform.

Stated, "Does not have a business card with name on it. Officer added words to vehicle code 27315(e) vc, even to his three chevron Sergeant, Said, *"Section 27315(e) says MUST have a "FACTORY installed seatbelt???"* -Sergeant trusted his fellow officer's words to support officer Bates misquoted words. This is an abuse of duty by Officer Bate's authority and expertise. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the law, to back up his false claim!

27315(e) Vehicle Code: "(e) A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations."

**Exhibit #2 Weight Receipt-** "County of San Bernardino SOLID WASTE MANAGEMENT DIVISION.

Exhibit 13

Transaction #520932116 6/27/23 loc 52/ Heaps Peak. Time in 12:09 pm. Origins 739 Lake Arrowhead Ca 92352. Trans Type: 120 Land Use. Weight Net: 2,240 lbs (1.12 tons) ← That's a lot of trash!

Both officers were informed that we had just left the Running Spring Dump, after dumping trash. (Solid waste removal) Even after being informed that, and knowing our business card says "Hauling" which would exempt us from even using seatbelts, still stubbornly gave seat belt ticket. "Garbage truck drivers, & persons who work frequently entering & leaving vehicle".

**Exhibit #3 Proof of prior knowledge**–Yet Sergeant knew we dumped trash, as printed on our business card in neon orange; that he had when Macy's had worked for him previously.

"(o) This section does not apply to a driver actually engaged in the collection of solid waste or recyclable materials along that driver's collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route."

Also: §220 (5) Subsection (4) does not apply to a person:

"(c) who is actually engaged in work that requires him or her to alight from and re-enter the motor vehicle at frequent intervals and who, while engaged in that work, does not drive or travel in that vehicle at a speed exceeding 40 km/h," –We were driving under the 35mph speed limit on HWY 18. All our other trash, weed abatement clean-up (branches, leaves, trash wood, debris) roads are even slower mountain hilly roads.

Fishing for reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by officer Bates parked on other side of road. On his… "possibility there was not a seatbelt present"? Yet ticket even says "…secured by a non-factory equipped seat belt" –Word for word from officer Bates. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) – This can be against a race, religion or any targeted type, including people with criminal records. Jeff Macy had already filed a Federal Lawsuit against San Bernardino County. Seemed like a suspiciously targeted stop.

**(Exhibit # History** TBD) Still waiting for Public Records request incident reports from said Highway Patrol) History: 1-2 years ago Highway patrol illegally towed same exact truck. A Highway patrol officer lied writing ticket that Macy's Isuzu box truck was blocking a private road & blocking a fire hydrant. Was another false ticket (we had photo of truck position showing past the 15' side legal requirement. A Highway Patrol officer willingly lied, assumed to continue harassing Jeff Macy and get money through fake fines unjustly. On appeal was found again, Jeff Macy was correct, no violations or valid ticket. Being another error (intentional police misconduct) ticket dropped. Costing Mr. Macy thousands of dollars to get work truck out of impound. Highway Patrol had truck towed all the way out of San Bernardino County to Hesperia Ca. (Another violation of Federal law). Truck should not have been towed by Highway Patrol command from the side of the road; a private property on a private road. Other times looked like same officer of Highway Patrol was driving around my neighborhood for no reason. Slowed down stared at us for no reason, as if looking to stop us again for doing nothing wrong. Next year Highway Patrol pulled over Jeff Macy for suspicion of not have a seatbelt for 4th passenger. After inspection seeing 4th legal safe seatbelt, said we were ok and free to leave. (Wasted 15 minutes of our lives for his fishing expedition). Mr. Macy left without further incident. Numerous other times Highway Patrol came out, drove up my private road "Augusta Way", asking Mr. Macy questions about vehicles parked on the side of his own property. This is a clear pattern of unjust harassment.

4

Exhibit 14

**Exhibit #4 CPRA Request Letter.** Jeff Macy has requested numerous times for documents and recording from Highway Patrol local office, dispatch & directly through public records request office locally and Sacramento. Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years. (1 Example request not fulfilled).

**San Bernardino County Public Request #23-3765 (Running Springs Ca Highway Patrol)**

Mr. Macy alleges Running Springs Ca. Highway Patrol is actively covering up &/or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Mr. Macy has received was a letter on April 07, 2023 file # 801.13318.a14522. Which, just repeated the requests I asked for from Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burtec/Highway Patrol. I called office & mailed back response saying, YES, give me the evidence requested already to Highway patrol by D.J. Minor, Chief's confirmation of request.

Macy's were 100% cooperative, peaceful at all times and provided all documents requested during illegal traffic stop. (Driver's License, Registration & Proof of insurance- all valid, up to date)

(Macy's have HD video/audio of clear recording of illegal traffic stop, which started after realizing Officer was not going to let us go home). All accusations are true based on MACY's video recording and 4 adult Macy witnesses. Traffic infraction ticket hopefully will get dismissed soon. We have the right & just to file Federal Lawsuits against said Officers, and Running Springs Highway Patrol for: gross negligence, civil rights violations, harassment, government invasion of privacy, emotional distress (1871 (42 § 1983), illegal detainment, false arrest, cover-up; forcing citizens to have to go to out of area (Lake Arrowhead, San Bernardino CA too far away Fontana, Ca to contest/appear/appeal; against right to a trial by own peers (own area [Lake Arrowhead Ca, San Bernardino County.] we live in), not even in the same Town (Fontana, Ca). 50-minute drive down the hill in a car, if no traffic.

**Exhibit #5 San Bernardino County Public Request #23-3765**

California running springs Highway Patrol officer "Bates" badge id #18392

on: 6-27-23 12:55 to 1:45pm Tuesday.

1) Full name and badge numbers of "officer "Bates" & his responding sergeant "Obrien".

2) All/both highway patrol car's video/audio records of traffic stop ticket# LQ 30682 ← PUBLIC RECORDS REQUEST JULY 3 2023 RECEIVED.

3) All audio & or videos on body cameras of both officers involved in traffic infraction stop.

4) Any & all stops/tows of Isuzu npr truck by highway patrol last 10 years or this white box truck: 2018 Isuzu npr lic # 17394g3

5) Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years.

6) All full names of any highway patrol officers in any of the said above requests. DMV internal affairs contact number, address.

Exhibit 15
PAGE 97

7) All final verdict/s or outcomes of highway patrol stops or tickets from highway patrol last 10 years related to said truck or related to Jeffrey Lloyd Macy.

8) Name/s of public recorders request workers who are responsible for replying to any public requests made the last 2 years from Jeff Macy of any department; provide within 10 days.

9) Any documents/laws/vehicle codes or regulation or policy's related to officers who are supposed to identify themselves or provide business card or answer questions related to a traffic policy/traffic stop of running spring highway patrol office or current California laws.

Mail all documents or e-mail to: Jeff Macy P.O. box #103 twin peaks ca 92391. (loveothersas@gmail.com)

Any questions Jeff Macy 909-744-8480 home, 909-915-5554 cell phone. All evidence within 10 days as Highway Patrol notice to appear court date upcoming.

**Adding after traffic stop:**

1. How many traffic tickets have been given out last 5 years from running springs Highway Patrol that are financially motivated?
2. Where does the money go from fines collected by the Highway Patrol?
3. Does officer Bates gain anything by giving out tickets, or instructed to look for seat belt infractions?
4. Does officer Bates give out more tickets than other Highway Patrol officers from same office?
5. What percentage compared to other Officers from same office last years?
6. How many traffic tickets has officer Bates given out last 5 years?
7. What is the average amount of traffic tickets other Highway Patrol Officers gave out in last year?
8. Average amount of traffic tickets Officer Bates Highway Patrol Officer gave out in last year?
9. How many traffic tickets has officer bates given out this last year?
10. How many complaints has this running springs office received?
11. How many complaints has officer Bates received while working for the Highway patrol?
12. Are Highway Patrol officers from Running Springs expected to know the U.S. constitution?
13. What percentage of traffic tickets has been dismissed that were given out by Officer Bates?
14. How much money has Officer Bates made for the Highway Patrol over his career via traffic tickets?
15. How much money has average Officers made for the Highway Patrol running springs over their career via traffic tickets?
16. How many arrests has Officer Bates made over simple traffic infractions that escalated?
17. What is the average time that Officer Bates takes at his traffic stops over last 5 years?
18. Has Officer Bates ever discharged or fired his service weapon on duty?
19. How many times has Officer Bated fired his gun/s, any weapon?
20. How many times has Officer Bated used any service duty weapons?
21. Why did Officer Bates not have a business card with his name on it to give Mr. Macy?
22. Why was officer Bates name tag hidden, folded over during traffic stop?
23. Is this policy that officer Bates uniform does not have to have name seen on it?
24. Is it policy that officer Bates does not have to answer questions about a traffic stop?

Exhibit 16
PAGE 99

Ex Hibit #1

**WEIGHT RECEIPT**

- WARNING -
This Document is Heat-Sensitive!

**County of San Bernardino**
**SOLID WASTE MANAGEMENT DIVISION**
222 W Hospitality Lane/2nd Floor
San Bernardino, CA. 92415-0017

Trans #: **520932116**
Date: **06/27/23**
Loc: **52 /Heaps Peak**

| | Time | Operator | Lane |
|---|---|---|---|
| IN | 12:09 PM | TAB | 01 |
| OUT | 12:09 PM | TAB | 01 |

Customer: LAND USE PASS CUSTOMERS
Account: **1LU**
Decal: **17394G3**
Vehicle ID:
Container:
Job ID:
Parcel: **0338151630000**
P.O.

Trans Type: 120 - Land Use
Destin: 400 - Heaps Peak TS
Disaster:

Origins:
739 - Lake Arrowhead 100 %

| | Lbs | Tons | Scale |
|---|---|---|---|
| Gross: | 12500 | 6.25 | 1 |
| Tare: | 10260 | 5.13 | (K) |
| **NET:** | **2240** | **1.12** | |

Materials:
205 - Clean Pine Needles/Ve $0.00
1.12 TN @ $$47.25/TN
Perchlorate Surcharge: $0.00 @
$0.69/TN

**TOTAL FEE: $0.00**

Payment Method(s):

Paid Cash 0.00 N:
A:

Cash $0.00

Change: $0.00

Account Balance: 0.00

Name:
Sign:

Reduce, Reuse, Recycle...

**ATTENTION CHARGE CUSTOMERS:**

**THIS IS NOT AN INVOICE**

Exhibit 17
PAGE 101

Attorney Names
Attorneys' Business Address
City, ST ZIP Code
Phone | Fax
Email

COURT NAME

JURISDICTION

PLAINTIFF'S NAME,

Plaintiff,

vs.

DEFENDANT'S NAME,

Defendant

Case No.: Number

MACY V. SAN BERNADINO COUNTY CODE ENFORCEMENT, FIRE ABATEMENT, CSA18 SPECIAL DISTRICTS, CODE ENFORCMENT OFFICERS ET AL.

Type body of pleading here.

Dated this day of Month, year.

Attorney Name

**Ticket infraction LQ 30682 6-27-23 Tuesday 12:55 pm HWY 18.**

**§3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt**

"It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, [___________], has the benefit of that presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the crime with which [he/she] is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her]. United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998 "If, after fair and impartial consideration of all the evidence, you have a

reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit [him/her] of that crime…"

Macy's version of events:

2 Highway Patrol Officers violated Jeff Macy, & family's federal civil rights. 1st Amendment right to record police! (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011) "is a case in which the United States Court of Appeals for the First Circuit held that a private citizen has the right to record video and audio of police carrying out their duties in a public place."

Highway patrol said, "Not allowed to record during his (highway patrol officer) traffic stop". Forced to get son Josiah Macy to take over recording. Macy was told cannot investigate. Illegal traffic stop of "suspicion of non-factory installed vehicle seat belt". –Police are not above the Law. Federal Civil Enforcement. (34 usc §12601)

Fourth Amendment to the Constitution. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." -Officer entered our truck without permission and seized private property images without consent.

Supreme Court noted in (Mapp v. Ohio (1961)), there remains no fixed test for reasonableness. Instead, trial courts determine reasonableness using an objective standard on a case-by-case basis. The reasonableness inquiry under the Fourth Amendment focuses on the specific context and the threat that the suspect poses. In the event that an individual believes law enforcement failed to conduct a seizure reasonably, that individual may pursue a civil action against the relevant government officers for a violation of his or her constitutional rights. But such a suit may be brought only after the alleged constitutional violation has occurred…

No-where does vehicle code say, "Must have a manufactures factory installed seat belt?" Illegal search and seizure. Officer Bates climbed up into my truck and took picture/s without permission. –The picture/s will be self-evident of this violation as/is also recorded by adult Josiah Macy. Contesting this 1-hour illegal arrest/ticket as said. Civil rights act 1871 (42 USC §1983) "willfully" 18 usc § 242 "specific intent" (Screws v U.S. 91 (1945) Federal civil rights crimes: "A pattern or practice by LAW ENFORCEMENT OFFICERS to deprive people of their constitutional rights." (34 u.sc. § 12601)

**Exhibit #1 Video recording** of Officer Bates folded shirt name tag, and refusing to identify himself in full when requested many times by Mr. Macy.

"Thus, there is no absolute requirement that law enforcement officers identify themselves prior to conducting a search or seizure. Instead, a failure to do so bears on the reasonableness of the officers' overall behaviors, including, as the U.S. Court of Appeals for the Eighth Circuit noted in Atkinson v. City of Mountain View, Mo. (2013), the nature of the plaintiff's crime and whether or not the plaintiff posed an immediate threat to the officer. A unanimous Seventh Circuit panel in Doornbos v. City of Chicago (2017) stated that, "[a]lthough some unusual circumstances may justify an officer's failure to identify himself in rare cases, it is generally not reasonable for a plainclothes officer to fail to identify himself when conducting a stop." Thus, there is some chance that an officer could be denied qualified immunity on the

basis of a failure to identify if that failure was deemed unreasonable and precedents just discussed had "clearly established" a right to disclosure."

In the event of a constitutional violation, the doctrine of qualified immunity…

Reasonableness standard is essential. Only if the right(s) in question has been clearly established and a reasonable officer would not believe that the activity the officer engaged in was lawful, will that officer be denied qualified immunity. "The nature of the inquiry into the reasonableness of a law enforcement officer's failure to identify as such is largely dependent on where the search or seizure in question occurred."- Supreme Court.

Officer Bates refused to give Jeff Macy his name or business card, or show his name tag.

Similarly, Section 5–331.09 of the Code of the District of Columbia requires that the Metropolitan Police Department "ensure that all uniformed officers assigned to police First Amendment assemblies are equipped with the enhanced identification and may be identified even if wearing riot gear," including "by modifying the manner in which those officers' names or badge numbers are affixed to the officers' uniforms or helmets" to make the information more visible.

The Justice Department has also previously played an important role in making sure that police departments meet accountability standards for displaying identifying information. In 2014, it criticized the Ferguson Police Department for reports of officers having failed to wear nameplates, which emerged as part of an investigation into the police department "for an alleged pattern or practice of unlawful misconduct." The investigation was triggered in part by the killing of Michael Brown, an African American man, by a white police officer. A Justice Department letter sent to Ferguson police explained that "[o]fficers wearing name plates while in uniform is a basic component of transparency and accountability. … Allowing officers to remain anonymous when they interact with the public contributes to mistrust and undermines accountability. The failure to wear name plates conveys a message to community members that, through anonymity, officers may seek to act with impunity." Requirements that officers introduce themselves by name and rank as soon as practicable during investigatory and noncustodial stops was also part of the consent decree between the City of Ferguson and the Department of Justice, which was entered into in March 2016 in the wake of the Justice Department's investigation. The new guidelines were intended to promote the police department's efforts at community policing. Even prior to the consent decree, municipal law in Ferguson required that officers "wear the regulation uniform while on duty" and a nameplate was part of that regulation uniform.

Stated, "Does not have a business card with name on it. Officer added words to vehicle code 27315(e) vc, even to his three chevron Sergeant, Said, *"Section 27315(e) says MUST have a "FACTORY installed seatbelt???"* -Sergeant trusted his fellow officer's words to support officer Bates misquoted words. This is an abuse of duty by Officer Bate's authority and expertise. This is a willful act of abuse of power to act as a judge and the jury, without any code written words or letter of the law, to back up his false claim!

27315(e) Vehicle Code: "(e) A person 16 years of age or over shall not be a passenger in a motor vehicle on a highway unless that person is properly restrained by a safety belt. This subdivision does not apply to a passenger in a sleeper berth, as defined in subdivision (x) of Section 1201 of Title 13 of the California Code of Regulations."

**Exhibit #2 Weight Receipt-** "County of San Bernardino SOLID WASTE MANAGEMENT DIVISION.

Transaction #520932116 6/27/23 loc 52/ Heaps Peak. Time in 12:09 pm. Origins 739 Lake Arrowhead Ca 92352. Trans Type: 120 Land Use. Weight Net: 2,240 lbs (1.12 tons) ← That's a lot of trash!

Both officers were informed that we had just left the Running Spring Dump, after dumping trash. (Solid waste removal) Even after being informed that, and knowing our business card says, Hauling" which would exempt us from even using seatbelts, still stubbornly gave seat belt ticket. "Garbage truck drivers, & persons who work frequently entering & leaving vehicle".

**Exhibit #3 Proof of prior knowledge**–Yet Sergeant knew we dumped trash, as printed on our business card in neon orange; that he had when Macy's had worked for him previously.

"(o) This section does not apply to a driver actually engaged in the collection of solid waste or recyclable materials along that driver's collection route if the driver is properly restrained by a safety belt prior to commencing and subsequent to completing the collection route."

Also: §220 (5) Subsection (4) does not apply to a person:

"(c) who is actually engaged in work that requires him or her to alight from and re-enter the motor vehicle at frequent intervals and who, while engaged in that work, does not drive or travel in that vehicle at a speed exceeding 40 km/h," –We were driving under the 35mph speed limit on HWY 18. All our other trash, weed abatement clean-up (branches, leaves, trash wood, debris) roads are even slower mountain hilly roads.

Fishing for reason to give "click-it-or-ticket" seatbelt violation ticket to gain money, based on suspicion out of view by officer Bates parked on other side of road. On his…  "possibility there was not a seatbelt present"? Yet ticket even says "…secured by a non-factory equipped seat belt" –Word for word from officer Bates. "Opportunities for Law Enforcement to harass minority groups" (St. Lois et. Al, 2011) – This can be against a race, religion or any targeted type, including people with criminal records. Jeff Macy had already filed a Federal Lawsuit against San Bernardino County. Seemed like a suspiciously targeted stop.

(**Exhibit # History** TBD) Still waiting for Public Records request incident reports from said Highway Patrol) History: 1-2 years ago Highway patrol illegally towed same exact truck. A Highway patrol officer lied writing ticket that Macy's Isuzu box truck was blocking a private road & blocking a fire hydrant. Was another false ticket (we had photo of truck position showing past the 15' side legal requirement. A Highway Patrol officer willingly lied, assumed to continue harassing Jeff Macy and get money through fake fines unjustly. On appeal was found again, Jeff Macy was correct, no violations or valid ticket. Being another error (intentional police misconduct) ticket dropped. Costing Mr. Macy thousands of dollars to get work truck out of impound. Highway Patrol had truck towed all the way out of San Bernardino County to Hesperia Ca. (Another violation of Federal law). Truck should not have been towed by Highway Patrol command from the side of the road; a private property on a private road. Other times looked like same officer of Highway Patrol was driving around my neighborhood for no reason. Slowed down stared at us for no reason, as if looking to stop us again for doing nothing wrong.  Next year Highway Patrol pulled over Jeff Macy for suspicion of not have a seatbelt for 4th passenger. After inspection seeing 4th legal safe seatbelt, said we were ok and free to leave. (Wasted 15 minutes of our lives for his fishing expedition). Mr. Macy left without further incident. Numerous other times Highway Patrol came out, drove up my private road "Augusta Way", asking Mr. Macy questions about vehicles parked on the side of his own property. This is a clear pattern of unjust harassment.

**Exhibit #4 CPRA Request Letter.** Jeff Macy has requested numerous times for documents and recording from Highway Patrol local office, dispatch & directly through public records request office locally and Sacramento. Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years. (1 Example request not fulfilled).

**San Bernardino County Public Request #23-3765 (Running Springs Ca Highway Patrol)**

Mr. Macy alleges Running Springs Ca. Highway Patrol is actively covering up &/or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Mr. Macy has received was a letter on April 07, 2023 file # 801.13318.a14522. Which, just repeated the requests I asked for from Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burtec/Highway Patrol. I called office & mailed back response saying, YES, give me the evidence requested already to Highway patrol by D.J. Minor, Chief's confirmation of request.

Macy's were 100% cooperative, peaceful at all times and provided all documents requested during illegal traffic stop. (Driver's License, Registration & Proof of insurance- all valid, up to date)

(Macy's have HD video/audio of clear recording of illegal traffic stop, which started after realizing Officer was not going to let us go home). All accusations are true based on MACY's video recording and 4 adult Macy witnesses. Traffic infraction ticket hopefully will get dismissed soon. We have the right & just to file Federal Lawsuits against said Officers, and Running Springs Highway Patrol for: gross negligence, civil rights violations, harassment, government invasion of privacy, emotional distress (1871 (42 § 1983), illegal detainment, false arrest, cover-up; forcing citizens to have to go to out of area (Lake Arrowhead, San Bernardino CA too far away Fontana, Ca to contest/appear/appeal; against right to a trial by own peers (own area [Lake Arrowhead Ca, San Bernardino County.] we live in), not even in the same Town (Fontana, Ca). 50-minute drive down the hill in a car, if no traffic.

**Exhibit #5 San Bernardino County Public Request #23-3765**

California running springs Highway Patrol officer "Bates" badge id #18392

on: 6-27-23 12:55 to 1:45pm Tuesday.

1) Full name and badge numbers of "officer "Bates" & his responding sergeant "Obrien".

2) All/both highway patrol car's video/audio records of traffic stop ticket# LQ 30682

3) All audio & or videos on body cameras of both officers involved in traffic infraction stop.

4) Any & all stops/tows of Isuzu npr truck by highway patrol last 10 years or this white box truck: 2018 Isuzu npr lic # 17394g3

5) Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years.

6) All full names of any highway patrol officers in any of the said above requests. DMV internal affairs contact number, address.

7) All final verdict/s or outcomes of highway patrol stops or tickets from highway patrol last 10 years related to said truck or related to Jeffrey Lloyd Macy.

8) Name/s of public recorders request workers who are responsible for replying to any public requests made the last 2 years from Jeff Macy of any department; provide within 10 days.

9) Any documents/laws/vehicle codes or regulation or policy's related to officers who are supposed to identify themselves or provide business card or answer questions related to a traffic policy/traffic stop of running spring highway patrol office or current California laws.

Mail all documents or e-mail to: Jeff Macy P.O. box #103 twin peaks ca 92391. (loveothersas@gmail.com)

Any questions Jeff Macy 909-744-8480 home, 909-915-5554 cell phone. All evidence within 10 days as Highway Patrol notice to appear court date upcoming.

**Adding after traffic stop:**

1. How many traffic tickets have been given out last 5 years from running springs Highway Patrol that are financially motivated?
2. Where does the money go from fines collected by the Highway Patrol?
3. Does officer Bates gain anything by giving out tickets, or instructed to look for seat belt infractions?
4. Does officer Bates give out more tickets than other Highway Patrol officers from same office?
5. What percentage compared to other Officers from same office last years?
6. How many traffic tickets has officer Bates given out last 5 years?
7. What is the average amount of traffic tickets other Highway Patrol Officers gave out in last year?
8. Average amount of traffic tickets Officer Bates Highway Patrol Officer gave out in last year?
9. How many traffic tickets has officer bates given out this last year?
10. How many complaints has this running springs office received?
11. How many complaints has officer Bates received while working for the Highway patrol?
12. Are Highway Patrol officers from Running Springs expected to know the U.S. constitution?
13. What percentage of traffic tickets has been dismissed that were given out by Officer Bates?
14. How much money has Officer Bates made for the Highway Patrol over his career via traffic tickets?
15. How much money has average Officers made for the Highway Patrol running springs over their career via traffic tickets?
16. How many arrests has Officer Bates made over simple traffic infractions that escalated?
17. What is the average time that Officer Bates takes at his traffic stops over last 5 years?
18. Has Officer Bates ever discharged or fired his service weapon on duty?
19. How many times has Officer Bated fired his gun/s, any weapon?
20. How many times has Officer Bated used any service duty weapons?
21. Why did Officer Bates not have a business card with his name on it to give Mr. Macy?
22. Why was officer Bates name tag hidden, folded over during traffic stop?
23. Is this policy that officer Bates uniform does not have to have name seen on it?
24. Is it policy that officer Bates does not have to answer questions about a traffic stop?

Exhibit 18

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**NOTICE TO APPEAR**
CHP 215 (REV. 06/15)

☐ MISDEMEANOR ☐ **Traffic** ☐ **Nontraffic**

LQ 30682

| Date of Violation | Time | ☐ AM ☐ PM | Day of the Week S M T W T F S | ☐ CHP 215s ☐ Accident |
|---|---|---|---|---|

Name (First, Middle, Last) ☐ Owner's Responsibility (§40001 VC)

Address

| City | State | ZIP Code |
|---|---|---|

| Driver Lic. No. | State/Country | Commercial ☐Yes ☐No | Age | Birth Date |
|---|---|---|---|---|

| Sex | Hair | Eyes | Height | Weight | Race / Ethnicity |
|---|---|---|---|---|---|

| Veh. Lic. No. or VIN No. | State | Reg. Exp. | ☐ COMMERCIAL VEHICLE (§15210(b) VC) |
|---|---|---|---|

| Yr. of Veh. | Make | Model | Body Style | Color | Veh. Type |
|---|---|---|---|---|---|

Evidence of Financial Responsibility or CHP / DOT / PUC / ICC ☐ HAZARDOUS MATERIAL (§353 VC)

Registered Owner or Lessee ☐ Same as Driver

Address 173 94 G3 ☐ Same as Driver

| City | State | ZIP Code |
|---|---|---|

Correctable Violation (§40610 VC) ☐ Booking Required (See Reverse) Misdemeanor or Infraction (Circle)

| Yes | No | Code and Section | Description | |
|---|---|---|---|---|
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |

| Speed Approx. | P. F. / Max Spd. | Veh. Lmt. | Safe | Special |
|---|---|---|---|---|

Location of Violation(s)
at:

| Beat | Area | Perm. Area | ☐ Radar / Lidar Unit / Patrol Vehicle No. ☐ MVARS |
|---|---|---|---|

☐ Violations not committed in my presence, declared on information and belief.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

Executed at (place): ____________________, California

Dec. Date ______ Arresting or Citing Officer ______ I. D. No. ______ ______ to ______ Vacation Dates

Perm. Area:

Dec. Date ______ Name of Arresting Officer, if different from Citing Officer ______ I. D. No. ______ ______ to ______ Vacation Dates

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**

X SIGNATURE

LQ 30682

WHEN: DATE: ______ TIME: ______ ☐ AM ☐ PM

WHAT TO DO: **FOLLOW THE INSTRUCTIONS ON THE REVERSE**

WHERE:

ADDRESS: ☐ SUPERIOR COURT ☐ JUVENILE

PHONE NO.:

☐ To be notified

☐ You may arrange with the clerk to appear at a night session of the court.

Judicial Council of California Form TR-130
Rev. 06-26-15 (§§ 40500(b), 40513(b), 40522, 40600 VC; § 853.9 PC.)

**SEE REVERSE**

Exhibit 19

PAGE 110

# IMPORTANT - READ CAREFULLY

**LOCAL INFORMATION FOR THE CITATION IS AVAILABLE ONLINE AT:**
http://www.courts.ca.gov/find-my-court.htm

**WARNING: If you fail to appear in court as you have promised, you may be arrested and punished by 6 MONTHS IN JAIL AND/OR A $1,000 FINE regardless of the disposition of the original charge (§40508 Veh. Code [VC] or §853.7 Penal Code [PC]). In addition, any person who fails to appear as provided by law may be deemed to have elected to have a trial by written declaration (in absentia) pursuant to section 40903(a) VC upon any alleged infraction, as charged by the arresting/citing officer.**

**JUVENILE:** If you were under age 18 at the time the citation was issued, you must appear in court with your parent or guardian.

**COURTESY NOTICE:** A courtesy notice **may** be mailed to the address shown on your citation, indicating the required deposit of money (bail) that may be forfeited instead of your appearing in court. If you do not receive such courtesy notice, you are still required to comply with the items below by the appearance date.

**WHAT TO DO**

**You are required to appear at court for a misdemeanor violation. For all violations, your court date/time/place are on the front of this notice to appear. Have the citation with you when contacting the court. In all infraction cases, you must do one or more of the following for each violation:**

- Pay the fine (bail).
- Appear in court.
- Contest the violation.
- Correct the violation (traffic cases, when applicable).
- Request traffic school (traffic cases, when applicable).
- Request trial by written declaration (traffic infractions).

If you do not do one of the above actions, then a "failure to appear" charge will be filed against you (§40508(a) VC) and your driver license may be withheld, suspended, or revoked. In some courts you may be charged an amount in addition to the bail amount and the case may be turned over to a collection agency (§1214.1 PC).

**1. If you do NOT contest the violation:**

**a. (Pay the bail amount)** Contact the court for bail information. You will not have to appear in court. You will be convicted of the violation, and it will appear on your record at the Department of Motor Vehicles (DMV). A point count may be charged to your DMV record and your insurance may be adversely affected.

**b. (Traffic school)** You may be able to avoid the point count by completing traffic school. You must pay the bail amount as a fee, and you may have to pay other fees. Contact the court to request traffic school.

**c. (Correctable violations)** If the "Yes" box is checked on the front of your ticket, the violation is correctable. Upon correction of the violation, have a law enforcement officer or an authorized inspection/installation station agent sign below (§40616 VC). Registration and driver license violations may also be certified as corrected at an office of the DMV or by any clerk or deputy clerk of a court. The violation will be dismissed by the court after PROOF OF CORRECTION and payment of a transaction fee are presented to the court by mail or in person by the appearance date. Violations of section 16028 VC (automobile liability insurance) will be dismissed **only** upon (1) your **showing or mailing to the court** evidence of financial responsibility valid at the time this notice to appear was issued, and (2) your payment of a transaction fee.

**CERTIFICATE OF CORRECTION (MUST BE RETURNED TO COURT)**

| SECTION(S) VIOLATED | SIGNATURE OF PERSON CERTIFYING CORRECTION | ID OR ARD LICENSE # | AGENCY OR CERTIFIED INSPECTION STATION | DATE CLEARED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**2. If you contest the violation (select a or b):**

**a. (Court trial)** Send a certified or registered letter postmarked not later than five days prior to the appearance date or come to the court by the appearance date to request a court trial on a future date when an officer and any witnesses will be present. **You may be required to submit the bail amount. Go online or call the court for information on going to court without paying bail.**

**–OR–**

**b. (Trial by written declaration (traffic infractions))** Send a certified or registered letter postmarked not later than five days prior to the appearance date or come to the court on or before the appearance date to request a trial by written declaration. **Submit the bail amount.** You will be given forms to allow you to write a statement and to submit other evidence without appearing in court. An officer will also submit a statement. The judicial officer will consider the evidence and decide the case.

3. Make check/money order payable to **Clerk of the Court.** Write your citation number and driver license number on your check or money order. You may pay in person or by mail.

4. If "Booking Required" is checked you must appear for booking on a weekday prior to your court date. Booking instructions are provided on the CHP 194, Fingerprint Notification/Verification form. Bring the signed verification to your court appearance. **BOOKING VERIFICATION:** I declare under the penalty of perjury under the laws of the State of California that

______________ was booked on ________ ______________

Defendant's Name    Date    Officer    I.D. No.

Exhibit 20

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
Fontana District
17780 Arrow Boulevard
Fontana, CA 92335

## PENDING LEGISLATION MAY INCREASE THE AMOUNT SHOWN

Case Number: 23IN-065744
Citation Number: LQ30682
Due Date: 09/27/2023
Violation(s): CT: 001 VC27315(E)-I: No Seat Belt (Over 16 Yrs O

S2C0712A AUTO ALL FOR AADC 923
7000000796 00.0005.0216 796/1

MACY, JEFFREY LLOYD
PO BOX 103
TWIN PEAKS CA 92391-0103

**Attention: Mandatory Appearance notifications for juvenile infractions require Parent/Guardian presence.**

**REMINDER NOTICE**

**VIEW CASE ONLINE AT:** ***www.sb-court.org***

***CHOOSE ONE OF THE OPTIONS BELOW***

| Proof of Correction | Pay Your Fine | Due Date | Traffic School |
|---|---|---|---|
| **Amount Due - PAY NOW** N/A | **Amount Due - PAY NOW** $153.00 | **09/27/2023** **See Reverse** | **Amount Due - PAY NOW** N/A |

**Failure to resolve your citation on or before the due date by one of the options listed on the reverse side of this notice may result in a civil assessment of up to $100, a new charge for failure to appear and a referral to collections. If you have a financial hardship in paying your bail, you may ask the court to consider your ability to pay (see ability to pay section on back).**

## PAYMENT OPTIONS

**CREDIT CARD:**

**Online:** www.sb-court.org
**Phone (24/7):** 760-241-9529 OR 909-481-4228 *Convenience Fee Charged
**Phone (8am-4pm):** (909) 387-1470

**OTHER:**

**Check Free Pay:** To locate the service use the following web addres www.CheckFreePay.com
*Bring this notice with you. *There is a cost for this service. *Allow 1-3 business days for processing.

**Mail:** Superior Court of California, County of San Bernardino Box 15005, San Bernardino CA 92415-5005

**In Person:** 17780 Arrow Boulevard, Fontana, CA 92335
*Hours of Operation:* MONDAY - FRIDAY 8:00AM - 4:00PM

Exhibit 21

PUBLIC RECORD REQUESTS
SAN BERNARDINO COUNTY

MAKE REQUEST ALL REQUESTS DOCUMENTS

Request Visibility: Unpublished

# Request 23-3765 Closed

2 of 24

## Dates

**Received**
June 28, 2023 via web

## Requester

Jeff
loveothersas@gmail.com
private, Lake Arrowhead, CA, 92352
9097448480

## Staff Assigned

**Departments**
Sheriff's Department

**Point of contact**
M. Kowalski

## Request

California running springs Highway Patrol officer "Bates" badge id# 18392

on: 6-27-23 12:55 to 1:45pm Tuesday.

1) full name and badge number of "officer "Bates" & responding sergeant.

2) all highway patrols car's video/audio records of traffic stop ticket# LQ 30682

3) all audio and video on body cameras of both officers involved in traffic infraction stop.

4) any all stops of Isuzu npr truck by highway patrol last 5 years. 2018 Isuzu npr lic # 17394g3

5) any infractions or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 5 years.

6) all full names of any highway patrol officers in any of the said above requests. Internal ...

Show more

Timeline Documents

**Request Closed**
Public
This request has been fulfilled. Please let me know if you have any questions.

**External Message**
Requester + Staff
July 06, 2023
Jeff Macy

Exhibit 22

Video Evidence:

https://www.youtube.com/watch?v=GvmaMonuPeo

Exhibit 23

State of California—Transportation Agency GAVIN NEWSOM, Governor

**DEPARTMENT OF CALIFORNIA HIGHWAY PATROL**
**P. O. Box 942898**
**Sacramento, CA 94298-0001**
**(916) 843-3060**
**(800) 735-2929 (TT/TDD)**
**(800) 735-2922 (Voice)**

July 3, 2023

File No.: 031.16022.22220.INQ2023-0101

Jeffrey Lloyd Macy
P.O. Box 103
Twin Peaks, CA 92391

Dear Jeffrey Macy:

On June 28, 2023, you telephoned the Office of Internal Affairs and expressed dissatisfaction with the conduct of a member of this Department. Specifically, you received a traffic citation from an officer assigned to the Arrowhead Area, and allege the officer erroneously issued you the citation.

The Department realizes a difference of opinion may arise between an officer and the person receiving a citation, and believes such differences of opinion are best resolved in a court of law. Accordingly, any questions you may have relative to the adjudication of an enforcement action should be brought to the attention of the respective court.

The Department accepts responsibility for reviewing the conduct of its members. When concerns such as yours come to our attention, an administrative inquiry is conducted by the employee's commander. Accordingly, I have forwarded your concerns to the Arrowhead Area commander, Lieutenant N. Salais, so they may initiate a review to determine what, if any, improprieties exist.

Once the commander receives your complaint, an investigator may contact you to obtain clarifying information. After the inquiry is complete, you will be notified of the findings. Should you have any further questions regarding this matter, you may contact the Arrowhead Area at (909) 864-2791.

Sincerely,

L. T. Miller

L. T. MILLER, Captain
Commander
Office of Internal Affairs

cc: Inland Division
Arrowhead Area

Exhibit 24
PAGE 120

CALIFORNIA STATE
TRANSPORTATION AGENCY

GAVIN NEWSOM
GOVERNOR

CALIFORNIA
HIGHWAY PATROL

April 07, 2023

File No.: 801.13318.A14522

Mr. Jeff Macy
P.O. Box 103
Twin Peaks, CA 92391

Dear Mr. Macy:

The California Highway Patrol (CHP), Inland Division, received your request for records on March 30, 2023. Please accept this correspondence as a determination on your request.

In your request, you asked for the following, verbatim:

1. Any records of Burrtec trucks last year in mountain region safety violations.
2. Are all Burrtec trash trucks being inspected bi annually.
3. Any violations for Burrtec trucks or drives in mountain area.
4. Any weight restrictions on mountain roads, or my private road Augusta way lake arrowhead.
5. Requesting your specialist from "safer" to provide all records of Burrtec trucks for last 7 years (Mountain region only sb).

Inland Division is determining whether you seek copies of disclosable public records in the Department's possession. Accordingly, the Inland Division is extending its 10-day response timeframe by an additional 14 days, as authorized by Government Code section 7922.535, subdivision (c)(1).

If you have any questions or if you need additional information, please contact the Inland Division Public Records Act Coordinator Associate Governmental Program Analyst Monique Jules, ID A14522, at (909) 806-2400.

Sincerely,

D. J. MINOR, Chief
Inland Division

SAFETY, SERVICE, AND SECURITY
CHP 49 (Rev. 3-23) OPI 076

847 East Brier Drive, San Bernardino, CA 92408
909-806-2400 | 800-735-2929 (TT/TDD) | 800-735-2922 (Voice)

AN INTERNATIONALLY ACCREDITED AGENCY

Exhibit 25

PAGE 122

State of California—Transportation Agency GAVIN NEWSOM, Governor

**DEPARTMENT OF CALIFORNIA HIGHWAY PATROL**
OFFICE OF RISK MANAGEMENT
Public Records Act Unit
PO Box 942898
Sacramento, CA 94298-0001
(916) 843-3020
(800) 735-2929 (TT/TDD)
(800) 735-2922 (Voice)

February 27, 2024

File No.: R001226-022124

Mr. Jeffrey L. Macy
PO Box 103
Twin Peaks, CA 92391

Dear Mr. Macy:

The California Highway Patrol, Office of Risk Management (ORM), Public Records Act Unit (PRU), received your California Public Records Act request, dated, and received in this office on February 21, 2024.

In your request, you asked, (see attached copy of your request).

The Arrowhead Area Office has determined the department possesses records responsive to your request. Please be advised that certain information has been withheld pursuant to Government Code section 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal.Const., art. I,1).

The Arrowhead Area is providing you, an MVARS disk (Mobile Video Audio Recording Systems) available for you to pick-up from our Office, Monday to Friday 0800-1700 hours. A copy of a vehicle report involving the 2018 Isuzu truck with license number, 17394G3 is also being provided to you in response to your question, #4 in the list of your request.

If you have any questions, or if you need additional information, please contact any member in the Public Records Act Unit, at (916) 843-4030.

Sincerely,

N. KING, Lieutenant
Commander
Arrowhead Area

Attachments

RECEIVED FEB 2 0 2024

FEB 2 0 2024

**Exhibit #4 CPRA Request Letter:** Jeff Macy has requested numerous times for document's and recording from Highway Patrol local office, dispatch & directly through public records request office locally and Sacramento. Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years. (1 Example request not fulfilled).

**San Bernardino County Public Request #23-3765 (Running Springs Ca Highway Patrol)**

Mr. Macy alleges Running Springs Ca. Highway Patrol is actively covering up & or failing to follow the 10-day Legal requirement to disclose and provide said documents. Only response Mr. Macy has received was a letter on April 07, 2023 file # 801.13318.a14522. Which, just repeated the requests I asked for from Highway Patrol numerous times; for evidence of suspicion of crimes/cover-up/negligence by Burtec/Highway Patrol. I called office & mailed back response saying, YES, give me the evidence requested already to Highway patrol by D.J. Minor, Chief's confirmation of request.

Macy's were 100% cooperative, peaceful at all times and provided all documents requested during illegal traffic stop. (Driver's License, Registration & Proof of insurance- all valid, up to date)

(Macy's have HD video/audio of clear recording of illegal traffic stop, which started after realizing Officer was not going to let us go home). All accusations are true based on MACY's video recording and 4 adult Macy witnesses. Traffic infraction ticket hopefully will get dismissed soon. We have the right & just to file Federal Lawsuits against said Officers, and Running Springs Highway Patrol for: gross negligence, civil rights violations, harassment, government invasion of privacy, emotional distress (1871 (42 § 1983), illegal detainment, false arrest, cover-up, forcing citizens to have to go to out of area (Lake Arrowhead, San Bernardino CA too far away Fontana, Ca to contest/appear/appeal: against right to a trial by own peers (own area [Lake Arrowhead Ca, San Bernardino County.] we live in), not even in the same Town (Fontana, Ca). 50-minute drive down the hill in a car, if no traffic.

**Exhibit #5 San Bernardino County Public Request #23-3765**

California running springs Highway Patrol officer "Bates" badge id #18392

on: 6-27-23 12:55 to 1:45pm Tuesday

1) Full name and badge numbers of "officer "Bates" & his responding sergeant "Obrien"

2) All/both highway patrol car's video/audio records of traffic stop ticket# LQ 30682 ← PUBLIC RECORDS REQUEST JULY 3rd 2023 RECEIVED.

3) All audio & or videos on body cameras of both officers involved in traffic infraction stop.

4) Any & all stops/tows of Isuzu npr truck by highway patrol last 10 years or this white box truck: 2018 Isuzu npr lic # 17394g3

5) Any infractions/incidents/reports/driving on Augusta Way, Lake Arrowhead Ca or tickets to "Jeffrey Macy" by highway patrol or traffic stops last 10 years.

6) All full names of any highway patrol officers in any of the said above requests. DMV internal affairs contact number, address.

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

**VEHICLE REPORT**
CHP 180 (Rev. 4-16) OPI 061

Truck-127 D-Elmer A-14129

V-00056

NOTE: CHP 180 IS FURNISHED TO ALL PEACE OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

| REPORTING DEPARTMENT | LOCATION CODE | DATE / TIME OF REPORT | NOTICE OF STORED VEHICLE DELIVERED PERSONALLY | FILE NO. |
|---|---|---|---|---|
| CHP ARROWHEAD | 9865 | 2/13/22 1710 | | FCN#4492203405146 |

| LOCATION TOWED / STOLEN FROM | ODOMETER READING | VIN CLEAR IN SVS? | LIC. CLEAR IN SVS? | DATE / TIME DISPATCH NOTIFIED | LOG NO. |
|---|---|---|---|---|---|
| 23013 VISTA LN / VISTA RL | UNKNOWN | [X] YES [ ] NO | [X] YES [ ] NO | 2/03/22 2209 | 0863 |

| YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE NO. | ONE / TWO | MONTH / YEAR | STATE |
|---|---|---|---|---|---|---|---|---|
| 18 | ISUZ | NPR | 2-D BOX TRUCK | WHT | 17394G3 | [X] ONE [ ] TWO | 7/22 | CA |

| VEHICLE IDENTIFICATION NO. | ENGINE NO. | VALUATION BY |
|---|---|---|
| JALC4W167S7K01487 | | [X] OFFICER [ ] OWNER; [ ] 0-500 [X] 501-4000 [ ] 4001+ [ ] $ |

| REGISTERED OWNER | LEGAL OWNER |
|---|---|
| JEFFREY LLOYD MAY<br>26175 AUGUSTA WAY/POBX 103<br>TWIN PEAKS, CA 92391 | [X] SAME AS R/O |

[X] **STORED** [ ] **IMPOUNDED** [ ] **RELEASED** [ ] **RECOVERED - VEHICLE / COMPONENT**

| TOWING / STORAGE CONCERN (NAME, ADDRESS, PHONE) | STORAGE AUTHORITY / REASON |
|---|---|
| DESERT VALLEY TOW 5900 MARIPOSA RD. OAK HILLS, CA 92345 (760) 240-4207 | 22651 (B) VC BLOCKING |

| REASON FOR STOP | AIRBAG? | | DRIVEABLE? | | VIN SWITCHED? |
|---|---|---|---|---|---|
| 11-25 | [X] YES [ ] NO | [ ] 1 [X] 2 | [ ] YES [ ] NO | [ ] JUNK [X] UNK | [ ] YES [X] NO |

| CONDITION | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | TIRES / WHEELS | CONDITION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WRECKED | | \| | SEAT (FRONT) | \| | | REGISTRATION | | \| | CAMPER | | \| | LEFT FRONT | FAIR |
| BURNED HULK per 431(c) CVC | | \| | SEAT (REAR) | | \| | ALT. / GENERATOR | \| | | VESSEL AS LOAD | | \| | RIGHT FRONT | \| |
| VANDALIZED | | \| | RADIO | \| | | BATTERY | \| | | FIREARMS | | \| | LEFT REAR | \| |
| ENG. / TRANS. STRIP | | \| | TAPE DECK | | \| | DIFFERENTIAL | \| | | OTHER | | \| | RIGHT REAR | \| |
| MISC. PARTS STRIP | | \| | TAPES | | \| | TRANSMISSION | \| | | | | | SPARE | NONE |
| BODY METAL STRIP | | \| | OTHER RADIO | | \| | AUTOMATIC | \| | | | | | HUB CAPS | \| |
| SURGICAL STRIP per 431(b) CVC | | \| | IGNITION KEY | | \| | MANUAL | | | | | | SPECIAL WHEELS | \| |

RELEASE VEHICLE TO: [X] R/O OR AGENT [ ] AGENCY HOLD [ ] 22850.3 CVC

GARAGE PRINCIPAL / AGENT STORING VEHICLE (SIGNATURE) [signature] 2/3/22 DATE / TIME 21:24

| NAME OF PERSON / AGENCY AUTHORIZING RELEASE | I.D. NO. | DATE |
|---|---|---|
| | | |

CERTIFICATION: I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT I AM LEGALLY AUTHORIZED AND ENTITLED TO TAKE POSSESSION OF THE ABOVE DESCRIBED VEHICLE.

SIGNATURE OF PERSON AUTHORIZING RELEASE

SIGNATURE OF PERSON TAKING POSSESSION

[ ] **STOLEN VEHICLE / COMPONENT** [ ] **EMBEZZLED VEHICLE** [ ] **PLATE(S) REPORT**

| DATE / TIME OF OCCURRENCE | DATE / TIME REPORTED | NAME OF REPORTING PARTY (R/P) | DRIVER LICENSE NO. / STATE |
|---|---|---|---|
| | | | |

| LAST DRIVER OF VEHICLE | DATE / TIME | ADDRESS OF R/P | TELEPHONE OF R/P |
|---|---|---|---|
| | | | ( ) |

I CERTIFY OR DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE OF PERSON MAKING REPORT

**REMARKS**
[LIST PROPERTY, TOOLS, VEHICLE DAMAGE, ARRESTS]

| DRIVER'S NAME | ARRESTED / SECTION? | REPORTED BY | CARGO / TYPE? | VALUE $ |
|---|---|---|---|---|
| UNKNOWN / 11-24 | [ ] YES [X] NO | | [ ] YES [X] NO | [ ] BILL OF LADING ATTACHED |

DAMAGE: 360° SCRATCHES, DENTS, DINGS. DAMAGED FRONT BUMPER, DAMAGED SIDES AND REAR.

PROPERTY: BLANKETS./ UNKNOWN: BOX LOCKED AND SECURED, CAB LOCKED.

FRONT LEFT SIDE RIGHT SIDE REAR TOP

| SIGNATURE OF OFFICER TAKING REPORT | I.D. NO. | SUPERVISOR | REQUIRED NOTICES SENT TO REGISTERED AND LEGAL OWNERS PER 22852 CVC? | DATE NOTIFIED |
|---|---|---|---|---|
| [signature] | 21840 | [signature] 57 | [X] YES [ ] NO | 2/7/22 |

Exhibit 26

PAGE 126

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
NOTICE TO APPEAR
CHP 215 (REV. 05/15)

☐ MISDEMEANOR ☒ Traffic ☐ Nontraffic

LQ 30682

Date of Violation: 6-27-23 | Time: 12:55 ☐ AM ☒ PM | Day of the Week: S M (T) W T F S | ☐ CHP 215s ☐ Accident

Name (First, Middle, Last): JEFFREY LLOYD MACY ☐ Owner's Responsibility (§40001 VC)

Address: GC 7927.705

City: TWIN PEAKS State: CA ZIP Code: 92391

Driver Lic. No.: GC 7927.705 State/Country: CA Commercial ☐ Yes ☒ No Age Birth Date: GC 7927.705

Sex: M Hair: BRN Eyes: GRN Height: 5-9 Weight: 180 Race / Ethnicity: W

Veh. Lic. No. or VIN No.: GC 7927.705 State: CA Reg. Exp.: 7-23 ☐ COMMERCIAL VEHICLE (§15210(b) VC)

Yr. of Veh.: 2018 Make: ISUZU Model: NPR XD Body Style Color: WHI Veh. Type: 26

☐ HAZARDOUS MATERIAL (§353 VC)

JUN 30 2023

Evidence of Financial Responsibility or CHP / DOT / PUC / ICC: GEICO

Registered Owner or Lessee ☒ Same as Driver

Address ☒ Same as Driver

City State ZIP Code

Correctable Violation (§40610 VC) ☐ Booking Required (See Reverse) Misdemeanor or Infraction (Circle)

| Yes | No | Code and Section / Description | M / I |
|---|---|---|---|
| ☐ | ☒ | 27315(e)VC 4th PASSENGER SECURED BY A | M (I) |
| ☐ | ☐ | NON FACTORY EQUIPPED SEAT BELT | M I |
| ☐ | ☐ | FRONT BENCH SEAT | M I |
| ☐ | ☐ | | M I |

| Speed Approx. | P. F. / Max Spd. | Veh. Lmt. | Safe | Special |
|---|---|---|---|---|
| | | | | |

Location of Violation(s) at: SR-18 AT ARROWHEAD VILLA

Beat: 12 Area: 865 Perm. Area: ☐ Radar / Lidar Unit / Patrol Vehicle No.: SMPV 8290 ☐ MVARS

☐ Violations not committed in my presence, declared on information and belief.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Executed at (place): SAN BDNO COUNTY, California

6-27-23 BATES 18392 ___ to ___
Dec. Date Arresting or Citing Officer I. D. No. Vacation Dates

Perm. Area: ___ to ___
Dec. Date Name of Arresting Officer, if different from Citing Officer I. D. No. Vacation Dates

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.
X SIGNATURE Jeff Macy UNDER DURESS

WHEN: DATE: 9-27-23 TIME: 8:30 ☒ AM ☐ PM
WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE
WHERE: ☒ SUPERIOR COURT ☐ JUVENILE
ADDRESS: 17780 ARROW BLVD FONTANA CA 92335
PHONE NO.: 909 350-9322

LQ 30682

☐ To be notified
☐ You may arrange with the clerk to appear at a night session of the court.

Judicial Council of California Form TR-130
Rev. 06-26-15 (§§ 40500(b), 40513(b), 40522, 40600 VC; § 853.9 PC.)
SEE REVERSE

*LQ30682*

Redaction Date: 3/13/2024 10:33:02 AM

# Redaction Log

Total Number of Redactions in Document: 4

## Redaction Reasons by Page

| Page | Reason | Description | Occurrences |
|---|---|---|---|
| 1 | GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 4 |

Redaction Date: 3/13/2024 10:33:02 AM

# Redaction Log

## Redaction Reasons by Exemption

| Reason | Description | Pages (Count) |
|---|---|---|
| GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 1(4) |

Exhibit 27
PAGE 130

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Senior Assistant Attorney General
JULIO A. HERNANDEZ
Deputy Attorney General
State Bar No. 260508
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6238
Facsimile: (916) 322-8288
*Attorneys for Defendants Christopher Bates and Jeffrey O'Brien*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jeff Macy, as an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**California Highway Patrol, a State Agency; Officer Christopher Bates; Supervisor Officer Sergeant Jeffrey O'Brien, and Does 1 - 10, inclusive**,<br><br>Defendants. | 5:23-CV-02245-RGK-BFM<br><br>**DEFENDANT CHRISTOPHER BATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE**<br><br>Judge: Hon. Brianna Fuller Mircheff<br>Trial Date: TBA<br>Action Filed: 5/06/2024 |

**PROPOUNDING PARTY:** **PLAINTIFF JEFF MACY**

**RESPONDING PARTY:** **DEFENDANT CHRISTOPHER BATES**

**SET NO.:** **ONE**

## PRELIMINARY STATEMENT

Defendant has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action. All of the responses contained herein are based solely upon information and documents which are presently available to, and specifically known by Defendant and disclose only those contentions which presently occur to Defendant. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and lead to additions, changes, and variations from the answers herein.

The following responses are given without prejudice to the right to produce evidence or witnesses which Defendant may later discover. Defendant accordingly reserves the right to change any and all responses herein as additional facts are ascertained, witnesses identified, and legal research is completed. The responses contained herein are made in good faith in an attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Defendant in relation to further discovery and proceedings.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1:**

Provide a list of Defendants training on Plaintiff's right to record an Officer on duty.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects that this interrogatory is vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

/ / /

Further, this interrogatory calls for information not reasonably calculated to lead to the discovery of admissible evidence relevant to this litigation since it is not relevant to the two remaining causes of action for (a) prolonged detention and (b) unlawful search and is not proportional to the needs of the case. The right to record a stop is not within the scope of the two remaining causes of action. See Fed. R. Civ. P. 16(b)(1).

**INTERROGATORY NO. 2:**

List all exhibits Defendants propose to introduce at trial.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this question as premature. He has not fully completed discovery and has not completed trial preparation. Defendant further objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Defendant objects that this interrogatory is vague and ambiguous and calls for privileged information within the attorney-client privilege and seeks information that is protected by attorney's work product. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, Defendant at the present time identifies the MVARS videos recorded by Defendant and Sergeant O'Brien during the subject stop of Plaintiff, Incident Detail Report of the subject stop, and Dispatch Audio. However, as discovery is only commencing on this matter, defendant reserves the right to identify additional exhibits hereto not yet identified.

**INTERROGATORY NO. 3:**

Identify each person whom the Defendant expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify & the

substance of the facts & opinions to which the expert is expected to testify, & a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this question as premature as it seeks the results of any investigation performed in anticipation of litigation and discovery is ongoing. Defendant further objects to this interrogatory in that it requests information that is unknown at this time and therefore, Defendant is unable to respond. Defendant further objects that this interrogatory is vague and ambiguous and calls for privileged information within the attorney-client privilege and seeks information that is protected by attorney's work product.

**INTERROGATORY NO. 4:**

Provide a list of Defendants training on seatbelts.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects that this interrogatory is vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responds as follows: Responding Officer does not recall a training related solely the use of seatbelts. However, see Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 5:**

Provide a list of Defendants training on identifying themselves.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects that this interrogatory is argumentative, vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a

compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Further, this interrogatory is not relevant to the two remaining causes of action for (a) prolonged detention and (b) unlawful search and is not proportional to the needs of the case nor is it reasonably calculated to lead to the discovery of admissible evidence. And whether an officer identify themselves is not within the scope of the two remaining causes of action. See Fed. R. Civ. P. 16(b)(1).

**INTERROGATORY NO. 6:**

Provide a list of Defendants training on displaying nametags.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects that this interrogatory is argumentative, vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Further, this interrogatory is not relevant to the two remaining causes of action for (a) prolonged detention and (b) unlawful search and is not proportional to the needs of the case nor is it reasonably calculated to lead to the discovery of admissible evidence. And whether an officer displays a nametag is not within the scope of the two remaining causes of action. See Fed. R. Civ. P. 16(b)(1).

**INTERROGATORY NO. 7:**

Provide a list of Defendants training on entering vehicles without permission.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects that this interrogatory is vague, ambiguous, and argumentative. Defendant is unable to respond as the interrogatory as phrased since any response appears to seek an improper admission, Defendant objects as to form and the following response is not to be deemed any type of admission. Additionally, Defendant objects to this interrogatory because it asks for a

compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responds as follows: Responding Officer does not recall a training related solely entering vehicles without permission. However, the Responding Officer has attended training entitled Search and Seizure Online Refresher Training, Search and Seizure Review, and Search Warrants "A through Z". Additionally Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, traffic laws, traffic stops, and similar circumstances where entering and searching a vehicle can arise. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 8:**

Provide a list of Defendants training on trash companies & 3-point seatbelts.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects that this interrogatory is compound, vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responds as follows: Responding Officer does not recall a training related solely on trash companies and 3-point seatbelts. However, the Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, and traffic laws. See Exhibit A listing of trainings the Responding Officer has received.

/ / /

/ / /

**INTERROGATORY NO. 9:**

Provide a list of Defendants training on passengers not wearing a seatbelt.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects that this interrogatory is argumentative, vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responses as follows: Responding Officer does not recall a training related solely the use of seatbelts. However, the Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, and traffic laws. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 10:**

Provide a list of Defendants training on how long they can detain someone.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects that this interrogatory is overbroad as to the term “they”, vague, and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, Responding Officer does not recall a training related solely the length detention can last. However, Defendant has attended training entitled Search and Seizure Online Refresher Training; Search and Seizure Review; Search Warrants “A through Z”; Arrest and Control; Arrest and Control/ Use of Force; and Arrest and Control New Tech and Initial RCB, and other training with similar topics. Additionally, Responding

Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, search and seizure, and traffic laws. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 11:**

Provide a list of Defendants training on whether or not the driver is responsible for passengers wearing a seatbelt.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects that this interrogatory as it is repetitive, calls for a legal opinion or conclusion, is overly burdensome and harassing. Defendant previously answered a question related to seatbelt training, see responses to Interrogatories #8 and #9. Furthermore, Defendant objects to this interrogatory because it is vague and ambiguous as to the term "responsible" and it also calls for a legal opinion or conclusion. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responds as follows: Responding Officer does not recall a training related solely to whether a driver is responsible for passengers wearing seatbelts. However, the Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, and traffic laws. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 12:**

Provide a list on how long Defendant was trained & trained on what specifically.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects that this interrogatory is overbroad as to scope and time, vague, ambiguous, repetitive, overly burdensome, and harassing. Defendant

previously answered interrogatories related to Defendant's training and has provided a listing of trainings the Officer has received. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the Responding Officer refers to a list of trainings he has attended. See Exhibit A, listing of training the Responding Officer has received.

**INTERROGATORY NO. 13:**

Provide unedited videos of both Defendants camera/dashcam of Traffic stop.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects that this interrogatory is overbroad as to time, vague and ambiguous as to the term "Traffic stop" and unduly burdensome. Furthermore, Plaintiff appears to be requesting the production of a record without complying with applicable discovery laws. Defendant is unable to thoughtfully respond to this interrogatory.

**INTERROGATORY NO. 14:**

State the name(s), business address(es) & job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each interrogatory.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to the interrogatory the grounds that it is burdensome, harassing, and intended to intimidate. Furthermore, the information sought is not relevant nor is it reasonably calculated to lead to discoverable information. Defendant further objects that such information is confidential because it seeks information protected by a right to privacy. Further, Government Code Sections 6254.3 and 7298.300 provide that the home address, home telephone number, personal cellular telephone numbers, and birth dates of all employees of a public

agency are not public records and shall not be available for public inspection. Without waiving said objections, but subject to them, Defendant identifies himself, who can be contacted through his undersigned counsel, and legal counsel.

**INTERROGATORY NO. 15:**

Identify & describe each document & record known to Defendants which are related to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects that this interrogatory is overbroad as to scope and time, vague, ambiguous, and seeks information that is privileged pursuant to the Attorney-client communications, attorney work product, and official information privileges. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests. Furthermore, the interrogatory calls for information that is not reasonably calculated to lead to the discovery of admissible evidence and thus irrelevant to the remaining causes of action for (a) prolonged detention and (b) unlawful search and is not proportional to the needs of the case.

Without waiving said objections, but subject to them, Defendant identifies the Incident Detail Report, Dispatch Audio, MVARS, Plaintiff's government claim/complaint and related documents regarding the subject stop, and documents related to the present lawsuit.

/ / /

/ / /

/ / /

Dated: September 16, 2024

Respectfully submitted,
Rob Bonta
Attorney General of California
Iveta Ovsepyan
Senior Assistant Attorney General

Julio A. Hernandez
Deputy Attorney General
*Attorneys for Defendants Christopher Bates and Jeffrey O'Brien*

SA2024302219
38412281.docx

# VERIFICATION

I, Christopher Bates, am a party to the above-entitled action. I know the contents of the foregoing response entitled Defendant Christopher Bates' Responses to Plaintiff's Form Interrogatories, Set One, in the case of *Jeff Macy, as an individual v. California Highway Patrol, et al.*, United States District Court for the Central District of California, Case Number. 5:23-CV-02245-RGK-BFM. I believe that the responses are true and correct to the best of my knowledge, information and belief.

I do solemnly declare and affirm under the penalty of perjury that the above is true and correct, and that this verification is executed on SEPTEMBER 14, 2024, at RUNNING SPRINGS, California.

[signature]

Christopher Bates

# DECLARATION OF SERVICE BY E-MAIL AND U.S. MAIL

**Case Name:** ***Macy, Jeff, et al. v. California Highway Patrol, et al.***
**Case No.:** **5:23-CV-02245-RGK-BFM**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **September 16, 2024**, I served the attached **DEFENDANT CHRISTOPHER BATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE** by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Jeff Macy
P.O. Box #103
Twin Peaks, CA 92391

E-mail: macybuilders@yahoo.com

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **September 16, 2024**, at Sacramento, California.

Donna Kulczyk
Declarant

Signature

# EXHIBIT A

Name: CHRISTOPHER D BATES Badge No: 018392 Badge Qualification:

| Completion Date | Training Course |
|---|---|
| 6/19/2024 | Interaction with SAE Level 3 Autonomous Vehicles |
| 6/19/2024 | QRT A 2nd Quarter |
| 6/19/2024 | QRT B 2nd Quarter |
| 6/7/2024 | Vehicle Street Racing and Side Show Enforcement |
| 5/30/2024 | Safety Restraint Chair |
| 5/30/2024 | Safety Restraint Chair |
| 5/30/2024 | Officer Safety Certification |
| 5/30/2024 | Area Asset Forfeiture Personnel Training |
| 5/30/2024 | Area Asset Forfeiture Personnel Training |
| 5/30/2024 | Area Asset Forfeiture Personnel Training |
| 5/30/2024 | Arrest and Control/Use of Force |
| 5/30/2024 | Commanders Hour Training Series 2nd Quarter |
| 5/30/2024 | Commanders Hour Training Series 2nd Quarter |
| 2/29/2024 | Commanders Hour Training Series 1st Quarter |
| 2/29/2024 | Administration of Naloxone |
| 2/29/2024 | First Aid/CPR/AED |
| 2/29/2024 | EEO Semi Annual Presentation 1st Quarter |
| 2/29/2024 | EEO Semi Annual Presentation 1st Quarter |
| 2/28/2024 | Legislative Updates/Vehicle Code |
| 2/28/2024 | Sexual Harassment Prevention (DFEH) |
| 2/20/2024 | Workplace Violence Awareness Training |
| 2/20/2024 | Information Security and Privacy Protection |
| 2/15/2024 | EEO Cultural Awareness & Ethics (Online) |
| 2/5/2024 | Fire Extinguisher Training Video - Initial/Annual |



| Date | Training |
| --- | --- |
| 2/5/2024 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 2/5/2024 | Work Zone Enforcement Training |
| 2/5/2024 | Work Zone Enforcement Training |
| 1/23/2024 | Shotgun Shoot |
| 1/23/2024 | Pistol Shoot |
| 1/16/2024 | QRT A 1st Quarter |
| 1/16/2024 | QRT B 1st Quarter |
| 12/6/2023 | Commanders Hour Training Series 4th Quarter |
| 12/6/2023 | Spike Strip Deployment Training |
| 12/6/2023 | TASER X2 End User Refresher |
| 12/3/2023 | Safety Restraint Chair |
| 12/3/2023 | QRT A 4th Quarter |
| 12/3/2023 | QRT B 4th Quarter |
| 11/29/2023 | Pistol Shoot |
| 11/29/2023 | Pistol Shoot |
| 11/29/2023 | Shotgun Shoot |
| 11/29/2023 | Shotgun Shoot |
| 11/16/2023 | Sexual Harassment Prevention (DFEH) |
| 11/9/2023 | Rifle Shoot |
| 11/9/2023 | Shotgun Shoot |
| 9/16/2023 | QRT B 3rd Quarter |
| 9/16/2023 | QRT A 3rd Quarter |
| 8/30/2023 | Pistol Shoot |
| 8/30/2023 | Commanders Hour Training Series 3rd Quarter |
| 8/30/2023 | Rifle Shoot |
| 8/10/2023 | Pistol Shoot |
| 6/30/2023 | QRT A 2nd Quarter |
| 6/30/2023 | QRT B 2nd Quarter |
| 6/20/2023 | Active Shooter Response Tac Cas Care Recert |
| 6/11/2023 | Crisis Intervention Training Online Refresher |
| 6/9/2023 | Fentanyl and Law Enforcement |
| 5/25/2023 | 12th Annual Inland Empire Gang Workshop |

| Date | Training |
|---|---|
| 5/24/2023 | Driver Training/Awareness |
| 5/24/2023 | Pistol Shoot |
| 5/24/2023 | Rifle Shoot |
| 5/24/2023 | Shotgun Shoot |
| 5/1/2023 | Workplace Violence Awareness Training |
| 5/1/2023 | Legislative Updates/Vehicle Code |
| 4/2/2023 | EEO Cultural Awareness & Ethics (Online) |
| 1/30/2023 | Information Security and Privacy Protection |
| 1/8/2023 | Hazmat 1st Responder Operational Update Online |
| 1/8/2023 | Fire Extinguisher Training Video - Initial/Annual |
| 1/8/2023 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 1/8/2023 | QRT A 1st Quarter |
| 1/8/2023 | QRT B 1st Quarter |
| 12/7/2022 | Pistol Shoot 4th Quarter Complete |
| 12/7/2022 | Pistol Shoot |
| 12/7/2022 | Officer Safety Training (Area) |
| 12/7/2022 | Commanders Hour Training Series 4th Quarter |
| 12/7/2022 | Shotgun Shoot |
| 12/7/2022 | Shotgun Shoot 4th Quarter Complete |
| 12/7/2022 | Rifle Shoot |
| 12/7/2022 | Rifle Shoot 4th Quarter Complete |
| 11/27/2022 | QRT B 4th Quarter |
| 11/27/2022 | QRT A 4th Quarter |
| 10/16/2022 | Legal Update: Positional Asphyxia (GC 7286.5) |
| 9/21/2022 | Emergency Operations Plan (EOP) |
| 9/21/2022 | Emergency Action Plan Review |
| 9/21/2022 | AVLS Policy Review |
| 9/21/2022 | Area Asset Forfeiture Personnel Training |
| 9/21/2022 | Pistol Shoot |
| 9/21/2022 | Pistol Shoot 1st Quarter Complete |
| 9/21/2022 | Mobile Video/Audio Recording System (MVARS) Review |
| 9/21/2022 | Rifle Shoot |



| Date | Training |
|---|---|
| 9/21/2022 | Rifle Shoot 1st Quarter Complete |
| 9/21/2022 | Tactical Communications |
| 9/21/2022 | WMVARS Policy Review |
| 9/9/2022 | QRT A 3rd Quarter |
| 9/9/2022 | QRT B 3rd Quarter |
| 8/18/2022 | Pistol Shoot 2nd Quarter Complete |
| 8/18/2022 | Pistol Shoot |
| 8/18/2022 | Shotgun Shoot |
| 8/18/2022 | Rifle Shoot 2nd Quarter Complete |
| 8/18/2022 | Rifle Shoot |
| 7/29/2022 | Sexual Harassment Prevention (DFEH) |
| 7/20/2022 | Rifle Shoot |
| 7/20/2022 | Rifle Shoot 3rd Quarter Complete |
| 7/20/2022 | Pistol Shoot |
| 7/20/2022 | Pistol Shoot 3rd Quarter Complete |
| 7/20/2022 | Commanders Hour Training Series 3rd Quarter |
| 7/20/2022 | Hazmat 1st Responder Operational Update |
| 6/26/2022 | Hate Crimes |
| 6/17/2022 | Sergeants Ride-a-long |
| 6/16/2022 | QRT A 2nd Quarter |
| 6/16/2022 | QRT B 2nd Quarter |
| 5/29/2022 | Racial Profiling Training |
| 5/25/2022 | Officer Safety Certification |
| 5/25/2022 | Commanders Hour Training Series 2nd Quarter |
| 5/25/2022 | Arrest and Control/Use of Force |
| 3/29/2022 | Officer Safety Certification |
| 3/7/2022 | Legislative Updates/Vehicle Code |
| 3/2/2022 | First Aid/CPR/AED |
| 3/2/2022 | Commanders Hour Training Series 1st Quarter |
| 3/2/2022 | Civil Disturbance/Tactical Formations |
| 3/2/2022 | Special Relationships |
| 2/28/2022 | Crisis Intervention Training Online Refresher |



| Date | Training |
|---|---|
| 2/28/2022 | Fire Extinguisher Training Video - Initial/Annual |
| 2/27/2022 | EEO Cultural Awareness & Ethics (Online) |
| 2/27/2022 | Workplace Violence Awareness Training |
| 2/13/2022 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 1/30/2022 | Information Security and Privacy Protection |
| 1/23/2022 | QRT B 1st Quarter |
| 1/23/2022 | QRT A 1st Quarter |
| 12/3/2021 | Pistol Shoot 4th Quarter Complete |
| 12/3/2021 | Pistol Shoot |
| 12/3/2021 | Pistol Shoot |
| 12/3/2021 | Pistol Shoot |
| 12/3/2021 | Rifle Shoot 4th Quarter Complete |
| 12/3/2021 | Rifle Shoot |
| 12/3/2021 | Rifle Shoot |
| 12/3/2021 | Rifle Shoot |
| 12/2/2021 | Rifle Shoot 3rd Quarter Complete |
| 12/2/2021 | Pistol Shoot |
| 12/2/2021 | Pistol Shoot |
| 12/2/2021 | Pistol Shoot |
| 12/2/2021 | Pistol Shoot 3rd Quarter Complete |
| 12/2/2021 | Rifle Shoot |
| 12/2/2021 | Rifle Shoot |
| 12/2/2021 | Rifle Shoot |
| 11/29/2021 | Rifle Shoot |
| 11/29/2021 | Rifle Shoot |
| 11/29/2021 | Rifle Shoot |
| 11/29/2021 | Pistol Shoot 4th Quarter Complete |
| 11/29/2021 | Pistol Shoot |
| 11/29/2021 | Pistol Shoot |
| 11/29/2021 | Pistol Shoot |
| 11/29/2021 | Rifle Shoot 2nd Quarter Complete |
| 11/29/2021 | Shotgun Shoot |



| | |
|---|---|
| 11/25/2021 | QRT A 4th Quarter |
| 11/25/2021 | Hazmat 1st Responder Operational Update Online |
| 10/6/2021 | Commanders Hour Training Series 4th Quarter |
| 10/6/2021 | Rifle Shoot |
| 10/6/2021 | Rifle Shoot |
| 10/6/2021 | Rifle Shoot |
| 10/6/2021 | Pistol Shoot |
| 10/6/2021 | Pistol Shoot |
| 10/6/2021 | Pistol Shoot 1st Quarter Complete |
| 10/6/2021 | Officer Safety Training (Area) |
| 10/6/2021 | Rifle Shoot 1st Quarter Complete |
| 10/6/2021 | TASER X2 End User Refresher |
| 7/28/2021 | Commanders Hour Training Series 3rd Quarter |
| 7/7/2021 | QRT A 3rd Quarter |
| 7/7/2021 | QRT B 3rd Quarter |
| 6/8/2021 | EV20 Basic User Training |
| 6/4/2021 | CLETS/NCIC |
| 6/4/2021 | EV20 Familiarization Online Training |
| 6/3/2021 | Law Enforcement Response - Wildland Fire |
| 6/3/2021 | Crisis Intervention Training Online Refresher |
| 6/3/2021 | QRT B 2nd Quarter |
| 6/3/2021 | QRT A 2nd Quarter |
| 6/3/2021 | Workplace Violence Awareness Training |
| 3/24/2021 | Pursuit Policy Review (Area Specific) |
| 2/24/2021 | Civil Disturbance/Tactical Formations |
| 2/24/2021 | Civil Disturbance/Tactical Formations |
| 2/24/2021 | Commanders Hour Training Series 1st Quarter |
| 2/24/2021 | Commanders Hour Training Series 1st Quarter |
| 2/24/2021 | Legislative Updates/Vehicle Code |
| 2/24/2021 | Legislative Updates/Vehicle Code |
| 2/24/2021 | First Aid Refresher |
| 2/24/2021 | First Aid Refresher |

| Date | Training |
|---|---|
| 2/24/2021 | WMVARS Initial Officer Training |
| 2/7/2021 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 2/6/2021 | Fire Extinguisher Training Video - Initial/Annual |
| 2/6/2021 | Information Security and Privacy Protection |
| 1/28/2021 | EEO Cultural Awareness & Ethics (Online) |
| 1/17/2021 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 1/13/2021 | QRT A 1st Quarter |
| 1/13/2021 | QRT B 1st Quarter |
| 1/13/2021 | PC 13519.10 - Use of Force Review and Analysis |
| 1/8/2021 | Preventing COVID-19 Infections in the Workplace |
| 12/31/2020 | Mobile Video/Audio Recording System (MVARS) Review |
| 12/31/2020 | Emergency Operations Plan (EOP) |
| 12/31/2020 | Emergency Action Plan Review |
| 12/31/2020 | AVLS Policy Review |
| 12/2/2020 | Pistol Shoot |
| 11/22/2020 | QRT A 4th Quarter |
| 11/22/2020 | QRT B 4th Quarter |
| 11/18/2020 | Rifle Shoot |
| 11/18/2020 | Rifle Shoot |
| 11/18/2020 | Rifle Shoot |
| 11/18/2020 | Pistol Shoot |
| 11/18/2020 | Pistol Shoot |
| 11/18/2020 | Pistol Shoot |
| 11/18/2020 | Pursuit Policy Review (Area Specific) |
| 11/18/2020 | Officer Safety Training (Area) |
| 11/18/2020 | Shotgun Shoot |
| 11/18/2020 | TASER X2 End User Refresher |
| 10/12/2020 | Crisis Intervention Training Online Refresher |
| 10/6/2020 | Pistol Shoot |
| 10/6/2020 | Pistol Shoot |
| 10/6/2020 | Pistol Shoot |
| 10/6/2020 | Rifle Shoot |

| | |
|---|---|
| 10/6/2020 | Rifle Shoot |
| 10/6/2020 | Rifle Shoot |
| 10/6/2020 | Shotgun Shoot |
| 10/6/2020 | Shotgun Kinetic Engy Munitions |
| 10/6/2020 | Shotgun Kinetic Engy Munitions |
| 9/21/2020 | Tactical Communications |
| 9/13/2020 | Domestic Violence |
| 9/4/2020 | Rifle Shoot |
| 9/4/2020 | Rifle Shoot |
| 9/4/2020 | Rifle Shoot |
| 9/4/2020 | Pistol Shoot |
| 9/4/2020 | Pistol Shoot |
| 9/4/2020 | Pistol Shoot |
| 9/4/2020 | Shotgun Shoot |
| 8/30/2020 | QRT B 3rd Quarter |
| 8/12/2020 | Pursuit Policy Review (Area Specific) |
| 8/12/2020 | Commanders Hour Training Series 3rd Quarter |
| 8/12/2020 | Commanders Hour Training Series 3rd Quarter |
| 8/12/2020 | Arrest and Control New Tech and Initial RCB |
| 8/12/2020 | Arrest and Control New Tech and Initial RCB |
| 8/5/2020 | Hazmat 1st Responder Operational Update Online |
| 7/25/2020 | QRT A 3rd Quarter |
| 6/5/2020 | Fire Extinguisher Training Video - Initial/Annual |
| 6/5/2020 | EEO Cultural Awareness & Ethics (Online) |
| 5/24/2020 | Information Security and Privacy Protection |
| 5/7/2020 | Workplace Violence Awareness Training |
| 4/27/2020 | QRT A 2nd Quarter |
| 4/27/2020 | QRT B 2nd Quarter |
| 3/18/2020 | Rifle Shoot |
| 3/18/2020 | Rifle Shoot |
| 3/18/2020 | Rifle Shoot |
| 3/18/2020 | Pursuit Policy Review (Area Specific) |



| Date | Training |
|---|---|
| 3/18/2020 | Pistol Shoot |
| 3/18/2020 | Pistol Shoot |
| 3/18/2020 | Civil Disturbance/Tactical Formations |
| 3/18/2020 | Shotgun Shoot |
| 2/5/2020 | Commanders Hour Training Series 1st Quarter |
| 2/5/2020 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 2/5/2020 | Legislative Updates/Vehicle Code |
| 2/5/2020 | First Aid/CPR/AED |
| 1/12/2020 | QRT B 1st Quarter |
| 1/10/2020 | QRT A 1st Quarter |
| 12/22/2019 | QRT B |
| 12/15/2019 | Assembly Bill 392 Training Video |
| 12/12/2019 | Rifle Shoot |
| 12/12/2019 | Rifle Shoot |
| 12/12/2019 | Monthly Pistol Shoot |
| 12/12/2019 | Monthly Pistol Shoot |
| 12/12/2019 | Shotgun Shoot |
| 12/11/2019 | TASER X2 End User Refresher |
| 12/11/2019 | Officer Safety Training (Area) |
| 12/11/2019 | Commanders Hour Training Series |
| 11/22/2019 | Monthly Pistol Shoot |
| 11/22/2019 | Monthly Pistol Shoot |
| 11/22/2019 | Rifle Shoot |
| 11/22/2019 | Rifle Shoot |
| 11/22/2019 | Rifle Shoot |
| 11/22/2019 | Shotgun Shoot |
| 11/6/2019 | QRT A |
| 9/14/2019 | Search and Seizure Online Refresher Training |
| 9/12/2019 | Shooting Policy Review |
| 9/12/2019 | WMD/PPE Inspection |
| 9/12/2019 | Use of Force Policy Review |
| 9/12/2019 | Pursuit Policy Review (Area Specific) |

| | |
|---|---|
| 9/12/2019 | Pursuit Policy Review |
| 9/12/2019 | Recruitment Training for Area Personnel |
| 9/12/2019 | Less Lethal Shotgun Policy Review |
| 9/12/2019 | Commanders Hour Training Series |
| 9/12/2019 | Civil Disturbance Policy Review |
| 9/12/2019 | Aerosol Subject Restraint |
| 9/12/2019 | Electronic Control Device- Policy Review |
| 9/12/2019 | EEO Policy Review per CHP 237A |
| 9/12/2019 | Hazmat 1st Responder Operational Update |
| 9/12/2019 | Forcible Stops Policy Review |
| 8/21/2019 | Shotgun Shoot |
| 8/5/2019 | Shotgun Shoot |
| 8/5/2019 | Shotgun Shoot |
| 8/5/2019 | Monthly Pistol Shoot |
| 8/5/2019 | Monthly Pistol Shoot |
| 8/5/2019 | Rifle Shoot |
| 8/5/2019 | Rifle Shoot |
| 6/29/2019 | Fire Extinguisher Training Video - Initial/Annual |
| 6/21/2019 | Active Shooter Response Tac Cas Care Recert |
| 6/21/2019 | Tactical Firearms |
| 6/20/2019 | Area Asset Forfeiture Personnel Training |
| 6/19/2019 | Aerosol Subject Restraint |
| 6/19/2019 | AVLS Policy Review |
| 6/19/2019 | Breath Test Training - PEBT Devices |
| 6/19/2019 | Civil Disturbance Policy Review |
| 6/19/2019 | Commanders Hour Training Series |
| 6/19/2019 | Electronic Control Device- Policy Review |
| 6/19/2019 | Emergency Action Plan Review |
| 6/19/2019 | EEO Policy Review per CHP 237A |
| 6/19/2019 | Driver Training/Awareness |
| 6/19/2019 | Forcible Stops Policy Review |
| 6/19/2019 | Injury, Illness and Prevention Plan |

| | |
|---|---|
| 6/19/2019 | QRT B |
| 6/19/2019 | Pursuit Policy Review |
| 6/19/2019 | Pursuit Policy Review (Area Specific) |
| 6/19/2019 | QRT A |
| 6/19/2019 | Pursuit Policy Attestation |
| 6/19/2019 | Less Lethal Shotgun Policy Review |
| 6/19/2019 | Mobile Video/Audio Recording System (MVARS) Review |
| 6/19/2019 | Shooting Policy Review |
| 6/19/2019 | Use of Force Policy Review |
| 6/19/2019 | WMD/PPE Inspection |
| 6/7/2019 | Monthly Pistol Shoot |
| 5/26/2019 | EEO Cultural Awareness & Ethics (Online) |
| 5/24/2019 | Monthly Pistol Shoot |
| 5/24/2019 | Monthly Pistol Shoot |
| 5/24/2019 | Rifle Shoot |
| 5/24/2019 | Rifle Shoot |
| 5/24/2019 | Rifle Shoot |
| 5/24/2019 | Shotgun Shoot |
| 4/29/2019 | Search and Seizure Online Refresher Training |
| 3/25/2019 | Monthly Pistol Shoot |
| 3/11/2019 | Information Security and Privacy Protection |
| 3/11/2019 | Information Security and Privacy Protection |
| 2/20/2019 | Legislative Updates/Vehicle Code |
| 2/20/2019 | Injury, Illness and Prevention Plan |
| 2/20/2019 | Forcible Stops Policy Review |
| 2/20/2019 | EEO Policy Review per CHP 237A |
| 2/20/2019 | Emergency Action Plan Review |
| 2/20/2019 | Electronic Stability Control (ESC) Video Training |
| 2/20/2019 | Electronic Control Device- Policy Review |
| 2/20/2019 | Emergency Operations Plan (EOP) |
| 2/20/2019 | Commanders Hour Training Series |
| 2/20/2019 | Civil Disturbance/Tactical Formations |

| Date | Training |
| --- | --- |
| 2/20/2019 | Civil Disturbance Policy Review |
| 2/20/2019 | AVLS Policy Review |
| 2/20/2019 | Aerosol Subject Restraint |
| 2/20/2019 | Mobile Video/Audio Recording System (MVARS) Review |
| 2/20/2019 | Less Lethal Shotgun Policy Review |
| 2/20/2019 | QRT B |
| 2/20/2019 | Pursuit Policy Attestation |
| 2/20/2019 | QRT A |
| 2/20/2019 | Pursuit Policy Review (Area Specific) |
| 2/20/2019 | Pursuit Policy Review |
| 2/20/2019 | Shooting Policy Review |
| 2/20/2019 | Special Relationships |
| 2/20/2019 | WMD/PPE Inspection |
| 2/20/2019 | Use of Force Policy Review |
| 2/1/2019 | Monthly Pistol Shoot |
| 1/13/2019 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 1/13/2019 | Workplace Violence Awareness Training |
| 1/13/2019 | Search and Seizure Online Refresher Training |
| 1/12/2019 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 1/11/2019 | Monthly Pistol Shoot |
| 1/11/2019 | Rifle Shoot |
| 1/11/2019 | Rifle Shoot |
| 1/11/2019 | Rifle Shoot |
| 1/11/2019 | Shotgun Shoot |
| 12/29/2018 | Rifle Shoot |
| 12/29/2018 | Rifle Shoot |
| 12/29/2018 | Rifle Shoot |
| 12/29/2018 | Monthly Pistol Shoot |
| 12/29/2018 | Monthly Pistol Shoot |
| 12/20/2018 | Officer Safety Training (Area) |
| 12/5/2018 | Less Lethal Shotgun Policy Review |
| 12/5/2018 | Mobile Video/Audio Recording System (MVARS) Review |

| | |
|---|---|
| 12/5/2018 | Racial Profiling Training |
| 12/5/2018 | Pursuit Policy Review |
| 12/5/2018 | Pursuit Policy Review (Area Specific) |
| 12/5/2018 | Pursuit Policy Attestation |
| 12/5/2018 | AVLS Policy Review |
| 12/5/2018 | Aerosol Subject Restraint |
| 12/5/2018 | Civil Disturbance Policy Review |
| 12/5/2018 | EEO Policy Review per CHP 237A |
| 12/5/2018 | Electronic Control Device- Policy Review |
| 12/5/2018 | Emergency Action Plan Review |
| 12/5/2018 | Forcible Stops Policy Review |
| 12/5/2018 | Injury, Illness and Prevention Plan |
| 12/5/2018 | Shooting Policy Review |
| 12/5/2018 | WMD/PPE Inspection |
| 12/5/2018 | Use of Force Policy Review |
| 12/4/2018 | Search and Seizure Online Refresher Training |
| 11/16/2018 | Shotgun Shoot |
| 11/16/2018 | Shotgun Shoot |
| 11/16/2018 | Rifle Shoot |
| 11/16/2018 | Rifle Shoot |
| 11/16/2018 | Rifle Shoot |
| 11/16/2018 | Less Lethal Shotgun (2 rounds) |
| 11/16/2018 | Monthly Pistol Shoot |
| 11/16/2018 | Monthly Pistol Shoot |
| 11/9/2018 | Monthly Pistol Shoot |
| 11/9/2018 | Monthly Pistol Shoot |
| 11/9/2018 | Rifle Shoot |
| 11/9/2018 | Rifle Shoot |
| 11/9/2018 | Shotgun Shoot |
| 9/1/2018 | Domestic Violence |
| 8/31/2018 | Tactical Communications |
| 8/23/2018 | Tactical Firearms |



| Date | Course |
|---|---|
| 8/23/2018 | TASER X2 End User Refresher |
| 8/23/2018 | Shooting Policy Review |
| 8/23/2018 | Use of Force Policy Review |
| 8/23/2018 | WMD/PPE Inspection |
| 8/23/2018 | Commanders Hour Training Series |
| 8/23/2018 | Civil Disturbance Policy Review |
| 8/23/2018 | Aerosol Subject Restraint |
| 8/23/2018 | Hazmat 1st Responder Operational Update |
| 8/23/2018 | Forcible Stops Policy Review |
| 8/23/2018 | Emergency Action Plan Review |
| 8/23/2018 | Electronic Control Device- Policy Review |
| 8/23/2018 | EEO Policy Review per CHP 237A |
| 8/23/2018 | Pursuit Policy Review (Area Specific) |
| 8/23/2018 | Pursuit Policy Review |
| 8/23/2018 | Less Lethal Shotgun Policy Review |
| 8/23/2018 | Mobile Video/Audio Recording System (MVARS) Review |
| 8/19/2018 | Search and Seizure Online Refresher Training |
| 8/9/2018 | Shooting Policy Review |
| 8/9/2018 | WMD/PPE Inspection |
| 8/9/2018 | Use of Force Policy Review |
| 8/9/2018 | Mobile Video/Audio Recording System (MVARS) Review |
| 8/9/2018 | Less Lethal Shotgun Policy Review |
| 8/9/2018 | Pursuit Policy Review |
| 8/9/2018 | Pursuit Policy Review (Area Specific) |
| 8/9/2018 | EEO Policy Review per CHP 237A |
| 8/9/2018 | Electronic Control Device- Policy Review |
| 8/9/2018 | Emergency Action Plan Review |
| 8/9/2018 | Forcible Stops Policy Review |
| 8/9/2018 | Aerosol Subject Restraint |
| 8/9/2018 | Civil Disturbance Policy Review |
| 6/24/2018 | Rifle Shoot |
| 6/24/2018 | Rifle Shoot |

| Date | Training |
|---|---|
| 6/24/2018 | Rifle Shoot |
| 6/24/2018 | Monthly Pistol Shoot |
| 6/24/2018 | Shotgun Shoot |
| 6/24/2018 | Shotgun Shoot |
| 6/10/2018 | Workplace Violence Awareness Training |
| 6/2/2018 | Information Security and Privacy Protection |
| 5/17/2018 | Forcible Stops Policy Review |
| 5/17/2018 | Electronic Control Device- Policy Review |
| 5/17/2018 | EEO Policy Review per CHP 237A |
| 5/17/2018 | Civil Disturbance Policy Review |
| 5/17/2018 | Commanders Hour Training Series |
| 5/17/2018 | Aerosol Subject Restraint |
| 5/17/2018 | Area Asset Forfeiture Personnel Training |
| 5/17/2018 | Arrest and Control |
| 5/17/2018 | Officer Safety Certification |
| 5/17/2018 | Less Lethal Shotgun Policy Review |
| 5/17/2018 | Mobile Video/Audio Recording System (MVARS) Review |
| 5/17/2018 | Pursuit Policy Review (Area Specific) |
| 5/17/2018 | Pursuit Policy Review |
| 5/17/2018 | WMD/PPE Inspection |
| 5/17/2018 | Use of Force Policy Review |
| 5/17/2018 | Shooting Policy Review |
| 5/17/2018 | RIPA Training |
| 5/9/2018 | M&P .40 Transition Course |
| 5/9/2018 | Monthly Pistol Shoot |
| 5/9/2018 | Monthly Pistol Shoot |
| 5/6/2018 | EEO Cultural Awareness & Ethics (Online) |
| 5/6/2018 | Fire Extinguisher Training Video - Initial/Annual |
| 5/6/2018 | Search and Seizure Online Refresher Training |
| 5/2/2018 | Pursuit Policy Attestation |
| 3/8/2018 | Monthly Pistol Shoot |
| 3/8/2018 | Emergency Operations Plan (EOP) |

| Date | Course |
|---|---|
| 3/8/2018 | Legislative Updates/Vehicle Code |
| 3/8/2018 | Special Relationships |
| 2/28/2018 | Shooting Policy Review |
| 2/28/2018 | Use of Force Policy Review |
| 2/28/2018 | WMD/PPE Inspection |
| 2/28/2018 | Injury, Illness and Prevention Plan |
| 2/28/2018 | Forcible Stops Policy Review |
| 2/28/2018 | Electronic Control Device- Policy Review |
| 2/28/2018 | Emergency Action Plan Review |
| 2/28/2018 | EEO Policy Review per CHP 237A |
| 2/28/2018 | AVLS Policy Review |
| 2/28/2018 | Aerosol Subject Restraint |
| 2/28/2018 | Civil Disturbance Policy Review |
| 2/28/2018 | Mobile Video/Audio Recording System (MVARS) Review |
| 2/28/2018 | Less Lethal Shotgun Policy Review |
| 2/28/2018 | Pursuit Policy Attestation |
| 2/28/2018 | Pursuit Policy Review |
| 2/28/2018 | Pursuit Policy Review (Area Specific) |
| 2/28/2018 | QRT A |
| 2/28/2018 | QRT B |
| 2/22/2018 | Public Service and Trust |
| 2/22/2018 | Aerosol Transmissible Disease (ATD) Designee Train |
| 2/16/2018 | Monthly Pistol Shoot |
| 2/16/2018 | Monthly Pistol Shoot |
| 2/11/2018 | First Aid/CPR/AED |
| 2/11/2018 | Search and Seizure Online Refresher Training |
| 12/14/2017 | Shotgun Shoot |
| 12/14/2017 | Monthly Pistol Shoot |
| 12/14/2017 | Monthly Pistol Shoot |
| 12/14/2017 | Rifle Shoot |
| 12/14/2017 | Rifle Shoot |
| 12/14/2017 | Rifle Shoot |



| Date | Training |
|---|---|
| 12/3/2017 | Radar Annual Re-Certification |
| 12/3/2017 | Lidar Annual Re-Certification |
| 11/30/2017 | Mobile Video/Audio Recording System (MVARS) Review |
| 11/30/2017 | Less Lethal Shotgun Policy Review |
| 11/30/2017 | Officer Safety Certification |
| 11/30/2017 | Officer Safety Training (Area) |
| 11/30/2017 | Pursuit Policy Review (Area Specific) |
| 11/30/2017 | Pursuit Policy Review |
| 11/30/2017 | Emergency Action Plan Review |
| 11/30/2017 | EEO Policy Review per CHP 237A |
| 11/30/2017 | Electronic Control Device- Policy Review |
| 11/30/2017 | Forcible Stops Policy Review |
| 11/30/2017 | Injury, Illness and Prevention Plan |
| 11/30/2017 | Aerosol Subject Restraint |
| 11/30/2017 | AVLS Policy Review |
| 11/30/2017 | Civil Disturbance Policy Review |
| 11/30/2017 | Shooting Policy Review |
| 11/30/2017 | WMD/PPE Inspection |
| 11/30/2017 | Use of Force Policy Review |
| 11/24/2017 | Emergency Operations Plan (EOP) |
| 11/3/2017 | Search and Seizure Online Refresher Training |
| 8/29/2017 | Advanced Roadside Impaired Driving Enforcement |
| 8/25/2017 | Monthly Pistol Shoot |
| 8/25/2017 | Monthly Pistol Shoot |
| 8/17/2017 | Hazmat 1st Responder Operational Update |
| 7/30/2017 | Search and Seizure Online Refresher Training |
| 7/7/2017 | Shotgun Shoot |
| 7/7/2017 | Shotgun Handling |
| 7/7/2017 | Monthly Pistol Shoot |
| 7/7/2017 | Monthly Pistol Shoot |
| 7/7/2017 | Rifle Shoot |
| 7/7/2017 | Rifle Shoot |



| 7/7/2017 | Rifle Shoot |
|---|---|
| 5/18/2017 | Pursuit Policy Review |
| 5/18/2017 | Pursuit Policy Review (Area Specific) |
| 5/18/2017 | Less Lethal Shotgun Policy Review |
| 5/18/2017 | Mobile Video/Audio Recording System (MVARS) Review |
| 5/18/2017 | Forcible Stops Policy Review |
| 5/18/2017 | EEO Policy Review per CHP 237A |
| 5/18/2017 | Driver Training/Awareness |
| 5/18/2017 | Aerosol Subject Restraint |
| 5/18/2017 | Civil Disturbance Policy Review |
| 5/18/2017 | CEW - Policy Review |
| 5/18/2017 | TREDS |
| 5/18/2017 | Shooting Policy Review |
| 5/18/2017 | Use of Force Policy Review |
| 5/18/2017 | WMD/PPE Inspection |
| 4/25/2017 | Search and Seizure Online Refresher Training |
| 4/25/2017 | EEO Cultural Awareness & Ethics (Online) |
| 4/25/2017 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 4/25/2017 | Fire Extinguisher Training Video - Initial/Annual |
| 3/23/2017 | Emergency Action Plan Review |
| 3/23/2017 | EEO Policy Review per CHP 237A |
| 3/23/2017 | Forcible Stops Policy Review |
| 3/23/2017 | Information Security and Privacy Protection |
| 3/23/2017 | Injury, Illness and Prevention Plan |
| 3/23/2017 | Legislative Updates/Vehicle Code |
| 3/23/2017 | CEW - Policy Review |
| 3/23/2017 | Civil Disturbance Policy Review |
| 3/23/2017 | Aerosol Subject Restraint |
| 3/23/2017 | AVLS Policy Review |
| 3/23/2017 | Mobile Video/Audio Recording System (MVARS) Review |
| 3/23/2017 | Less Lethal Shotgun Policy Review |
| 3/23/2017 | Monthly Pistol Shoot |

| Date | Training |
|---|---|
| 3/23/2017 | Monthly Pistol Shoot |
| 3/23/2017 | Pursuit Policy Review (Area Specific) |
| 3/23/2017 | Pursuit Policy Review |
| 3/23/2017 | Rifle Shoot (20 rounds) |
| 3/23/2017 | Rifle Shoot (20 rounds) |
| 3/23/2017 | Rifle Shoot (20 rounds) |
| 3/23/2017 | Shooting Policy Review |
| 3/23/2017 | Shotgun Shoot (9 rounds) |
| 3/23/2017 | WMD/PPE Inspection |
| 3/23/2017 | Workplace Violence Awareness Training |
| 3/23/2017 | Use of Force Policy Review |
| 2/10/2017 | Search and Seizure Online Refresher Training |
| 1/12/2017 | Aerosol Transmissible Disease (ATD) |
| 1/12/2017 | Emergency Medical Responder Recertification |
| 12/23/2016 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 11/18/2016 | Rifle Shoot |
| 11/18/2016 | Rifle Shoot |
| 11/18/2016 | Rifle Shoot |
| 11/18/2016 | Monthly Pistol Shoot |
| 11/18/2016 | Shotgun Shoot |
| 10/27/2016 | Shotgun Shoot |
| 10/27/2016 | Shooting Policy Review |
| 10/27/2016 | Use of Force Policy Review |
| 10/27/2016 | WMD/PPE Inspection |
| 10/27/2016 | Monthly Pistol Shoot |
| 10/27/2016 | Monthly Pistol Shoot |
| 10/27/2016 | Less Lethal Shotgun Policy Review |
| 10/27/2016 | Less Lethal Shotgun (2 rounds) |
| 10/27/2016 | Mobile Video/Audio Recording System (MVARS) Review |
| 10/27/2016 | Rifle Shoot |
| 10/27/2016 | Rifle Shoot |
| 10/27/2016 | Rifle Shoot |



| | |
|---|---|
| 10/27/2016 | Pursuit Policy Review |
| 10/27/2016 | Pursuit Policy Review (Area Specific) |
| 10/27/2016 | Pursuit Policy Attestation |
| 10/27/2016 | EEO Policy Review per CHP 237A |
| 10/27/2016 | Emergency Action Plan Review |
| 10/27/2016 | Injury, Illness and Prevention Plan |
| 10/27/2016 | Forcible Stops Policy Review |
| 10/27/2016 | Aerosol Subject Restraint |
| 10/27/2016 | AVLS Policy Review |
| 10/27/2016 | Civil Disturbance Policy Review |
| 10/27/2016 | CEW - Policy Review |
| 10/22/2016 | Domestic Violence |
| 10/22/2016 | Information Security and Privacy Protection |
| 10/22/2016 | Search and Seizure Online Refresher Training |
| 10/2/2016 | Tactical Communications |
| 9/23/2016 | Public Trust- Gabe Potter Video |
| 9/22/2016 | Rifle Shoot |
| 9/22/2016 | Rifle Shoot |
| 9/22/2016 | Rifle Shoot |
| 9/22/2016 | Monthly Pistol Shoot |
| 9/22/2016 | Monthly Pistol Shoot |
| 9/22/2016 | Emergency Action Plan Review |
| 9/22/2016 | Emergency Operations Plan (EOP) |
| 9/22/2016 | CEW - Refresher User Training |
| 9/22/2016 | Aerosol Transmissible Disease (ATD) |
| 9/22/2016 | TASER X2 End User Refresher |
| 9/22/2016 | Special Relationships |
| 9/22/2016 | Shotgun Shoot |
| 9/8/2016 | Search and Seizure Online Refresher Training |
| 8/11/2016 | Shooting Policy Review |
| 8/11/2016 | TASER X2 End User Refresher |
| 8/11/2016 | WMD/PPE Inspection |



| | |
|---|---|
| 8/11/2016 | Use of Force Policy Review |
| 8/11/2016 | Arrest and Control |
| 8/11/2016 | Aerosol Subject Restraint |
| 8/11/2016 | CEW - Policy Review |
| 8/11/2016 | Civil Disturbance Policy Review |
| 8/11/2016 | EEO Policy Review per CHP 237A |
| 8/11/2016 | Hazmat 1st Responder Operational Update |
| 8/11/2016 | Forcible Stops Policy Review |
| 8/11/2016 | Officer Safety Certification |
| 8/11/2016 | Mobile Video/Audio Recording System (MVARS) Review |
| 8/11/2016 | Less Lethal Shotgun Policy Review |
| 8/11/2016 | Pursuit Policy Review (Area Specific) |
| 8/11/2016 | Pursuit Policy Review |
| 7/15/2016 | Monthly Pistol Shoot |
| 7/15/2016 | Monthly Pistol Shoot |
| 6/26/2016 | Workplace Violence Awareness Training |
| 6/16/2016 | WMD/PPE Inspection |
| 6/16/2016 | Use of Force Policy Review |
| 6/16/2016 | Tactical Firearms |
| 6/16/2016 | Shooting Policy Review |
| 6/16/2016 | Monthly Pistol Shoot |
| 6/16/2016 | Less Lethal Shotgun Policy Review |
| 6/16/2016 | Mobile Video/Audio Recording System (MVARS) Review |
| 6/16/2016 | Pursuit Policy Review |
| 6/16/2016 | Pursuit Policy Review (Area Specific) |
| 6/16/2016 | Forcible Stops Policy Review |
| 6/16/2016 | EEO Policy Review per CHP 237A |
| 6/16/2016 | Civil Disturbance Policy Review |
| 6/16/2016 | CEW - Policy Review |
| 6/16/2016 | Aerosol Subject Restraint |
| 5/22/2016 | Search and Seizure Online Refresher Training |
| 4/2/2016 | Sergeants Ride-a-long |



| | |
|---|---|
| 3/24/2016 | Shotgun Shoot |
| 3/24/2016 | Shotgun Handling |
| 3/24/2016 | Cardiopulmonary Resuscitation |
| 3/24/2016 | Rifle Shoot |
| 3/24/2016 | Monthly Pistol Shoot |
| 3/24/2016 | Monthly Pistol Shoot |
| 1/28/2016 | Monthly Pistol Shoot |
| 1/28/2016 | Mobile Video/Audio Recording System (MVARS) Review |
| 1/28/2016 | Less Lethal Shotgun Policy Review |
| 1/28/2016 | Pursuit Policy Review (Area Specific) |
| 1/28/2016 | Pursuit Policy Review |
| 1/28/2016 | Aerosol Subject Restraint |
| 1/28/2016 | CEW - Policy Review |
| 1/28/2016 | Civil Disturbance Policy Review |
| 1/28/2016 | Civil Disturbance/Tactical Formations |
| 1/28/2016 | EEO Policy Review per CHP 237A |
| 1/28/2016 | Forcible Stops Policy Review |
| 1/28/2016 | Legislative Updates/Vehicle Code |
| 1/28/2016 | Tactical Communications |
| 1/28/2016 | Shooting Policy Review |
| 1/28/2016 | Use of Force Policy Review |
| 1/28/2016 | WMD/PPE Inspection |
| 1/11/2016 | Search and Seizure Online Refresher Training |
| 12/10/2015 | Shooting Policy Review |
| 12/10/2015 | Tactical Communications |
| 12/10/2015 | Shotgun Shoot |
| 12/10/2015 | WMD/PPE Inspection |
| 12/10/2015 | Use of Force Policy Review |
| 12/10/2015 | Injury, Illness and Prevention Plan |
| 12/10/2015 | Forcible Stops Policy Review |
| 12/10/2015 | EEO Policy Review per CHP 237A |
| 12/10/2015 | Driver Training/Awareness |



| | |
|---|---|
| 12/10/2015 | Emergency Action Plan Review |
| 12/10/2015 | Civil Disturbance/Tactical Formations |
| 12/10/2015 | Civil Disturbance Policy Review |
| 12/10/2015 | CEW - Policy Review |
| 12/10/2015 | Aerosol Subject Restraint |
| 12/10/2015 | AVLS Policy Review |
| 12/10/2015 | Pursuit Policy Review |
| 12/10/2015 | Pursuit Policy Review (Area Specific) |
| 12/10/2015 | Rifle Shoot |
| 12/10/2015 | Rifle Shoot |
| 12/10/2015 | Rifle Shoot |
| 12/10/2015 | Less Lethal Shotgun Policy Review |
| 12/10/2015 | Mobile Video/Audio Recording System (MVARS) Review |
| 12/10/2015 | Monthly Pistol Shoot |
| 12/10/2015 | Monthly Pistol Shoot |
| 12/10/2015 | Officer Safety Training (Area) |
| 11/29/2015 | Monthly Pistol Shoot |
| 11/29/2015 | Monthly Pistol Shoot |
| 11/29/2015 | Rifle Shoot |
| 11/29/2015 | Rifle Shoot |
| 11/29/2015 | Rifle Shoot |
| 11/29/2015 | Shotgun Shoot |
| 11/3/2015 | Public Service and Trust |
| 10/22/2015 | Active Shooter/First Responder |
| 10/9/2015 | Crisis Intervention Training |
| 10/8/2015 | Domestic Violence Complaints |
| 9/22/2015 | Emergency Operations Plan (EOP) |
| 9/22/2015 | Hazmat 1st Responder Operational Update |
| 9/10/2015 | Mental Health Intervention Training |
| 9/3/2015 | CIT Orientation |
| 8/24/2015 | Information Security and Privacy Protection |
| 8/21/2015 | Lidar Annual Re-Certification |

| Date | Training |
|---|---|
| 8/21/2015 | Radar Annual Re-Certification |
| 8/14/2015 | Pursuit Policy Review (Area Specific) |
| 8/14/2015 | Pursuit Policy Review |
| 8/14/2015 | Mobile Video/Audio Recording System (MVARS) Review |
| 8/14/2015 | Less Lethal Shotgun Policy Review |
| 8/14/2015 | Injury, Illness and Prevention Plan |
| 8/14/2015 | Forcible Stops Policy Review |
| 8/14/2015 | Emergency Action Plan Review |
| 8/14/2015 | EEO Policy Review per CHP 237A |
| 8/14/2015 | CEW - Policy Review |
| 8/14/2015 | Civil Disturbance Policy Review |
| 8/14/2015 | Aerosol Subject Restraint |
| 8/14/2015 | AVLS Policy Review |
| 8/14/2015 | Shooting Policy Review |
| 8/14/2015 | Use of Force Policy Review |
| 8/14/2015 | WMD/PPE Inspection |
| 8/13/2015 | CIT Orientation |
| 8/13/2015 | Crisis Intervention Training |
| 8/10/2015 | Fire Extinguisher Training Video - Initial/Annual |
| 7/31/2015 | Search and Seizure Online Refresher Training |
| 5/15/2015 | Search and Seizure Online Refresher Training |
| 5/15/2015 | EEO Cultural Awareness & Ethics (Online) |
| 5/15/2015 | Information Security and Privacy Protection |
| 5/14/2015 | CEW - Refresher User Training |
| 5/14/2015 | CHP Pursuit Policy DVD |
| 5/14/2015 | 2nd Quarter CIT Activity |
| 5/14/2015 | Less Lethal Shotgun (2 rounds) |
| 5/14/2015 | Monthly Pistol Shoot |
| 5/14/2015 | Monthly Pistol Shoot |
| 5/14/2015 | Rifle Shoot |
| 5/14/2015 | Rifle Shoot |
| 5/14/2015 | Rifle Shoot |



| | |
|---|---|
| 5/14/2015 | Shotgun Shoot |
| 5/14/2015 | Tactical Firearms |
| 5/14/2015 | TASER X2 End User Refresher |
| 3/19/2015 | Rifle Shoot |
| 3/19/2015 | Rifle Shoot |
| 3/19/2015 | Rifle Shoot |
| 3/19/2015 | Pursuit Policy Attestation |
| 3/19/2015 | Monthly Pistol Shoot |
| 3/19/2015 | Monthly Pistol Shoot |
| 3/19/2015 | Emergency Medical Responder Recertification |
| 1/30/2015 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 1/30/2015 | EEO Sexual Harass Prevent Training (AB 1825) |
| 1/30/2015 | Search and Seizure Online Refresher Training |
| 1/30/2015 | Workplace Violence Awareness Training |
| 1/29/2015 | WMD/PPE Inspection |
| 1/29/2015 | Use of Force Policy Review |
| 1/29/2015 | Shooting Policy Review |
| 1/29/2015 | Shotgun Shoot |
| 1/29/2015 | Shotgun Handling |
| 1/29/2015 | EEO Policy Review per CHP 237A |
| 1/29/2015 | Injury, Illness and Prevention Plan |
| 1/29/2015 | Legislative Updates/Vehicle Code |
| 1/29/2015 | Forcible Stops Policy Review |
| 1/29/2015 | Aerosol Subject Restraint |
| 1/29/2015 | Area Asset Forfeiture Personnel Training |
| 1/29/2015 | CEW - Policy Review |
| 1/29/2015 | Civil Disturbance Policy Review |
| 1/29/2015 | Monthly Pistol Shoot |
| 1/29/2015 | Less Lethal Shotgun Policy Review |
| 1/29/2015 | Mobile Video/Audio Recording System (MVARS) Review |
| 1/29/2015 | Officer Update Forcible Stops and Pursuits |
| 1/29/2015 | Pursuit Policy Review |



| Date | Course |
|---|---|
| 1/29/2015 | Pursuit Policy Review (Area Specific) |
| 12/26/2014 | Monthly Pistol Shoot |
| 12/26/2014 | Monthly Pistol Shoot |
| 12/20/2014 | Search and Seizure Online Refresher Training |
| 12/11/2014 | Officer Safety Training (Area) |
| 12/11/2014 | Advanced Officer Safety Training |
| 11/28/2014 | Monthly Pistol Shoot |
| 11/28/2014 | Monthly Pistol Shoot |
| 11/28/2014 | Rifle Shoot |
| 11/28/2014 | Rifle Shoot |
| 11/28/2014 | Rifle Shoot |
| 11/28/2014 | Shotgun Shoot |
| 11/6/2014 | Officer Safety Certification |
| 11/6/2014 | Active Shooter/First Responder |
| 11/6/2014 | Arrest and Control |
| 10/14/2014 | Radar Annual Re-Certification |
| 9/19/2014 | Rifle Shoot |
| 9/19/2014 | Rifle Shoot |
| 9/19/2014 | Rifle Shoot |
| 9/19/2014 | Monthly Pistol Shoot |
| 8/21/2014 | Hazmat 1st Responder Operational Update |
| 8/21/2014 | Emergency Operations Plan (EOP) |
| 8/20/2014 | Monthly Pistol Shoot |
| 8/20/2014 | Rifle Shoot |
| 8/6/2014 | Fire Extinguisher Training Video - Initial/Annual |
| 8/6/2014 | Search and Seizure Online Refresher Training |
| 8/4/2014 | Aerosol Transmissible Disease (ATD) |
| 7/29/2014 | Active Shooter/First Responder |
| 7/25/2014 | Below 100 |
| 7/17/2014 | Aerosol Subject Restraint |
| 7/17/2014 | Civil Disturbance Policy Review |
| 7/17/2014 | CEW - Policy Review |

| | | |
|---|---|---|
| 7/17/2014 | EEO Policy Review per CHP 237A | |
| 7/17/2014 | Forcible Stops Policy Review | |
| 7/17/2014 | Injury, Illness and Prevention Plan | |
| 7/17/2014 | Human Trafficking | |
| 7/17/2014 | Pursuit Policy Review (Area Specific) | |
| 7/17/2014 | Pursuit Policy Review | |
| 7/17/2014 | Monthly Pistol Shoot | |
| 7/17/2014 | Monthly Pistol Shoot | |
| 7/17/2014 | Mobile Video/Audio Recording System (MVARS) Review | |
| 7/17/2014 | Less Lethal Shotgun Policy Review | |
| 7/17/2014 | Shooting Policy Review | |
| 7/17/2014 | Shotgun Shoot | |
| 7/17/2014 | Use of Force Policy Review | |
| 7/17/2014 | WMD/PPE Inspection | |
| 7/2/2014 | Search and Seizure Online Refresher Training | |
| 7/2/2014 | Information Security and Privacy Protection | |
| 6/19/2014 | Kevlar for the Mind | |
| 6/15/2014 | Below 100 Wear Your Vest Video | |
| 5/8/2014 | CEW - Refresher User Training | |
| 5/8/2014 | Less Lethal Shotgun (2 rounds) | |
| 5/8/2014 | Less Lethal Shotgun Refresher | |
| 5/8/2014 | Rifle Shoot | |
| 5/8/2014 | Rifle Shoot | |
| 5/8/2014 | TASER X2 End User Refresher | |
| 5/8/2014 | Tactical Firearms | |
| 4/27/2014 | Shotgun Shoot | |
| 4/27/2014 | Rifle Shoot | |
| 4/27/2014 | Monthly Pistol Shoot | |
| 4/27/2014 | Monthly Pistol Shoot | |
| 4/24/2014 | EEO Cultural Awareness & Ethics (Online) | |
| 3/25/2014 | SHRP-2 TIM Patrol | |
| 3/20/2014 | Shotgun Handling | |

| Date | Training |
| --- | --- |
| 3/20/2014 | Officer Update Forcible Stops and Pursuits |
| 3/6/2014 | Breath Test Training - Intoximeter |
| 2/22/2014 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 2/22/2014 | Workplace Violence Awareness Training |
| 2/21/2014 | Monthly Pistol Shoot |
| 2/21/2014 | Rifle Shoot |
| 2/18/2014 | CIT Orientation |
| 2/7/2014 | Search and Seizure Online Refresher Training |
| 1/30/2014 | Crisis Intervention Training |
| 1/24/2014 | Rifle Shoot |
| 1/24/2014 | Monthly Pistol Shoot |
| 1/24/2014 | Shotgun Shoot |
| 1/23/2014 | Officer Update Forcible Stops and Pursuits |
| 1/23/2014 | Cardiopulmonary Resuscitation |
| 1/23/2014 | Below 100 |
| 1/23/2014 | Legislative Updates/Vehicle Code |
| 1/21/2014 | Crisis Intervention Training |
| 12/29/2013 | Monthly Pistol Shoot |
| 11/28/2013 | Monthly Pistol Shoot |
| 11/28/2013 | Monthly Pistol Shoot |
| 11/28/2013 | Rifle Shoot |
| 11/28/2013 | Shotgun Shoot |
| 11/14/2013 | Special Relationships |
| 11/14/2013 | Shooting Policy Review |
| 11/14/2013 | WMD/PPE Inspection |
| 11/14/2013 | Use of Force Policy Review |
| 11/14/2013 | Pursuit Policy Review |
| 11/14/2013 | Pursuit Policy Review (Area Specific) |
| 11/14/2013 | Less Lethal Shotgun Policy Review |
| 11/14/2013 | Civil Disturbance/Tactical Formations |
| 11/14/2013 | Civil Disturbance Policy Review |
| 11/14/2013 | CEW - Policy Review |

| Date | Training |
|---|---|
| 11/14/2013 | Aerosol Subject Restraint |
| 11/14/2013 | Injury, Illness and Prevention Plan |
| 11/14/2013 | Forcible Stops Policy Review |
| 11/14/2013 | Driver Training/Awareness |
| 11/14/2013 | EEO Policy Review per CHP 237A |
| 11/4/2013 | EEO Cultural Awareness & Ethics (Online) |
| 11/4/2013 | Search and Seizure Online Refresher Training |
| 10/17/2013 | Workplace Violence Awareness Training |
| 10/17/2013 | Information Security and Privacy Protection |
| 9/12/2013 | Emergency Medical Technician Certification Date |
| 9/12/2013 | Arrest and Control |
| 9/12/2013 | CEW - Policy Review |
| 9/12/2013 | Less Lethal Shotgun Policy Review |
| 9/12/2013 | Less Lethal Shotgun Refresher |
| 9/12/2013 | Officer Safety Certification |
| 9/12/2013 | Officer Safety Training (Area) |
| 9/12/2013 | Radar Annual Re-Certification |
| 9/12/2013 | TASER X2 End User Refresher |
| 8/8/2013 | Rifle Shoot |
| 8/8/2013 | Rifle Shoot |
| 8/8/2013 | Monthly Pistol Shoot |
| 8/8/2013 | Monthly Pistol Shoot |
| 7/30/2013 | Search and Seizure Refresher Training |
| 7/23/2013 | Occupational Safety Program Evaluation Survey |
| 7/13/2013 | Monthly Pistol Shoot |
| 7/13/2013 | Monthly Pistol Shoot |
| 7/13/2013 | Rifle Shoot |
| 7/13/2013 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 7/13/2013 | Shotgun Handling |
| 7/13/2013 | Shotgun Shoot |
| 7/11/2013 | Shooting Policy Review |
| 7/11/2013 | Weapon Clearance Policy Review |

| Date | Training |
|---|---|
| 7/11/2013 | WMD/PPE Inspection |
| 7/11/2013 | Use of Force Policy Review |
| 7/11/2013 | EEO Policy Review per CHP 237A |
| 7/11/2013 | Emergency Action Plan Review |
| 7/11/2013 | Emergency Operations Plan (EOP) |
| 7/11/2013 | Firearms Safety |
| 7/11/2013 | Injury, Illness and Prevention Plan |
| 7/11/2013 | Forcible Stops Policy Review |
| 7/11/2013 | Hazmat 1st Responder Operational Update |
| 7/11/2013 | CEW - Policy Review |
| 7/11/2013 | CALEA Video |
| 7/11/2013 | Aerosol Subject Restraint |
| 7/11/2013 | AB 109 |
| 7/11/2013 | AB 109 Training - Initial |
| 7/11/2013 | Civil Disturbance Policy Review |
| 7/11/2013 | Pursuit Policy Review (Area Specific) |
| 7/11/2013 | Pursuit Policy Training Attestation |
| 7/11/2013 | Pursuit Policy Review |
| 7/11/2013 | Occupational Safety Review |
| 7/11/2013 | Mvars traffic stop and t/c april 21, 2013 |
| 7/11/2013 | Less Lethal Shotgun Policy Review |
| 6/13/2013 | Less Lethal Shotgun Policy Review |
| 6/13/2013 | Occupational Safety Review |
| 6/13/2013 | Pursuit Policy Review |
| 6/13/2013 | Civil Disturbance Policy Review |
| 6/13/2013 | Active Shooter/First Responder |
| 6/13/2013 | Aerosol Subject Restraint |
| 6/13/2013 | CEW - Policy Review |
| 6/13/2013 | Forcible Stops Policy Review |
| 6/13/2013 | Injury, Illness and Prevention Plan |
| 6/13/2013 | Firearms Safety |
| 6/13/2013 | Emergency Action Plan Review |



| Date | Description |
|---|---|
| 6/13/2013 | EEO Policy Review per CHP 237A |
| 6/13/2013 | Use of Force Policy Review |
| 6/13/2013 | WMD/PPE Inspection |
| 6/13/2013 | Weapon Clearance Policy Review |
| 6/13/2013 | Shooting Policy Review |
| 5/23/2013 | Shotgun Shoot |
| 5/23/2013 | Rifle Shoot |
| 5/23/2013 | Monthly Pistol Shoot |
| 5/23/2013 | Monthly Pistol Shoot |
| 5/2/2013 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 5/2/2013 | Search and Seizure Refresher Training |
| 4/22/2013 | Pursuit Policy Attestation |
| 4/18/2013 | Pursuit Policy Review |
| 4/18/2013 | Occupational Safety Review |
| 4/18/2013 | Less Lethal Shotgun Policy Review |
| 4/18/2013 | Mobile Video/Audio Recording System (MVARS) Review |
| 4/18/2013 | Elderly Driver Training |
| 4/18/2013 | EEO Policy Review per CHP 237A |
| 4/18/2013 | Emergency Action Plan Review |
| 4/18/2013 | Firearms Safety |
| 4/18/2013 | Fire Extinguisher Training Video - Initial/Annual |
| 4/18/2013 | Injury, Illness and Prevention Plan |
| 4/18/2013 | Forcible Stops Policy Review |
| 4/18/2013 | CEW - Policy Review |
| 4/18/2013 | Blood Borne Pathogens |
| 4/18/2013 | Below 100 |
| 4/18/2013 | Aerosol Subject Restraint |
| 4/18/2013 | Civil Disturbance Policy Review |
| 4/18/2013 | Criminal Apprehension Program Training |
| 4/18/2013 | CPVE Briefing |
| 4/18/2013 | Shooting Policy Review |
| 4/18/2013 | Special Relationships |



| | |
|---|---|
| 4/18/2013 | Tactical Alert |
| 4/18/2013 | Weapon Clearance Policy Review |
| 4/18/2013 | WMD/PPE Inspection |
| 4/18/2013 | Use of Force Policy Review |
| 3/15/2013 | Shotgun Shoot |
| 3/15/2013 | Shotgun Handling |
| 3/15/2013 | Monthly Pistol Shoot |
| 3/15/2013 | Monthly Pistol Shoot |
| 3/15/2013 | Rifle Shoot |
| 2/27/2013 | Fire Extinguisher Training Video - Initial/Annual |
| 2/27/2013 | Search and Seizure Refresher Training |
| 2/7/2013 | Shooting Policy Review |
| 2/7/2013 | Tactical Alert |
| 2/7/2013 | Use of Force Policy Review |
| 2/7/2013 | WMD/PPE Inspection |
| 2/7/2013 | Weapon Clearance Policy Review |
| 2/7/2013 | Firearms Safety |
| 2/7/2013 | Emergency Action Plan Review |
| 2/7/2013 | Emergency Medical Responder Recertification |
| 2/7/2013 | EEO Policy Review per CHP 237A |
| 2/7/2013 | Forcible Stops Policy Review |
| 2/7/2013 | Legislative Updates/Vehicle Code |
| 2/7/2013 | Injury, Illness and Prevention Plan |
| 2/7/2013 | Civil Disturbance Policy Review |
| 2/7/2013 | Aerosol Subject Restraint |
| 2/7/2013 | CEW - Policy Review |
| 2/7/2013 | Pursuit Policy Review |
| 2/7/2013 | Pursuit Policy Review (Area Specific) |
| 2/7/2013 | Occupational Safety Review |
| 2/7/2013 | Mobile Video/Audio Recording System (MVARS) Review |
| 2/7/2013 | Less Lethal Shotgun Policy Review |
| 1/24/2013 | CEW - Policy Review |

| Date | Course |
|---|---|
| 1/24/2013 | CEW - Refresher User Training |
| 1/24/2013 | Weapons of Mass Destruction Refresher Training |
| 1/24/2013 | TASER X2 End User |
| 1/3/2013 | EF Johnson Portable Radio Initial Training Course |
| 11/22/2012 | Information Security and Privacy Protection |
| 11/22/2012 | Information Security and Privacy Protection |
| 11/22/2012 | Search and Seizure Refresher Training |
| 11/14/2012 | Monthly Pistol Shoot |
| 11/8/2012 | Pursuit Policy Review |
| 11/8/2012 | Driver Training/Awareness |
| 10/29/2012 | Monthly Pistol Shoot |
| 10/29/2012 | Monthly Pistol Shoot |
| 10/17/2012 | Workplace Violence Awareness Training |
| 8/14/2012 | Law Enforcement Active Shooter Emergency Response |
| 8/14/2012 | Active Shooter Response Tac Cas Care Initial |
| 8/9/2012 | EEO Cultural Awareness & Ethics (Classroom) |
| 8/6/2012 | Monthly Pistol Shoot |
| 8/6/2012 | Rifle Shoot |
| 8/6/2012 | Shotgun Shoot |
| 7/26/2012 | Search and Seizure Review |
| 7/26/2012 | Shooting Policy Review |
| 7/26/2012 | Weapon Clearance Policy Review |
| 7/26/2012 | Use of Force Policy Review |
| 7/26/2012 | Pursuit Policy Review |
| 7/26/2012 | Pursuit Policy Review (Area Specific) |
| 7/26/2012 | Occupational Safety Review |
| 7/26/2012 | Less Lethal Shotgun Refresher |
| 7/26/2012 | EEO Policy Review per CHP 237A |
| 7/26/2012 | Emergency Action Plan Review |
| 7/26/2012 | Injury, Illness and Prevention Plan |
| 7/26/2012 | Forcible Stops Policy Review |
| 7/26/2012 | Hazmat 1st Responder Operational Update |



| | |
|---|---|
| 7/26/2012 | CEW - Policy Review |
| 7/26/2012 | Civil Disturbance Policy Review |
| 7/20/2012 | Monthly Pistol Shoot |
| 7/20/2012 | Monthly Pistol Shoot |
| 6/28/2012 | Monthly Pistol Shoot |
| 6/28/2012 | Monthly Pistol Shoot |
| 6/28/2012 | Rifle Shoot |
| 6/28/2012 | Shotgun Handling |
| 6/28/2012 | Shotgun Shoot |
| 6/5/2012 | Radar Annual Re-Certification |
| 5/24/2012 | National Suspicious Activity Reporting (SAR) |
| 5/24/2012 | Officer Safety Training (Area) |
| 5/24/2012 | Officer Safety Certification |
| 5/24/2012 | Officer Safety Training /CHP 199 Certification |
| 4/26/2012 | Less Lethal Shotgun Refresher |
| 4/26/2012 | Less Lethal Shotgun |
| 4/26/2012 | Pursuit Policy Review |
| 4/26/2012 | Civil Disturbance Policy Review |
| 4/26/2012 | Criminal Apprehension Program (CAP) Training Adv |
| 4/26/2012 | CEW - Policy Review |
| 4/26/2012 | Forcible Stops Policy Review |
| 4/26/2012 | EEO |
| 4/26/2012 | Special Relationships |
| 4/26/2012 | Shooting Policy Review |
| 4/26/2012 | Sexual harassment |
| 4/26/2012 | Search and Seizure Review |
| 4/26/2012 | Use of Force Policy Review |
| 4/26/2012 | Weapon Clearance Policy Review |
| 4/24/2012 | Sexual Harassment Prevention |
| 4/24/2012 | Is Today Your Day? (Video) |
| 3/16/2012 | 311 inspections |
| 3/16/2012 | Amber Alert |



| Date | Course |
|---|---|
| 3/16/2012 | CEW - Refresher User Training |
| 3/16/2012 | Less Lethal Shotgun Training |
| 3/5/2012 | Monthly Pistol Shoot |
| 2/20/2012 | Monthly Pistol Shoot |
| 2/20/2012 | Rifle Shoot |
| 2/20/2012 | Shotgun Shoot |
| 1/30/2012 | Monthly Pistol Shoot |
| 12/7/2011 | Monthly Pistol Shoot |
| 12/1/2011 | Pursuit Policy Review |
| 12/1/2011 | Civil Disturbance Policy Review |
| 12/1/2011 | Arrest and Control |
| 12/1/2011 | CEW - Policy Review |
| 12/1/2011 | Forcible Stops Policy Review |
| 12/1/2011 | Tactical Communications |
| 12/1/2011 | Shooting Policy Review |
| 12/1/2011 | Search and Seizure Review |
| 12/1/2011 | Weapon Clearance Policy Review |
| 12/1/2011 | Use of Force Policy Review |
| 11/28/2011 | Monthly Pistol Shoot |
| 11/28/2011 | Monthly Pistol Shoot |
| 11/1/2011 | Driver Training/Awareness |
| 11/1/2011 | Driver Training |
| 10/20/2011 | Monthly Pistol Shoot |
| 10/20/2011 | Monthly Pistol Shoot |
| 10/20/2011 | Rifle Shoot |
| 10/20/2011 | Rifle Shoot |
| 10/20/2011 | Shotgun Shoot |
| 10/20/2011 | Shotgun Shoot |
| 10/13/2011 | United Way |
| 10/13/2011 | Departmental Emergency Plan/Bomb Incidents |
| 10/13/2011 | cpve initial training course |
| 10/13/2011 | Asset Forfeiture |



| | |
|---|---|
| 10/13/2011 | ef johnson portable radio training course |
| 10/13/2011 | Emergency Operations Plan (EOP) |
| 9/23/2011 | Information Security and Privacy Protection |
| 9/8/2011 | First Responder Operational |
| 9/8/2011 | Hazardous Materials Incident Command Training |
| 9/8/2011 | CPVE Ready Go |
| 9/8/2011 | SEMS/NIMS |
| 8/24/2011 | Monthly Pistol Shoot |
| 8/16/2011 | Monthly Pistol Shoot |
| 8/16/2011 | Monthly Pistol Shoot |
| 8/11/2011 | Officer Safety Certification |
| 8/11/2011 | Officer Safety |
| 8/11/2011 | Pursuit Policy Review |
| 8/11/2011 | Civil Disturbance Policy Review |
| 8/11/2011 | CEW - Policy Review |
| 8/11/2011 | Forcible Stops Policy Review |
| 8/11/2011 | Shooting Policy Review |
| 8/11/2011 | Search and Seizure Review |
| 8/11/2011 | Special Relationships |
| 8/11/2011 | Use of Force Policy Review |
| 8/11/2011 | Weapon Clearance Policy Review |
| 6/10/2011 | CEW - Refresher User Training |
| 6/10/2011 | Less Lethal Shotgun Training |
| 6/9/2011 | Pursuit Policy Review |
| 6/9/2011 | Civil Disturbance Policy Review |
| 6/9/2011 | Civil Disturbance/Tactical Formations |
| 6/9/2011 | CEW - Policy Review |
| 6/9/2011 | Forcible Stops Policy Review |
| 6/9/2011 | Weapon Clearance Policy Review |
| 6/9/2011 | Use of Force Policy Review |
| 6/9/2011 | Search and Seizure Review |
| 6/9/2011 | Shooting Policy Review |

| | |
|---|---|
| 5/26/2011 | NLTA |
| 5/26/2011 | Officer Safety Scenarios |
| 5/16/2011 | Cultural Awareness Training |
| 4/21/2011 | Human Trafficking |
| 4/21/2011 | Monthly Pistol Shoot |
| 4/21/2011 | Monthly Pistol Shoot |
| 4/21/2011 | Rifle Shoot |
| 4/21/2011 | Radar Certification |
| 4/21/2011 | Shotgun Handling |
| 4/21/2011 | Tactical Firearms |
| 4/21/2011 | Shotgun Shoot |
| 3/10/2011 | Cardiopulmonary Resuscitation |
| 3/10/2011 | Cardiopulmonary Resuscitation |
| 2/24/2011 | Emergency Medical Responder |
| 2/15/2011 | Monthly Pistol Shoot |
| 1/27/2011 | Pursuit Policy Review |
| 1/27/2011 | Forcible Stops Policy Review |
| 1/27/2011 | Forcible Stops/Pursuits/Shooting Policy |
| 1/27/2011 | CEW - Policy Review |
| 1/27/2011 | Civil Disturbance Policy Review |
| 1/27/2011 | Shooting Policy Review |
| 1/27/2011 | Search and Seizure Review |
| 1/27/2011 | Use of Force Policy Review |
| 1/27/2011 | Vehicle Code |
| 1/27/2011 | Weapon Clearance Policy Review |
| 1/27/2011 | Weapons of Mass Distruction |
| 1/26/2011 | Shotgun Handling |
| 1/26/2011 | Shotgun Shoot |
| 1/26/2011 | Rifle Shoot |
| 1/26/2011 | Monthly Pistol Shoot |
| 12/17/2010 | Officer Safety Certification |
| 12/17/2010 | Officer Safety |



| Date | Training |
|---|---|
| 11/12/2010 | Monthly Pistol Shoot |
| 10/28/2010 | Less Lethal Shotgun Training |
| 10/28/2010 | Pursuit Policy Review |
| 10/28/2010 | CEW - Refresher User Training |
| 10/28/2010 | Civil Disturbance Policy Review |
| 10/28/2010 | Departmental Emergency Plan |
| 10/28/2010 | Departmental Emergency Plan/Bomb Incidents |
| 10/28/2010 | CEW - Policy Review |
| 10/28/2010 | Arrest and Control |
| 10/28/2010 | Forcible Stops Policy Review |
| 10/28/2010 | Tactical Communications |
| 10/28/2010 | Shooting Policy Review |
| 10/28/2010 | Search and Seizure Review |
| 10/28/2010 | Weapon Clearance Policy Review |
| 10/28/2010 | Use of Force Policy Review |
| 10/22/2010 | Monthly Pistol Shoot |
| 9/8/2010 | Pursuit Policy Review |
| 9/8/2010 | Driver Training/Awareness |
| 9/8/2010 | Driver Training |
| 9/8/2010 | Special Relationships |
| 8/26/2010 | Search and Seizure Review |
| 8/26/2010 | Shooting Policy Review |
| 8/26/2010 | Use of Force Policy Review |
| 8/26/2010 | Weapon Clearance Policy Review |
| 8/26/2010 | Forcible Stops Policy Review |
| 8/26/2010 | CEW - Policy Review |
| 8/26/2010 | Civil Disturbance Policy Review |
| 8/26/2010 | Pursuit Policy Review |
| 8/25/2010 | MVARS |
| 8/25/2010 | SEMS/NIMS |
| 8/19/2010 | Shotgun Shoot |
| 8/19/2010 | Monthly Pistol Shoot |



| | |
|---|---|
| 8/19/2010 | Monthly Pistol Shoot |
| 8/19/2010 | Rifle Shoot |
| 8/9/2010 | Spike Strip |
| 7/28/2010 | Shotgun Shoot |
| 7/28/2010 | Rifle Shoot |
| 7/28/2010 | Monthly Pistol Shoot |
| 7/28/2010 | Monthly Pistol Shoot |
| 7/9/2010 | Workplace Violence Awareness training |
| 7/8/2010 | Emergency Medical Responder |
| 6/23/2010 | Monthly Pistol Shoot |
| 6/23/2010 | Monthly Pistol Shoot |
| 6/23/2010 | Officer Safety Training |
| 6/23/2010 | Rifle Shoot |
| 6/23/2010 | Tactical Firearms |
| 6/23/2010 | Tactical Firearms |
| 5/19/2010 | Shotgun Shoot |
| 5/19/2010 | Shotgun Handling |
| 5/19/2010 | Monthly Pistol Shoot |
| 5/19/2010 | Human Trafficking |
| 5/19/2010 | Civil Disturbance/Tactical Formations |
| 5/5/2010 | Civil Disturbance Policy Review |
| 5/5/2010 | CEW - Policy Review |
| 5/5/2010 | Cardiopulmonary Resuscitation |
| 5/5/2010 | Forcible Stops Policy Review |
| 5/5/2010 | Pursuit Policy Review |
| 5/5/2010 | Shooting Policy Review |
| 5/5/2010 | Search and Seizure Review |
| 5/5/2010 | Weapon Clearance Policy Review |
| 5/5/2010 | Use of Force Policy Review |
| 3/24/2010 | Use of Force Policy Review |
| 3/24/2010 | Weapon Clearance Policy Review |
| 3/24/2010 | Vehicle Code |

| Date | Training |
|---|---|
| 3/24/2010 | Search and Seizure Review |
| 3/24/2010 | Shooting Policy Review |
| 3/24/2010 | Pursuit Policy Review |
| 3/24/2010 | Racial Profiling |
| 3/24/2010 | Forcible Stops Policy Review |
| 3/24/2010 | Hate Crimes |
| 3/24/2010 | Forcible Stops/Pursuits/Shooting Policy |
| 3/24/2010 | CEW - Policy Review |
| 3/24/2010 | Civil Disturbance Policy Review |
| 3/24/2010 | Cultural Diversity |
| 3/16/2010 | Monthly Pistol Shoot |
| 1/18/2010 | Search and Seizure Training |
| 1/6/2010 | Shotgun Shoot |
| 1/6/2010 | Monthly Pistol Shoot |
| 1/6/2010 | Rifle Shoot |
| 12/17/2009 | Monthly Pistol Shoot |
| 12/17/2009 | Officer Safety Certification |
| 12/17/2009 | Officer Safety |
| 12/17/2009 | Arrest and Control |
| 11/18/2009 | Arrest and Control |
| 11/18/2009 | CEW - Refresher User Training |
| 11/18/2009 | Monthly Pistol Shoot |
| 11/18/2009 | Monthly Pistol Shoot |
| 11/18/2009 | Rifle Shoot |
| 11/18/2009 | Shotgun Shoot |
| 10/21/2009 | Tactical Communications |
| 10/21/2009 | Shooting Policy Review |
| 10/21/2009 | Search and Seizure Review |
| 10/21/2009 | Weapon Clearance Policy Review |
| 10/21/2009 | Use of Force Policy Review |
| 10/21/2009 | Pursuit Policy Review |
| 10/21/2009 | Civil Disturbance Policy Review |



| Date | Training |
|---|---|
| 10/21/2009 | Departmental Emergency Plan/Bomb Incidents |
| 10/21/2009 | CEW - Policy Review |
| 10/21/2009 | Forcible Stops Policy Review |
| 9/30/2009 | Fire Safety and Awareness |
| 9/30/2009 | Cal-Photo |
| 9/30/2009 | Monthly Pistol Shoot |
| 9/10/2009 | Information Security and Privacy Protection |
| 8/26/2009 | AB 1825 Sexual Harassment Training |
| 8/20/2009 | Monthly Pistol Shoot |
| 8/20/2009 | Rifle Shoot |
| 8/20/2009 | Shotgun Shoot |
| 8/19/2009 | Radar Certification |
| 8/12/2009 | Pursuit Policy Review |
| 8/12/2009 | AB 1825 Sexual Harassment |
| 8/12/2009 | CEW - Policy Review |
| 8/12/2009 | Civil Disturbance Policy Review |
| 8/12/2009 | Forcible Stops Policy Review |
| 8/12/2009 | First Responder Operational |
| 8/12/2009 | First Responder Operational |
| 8/12/2009 | E.E.O. |
| 8/12/2009 | Special Relationships |
| 8/12/2009 | Special Relationships |
| 8/12/2009 | Search and Seizure Review |
| 8/12/2009 | Shooting Policy Review |
| 8/12/2009 | SEMS/NIMS |
| 8/12/2009 | Use of Force Policy Review |
| 8/12/2009 | Weapon Clearance Policy Review |
| 7/2/2009 | Shotgun Shoot |
| 7/2/2009 | Monthly Pistol Shoot |
| 6/24/2009 | Monthly Pistol Shoot |
| 5/27/2009 | Pursuit Policy Review |
| 5/27/2009 | Driver Training/Awareness |



| | |
|---|---|
| 5/27/2009 | Forcible Stops Policy Review |
| 5/27/2009 | Civil Disturbance Policy Review |
| 5/27/2009 | Civil Disturbance (Dept.) |
| 5/27/2009 | Civil Disturbance (Dept.) |
| 5/27/2009 | Driver Training |
| 5/27/2009 | Civil Disturbance/Tactical Formations |
| 5/27/2009 | CEW - Policy Review |
| 5/27/2009 | Tactical Formations |
| 5/27/2009 | Tactical Formations |
| 5/27/2009 | Shooting Policy Review |
| 5/27/2009 | Search and Seizure Review |
| 5/27/2009 | Weapon Clearance Policy Review |
| 5/27/2009 | Use of Force Policy Review |
| 5/24/2009 | Pursuit Policy Training Attestation |
| 5/21/2009 | Monthly Pistol Shoot |
| 5/21/2009 | Tactical Firearms |
| 4/23/2009 | Shotgun Shoot |
| 4/23/2009 | Monthly Pistol Shoot |
| 4/23/2009 | Rifle Shoot |
| 3/11/2009 | Monthly Pistol Shoot |
| 3/11/2009 | Human Trafficking |
| 2/20/2009 | Monthly Pistol Shoot |
| 1/30/2009 | Monthly Pistol Shoot |
| 1/30/2009 | Less Lethal Shotgun Training |
| 1/30/2009 | Rifle Shoot |
| 1/30/2009 | Shotgun Shoot |
| 1/30/2009 | Shotgun Handling |
| 1/21/2009 | Shooting Policy Review |
| 1/21/2009 | Sexual Harassment |
| 1/21/2009 | Use of Force Policy Review |
| 1/21/2009 | Weapon Clearance Policy Review |
| 1/21/2009 | Vehicle Code |

| | |
|---|---|
| 1/21/2009 | Pursuit Policy Review |
| 1/21/2009 | Forcible Stops Policy Review |
| 1/21/2009 | E.E.O. |
| 1/21/2009 | CEW - Policy Review |
| 1/21/2009 | Cardiopulmonary Resuscitation |
| 1/21/2009 | Cozeep/Mazeep |
| 1/21/2009 | Civil Disturbance Policy Review |
| 12/4/2008 | Civil Disturbance Policy Review |
| 12/4/2008 | CEW - Policy Review |
| 12/4/2008 | Forcible Stops Policy Review |
| 12/4/2008 | Pursuit Policy Review |
| 12/4/2008 | Less Lethal Shotgun Training |
| 12/4/2008 | Officer Safety Certification |
| 12/4/2008 | Officer Safety |
| 12/4/2008 | Weapon Clearance Policy Review |
| 12/4/2008 | Use of Force Policy Review |
| 12/4/2008 | Shooting Policy Review |
| 10/15/2008 | Shooting Policy Review |
| 10/15/2008 | Tactical Communications |
| 10/15/2008 | Use of Force Policy Review |
| 10/15/2008 | Use of Force Policy Review |
| 10/15/2008 | Vehicle Pursuit (13519.8 P.C.) |
| 10/15/2008 | Weapon Clearance Policy Review |
| 10/15/2008 | Pursuit Policy Review |
| 10/15/2008 | Forcible Stops Policy Review |
| 10/15/2008 | Forcible Stops/Pursuits/Shooting Policy |
| 10/15/2008 | CEW - Policy Review |
| 10/15/2008 | CEW - Policy Review |
| 10/15/2008 | Arrest and Control |
| 10/3/2008 | Force Option Training Simulator |
| 9/30/2008 | Hazardous Materials Incident Command Training |
| 9/30/2008 | Protecting Privacy in State Government |



| Date | Course |
| --- | --- |
| 8/20/2008 | Rifle Shoot |
| 8/20/2008 | Monthly Pistol Shoot |
| 8/20/2008 | Monthly Pistol Shoot |
| 8/20/2008 | Shotgun Shoot |
| 8/20/2008 | Shotgun Shoot |
| 7/30/2008 | Monthly Pistol Shoot |
| 7/30/2008 | Monthly Pistol Shoot |
| 7/23/2008 | Forcible Stops/Pursuits/Shooting Policy |
| 7/23/2008 | First Responder Operational |
| 7/23/2008 | Special Relationships |
| 7/23/2008 | Tactical Firearms |
| 7/23/2008 | Taser Policy Review |
| 7/23/2008 | Search and Seizure Training |
| 7/23/2008 | SEMS/NIMS |
| 6/30/2008 | Driver Training/Awareness |
| 5/20/2008 | Driver Training |
| 5/20/2008 | Civil Disturbance/Tactical Formations |
| 5/20/2008 | Cat 10 Inspection |
| 5/20/2008 | Forcible Stops/Pursuits/Shooting Policy |
| 5/20/2008 | Monthly Pistol Shoot |
| 5/20/2008 | Monthly Pistol Shoot |
| 5/20/2008 | Rifle Shoot |
| 5/20/2008 | Search and Seizure Training |
| 5/20/2008 | Tactical Firearms |
| 5/20/2008 | Shotgun Shoot |
| 5/20/2008 | Weapon Clearance Policy Review |
| 5/20/2008 | Use of Force Policy Review |
| 3/12/2008 | Officer Safety Certification |
| 3/12/2008 | Arrest and Control |
| 2/27/2008 | Forcible Stops/Pursuits/Shooting Policy |
| 2/27/2008 | Monthly Pistol Shoot |
| 2/27/2008 | Monthly Pistol Shoot |



| | |
|---|---|
| 2/27/2008 | Rifle Shoot |
| 2/27/2008 | Shotgun Shoot |
| 2/27/2008 | Search and Seizure Training |
| 2/20/2008 | Monthly Pistol Shoot |
| 2/14/2008 | Officer Safety Certification |
| 2/13/2008 | Cardiopulmonary Resuscitation |
| 2/13/2008 | Vehicle Code |
| 1/24/2008 | Lidar Certification |
| 1/24/2008 | Lidar Certification |
| 1/17/2008 | Officer Safety Certification |
| 1/17/2008 | Arrest and Control |
| 12/31/2007 | CLETS / NCIC (Limited Access) |
| 12/22/2007 | CLETS |
| 12/22/2007 | CLETS / NCIC (Limited Access) |
| 11/27/2007 | Departmental Emergency Plan/Bomb Incidents |
| 11/27/2007 | Monthly Pistol Shoot |
| 11/27/2007 | Monthly Pistol Shoot |
| 11/27/2007 | Pursuit Policy Review |
| 11/27/2007 | Use of Force Policy Review |
| 11/27/2007 | Search and Seizure Policy Review |
| 11/27/2007 | Shooting Policy Review |
| 11/27/2007 | Tactical Communications |
| 11/17/2007 | Radar Certification |
| 11/17/2007 | Radar Certification |
| 11/2/2007 | Breath Test Training - Breathalyzer |
| 10/19/2007 | Suicide Prevention |
| 9/26/2007 | Special Relationships |
| 9/26/2007 | SEMS/NIMS |
| 9/26/2007 | First Responder Operational |
| 9/19/2007 | First Responder Operational |
| 9/7/2007 | Monthly Pistol Shoot |
| 9/7/2007 | Monthly Pistol Shoot |



| | |
|---|---|
| 9/5/2007 | Privacy Training |
| 9/5/2007 | Drager Breathalyzer Certification |
| 7/30/2007 | Criminal Apprehension Program Training |
| 7/30/2007 | Less Lethal |
| 7/27/2007 | Monthly Pistol Shoot |
| 7/27/2007 | Monthly Pistol Shoot |
| 7/27/2007 | Rifle Shoot |
| 7/27/2007 | Shotgun Shoot |
| 7/26/2007 | Shotgun Shoot |
| 7/26/2007 | Rifle Shoot |
| 7/26/2007 | Monthly Pistol Shoot |
| 7/26/2007 | Monthly Pistol Shoot |
| 6/26/2007 | Vehicle Pursuit (13519.8 P.C.) |
| 6/19/2007 | Tactical Firearms |
| 6/19/2007 | Civil Disturbance/Tactical Formations |
| 6/19/2007 | Arrest and Control |
| 6/19/2007 | Forcible Stops/Pursuits/Shooting Policy |
| 5/1/2007 | Officer Safety Certification |
| 3/23/2007 | Monthly Pistol Shoot |
| 3/23/2007 | Rifle Shoot |
| 3/23/2007 | Cadet Training Class |
| 3/23/2007 | Shotgun Shoot |
| 3/21/2007 | ACLU Settlement Training |
| 3/14/2007 | Weapons of Mass Destruction |
| 1/27/2007 | TRTUE |

Exhibit 28

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Senior Assistant Attorney General
JULIO A. HERNANDEZ
Deputy Attorney General
State Bar No. 260508
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6238
Facsimile: (916) 322-8288
*Attorneys for Defendants Christopher Bates and Jeffrey O'Brien*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jeff Macy, as an individual,**<br>Plaintiff,<br>v.<br>**California Highway Patrol, a State Agency; Officer Christopher Bates; Supervisor Officer Sergeant Jeffrey O'Brien, and Does 1 - 10, inclusive,**<br>Defendants. | 5:23-CV-02245-RGK-BFM<br>**DEFENDANT JEFFREY O'BRIEN'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE**<br>Judge: Hon. Brianna Fuller Mircheff<br>Trial Date: TBA<br>Action Filed: 5/06/2024 |

**PROPOUNDING PARTY:** **PLAINTIFF JEFF MACY**

**RESPONDING PARTY:** **DEFENDANT JEFFREY O'BRIEN**

**SET NO.:** **ONE**

**PRELIMINARY STATEMENT**

Defendant has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action. All of the responses contained herein are based solely upon information and documents which are presently available to, and specifically known by Defendant and disclose only those contentions which presently occur to Defendant. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and lead to additions, changes, and variations from the answers herein.

The following responses are given without prejudice to the right to produce evidence or witnesses which Defendant may later discover. Defendant accordingly reserves the right to change any and all responses herein as additional facts are ascertained, witnesses identified, and legal research is completed. The responses contained herein are made in good faith in an attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Defendant in relation to further discovery and proceedings.

**INTERROGATORY RESPONSES**

**INTERROGATORY NO. 1:**

Provide a list of Defendants training on Plaintiff's right to record an Officer on duty.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects that this interrogatory is vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

/ / /

Further, this interrogatory calls for information not reasonably calculated to lead to the discovery of admissible evidence relevant to this litigation since it is not relevant to the two remaining causes of action for (a) prolonged detention and (b) unlawful search and is not proportional to the needs of the case. The right to record a stop is not within the scope of the two remaining causes of action. See Fed. R. Civ. P. 16(b)(1).

**INTERROGATORY NO. 2:**

List all exhibits Defendants propose to introduce at trial.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this question as premature. He has not fully completed discovery and has not completed trial preparation. Defendant further objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Defendant objects that this interrogatory is vague and ambiguous and calls for privileged information within the attorney-client privilege and seeks information that is protected by attorney's work product. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, Defendant at the present time identifies the MVARS videos recorded by Defendant and Officer Bates during the subject stop of Plaintiff, Incident Detail Report of the subject stop, and Dispatch Audio. However, as discovery is only commencing on this matter, defendant reserves the right to identify additional exhibits hereto not yet identified.

**INTERROGATORY NO. 3:**

Identify each person whom the Defendant expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify & the substance of the facts & opinions to which the expert is expected to testify, & a

summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this question as premature as it seeks the results of any investigation performed in anticipation of litigation and discovery is ongoing. Defendant further objects to this interrogatory in that it requests information that is unknown at this time and therefore, Defendant is unable to respond. Defendant further objects that this interrogatory is vague and ambiguous and calls for privileged information within the attorney-client privilege and seeks information that is protected by attorney's work product.

**INTERROGATORY NO. 4:**

Provide a list of Defendants training on seatbelts.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects that this interrogatory is vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responds as follows: Responding Officer does not recall a training related solely the use of seatbelts. However, see Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 5:**

Provide a list of Defendants training on identifying themselves.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects that this interrogatory is argumentative, vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of

standard discovery requests.

Further, this interrogatory is not relevant to the two remaining causes of action for (a) prolonged detention and (b) unlawful search and is not proportional to the needs of the case nor is it reasonably calculated to lead to the discovery of admissible evidence. And whether an officer identify themselves is not within the scope of the two remaining causes of action. See Fed. R. Civ. P. 16(b)(1).

**INTERROGATORY NO. 6:**

Provide a list of Defendants training on displaying nametags.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects that this interrogatory is argumentative, vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Further, this interrogatory is not relevant to the two remaining causes of action for (a) prolonged detention and (b) unlawful search and is not proportional to the needs of the case nor is it reasonably calculated to lead to the discovery of admissible evidence. And whether an officer displays a nametag is not within the scope of the two remaining causes of action. See Fed. R. Civ. P. 16(b)(1).

**INTERROGATORY NO. 7:**

Provide a list of Defendants training on entering vehicles without permission.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects that this interrogatory is vague, ambiguous, and argumentative. Defendant is unable to respond as the interrogatory as phrased since any response appears to seek an improper admission, Defendant objects as to form and the following response is not to be deemed any type of admission. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a

compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responds as follows: Responding Officer does not recall a training related solely entering vehicles without permission. However, the Responding Officer has attended training entitled Search and Seizure Online Refresher Training, Search and Seizure Review, and Search Warrants "A through Z". Additionally Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, traffic laws, traffic stops, and similar circumstances where entering and searching a vehicle can arise. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 8:**

Provide a list of Defendants training on trash companies & 3-point seatbelts.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects that this interrogatory is compound, vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responds as follows: Responding Officer does not recall a training related solely on trash companies and 3-point seatbelts. However, the Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, and traffic laws. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 9:**

Provide a list of Defendants training on passengers not wearing a seatbelt.

/ / /

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects that this interrogatory is argumentative, vague and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responses as follows: Responding Officer does not recall a training related solely the use of seatbelts. However, the Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, and traffic laws. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 10:**

Provide a list of Defendants training on how long they can detain someone.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects that this interrogatory is overbroad as to the term “they”, vague, and ambiguous. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, Responding Officer does not recall a training related solely the length detention can last. However, Defendant has attended training entitled Search and Seizure Online Refresher Training; Search and Seizure Review; Search Warrants “A through Z”; Arrest and Control; Arrest and Control/ Use of Force; and Arrest and Control New Tech and Initial RCB, and other training with similar topics. Additionally, Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, search and seizure, and

traffic laws. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 11:**

Provide a list of Defendants training on whether or not the driver is responsible for passengers wearing a seatbelt.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects that this interrogatory as it is repetitive, calls for a legal opinion or conclusion, is overly burdensome and harassing. Defendant previously answered a question related to seatbelt training, see responses to Interrogatories #8 and #9. Furthermore, Defendant objects to this interrogatory because it is vague and ambiguous as to the term "responsible" and it also calls for a legal opinion or conclusion. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the responding party responds as follows: Responding Officer does not recall a training related solely to whether a driver is responsible for passengers wearing seatbelts. However, the Responding Officer received CHP Academy training and continues to participate on ongoing training and review on the rights of the general public, and traffic laws. See Exhibit A listing of trainings the Responding Officer has received.

**INTERROGATORY NO. 12:**

Provide a list on how long Defendant was trained & trained on what specifically.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects that this interrogatory is overbroad as to scope and time, vague, ambiguous, repetitive, overly burdensome, and harassing. Defendant previously answered interrogatories related to Defendant's training and has provided a listing of trainings the Officer has received. Additionally, Defendant

objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

Without waiving said objections, but subject to them, the Responding Officer refers to a list of trainings he has attended. See Exhibit A, listing of training the Responding Officer has received.

**INTERROGATORY NO. 13:**

Provide unedited videos of both Defendants camera/dashcam of Traffic stop.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects that this interrogatory is overbroad as to time, vague and ambiguous as to the term "Traffic stop" and unduly burdensome.  Furthermore, Plaintiff appears to be requesting the production of a record without complying with applicable discovery laws.  Defendant is unable to thoughtfully respond to this interrogatory.

**INTERROGATORY NO. 14:**

State the name(s), business address(es) & job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each interrogatory.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to the interrogatory the grounds that it is burdensome, harassing, and intended to intimidate.  Furthermore, the information sought is not relevant nor is it reasonably calculated to lead to discoverable information. Defendant further objects that such information is confidential because it seeks information protected by a right to privacy. Further, Government Code Sections 6254.3 and 7298.300 provide that the home address, home telephone number, personal cellular telephone numbers, and birth dates of all employees of a public agency are not public records and shall not be available for public inspection. Without waiving said objections, but subject to them, Defendant identifies himself,

who can be contacted through his undersigned counsel, and legal counsel.

**INTERROGATORY NO. 15:**

Identify & describe each document & record known to Defendants which are related to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects that this interrogatory is overbroad as to scope and time, vague, ambiguous, and seeks information that is privileged pursuant to the Attorney-client communications, attorney work product, and official information privileges. Additionally, Defendant objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests. Furthermore, the interrogatory calls for information that is not reasonably calculated to lead to the discovery of admissible evidence and thus irrelevant to the remaining causes of action for (a) prolonged detention and (b) unlawful search and is not proportional to the needs of the case.

Without waiving said objections, but subject to them, Defendant identifies the Incident Detail Report, Dispatch Audio, MVARS, Plaintiff's government claim/complaint and related documents regarding the subject stop, and documents related to the present lawsuit.

Dated: September 16, 2024

Respectfully submitted,
Rob Bonta
Attorney General of California
Iveta Ovsepyan
Senior Assistant Attorney General

Julio A. Hernandez
Deputy Attorney General
*Attorneys for Defendants*
*Christopher Bates and Jeffrey O'Brien*

**VERIFICATION**

I, Sergeant Jeffrey O'Brien, am a party to the above-entitled action. I know the contents of the foregoing response entitled Defendant Jeffrey O'Brien's Responses to Plaintiff's Form Interrogatories, Set One, in the case of *Jeff Macy, as an individual v. California Highway Patrol, et al.,* United States District Court for the Central District of California, Case Number, 5:23-CV-02245-RGK-BFM. I believe that the responses are true and correct to the best of my knowledge, information and belief.

I do solemnly declare and affirm under the penalty of perjury that the above is true and correct, and that this verification is executed on September 13, 2024, at Running Springs, California.

19087

Jeffrey O'Brien

# DECLARATION OF SERVICE BY E-MAIL AND U.S. MAIL

**Case Name:** ***Macy, Jeff, et al. v. California Highway Patrol, et al.***
**Case No.:** **5:23-CV-02245-RGK-BFM**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **September 16, 2024**, I served the attached **DEFENDANT JEFFREY O'BRIEN'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE** by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Jeff Macy
P.O. Box #103
Twin Peaks, CA 92391

E-mail: macybuilders@yahoo.com

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **September 16, 2024**, at Sacramento, California.

Donna Kulczyk
Declarant

Signature

SA2024302219
38407385.docx

# EXHIBIT A

Name: JEFFREY W OBRIEN Badge No: 019087 Badge Qualification:

| Completion Date | Training Course |
|---|---|
| 7/9/2024 | QRT A 3rd Quarter |
| 7/9/2024 | QRT B 3rd Quarter |
| 5/30/2024 | Safety Restraint Chair |
| 5/30/2024 | Area Asset Forfeiture Personnel Training |
| 5/30/2024 | Area Asset Forfeiture Personnel Training |
| 5/30/2024 | Commanders Hour Training Series 2nd Quarter |
| 5/2/2024 | Commanders Hour Training Series 2nd Quarter |
| 5/2/2024 | Area Asset Forfeiture Personnel Training |
| 5/2/2024 | Arrest and Control/Use of Force |
| 5/2/2024 | Safety Restraint Chair |
| 5/2/2024 | Officer Safety Certification |
| 4/23/2024 | Property & Evidence Mgmt Train the Trainer |
| 4/23/2024 | QRT A 2nd Quarter |
| 4/23/2024 | QRT B 2nd Quarter |
| 3/28/2024 | Pistol Shoot |
| 3/19/2024 | Sexual Harassment Prevention- Supervisors (DFEH) |
| 3/18/2024 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 3/18/2024 | Fire Extinguisher Training Video - Initial/Annual |
| 3/18/2024 | Workplace Violence Awareness Training |
| 2/29/2024 | First Aid/CPR/AED |
| 2/29/2024 | EEO Semi Annual Presentation 1st Quarter |
| 2/29/2024 | EEO Semi Annual Presentation 1st Quarter |
| 2/29/2024 | Administration of Naloxone |
| 2/29/2024 | Commanders Hour Training Series 1st Quarter |



| Date | Course |
|---|---|
| 2/20/2024 | Legislative Updates/Vehicle Code |
| 2/15/2024 | EEO Cultural Awareness & Ethics (Online) |
| 2/15/2024 | QRT B 1st Quarter |
| 2/15/2024 | QRT A 1st Quarter |
| 2/8/2024 | EEO Semi Annual Presentation 1st Quarter |
| 2/8/2024 | First Aid/CPR/AED |
| 2/8/2024 | Commanders Hour Training Series 1st Quarter |
| 2/8/2024 | Administration of Naloxone |
| 2/6/2024 | Work Zone Enforcement Training |
| 2/5/2024 | Work Zone Enforcement Training |
| 1/24/2024 | Progressive Discipline/POBR given by OIA |
| 12/18/2023 | Shotgun Shoot |
| 12/6/2023 | Spike Strip Deployment Training |
| 12/6/2023 | TASER X2 End User Refresher |
| 12/6/2023 | QRT A 4th Quarter |
| 12/6/2023 | QRT B 4th Quarter |
| 12/6/2023 | Commanders Hour Training Series 4th Quarter |
| 10/26/2023 | Hazmat Incident Command Update (Supervisors) |
| 10/24/2023 | Rifle Shoot |
| 10/24/2023 | Rifle Shoot |
| 10/24/2023 | Pistol Shoot |
| 10/24/2023 | Pistol Shoot |
| 10/24/2023 | Shotgun Shoot |
| 10/24/2023 | Shotgun Shoot |
| 8/10/2023 | Pistol Shoot |
| 8/9/2023 | QRT B 3rd Quarter |
| 8/9/2023 | QRT A 3rd Quarter |
| 8/9/2023 | EEO Cultural Awareness & Ethics (Online) |
| 8/9/2023 | Workplace Violence Awareness Training |
| 7/1/2023 | Sexual Harassment Prevention- Supervisors (DFEH) |
| 6/29/2023 | Crisis Intervention Training Online Refresher |
| 6/23/2023 | Bloodborne Path/Aerosol Trans Diseases (ATD) |

| Date | Training |
| --- | --- |
| 6/20/2023 | Active Shooter Response Tac Cas Care Recert |
| 5/31/2023 | Driver Training/Awareness |
| 5/31/2023 | Rifle Shoot |
| 5/31/2023 | Pistol Shoot |
| 5/31/2023 | Shotgun Shoot |
| 4/11/2023 | Fentanyl and Law Enforcement |
| 4/5/2023 | QRT A 2nd Quarter |
| 4/5/2023 | QRT B 2nd Quarter |
| 1/26/2023 | QRT B 1st Quarter |
| 1/26/2023 | Fire Extinguisher Training Video - Initial/Annual |
| 1/26/2023 | Legislative Updates/Vehicle Code |
| 1/23/2023 | QRT A 1st Quarter |
| 12/31/2022 | Hate Crimes |
| 12/30/2022 | Tactical Communications |
| 12/7/2022 | Shotgun Shoot 4th Quarter Complete |
| 12/7/2022 | Shotgun Shoot |
| 12/7/2022 | Shotgun Shoot |
| 12/7/2022 | Commanders Hour Training Series 4th Quarter |
| 12/7/2022 | Pistol Shoot |
| 12/7/2022 | Pistol Shoot |
| 12/7/2022 | Pistol Shoot 4th Quarter Complete |
| 12/7/2022 | Officer Safety Training (Area) |
| 12/7/2022 | Rifle Shoot 4th Quarter Complete |
| 12/7/2022 | Rifle Shoot |
| 12/7/2022 | Rifle Shoot |
| 10/25/2022 | QRT A 4th Quarter |
| 10/25/2022 | QRT B 4th Quarter |
| 10/25/2022 | Crisis Intervention Training Online Refresher |
| 10/25/2022 | EEO Cultural Awareness & Ethics (Online) |
| 10/25/2022 | Workplace Violence Awareness Training |
| 10/7/2022 | Hazmat Incident Command Update (Supervisors) |
| 9/29/2022 | Rifle Shoot |



| Date | Training |
|---|---|
| 9/29/2022 | Rifle Shoot 2nd Quarter Complete |
| 9/29/2022 | Pistol Shoot |
| 9/29/2022 | Pistol Shoot 2nd Quarter Complete |
| 9/28/2022 | Mobile Video/Audio Recording System (MVARS) Review |
| 9/28/2022 | Emergency Action Plan Review |
| 9/28/2022 | Emergency Operations Plan (EOP) |
| 9/28/2022 | Area Asset Forfeiture Personnel Training |
| 9/28/2022 | AVLS Policy Review |
| 9/15/2022 | Legal Update: Positional Asphyxia (GC 7286.5) |
| 9/13/2022 | QRT B 3rd Quarter |
| 9/13/2022 | QRT A 3rd Quarter |
| 7/20/2022 | Rifle Shoot 3rd Quarter Complete |
| 7/20/2022 | Rifle Shoot |
| 7/20/2022 | Pistol Shoot 3rd Quarter Complete |
| 7/20/2022 | Pistol Shoot |
| 7/20/2022 | Commanders Hour Training Series 3rd Quarter |
| 6/30/2022 | Racial Profiling Training |
| 5/28/2022 | QRT B 2nd Quarter |
| 5/28/2022 | QRT A 2nd Quarter |
| 5/25/2022 | Officer Safety Certification |
| 5/25/2022 | Commanders Hour Training Series 2nd Quarter |
| 5/25/2022 | Arrest and Control/Use of Force |
| 4/18/2022 | Fire Extinguisher Training Video - Initial/Annual |
| 3/2/2022 | First Aid/CPR/AED |
| 3/2/2022 | Civil Disturbance/Tactical Formations |
| 3/2/2022 | Commanders Hour Training Series 1st Quarter |
| 3/2/2022 | Special Relationships |
| 2/26/2022 | Legislative Updates/Vehicle Code |
| 1/26/2022 | QRT A 1st Quarter |
| 1/26/2022 | QRT B 1st Quarter |
| 12/2/2021 | Rifle Shoot 2nd Quarter Complete |
| 12/2/2021 | Rifle Shoot |



| Date | Training |
|---|---|
| 12/2/2021 | Rifle Shoot |
| 12/2/2021 | Rifle Shoot |
| 12/2/2021 | Pistol Shoot |
| 12/2/2021 | Pistol Shoot |
| 12/2/2021 | Pistol Shoot |
| 12/2/2021 | Pistol Shoot 3rd Quarter Complete |
| 12/2/2021 | Shotgun Shoot |
| 11/30/2021 | EV20 Familiarization Online Training |
| 11/30/2021 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 11/12/2021 | QRT A 4th Quarter |
| 11/12/2021 | QRT B 4th Quarter |
| 11/9/2021 | Hazmat Incident Command Update (Supervisors) |
| 10/6/2021 | Commanders Hour Training Series 4th Quarter |
| 10/6/2021 | Officer Safety Training (Area) |
| 10/6/2021 | TASER X2 End User Refresher |
| 7/28/2021 | Tactical Firearms |
| 7/28/2021 | Pistol Shoot |
| 7/28/2021 | Pistol Shoot |
| 7/28/2021 | Pistol Shoot |
| 7/28/2021 | Pistol Shoot 2nd Quarter Complete |
| 7/28/2021 | Commanders Hour Training Series 3rd Quarter |
| 7/21/2021 | Information Security and Privacy Protection |
| 7/21/2021 | QRT B 3rd Quarter |
| 7/21/2021 | QRT A 3rd Quarter |
| 6/23/2021 | QRT B 2nd Quarter |
| 6/19/2021 | QRT A 2nd Quarter |
| 6/13/2021 | EEO Cultural Awareness & Ethics (Online) |
| 6/13/2021 | Crisis Intervention Training Online Refresher |
| 6/13/2021 | Workplace Violence Awareness Training |
| 5/25/2021 | Law Enforcement Response - Wildland Fire |
| 5/5/2021 | Driver Training/Awareness |
| 5/5/2021 | Commanders Hour Training Series 2nd Quarter |

| Date | Training |
|---|---|
| 5/5/2021 | Area Asset Forfeiture Personnel Training |
| 5/5/2021 | EV20 Basic User Training |
| 5/5/2021 | Pursuit Policy Review (Area Specific) |
| 5/5/2021 | Pistol Shoot 1st Quarter Complete |
| 5/5/2021 | Pistol Shoot |
| 5/5/2021 | Pistol Shoot |
| 5/5/2021 | Pistol Shoot |
| 5/5/2021 | Rifle Shoot |
| 5/5/2021 | Rifle Shoot |
| 5/5/2021 | Rifle Shoot |
| 5/5/2021 | Rifle Shoot 1st Quarter Complete |
| 5/5/2021 | Shotgun Shoot |
| 5/5/2021 | Shotgun Shoot 1st Quarter Complete |
| 5/1/2021 | CLETS/NCIC |
| 3/24/2021 | Commanders Hour Training Series 1st Quarter |
| 3/24/2021 | Commanders Hour Training Series 1st Quarter |
| 3/24/2021 | Civil Disturbance/Tactical Formations |
| 3/24/2021 | Civil Disturbance/Tactical Formations |
| 3/24/2021 | First Aid Refresher |
| 3/24/2021 | First Aid Refresher |
| 3/24/2021 | Legislative Updates/Vehicle Code |
| 3/24/2021 | Legislative Updates/Vehicle Code |
| 3/24/2021 | Pursuit Policy Review (Area Specific) |
| 3/24/2021 | WMVARS Initial Officer Training |
| 3/1/2021 | PC 13519.10 - Use of Force Review and Analysis |
| 1/26/2021 | Preventing COVID-19 Infections in the Workplace |
| 1/26/2021 | Fire Extinguisher Training Video - Initial/Annual |
| 1/15/2021 | QRT A 1st Quarter |
| 1/15/2021 | QRT B 1st Quarter |
| 1/6/2021 | Area Asset Forfeiture Personnel Training |
| 12/31/2020 | AVLS Policy Review |
| 12/31/2020 | Crisis Intervention Training Online Refresher |



| | |
|---|---|
| 12/31/2020 | Emergency Operations Plan (EOP) |
| 12/31/2020 | Mobile Video/Audio Recording System (MVARS) Review |
| 12/27/2020 | QRT A 4th Quarter |
| 12/27/2020 | QRT B 4th Quarter |
| 12/23/2020 | Tactical Communications |
| 12/17/2020 | Information Security and Privacy Protection |
| 10/8/2020 | Hazmat Incident Command Update (Supervisors) |
| 10/1/2020 | Pistol Shoot |
| 9/24/2020 | Intoximeters Alco-Sensor V XL |
| 9/24/2020 | Intoximeters Intox EC/IR II |
| 8/25/2020 | Workplace Violence Awareness Training |
| 8/5/2020 | Commanders Hour Training Series 3rd Quarter |
| 8/5/2020 | Commanders Hour Training Series 3rd Quarter |
| 8/5/2020 | Commanders Hour Training Series 3rd Quarter |
| 8/5/2020 | Commanders Hour Training Series 3rd Quarter |
| 8/5/2020 | Arrest and Control New Tech and Initial RCB |
| 8/5/2020 | Arrest and Control New Tech and Initial RCB |
| 8/5/2020 | Arrest and Control New Tech and Initial RCB |
| 8/5/2020 | Pursuit Policy Review (Area Specific) |
| 7/10/2020 | QRT B 3rd Quarter |
| 7/9/2020 | QRT A 3rd Quarter |
| 7/1/2020 | Pistol Shoot |
| 6/23/2020 | EEO Sexual Harass Prevent Training (AB 1825) |
| 4/17/2020 | QRT B 2nd Quarter |
| 4/14/2020 | QRT A 2nd Quarter |
| 4/1/2020 | Pistol Shoot |
| 3/30/2020 | Pistol Shoot |
| 3/30/2020 | Pistol Shoot |
| 3/30/2020 | QRT A 1st Quarter |
| 3/30/2020 | QRT B 1st Quarter |
| 3/30/2020 | Rifle Shoot |
| 3/30/2020 | Rifle Shoot |



| Date | Training |
|---|---|
| 3/30/2020 | Rifle Shoot |
| 3/30/2020 | Civil Disturbance/Tactical Formations |
| 3/30/2020 | Shotgun Shoot |
| 2/12/2020 | Commanders Hour Training Series 1st Quarter |
| 2/12/2020 | Bloodborne Path/Aerosol Trans Diseases (ATD) |
| 2/12/2020 | First Aid/CPR/AED |
| 2/12/2020 | Legislative Updates/Vehicle Code |
| 1/23/2020 | Emergency Action Plan Review |
| 1/9/2020 | Fire Extinguisher Training Video - Initial/Annual |
| 1/7/2020 | Rifle Shoot |
| 1/7/2020 | Rifle Shoot |
| 1/7/2020 | Pistol Shoot |
| 1/7/2020 | Shotgun Shoot |
| 1/1/2020 | Pistol Shoot |
| 12/5/2019 | Monthly Pistol Shoot |
| 12/5/2019 | Rifle Shoot |
| 12/5/2019 | Shotgun Shoot |
| 11/26/2019 | GO 100.46 Reporting of Highway Conditions |
| 11/26/2019 | Assembly Bill 392 Training Video |
| 10/24/2019 | AVLS Policy Review |
| 10/24/2019 | Aerosol Subject Restraint |
| 10/24/2019 | Civil Disturbance Policy Review |
| 10/24/2019 | Forcible Stops Policy Review |
| 10/24/2019 | Information Security and Privacy Protection |
| 10/24/2019 | Less Lethal Shotgun Policy Review |
| 10/24/2019 | Emergency Action Plan Review |
| 10/24/2019 | Electronic Control Device- Policy Review |
| 10/24/2019 | EEO Policy Review per CHP 237A |
| 10/24/2019 | QRT B |
| 10/24/2019 | Sergeants Leadership Forum |
| 10/24/2019 | Shooting Policy Review |
| 10/24/2019 | Mobile Video/Audio Recording System (MVARS) Review |



| | |
|---|---|
| 10/24/2019 | QRT A |
| 10/24/2019 | Pursuit Policy Review |
| 10/24/2019 | Use of Force Policy Review |
| 10/24/2019 | WMD/PPE Inspection |
| 9/23/2019 | Commanders Hour Training Series |
| 9/16/2019 | EEO Sexual Harass Prevent Training (AB 1825) |
| 9/10/2019 | Hazmat Incident Command Update (Supervisors) |
| 9/10/2019 | Hazmat Incident Command Update (Supervisors) |
| 8/14/2019 | Monthly Pistol Shoot |
| 8/14/2019 | Rifle Shoot |
| 8/14/2019 | Shotgun Shoot |
| 7/12/2019 | Search and Seizure Online Refresher Training |
| 7/8/2019 | Shooting Policy Review |
| 7/8/2019 | Mobile Video/Audio Recording System (MVARS) Review |
| 7/8/2019 | Pursuit Policy Review |
| 7/8/2019 | Forcible Stops Policy Review |
| 7/8/2019 | Less Lethal Shotgun Policy Review |
| 7/8/2019 | EEO Policy Review per CHP 237A |
| 7/8/2019 | Electronic Control Device- Policy Review |
| 7/8/2019 | Emergency Action Plan Review |
| 7/8/2019 | Civil Disturbance Policy Review |
| 7/8/2019 | Aerosol Subject Restraint |
| 7/8/2019 | AVLS Policy Review |
| 7/8/2019 | Use of Force Policy Review |
| 7/8/2019 | WMD/PPE Inspection |
| 6/20/2019 | Search and Seizure Online Refresher Training |
| 6/12/2019 | CLETS/NCIC |
| 6/12/2019 | EEO Cultural Awareness & Ethics (Online) |
| 6/12/2019 | Fire Extinguisher Training Video - Initial/Annual |
| 6/12/2019 | Workplace Violence Awareness Training |
| 4/12/2019 | Shotgun Shoot |
| 4/12/2019 | Rifle Shoot |



| | |
|---|---|
| 4/12/2019 | Monthly Pistol Shoot |
| 4/4/2019 | Mobile Video/Audio Recording System (MVARS) Review |
| 4/4/2019 | Pursuit Policy Review |
| 4/4/2019 | Shooting Policy Review |
| 4/4/2019 | Emergency Action Plan Review |
| 4/4/2019 | Electronic Control Device- Policy Review |
| 4/4/2019 | Less Lethal Shotgun Policy Review |
| 4/4/2019 | Forcible Stops Policy Review |
| 4/4/2019 | Civil Disturbance Policy Review |
| 4/4/2019 | AVLS Policy Review |
| 4/4/2019 | Aerosol Subject Restraint |
| 4/4/2019 | Use of Force Policy Review |
| 4/4/2019 | WMD/PPE Inspection |
| 3/29/2019 | Search and Seizure Online Refresher Training |
| 3/22/2019 | Electronic Stability Control (ESC) Video Training |
| 3/18/2019 | Conflict Control and Resolution |
| 3/18/2019 | Strategic Management |
| 2/20/2019 | Special Relationships |
| 2/20/2019 | Use of Force Policy Review |
| 2/20/2019 | WMD/PPE Inspection |
| 2/20/2019 | Commanders Hour Training Series |
| 2/20/2019 | Civil Disturbance Policy Review |
| 2/20/2019 | Civil Disturbance/Tactical Formations |
| 2/20/2019 | Aerosol Subject Restraint |
| 2/20/2019 | Electronic Control Device- Policy Review |
| 2/20/2019 | Emergency Action Plan Review |
| 2/20/2019 | Emergency Operations Plan (EOP) |
| 2/20/2019 | Forcible Stops Policy Review |
| 2/20/2019 | Less Lethal Shotgun Policy Review |
| 2/20/2019 | Legislative Updates/Vehicle Code |
| 2/20/2019 | Shooting Policy Review |
| 2/20/2019 | Pursuit Policy Review |



| Date | Course |
|---|---|
| 2/20/2019 | Pursuit Policy Review (Area Specific) |
| 2/13/2019 | POBR and Internal Investigations Uniformed Super |
| 1/8/2019 | Pursuit Policy Review |
| 1/8/2019 | Mobile Video/Audio Recording System (MVARS) Review |
| 1/8/2019 | Monthly Pistol Shoot |
| 1/8/2019 | Shooting Policy Review |
| 1/8/2019 | Rifle Shoot |
| 1/8/2019 | Less Lethal Shotgun Policy Review |
| 1/8/2019 | Forcible Stops Policy Review |
| 1/8/2019 | Emergency Action Plan Review |
| 1/8/2019 | Electronic Control Device- Policy Review |
| 1/8/2019 | Aerosol Subject Restraint |
| 1/8/2019 | AVLS Policy Review |
| 1/8/2019 | Civil Disturbance Policy Review |
| 1/8/2019 | WMD/PPE Inspection |
| 1/8/2019 | Use of Force Policy Review |
| 1/8/2019 | Shotgun Shoot |
| 12/20/2018 | Commanders Hour Training Series |
| 12/18/2018 | Hazmat Incident Command Update (Supervisors) |
| 12/12/2018 | Less Lethal Shotgun (2 rounds) |
| 12/12/2018 | Electronic Control Device- Policy Review |
| 12/12/2018 | Emergency Operations Plan (EOP) |
| 12/12/2018 | RIPA Training |
| 12/12/2018 | Officer Safety Training (Area) |
| 12/12/2018 | Tactical Firearms |
| 12/12/2018 | TASER X2 End User Refresher |
| 12/7/2018 | WMD/PPE Inspection |
| 12/6/2018 | Shotgun Shoot |
| 12/6/2018 | Monthly Pistol Shoot |
| 12/6/2018 | Rifle Shoot |
| 12/4/2018 | Shooting Policy Review |
| 12/4/2018 | Search and Seizure Online Refresher Training |

| Date | Training |
| --- | --- |
| 12/4/2018 | Mobile Video/Audio Recording System (MVARS) Review |
| 12/4/2018 | Pursuit Policy Review |
| 12/4/2018 | Emergency Action Plan Review |
| 12/4/2018 | EEO Cultural Awareness & Ethics (Online) |
| 12/4/2018 | EEO Policy Review per CHP 237A |
| 12/4/2018 | Electronic Control Device- Policy Review |
| 12/4/2018 | Less Lethal Shotgun Policy Review |
| 12/4/2018 | Forcible Stops Policy Review |
| 12/4/2018 | Civil Disturbance Policy Review |
| 12/4/2018 | AVLS Policy Review |
| 12/4/2018 | Aerosol Subject Restraint |
| 12/4/2018 | Use of Force Policy Review |
| 12/4/2018 | WMD/PPE Inspection |
| 12/3/2018 | Information Security and Privacy Protection |
| 12/3/2018 | Fire Extinguisher Training Video - Initial/Annual |
| 11/29/2018 | Racial Profiling Training |
| 11/27/2018 | Commanders Hour Training Series |
| 11/1/2018 | Monthly Pistol Shoot |
| 10/1/2018 | Monthly Pistol Shoot |
| 10/1/2018 | Racial Profiling Training |
| 9/7/2018 | Search and Seizure Online Refresher Training |
| 9/6/2018 | Rifle Shoot |
| 9/6/2018 | Monthly Pistol Shoot |
| 9/6/2018 | Officer Safety Training (Area) |
| 9/6/2018 | Officer Safety Certification |
| 9/6/2018 | Arrest and Control |
| 9/6/2018 | Shotgun Shoot |
| 9/5/2018 | Use of Force Policy Review |
| 9/5/2018 | WMD/PPE Inspection |
| 9/5/2018 | Aerosol Subject Restraint |
| 9/5/2018 | Civil Disturbance Policy Review |
| 9/5/2018 | Electronic Control Device- Policy Review |



| Date | Training |
|---|---|
| 9/5/2018 | Forcible Stops Policy Review |
| 9/5/2018 | Less Lethal Shotgun Policy Review |
| 9/5/2018 | Pursuit Policy Review |
| 9/5/2018 | Shooting Policy Review |
| 8/1/2018 | Monthly Pistol Shoot |
| 7/2/2018 | Monthly Pistol Shoot |
| 6/22/2018 | Search and Seizure Online Refresher Training |
| 6/22/2018 | Emergency Operations Plan (EOP) |
| 6/20/2018 | Electronic Control Device- Policy Review |
| 6/20/2018 | Less Lethal Shotgun Policy Review |
| 6/20/2018 | Forcible Stops Policy Review |
| 6/20/2018 | Civil Disturbance Policy Review |
| 6/20/2018 | Aerosol Subject Restraint |
| 6/20/2018 | Rifle Shoot |
| 6/20/2018 | Rifle Shoot |
| 6/20/2018 | Rifle Shoot |
| 6/20/2018 | Shooting Policy Review |
| 6/20/2018 | Monthly Pistol Shoot |
| 6/20/2018 | Pursuit Policy Review |
| 6/20/2018 | WMD/PPE Inspection |
| 6/20/2018 | Use of Force Policy Review |
| 6/20/2018 | Shotgun Shoot |
| 5/7/2018 | Commanders Hour Training Series |
| 5/1/2018 | Monthly Pistol Shoot |
| 4/2/2018 | Monthly Pistol Shoot |
| 3/28/2018 | Monthly Pistol Shoot |
| 3/28/2018 | Rifle Shoot |
| 3/28/2018 | Rifle Shoot |
| 3/28/2018 | Rifle Shoot |
| 3/28/2018 | Shotgun Shoot |
| 3/8/2018 | Workplace Violence Awareness Training |
| 3/8/2018 | Search and Seizure Online Refresher Training |



| | |
|---|---|
| 3/8/2018 | Aerosol Transmissible Disease (ATD) Designee Train |
| 3/8/2018 | First Aid/CPR/AED |
| 2/26/2018 | Ergonomics Training |
| 2/22/2018 | First Aid/CPR/AED |
| 2/22/2018 | First Aid/CPR/AED |
| 2/22/2018 | Electronic Control Device- Policy Review |
| 2/22/2018 | Emergency Action Plan Review |
| 2/22/2018 | Forcible Stops Policy Review |
| 2/22/2018 | Less Lethal Shotgun Policy Review |
| 2/22/2018 | Legislative Updates/Vehicle Code |
| 2/22/2018 | Legislative Updates/Vehicle Code |
| 2/22/2018 | Aerosol Subject Restraint |
| 2/22/2018 | AVLS Policy Review |
| 2/22/2018 | Commanders Hour Training Series |
| 2/22/2018 | Domestic Violence |
| 2/22/2018 | Civil Disturbance Policy Review |
| 2/22/2018 | Civil Disturbance/Tactical Formations |
| 2/22/2018 | Civil Disturbance/Tactical Formations |
| 2/22/2018 | Shooting Policy Review |
| 2/22/2018 | Mobile Video/Audio Recording System (MVARS) Review |
| 2/22/2018 | Pursuit Policy Review |
| 2/22/2018 | Pursuit Policy Review (Area Specific) |
| 2/22/2018 | Public Trust- Gabe Potter Video |
| 2/22/2018 | WMD/PPE Inspection |
| 2/22/2018 | Special Relationships |
| 2/22/2018 | Special Relationships |
| 2/22/2018 | Use of Force Policy Review |
| 2/1/2018 | Monthly Pistol Shoot |
| 1/2/2018 | Monthly Pistol Shoot |
| 12/21/2017 | Monthly Pistol Shoot |
| 12/21/2017 | Shotgun Shoot |
| 12/21/2017 | Rifle Shoot |



| Date | Course |
| --- | --- |
| 12/21/2017 | Rifle Shoot |
| 12/18/2017 | Radioactive Materials (RAM) Initial |
| 11/27/2017 | Information Security and Privacy Protection |
| 11/27/2017 | Tactical Communications |
| 10/31/2017 | TREDS |
| 10/31/2017 | Driver Training/Awareness |
| 10/25/2017 | Civil Disturbance Policy Review |
| 10/25/2017 | CEW - Policy Review |
| 10/25/2017 | Aerosol Subject Restraint |
| 10/25/2017 | Arrest and Control |
| 10/25/2017 | Forcible Stops Policy Review |
| 10/25/2017 | Less Lethal Shotgun Policy Review |
| 10/25/2017 | Shooting Policy Review |
| 10/25/2017 | Officer Safety Certification |
| 10/25/2017 | Officer Safety Training (Area) |
| 10/25/2017 | Pursuit Policy Review |
| 10/25/2017 | Use of Force Policy Review |
| 10/25/2017 | WMD/PPE Inspection |
| 10/18/2017 | Search and Seizure Online Refresher Training |
| 10/13/2017 | Hazmat Incident Command Update (Supervisors) |
| 9/27/2017 | Less Lethal Shotgun (2 rounds) |
| 9/27/2017 | Civil Disturbance/Tactical Formations |
| 9/27/2017 | Rifle Shoot |
| 9/27/2017 | Shotgun Shoot |
| 9/27/2017 | Shotgun Handling |
| 9/27/2017 | Monthly Pistol Shoot |
| 9/27/2017 | TASER X2 End User Refresher |
| 9/14/2017 | Shotgun Shoot |
| 8/31/2017 | Advanced Roadside Impaired Driving Enforcement |
| 8/21/2017 | EEO Cultural Awareness & Ethics (Online) |
| 7/28/2017 | Graduated Driver Licensing Video |
| 7/25/2017 | Forcible Stops Policy Review |



| Date | Course |
|---|---|
| 7/25/2017 | Less Lethal Shotgun Policy Review |
| 7/25/2017 | EEO Sexual Harass Prevent Training (AB 1825) |
| 7/25/2017 | Fire Extinguisher Training Video - Initial/Annual |
| 7/25/2017 | Aerosol Subject Restraint |
| 7/25/2017 | CEW - Policy Review |
| 7/25/2017 | Civil Disturbance Policy Review |
| 7/25/2017 | CLETS/NCIC Limited Access |
| 7/25/2017 | Shooting Policy Review |
| 7/25/2017 | Pursuit Policy Review |
| 7/25/2017 | Use of Force Policy Review |
| 7/25/2017 | WMD/PPE Inspection |
| 7/17/2017 | Search and Seizure Online Refresher Training |
| 7/17/2017 | Aerosol Transmissible Disease (ATD) |
| 5/25/2017 | Rifle Shoot (20 rounds) |
| 5/25/2017 | Rifle Shoot (20 rounds) |
| 5/25/2017 | Shotgun Handling |
| 5/25/2017 | Monthly Pistol Shoot |
| 5/25/2017 | Shotgun Shoot (9 rounds) |
| 5/25/2017 | Shotgun Shoot (9 rounds) |
| 5/24/2017 | Use of Force Policy Review |
| 5/24/2017 | WMD/PPE Inspection |
| 5/24/2017 | Pursuit Policy Review |
| 5/24/2017 | Shooting Policy Review |
| 5/24/2017 | Search and Seizure Online Refresher Training |
| 5/24/2017 | Aerosol Subject Restraint |
| 5/24/2017 | CEW - Policy Review |
| 5/24/2017 | Civil Disturbance Policy Review |
| 5/24/2017 | Less Lethal Shotgun Policy Review |
| 5/24/2017 | Forcible Stops Policy Review |
| 4/11/2017 | M&P .40 Transition Course |
| 4/11/2017 | M&P 40C Supplemental Firearms Training |
| 4/11/2017 | Departmental Firearms Inspection Course |



| Date | Course |
|---|---|
| 4/11/2017 | Monthly Pistol Shoot |
| 4/11/2017 | Monthly Pistol Shoot |
| 3/27/2017 | Monthly Pistol Shoot |
| 3/27/2017 | Shotgun Handling |
| 3/27/2017 | Shotgun Shoot (9 rounds) |
| 3/27/2017 | Shotgun Shoot (9 rounds) |
| 2/8/2017 | Special Relationships |
| 2/8/2017 | Radar Annual Re-Certification |
| 2/8/2017 | Pursuit Policy Attestation |
| 2/8/2017 | Emergency Medical Responder Recertification |
| 2/7/2017 | Fire Extinguisher Training Video - Initial/Annual |
| 2/5/2017 | Search and Seizure Online Refresher Training |
| 2/5/2017 | Workplace Violence Awareness Training |
| 1/25/2017 | WMD/PPE Inspection |
| 1/25/2017 | Use of Force Policy Review |
| 1/25/2017 | Shooting Policy Review |
| 1/25/2017 | Pursuit Policy Review |
| 1/25/2017 | Pursuit Policy Review (Area Specific) |
| 1/25/2017 | Mobile Video/Audio Recording System (MVARS) Review |
| 1/25/2017 | Emergency Operations Plan (EOP) |
| 1/25/2017 | Less Lethal Shotgun Policy Review |
| 1/25/2017 | Legislative Updates/Vehicle Code |
| 1/25/2017 | Forcible Stops Policy Review |
| 1/25/2017 | Civil Disturbance Policy Review |
| 1/25/2017 | CEW - Policy Review |
| 1/25/2017 | AVLS Policy Review |
| 1/25/2017 | Aerosol Subject Restraint |
| 12/7/2016 | Monthly Pistol Shoot |
| 12/7/2016 | Shotgun Shoot |
| 12/7/2016 | Rifle Shoot |
| 11/30/2016 | Rifle Shoot |
| 11/30/2016 | Monthly Pistol Shoot |



| Date | Course |
|---|---|
| 11/25/2016 | Search and Seizure Online Refresher Training |
| 11/25/2016 | Workplace Violence Awareness Training |
| 11/14/2016 | FTEP Supervisor/Administrator/Coordinator (SAC) |
| 10/20/2016 | Public Trust-2016 All Cmdrs Conference Summary |
| 10/12/2016 | Monthly Pistol Shoot |
| 10/11/2016 | Public Service and Trust |
| 10/5/2016 | Area Asset Forfeiture Coordinators Course |
| 9/7/2016 | Monthly Pistol Shoot |
| 9/7/2016 | Rifle Shoot |
| 9/6/2016 | Hazmat Incident Command Update (Supervisors) |
| 8/24/2016 | Forcible Stops Policy Review |
| 8/24/2016 | Less Lethal Shotgun Policy Review |
| 8/24/2016 | Arrest and Control |
| 8/24/2016 | Aerosol Subject Restraint |
| 8/24/2016 | CEW - Policy Review |
| 8/24/2016 | Civil Disturbance Policy Review |
| 8/24/2016 | Shooting Policy Review |
| 8/24/2016 | Officer Safety Certification |
| 8/24/2016 | Pursuit Policy Review (Area Specific) |
| 8/24/2016 | Pursuit Policy Review |
| 8/24/2016 | WMD/PPE Inspection |
| 8/24/2016 | Use of Force Policy Review |
| 8/17/2016 | Monthly Pistol Shoot |
| 6/15/2016 | Monthly Pistol Shoot |
| 6/15/2016 | Monthly Pistol Shoot |
| 6/15/2016 | Rifle Shoot |
| 6/8/2016 | Public Trust- Gabe Potter Video |
| 6/8/2016 | Cardiopulmonary Resuscitation |
| 5/25/2016 | Monthly Pistol Shoot |
| 5/25/2016 | Monthly Pistol Shoot |
| 5/25/2016 | Rifle Shoot |
| 5/25/2016 | Shotgun Shoot |

| | |
|---|---|
| 5/11/2016 | Shooting Policy Review |
| 5/11/2016 | Pursuit Policy Review |
| 5/11/2016 | Pursuit Policy Review (Area Specific) |
| 5/11/2016 | CEW - Policy Review |
| 5/11/2016 | Aerosol Subject Restraint |
| 5/11/2016 | Civil Disturbance Policy Review |
| 5/11/2016 | Less Lethal Shotgun Policy Review |
| 5/11/2016 | Forcible Stops Policy Review |
| 5/11/2016 | Use of Force Policy Review |
| 5/11/2016 | WMD/PPE Inspection |
| 4/13/2016 | Monthly Pistol Shoot |
| 4/13/2016 | Shotgun Shoot |
| 4/8/2016 | Mental Health Intervention Training |
| 4/5/2016 | Tactical Communications |
| 4/5/2016 | TASER X2 End User Refresher |
| 4/5/2016 | Tactical Firearms |
| 3/4/2016 | EEO Cultural Awareness & Ethics (Online) |
| 3/2/2016 | Information Security and Privacy Protection |
| 3/2/2016 | Search and Seizure Online Refresher Training |
| 3/2/2016 | Tactical Communications |
| 2/24/2016 | Radar Annual Re-Certification |
| 2/24/2016 | Lidar Annual Re-Certification |
| 2/24/2016 | Legislative Updates/Vehicle Code |
| 2/24/2016 | Civil Disturbance/Tactical Formations |
| 2/24/2016 | Area Asset Forfeiture Personnel Training |
| 2/3/2016 | Shotgun Shoot |
| 2/3/2016 | Monthly Pistol Shoot |
| 1/22/2016 | Shotgun Shoot |
| 1/20/2016 | Shooting Policy Review |
| 1/20/2016 | Monthly Pistol Shoot |
| 1/20/2016 | Pursuit Policy Review (Area Specific) |
| 1/20/2016 | Pursuit Policy Review |



| Date | Course |
| --- | --- |
| 1/20/2016 | Aerosol Transmissible Disease (ATD) |
| 1/20/2016 | Aerosol Subject Restraint |
| 1/20/2016 | CEW - Policy Review |
| 1/20/2016 | Cardiopulmonary Resuscitation |
| 1/20/2016 | Civil Disturbance Policy Review |
| 1/20/2016 | Less Lethal Shotgun Policy Review |
| 1/20/2016 | Forcible Stops Policy Review |
| 1/20/2016 | Use of Force Policy Review |
| 1/20/2016 | WMD/PPE Inspection |
| 12/3/2015 | Public Service and Trust |
| 12/2/2015 | Monthly Pistol Shoot |
| 12/2/2015 | Rifle Shoot |
| 12/2/2015 | Rifle Shoot |
| 12/2/2015 | Rifle Shoot |
| 12/2/2015 | CIT Orientation |
| 11/25/2015 | Information Security and Privacy Protection |
| 11/18/2015 | Forcible Stops Policy Review |
| 11/18/2015 | Less Lethal Shotgun Policy Review |
| 11/18/2015 | CEW - Refresher User Training |
| 11/18/2015 | Civil Disturbance Policy Review |
| 11/18/2015 | CEW - Policy Review |
| 11/18/2015 | Aerosol Subject Restraint |
| 11/18/2015 | Arrest and Control |
| 11/18/2015 | Shooting Policy Review |
| 11/18/2015 | Shotgun Shoot |
| 11/18/2015 | Shotgun Shoot |
| 11/18/2015 | Monthly Pistol Shoot |
| 11/18/2015 | Pursuit Policy Review |
| 11/18/2015 | Pursuit Policy Review (Area Specific) |
| 11/18/2015 | WMD/PPE Inspection |
| 11/18/2015 | Use of Force Policy Review |
| 11/18/2015 | TASER X2 End User |



| Date | Training |
|---|---|
| 11/18/2015 | TASER X2 End User Refresher |
| 10/21/2015 | Tactical Communications |
| 10/21/2015 | Monthly Pistol Shoot |
| 10/21/2015 | Monthly Pistol Shoot |
| 10/21/2015 | Aerosol Transmissible Disease (ATD) |
| 10/21/2015 | Civil Disturbance/Tactical Formations |
| 10/5/2015 | Search and Seizure Online Refresher Training |
| 9/24/2015 | Search and Seizure Online Refresher Training |
| 9/24/2015 | EEO Sexual Harass Prevent Training (AB 1825) |
| 9/24/2015 | Workplace Violence Awareness Training |
| 9/23/2015 | WMD/PPE Inspection |
| 9/23/2015 | Use of Force Policy Review |
| 9/23/2015 | Emergency Operations Plan (EOP) |
| 9/23/2015 | Less Lethal Shotgun Policy Review |
| 9/23/2015 | Forcible Stops Policy Review |
| 9/23/2015 | Civil Disturbance Policy Review |
| 9/23/2015 | Aerosol Subject Restraint |
| 9/23/2015 | CEW - Policy Review |
| 9/23/2015 | Rifle Shoot |
| 9/23/2015 | Shotgun Shoot |
| 9/23/2015 | Shooting Policy Review |
| 9/23/2015 | Monthly Pistol Shoot |
| 9/23/2015 | Pursuit Policy Review (Area Specific) |
| 9/23/2015 | Pursuit Policy Review |
| 9/15/2015 | Officer Safety Certification |
| 8/19/2015 | Monthly Pistol Shoot |
| 6/30/2015 | EEO Cultural Awareness & Ethics (Online) |
| 6/10/2015 | Area Asset Forfeiture Personnel Training |
| 6/10/2015 | Driver Training/Awareness |
| 5/25/2015 | Domestic Violence Complaints |
| 5/17/2015 | Search and Seizure Online Refresher Training |
| 5/6/2015 | Monthly Pistol Shoot |



| Date | Course |
|---|---|
| 5/6/2015 | Monthly Pistol Shoot |
| 5/6/2015 | Below 100 |
| 5/6/2015 | Tactical Firearms |
| 5/6/2015 | Special Relationships |
| 4/22/2015 | Use of Force Policy Review |
| 4/22/2015 | WMD/PPE Inspection |
| 4/22/2015 | CEW - Policy Review |
| 4/22/2015 | Aerosol Subject Restraint |
| 4/22/2015 | Civil Disturbance Policy Review |
| 4/22/2015 | Forcible Stops Policy Review |
| 4/22/2015 | Less Lethal Shotgun Policy Review |
| 4/22/2015 | Pursuit Policy Review |
| 4/22/2015 | Pursuit Policy Review (Area Specific) |
| 4/22/2015 | Shooting Policy Review |
| 3/11/2015 | Shotgun Shoot |
| 3/11/2015 | Officer Safety Training (Area) |
| 3/11/2015 | Monthly Pistol Shoot |
| 3/11/2015 | Monthly Pistol Shoot |
| 2/25/2015 | Monthly Pistol Shoot |
| 2/25/2015 | Monthly Pistol Shoot |
| 2/25/2015 | Rifle Shoot |
| 2/11/2015 | Shooting Policy Review |
| 2/11/2015 | Pursuit Policy Attestation |
| 2/11/2015 | Pursuit Policy Review (Area Specific) |
| 2/11/2015 | Pursuit Policy Review |
| 2/11/2015 | Less Lethal Shotgun Policy Review |
| 2/11/2015 | Injury, Illness and Prevention Plan |
| 2/11/2015 | Emergency Action Plan Review |
| 2/11/2015 | Forcible Stops Policy Review |
| 2/11/2015 | Civil Disturbance Policy Review |
| 2/11/2015 | Aerosol Subject Restraint |
| 2/11/2015 | CEW - Policy Review |



| | |
|---|---|
| 2/11/2015 | WMD/PPE Inspection |
| 2/11/2015 | Use of Force Policy Review |
| 2/9/2015 | Search and Seizure Online Refresher Training |
| 2/6/2015 | SERGEANTS FORUM |
| 1/14/2015 | Emergency Medical Responder Recertification |
| 12/2/2014 | Information Security and Privacy Protection |
| 11/16/2014 | Workplace Violence Awareness Training |
| 11/5/2014 | Arrest and Control |
| 11/5/2014 | CEW - Refresher User Training |
| 11/5/2014 | Officer Safety Certification |
| 10/22/2014 | Monthly Pistol Shoot |
| 10/22/2014 | Monthly Pistol Shoot |
| 10/22/2014 | Mobile Video/Audio Recording System (MVARS) Review |
| 10/22/2014 | Pursuit Policy Review |
| 10/22/2014 | Pursuit Policy Review (Area Specific) |
| 10/22/2014 | Shooting Policy Review |
| 10/22/2014 | Shotgun Shoot |
| 10/22/2014 | Rifle Shoot |
| 10/22/2014 | Civil Disturbance Policy Review |
| 10/22/2014 | Civil Disturbance/Tactical Formations |
| 10/22/2014 | Aerosol Transmissible Disease (ATD) |
| 10/22/2014 | Aerosol Subject Restraint |
| 10/22/2014 | CEW - Policy Review |
| 10/22/2014 | Less Lethal Shotgun Policy Review |
| 10/22/2014 | Emergency Operations Plan (EOP) |
| 10/22/2014 | Forcible Stops Policy Review |
| 10/22/2014 | WMD/PPE Inspection |
| 10/22/2014 | Use of Force Policy Review |
| 10/22/2014 | Tactical Communications |
| 9/18/2014 | Property and Evidence Management Training |
| 9/10/2014 | Pursuit Policy Review (Area Specific) |
| 9/10/2014 | Pursuit Policy Review |



| 9/10/2014 | Mobile Video/Audio Recording System (MVARS) Review |
|---|---|
| 9/10/2014 | Monthly Pistol Shoot |
| 9/10/2014 | Monthly Pistol Shoot |
| 9/10/2014 | Rifle Shoot |
| 9/10/2014 | Shooting Policy Review |
| 9/10/2014 | Forcible Stops Policy Review |
| 9/10/2014 | Less Lethal Shotgun Policy Review |
| 9/10/2014 | Less Lethal Shotgun (2 rounds) |
| 9/10/2014 | CEW - Policy Review |
| 9/10/2014 | Aerosol Subject Restraint |
| 9/10/2014 | Civil Disturbance Policy Review |
| 9/10/2014 | Driver Training/Awareness |
| 9/10/2014 | Tactical Firearms |
| 9/10/2014 | Use of Force Policy Review |
| 9/10/2014 | WMD/PPE Inspection |
| 9/6/2014 | EEO Cultural Awareness & Ethics (Online) |
| 8/13/2014 | ETRS Training |
| 7/9/2014 | Forcible Stops Policy Review |
| 7/9/2014 | Less Lethal Shotgun Policy Review |
| 7/9/2014 | Hazmat 1st Responder Operational Update |
| 7/9/2014 | Hazardous Materials Incident Command Training |
| 7/9/2014 | Civil Disturbance Policy Review |
| 7/9/2014 | Aerosol Subject Restraint |
| 7/9/2014 | Area Asset Forfeiture Personnel Training |
| 7/9/2014 | Shooting Policy Review |
| 7/9/2014 | Shotgun Shoot |
| 7/9/2014 | Rifle Shoot |
| 7/9/2014 | Rifle Shoot |
| 7/9/2014 | Rifle Shoot |
| 7/9/2014 | Mobile Video/Audio Recording System (MVARS) Review |
| 7/9/2014 | Monthly Pistol Shoot |
| 7/9/2014 | Pursuit Policy Review |

| | |
|---|---|
| 7/9/2014 | Pursuit Policy Review (Area Specific) |
| 7/9/2014 | WMD/PPE Inspection |
| 7/9/2014 | Use of Force Policy Review |
| 7/9/2014 | SHRP-2 TIM Patrol |
| 6/4/2014 | Below 100 |
| 6/4/2014 | Criminal Apprehension Program (CAP) Training |
| 6/4/2014 | Kevlar for the Mind |
| 5/21/2014 | Less Lethal Shotgun Policy Review |
| 5/21/2014 | Forcible Stops Policy Review |
| 5/21/2014 | Civil Disturbance Policy Review |
| 5/21/2014 | CEW - Policy Review |
| 5/21/2014 | Aerosol Subject Restraint |
| 5/21/2014 | Pursuit Policy Review (Area Specific) |
| 5/21/2014 | Pursuit Policy Review |
| 5/21/2014 | Monthly Pistol Shoot |
| 5/21/2014 | Monthly Pistol Shoot |
| 5/21/2014 | Rifle Shoot |
| 5/21/2014 | Shotgun Shoot |
| 5/21/2014 | Shooting Policy Review |
| 5/21/2014 | Special Relationships |
| 5/21/2014 | Use of Force Policy Review |
| 5/21/2014 | WMD/PPE Inspection |
| 5/21/2014 | Work Zone Safety and Awareness |
| 5/20/2014 | Crisis Intervention Training |
| 4/17/2014 | AB 109 Training - Initial |
| 3/12/2014 | Cardiopulmonary Resuscitation |
| 3/12/2014 | Fire Extinguisher Training Video - Initial/Annual |
| 3/12/2014 | Legislative Updates/Vehicle Code |
| 3/12/2014 | Shotgun Shoot |
| 3/12/2014 | Monthly Pistol Shoot |
| 3/12/2014 | Monthly Pistol Shoot |
| 3/12/2014 | Officer Update Forcible Stops and Pursuits |

| Date | Course |
|---|---|
| 3/12/2014 | WMD/PPE Inspection |
| 2/5/2014 | Vehicle Pursuit (13519.8 P.C.) |
| 2/5/2014 | Officer Update Forcible Stops and Pursuits |
| 2/5/2014 | Legislative Updates/Vehicle Code |
| 2/5/2014 | Cardiopulmonary Resuscitation |
| 2/5/2014 | Aerosol Transmissible Disease (ATD) |
| 1/15/2014 | Work Zone Safety and Awareness |
| 1/14/2014 | AB 109 Training - Initial |
| 1/14/2014 | Kevlar for the Mind |
| 1/13/2014 | Monthly Pistol Shoot |
| 1/13/2014 | Shotgun Shoot |
| 1/13/2014 | Shotgun Handling |
| 12/18/2013 | Shooting Policy Review |
| 12/18/2013 | Pursuit Policy Review |
| 12/18/2013 | Less Lethal Shotgun Policy Review |
| 12/18/2013 | Forcible Stops Policy Review |
| 12/18/2013 | Emergency Action Plan Review |
| 12/18/2013 | Aerosol Subject Restraint |
| 12/18/2013 | CEW - Policy Review |
| 12/18/2013 | Civil Disturbance Policy Review |
| 12/18/2013 | Use of Force Policy Review |
| 12/12/2013 | TASER X2 End User |
| 12/11/2013 | Tactical Communications |
| 12/11/2013 | Civil Disturbance/Tactical Formations |
| 12/11/2013 | Officer Update Forcible Stops and Pursuits |
| 12/9/2013 | Officer Safety Training (Area) |
| 12/9/2013 | Officer Safety Certification |
| 12/9/2013 | Shotgun Handling |
| 12/9/2013 | Shotgun Shoot |
| 12/9/2013 | Tactical Firearms |
| 12/2/2013 | Shotgun Shoot |
| 12/2/2013 | Shotgun Handling |

| Date | Course |
| --- | --- |
| 12/2/2013 | Monthly Pistol Shoot |
| 12/2/2013 | Monthly Pistol Shoot |
| 11/27/2013 | Arrest and Control |
| 11/25/2013 | Search and Seizure Online Refresher Training |
| 11/25/2013 | Workplace Violence Awareness Training |
| 11/18/2013 | Rifle Shoot |
| 11/18/2013 | Monthly Pistol Shoot |
| 11/18/2013 | Monthly Pistol Shoot |
| 11/14/2013 | Hazardous Materials Incident Command Training |
| 10/15/2013 | EEO Cultural Awareness & Ethics (Online) |
| 10/10/2013 | CalCard Training |
| 10/2/2013 | Information Security and Privacy Protection |
| 9/24/2013 | Search and Seizure Online Refresher Training |
| 9/10/2013 | Shooting Policy Review |
| 9/10/2013 | Occupational Safety Review |
| 9/10/2013 | Pursuit Policy Attestation |
| 9/10/2013 | Pursuit Policy Review |
| 9/10/2013 | Less Lethal Shotgun Policy Review |
| 9/10/2013 | Forcible Stops Policy Review |
| 9/10/2013 | CEW - Policy Review |
| 9/10/2013 | Aerosol Subject Restraint |
| 9/10/2013 | Civil Disturbance Policy Review |
| 9/10/2013 | Use of Force Policy Review |
| 9/3/2013 | Monthly Pistol Shoot |
| 9/3/2013 | Rifle Shoot |
| 9/3/2013 | Rifle Shoot |
| 7/31/2013 | Departmental Emergency Plan |
| 7/31/2013 | Departmental Emergency Plan/Bomb Incidents |
| 7/31/2013 | Emergency Operations Plan (EOP) |
| 7/31/2013 | Hazmat 1st Responder Operational Update |
| 7/31/2013 | Weapons of Mass Destruction Refresher Training |
| 7/31/2013 | WMD/PPE Inspection |

| Date | Course |
|---|---|
| 7/15/2013 | Rifle Shoot |
| 7/15/2013 | Monthly Pistol Shoot |
| 6/24/2013 | Occupational Safety Review |
| 6/24/2013 | Pursuit Policy Review |
| 6/24/2013 | Shooting Policy Review |
| 6/24/2013 | Injury, Illness and Prevention Plan |
| 6/24/2013 | Less Lethal Shotgun Policy Review |
| 6/24/2013 | Emergency Action Plan Review |
| 6/24/2013 | Forcible Stops Policy Review |
| 6/24/2013 | Firearms Safety |
| 6/24/2013 | Civil Disturbance Policy Review |
| 6/24/2013 | Aerosol Subject Restraint |
| 6/24/2013 | CEW - Policy Review |
| 6/24/2013 | Weapon Clearance Policy Review |
| 6/24/2013 | Use of Force Policy Review |
| 6/24/2013 | Tactical Alert |
| 6/12/2013 | Special Relationships |
| 6/12/2013 | Below 100 |
| 6/12/2013 | Criminal Apprehension Program Training |
| 5/14/2013 | Commentary Driving |
| 5/13/2013 | Rifle Shoot |
| 5/13/2013 | Rifle Shoot |
| 5/13/2013 | Monthly Pistol Shoot |
| 5/13/2013 | Monthly Pistol Shoot |
| 4/24/2013 | Search and Seizure Refresher Training |
| 4/22/2013 | Shotgun Handling |
| 4/22/2013 | Shotgun Handling |
| 4/22/2013 | Shotgun Shoot |
| 4/22/2013 | Shotgun Shoot |
| 4/22/2013 | Rifle Shoot |
| 4/22/2013 | Rifle Shoot |
| 4/22/2013 | Monthly Pistol Shoot |



| | |
|---|---|
| 3/13/2013 | Driver Training/Awareness |
| 3/13/2013 | Aerosol Transmissible Disease (ATD) |
| 3/13/2013 | Emergency Medical Responder Recertification |
| 3/13/2013 | Legislative Updates/Vehicle Code |
| 3/11/2013 | Less Lethal Shotgun Policy Review |
| 3/11/2013 | Injury, Illness and Prevention Plan |
| 3/11/2013 | Emergency Action Plan Review |
| 3/11/2013 | Firearms Safety |
| 3/11/2013 | Forcible Stops Policy Review |
| 3/11/2013 | Aerosol Subject Restraint |
| 3/11/2013 | CEW - Policy Review |
| 3/11/2013 | Civil Disturbance Policy Review |
| 3/11/2013 | Occupational Safety Review |
| 3/11/2013 | Pursuit Policy Review |
| 3/11/2013 | Shooting Policy Review |
| 3/11/2013 | Use of Force Policy Review |
| 3/11/2013 | Weapon Clearance Policy Review |
| 2/14/2013 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 2/12/2013 | Search and Seizure Refresher Training |
| 2/11/2013 | Rifle Shoot |
| 2/11/2013 | Monthly Pistol Shoot |
| 2/11/2013 | Monthly Pistol Shoot |
| 1/17/2013 | Monthly Pistol Shoot |
| 1/17/2013 | Shotgun Shoot |
| 1/17/2013 | Shotgun Handling |
| 1/16/2013 | Law Enforcement Active Shooter Emergency Response |
| 12/19/2012 | Civil Disturbance/Tactical Formations |
| 12/19/2012 | Driver Training/Awareness |
| 12/19/2012 | Tactical Communications |
| 12/19/2012 | Tactical Firearms |
| 12/18/2012 | Use of Force Policy Review |
| 12/18/2012 | Weapon Clearance Policy Review |



| Date | Course |
|---|---|
| 12/18/2012 | Weapons of Mass Destruction Refresher Training |
| 12/18/2012 | Civil Disturbance Policy Review |
| 12/18/2012 | CEW - Refresher User Training |
| 12/18/2012 | CEW - Policy Review |
| 12/18/2012 | Less Lethal Shotgun Refresher |
| 12/18/2012 | Injury, Illness and Prevention Plan |
| 12/18/2012 | Emergency Action Plan Review |
| 12/18/2012 | Forcible Stops Policy Review |
| 12/18/2012 | Search and Seizure Review |
| 12/18/2012 | Shooting Policy Review |
| 12/18/2012 | Occupational Safety Review |
| 12/18/2012 | Pursuit Policy Review |
| 12/14/2012 | Departmental Range Officer Training Course |
| 12/13/2012 | Monthly Pistol Shoot |
| 12/13/2012 | Shotgun Handling |
| 12/13/2012 | Shotgun Shoot |
| 12/13/2012 | Rifle Shoot |
| 12/5/2012 | Departmental Firearms Inspection Course |
| 11/9/2012 | Associate Instructor Training Course (POST 21715) |
| 10/31/2012 | Information Security and Privacy Protection |
| 10/29/2012 | CPVE Initial Training Course |
| 10/25/2012 | EF Johnson Portable Radio Initial Training Course |
| 10/24/2012 | Arrest and Control |
| 10/24/2012 | Officer Safety Certification |
| 10/18/2012 | Basic Law Enforcement Auditor Course |
| 10/8/2012 | Workplace Violence Awareness Training |
| 9/24/2012 | Monthly Pistol Shoot |
| 9/24/2012 | Rifle Shoot |
| 9/24/2012 | Rifle Shoot |
| 9/24/2012 | Shotgun Shoot |
| 9/24/2012 | Shotgun Shoot |
| 9/24/2012 | Shotgun Handling |

| | |
|---|---|
| 9/6/2012 | Emergency Operations Plan (EOP) |
| 9/6/2012 | Human Trafficking |
| 9/6/2012 | Hazmat 1st Responder Operational Update |
| 9/5/2012 | Injury, Illness and Prevention Plan |
| 9/5/2012 | Mobile Video/Audio Recording System (MVARS) Review |
| 9/5/2012 | Emergency Action Plan Review |
| 9/5/2012 | EEO Policy Review per CHP 237A |
| 9/5/2012 | Forcible Stops Policy Review |
| 9/5/2012 | CEW - Policy Review |
| 9/5/2012 | CHP 268, STD 270, CHP 208 Training |
| 9/5/2012 | Civil Disturbance Policy Review |
| 9/5/2012 | Shooting Policy Review |
| 9/5/2012 | Search and Seizure Review |
| 9/5/2012 | Less Lethal Shotgun Refresher |
| 9/5/2012 | Occupational Safety Review |
| 9/5/2012 | Pursuit Policy Review |
| 9/5/2012 | Weapon Clearance Policy Review |
| 9/5/2012 | Use of Force Policy Review |
| 8/30/2012 | EEO Sexual Harass Prevent Training Non-Supervisory |
| 8/23/2012 | EEO Cultural Awareness & Ethics (Classroom) |
| 7/17/2012 | Commentary Driving |
| 7/2/2012 | Civil Disturbance Policy Review |
| 7/2/2012 | CEW - Policy Review |
| 7/2/2012 | EEO Policy Review per CHP 237A |
| 7/2/2012 | Forcible Stops Policy Review |
| 7/2/2012 | Less Lethal Shotgun Refresher |
| 7/2/2012 | Injury, Illness and Prevention Plan |
| 7/2/2012 | Pursuit Policy Review |
| 7/2/2012 | Occupational Safety Review |
| 7/2/2012 | Monthly Pistol Shoot |
| 7/2/2012 | Monthly Pistol Shoot |
| 7/2/2012 | Search and Seizure Review |

| | |
|---|---|
| 7/2/2012 | Shooting Policy Review |
| 7/2/2012 | Shotgun Handling |
| 7/2/2012 | Shotgun Shoot |
| 7/2/2012 | Shotgun Shoot |
| 7/2/2012 | Rifle Shoot |
| 7/2/2012 | Rifle Shoot |
| 7/2/2012 | Use of Force Policy Review |
| 7/2/2012 | Weapon Clearance Policy Review |
| 6/25/2012 | Commentary Driving |
| 5/31/2012 | Search Warrants "A through Z" |
| 5/9/2012 | National Suspicious Activity Reporting (SAR) |
| 5/9/2012 | Criminal Apprehension Program Training |
| 5/9/2012 | Aerosol Transmissible Disease (ATD) |
| 5/9/2012 | Special Relationships |
| 5/9/2012 | Special Relationships |
| 5/3/2012 | Is Today Your Day? (Video) |
| 4/27/2012 | Staff Analyst Development |
| 3/20/2012 | Use of Force Policy Review |
| 3/20/2012 | Weapon Clearance Policy Review |
| 3/20/2012 | Less Lethal Shotgun Refresher |
| 3/20/2012 | Forcible Stops Policy Review |
| 3/20/2012 | CEW - Policy Review |
| 3/20/2012 | Civil Disturbance Policy Review |
| 3/20/2012 | Pursuit Policy Review |
| 3/20/2012 | Search and Seizure Review |
| 3/20/2012 | Shooting Policy Review |
| 3/13/2012 | Officer Update Forcible Stops and Pursuits |
| 3/13/2012 | Cardiopulmonary Resuscitation |
| 3/13/2012 | Legislative Updates/Vehicle Code |
| 3/13/2012 | Forcible Stops/Pursuits/Shooting Policy |
| 3/13/2012 | Vehicle Code |
| 2/16/2012 | Monthly Pistol Shoot |



| Date | Course |
|---|---|
| 2/16/2012 | Monthly Pistol Shoot |
| 2/8/2012 | HQ Campus phone training |
| 1/25/2012 | Outlaw Motorcycle Gangs |
| 1/23/2012 | Public Records Act |
| 1/3/2012 | OIG Training Guide |
| 1/3/2012 | Occupant Restraint laws in California |
| 1/3/2012 | ADW with a Vehicle DVD #2416 |
| 1/3/2012 | The will to survive DVD #2324 |
| 1/3/2012 | The will to survive DVD #2388 |
| 12/14/2011 | Use of Force Policy Review |
| 12/14/2011 | Weapon Clearance Policy Review |
| 12/14/2011 | Arrest and Control |
| 12/14/2011 | CEW - Policy Review |
| 12/14/2011 | Civil Disturbance Policy Review |
| 12/14/2011 | Civil Disturbance (Dept.) |
| 12/14/2011 | Less Lethal Shotgun Training |
| 12/14/2011 | Forcible Stops Policy Review |
| 12/14/2011 | Pursuit Policy Review |
| 12/14/2011 | Shooting Policy Review |
| 12/14/2011 | Search and Seizure Review |
| 12/1/2011 | CLETS / NCIC (Limited Access) |
| 11/2/2011 | Driver Training/Awareness |
| 11/2/2011 | Breath Test Training - PEBT Devices |
| 10/24/2011 | Information Security and Privacy training |
| 10/19/2011 | Emergency Operations Plan (EOP) |
| 10/19/2011 | Tactical Communications |
| 9/7/2011 | First Responder Operational |
| 9/7/2011 | Hazardous Materials Incident Command Training |
| 9/7/2011 | CEW - Refresher User Training |
| 9/7/2011 | SEMS/NIMS |
| 8/17/2011 | Shotgun Shoot |
| 8/17/2011 | Monthly Pistol Shoot |



| | |
|---|---|
| 8/17/2011 | Monthly Pistol Shoot |
| 8/17/2011 | Special Relationships |
| 6/29/2011 | Monthly Pistol Shoot |
| 6/29/2011 | Monthly Pistol Shoot |
| 6/29/2011 | Civil Disturbance (Dept.) |
| 6/29/2011 | Human Trafficking |
| 5/20/2011 | Cultural Awareness Training |
| 4/13/2011 | CEW - Policy Review |
| 4/13/2011 | Forcible Stops Policy Review |
| 4/13/2011 | Monthly Pistol Shoot |
| 4/13/2011 | Monthly Pistol Shoot |
| 4/13/2011 | Pursuit Policy Review |
| 4/13/2011 | Shotgun Shoot |
| 4/13/2011 | Shotgun Handling |
| 4/13/2011 | Search and Seizure Review |
| 4/13/2011 | Shooting Policy Review |
| 4/13/2011 | Radar Certification |
| 4/13/2011 | Rifle Shoot |
| 4/13/2011 | Tactical Firearms |
| 4/13/2011 | Use of Force Policy Review |
| 4/6/2011 | Monthly Pistol Shoot |
| 4/6/2011 | Monthly Pistol Shoot |
| 2/9/2011 | Pursuit Policy Review |
| 2/9/2011 | Shooting Policy Review |
| 2/9/2011 | Search and Seizure Review |
| 2/9/2011 | Forcible Stops Policy Review |
| 2/9/2011 | Force Option Training Simulator |
| 2/9/2011 | Forcible Stops/Pursuits/Shooting Policy |
| 2/9/2011 | CEW - Policy Review |
| 2/9/2011 | Cardiopulmonary Resuscitation |
| 2/9/2011 | Civil Disturbance Policy Review |
| 2/9/2011 | Use of Force Policy Review |

| | |
|---|---|
| 2/9/2011 | Vehicle Code |
| 2/9/2011 | Weapon Clearance Policy Review |
| 2/4/2011 | Lidar Certification |
| 12/16/2010 | Shotgun Handling |
| 12/16/2010 | Shotgun Shoot |
| 12/15/2010 | Shotgun Shoot |
| 12/15/2010 | Shotgun Handling |
| 12/14/2010 | Monthly Pistol Shoot |
| 12/14/2010 | Monthly Pistol Shoot |
| 12/12/2010 | Shotgun Handling |
| 12/12/2010 | Shotgun Shoot |
| 12/12/2010 | Rifle Shoot |
| 12/8/2010 | Emergency Medical Responder |
| 12/1/2010 | Field Training Officer Recertification Training |
| 12/1/2010 | FTEP Update Module #3 - (POST 31714) |
| 11/17/2010 | Arrest and Control |
| 11/17/2010 | Sexual Harassment Prevention Training Non Supervis |
| 11/17/2010 | Monthly Pistol Shoot |
| 11/17/2010 | Monthly Pistol Shoot |
| 11/17/2010 | Officer Safety Certification |
| 11/1/2010 | Pursuit Policy Review |
| 11/1/2010 | Search and Seizure Review |
| 11/1/2010 | Shooting Policy Review |
| 11/1/2010 | CEW - Policy Review |
| 11/1/2010 | Civil Disturbance Policy Review |
| 11/1/2010 | Force Option Training Simulator |
| 11/1/2010 | Forcible Stops Policy Review |
| 11/1/2010 | Weapon Clearance Policy Review |
| 11/1/2010 | Use of Force Policy Review |
| 10/13/2010 | Forcible Stops/Pursuits/Shooting Policy |
| 10/13/2010 | Departmental Emergency Plan/Bomb Incidents |
| 10/13/2010 | Driver Training/Awareness |



| | |
|---|---|
| 8/10/2010 | Sexual Harassment Prevention Training |
| 8/10/2010 | Sexual Harassment Prevention Training for Nonsuper |
| 8/10/2010 | Workplace Violence Awareness Training |
| 8/1/2010 | Use of Force Policy Review |
| 8/1/2010 | Weapon Clearance Policy Review |
| 8/1/2010 | Search and Seizure Review |
| 8/1/2010 | Shooting Policy Review |
| 8/1/2010 | Pursuit Policy Review |
| 8/1/2010 | Civil Disturbance Policy Review |
| 8/1/2010 | CEW - Policy Review |
| 8/1/2010 | Forcible Stops Policy Review |
| 8/1/2010 | Force Option Training Simulator |
| 7/29/2010 | First Responder Operational |
| 7/29/2010 | Special Relationships |
| 6/11/2010 | Weapon Clearance Policy Review |
| 6/11/2010 | Use of Force Policy Review |
| 6/11/2010 | Force Option Training Simulator |
| 6/11/2010 | Forcible Stops Policy Review |
| 6/11/2010 | CEW - Policy Review |
| 6/11/2010 | Civil Disturbance Policy Review |
| 6/11/2010 | Pursuit Policy Review |
| 6/11/2010 | Shooting Policy Review |
| 6/11/2010 | Search and Seizure Review |
| 5/6/2010 | Shotgun Handling |
| 5/6/2010 | Shotgun Shoot |
| 5/6/2010 | Rifle Shoot |
| 5/6/2010 | Monthly Pistol Shoot |
| 5/6/2010 | Civil Disturbance (Dept.) |
| 5/6/2010 | Civil Disturbance/Tactical Formations |
| 5/6/2010 | Human Trafficking |
| 5/6/2010 | Tactical Firearms |
| 5/6/2010 | Tactical Formations |



| Date | Training |
|---|---|
| 5/1/2010 | Use of Force Policy Review |
| 5/1/2010 | Weapon Clearance Policy Review |
| 5/1/2010 | Forcible Stops Policy Review |
| 5/1/2010 | Force Option Training Simulator |
| 5/1/2010 | Civil Disturbance Policy Review |
| 5/1/2010 | CEW - Policy Review |
| 5/1/2010 | Pursuit Policy Review |
| 5/1/2010 | Search and Seizure Review |
| 5/1/2010 | Shooting Policy Review |
| 4/2/2010 | Radar Certification |
| 3/23/2010 | CULTURAL AWARENESS |
| 3/15/2010 | Civil Disturbance Policy Review |
| 3/15/2010 | CEW - Policy Review |
| 3/15/2010 | Force Option Training Simulator |
| 3/15/2010 | Forcible Stops Policy Review |
| 3/15/2010 | Search and Seizure Review |
| 3/15/2010 | Shooting Policy Review |
| 3/15/2010 | Pursuit Policy Review |
| 3/15/2010 | Weapon Clearance Policy Review |
| 3/15/2010 | Use of Force Policy Review |
| 3/3/2010 | Search and Seizure Review |
| 2/2/2010 | Search and Seizure Review |
| 2/2/2010 | Shooting Policy Review |
| 2/2/2010 | Pursuit Policy Review |
| 2/2/2010 | Forcible Stops Policy Review |
| 2/2/2010 | Force Option Training Simulator |
| 2/2/2010 | CEW - Policy Review |
| 2/2/2010 | Civil Disturbance Policy Review |
| 2/2/2010 | Use of Force Policy Review |
| 2/2/2010 | Weapon Clearance Policy Review |
| 1/26/2010 | Vehicle Code |
| 1/26/2010 | Driver Training |

| Date | Course |
|---|---|
| 1/26/2010 | Driver Training/Awareness |
| 1/26/2010 | Cardiopulmonary Resuscitation |
| 1/26/2010 | Emergency Medical Responder |
| 1/26/2010 | Forcible Stops/Pursuits/Shooting Policy |
| 1/20/2010 | Monthly Pistol Shoot |
| 1/20/2010 | Rifle Shoot |
| 1/14/2010 | Rifle Shoot |
| 1/14/2010 | Monthly Pistol Shoot |
| 12/16/2009 | Officer Safety |
| 12/16/2009 | Officer Safety Certification |
| 12/16/2009 | Bomb Incidents |
| 12/16/2009 | Arrest and Control |
| 12/16/2009 | Departmental Emergency Plan/Bomb Incidents |
| 12/16/2009 | Tactical Communications |
| 12/11/2009 | Rifle Shoot |
| 12/10/2009 | Monthly Pistol Shoot |
| 12/10/2009 | Monthly Pistol Shoot |
| 12/4/2009 | Pursuit Policy Review |
| 12/4/2009 | Shooting Policy Review |
| 12/4/2009 | Search and Seizure Review |
| 12/4/2009 | Civil Disturbance Policy Review |
| 12/4/2009 | CEW - Policy Review |
| 12/4/2009 | Forcible Stops Policy Review |
| 12/4/2009 | Force Option Training Simulator |
| 12/4/2009 | Weapon Clearance Policy Review |
| 12/4/2009 | Use of Force Policy Review |
| 11/20/2009 | FTEP Basic Course - (POST 31725) |
| 10/9/2009 | Monthly Pistol Shoot |
| 6/16/2009 | Monthly Pistol Shoot |
| 5/29/2009 | Monthly Pistol Shoot |
| 5/29/2009 | Rifle Shoot |
| 5/28/2009 | COZEEP/MAZEEP PROCEDURES |



| Date | Course |
| --- | --- |
| 5/15/2009 | Monthly Pistol Shoot |
| 4/24/2009 | Monthly Pistol Shoot |
| 4/24/2009 | Shotgun Shoot |
| 4/24/2009 | Shotgun Handling |
| 3/17/2009 | Shooting Policy Review |
| 3/17/2009 | Pursuit Policy Review |
| 3/17/2009 | Civil Disturbance Policy Review |
| 3/17/2009 | Cardiopulmonary Resuscitation |
| 3/17/2009 | CEW - Policy Review |
| 3/17/2009 | Forcible Stops Policy Review |
| 3/17/2009 | Use of Force Policy Review |
| 3/17/2009 | Vehicle Code |
| 3/17/2009 | Weapon Clearance Policy Review |
| 3/9/2009 | Vehicle Code |
| 3/9/2009 | Human Trafficking |
| 3/9/2009 | Cardiopulmonary Resuscitation |
| 3/4/2009 | Breath Test Training - PEBT Devices |
| 3/3/2009 | Monthly Pistol Shoot |
| 3/3/2009 | Shotgun Handling |
| 3/3/2009 | Shotgun Shoot |
| 2/10/2009 | Rifle Shoot |
| 2/10/2009 | Monthly Pistol Shoot |
| 11/14/2008 | Monthly Pistol Shoot |
| 11/14/2008 | Rifle Shoot |
| 11/14/2008 | Shotgun Shoot |
| 11/14/2008 | Shotgun Handling |
| 10/31/2008 | Shotgun Shoot |
| 10/31/2008 | Rifle Shoot |
| 10/31/2008 | Monthly Pistol Shoot |
| 10/31/2008 | Cadet Training Class |
| 10/24/2008 | Weapons of Mass Destruction |
| 8/30/2008 | TRTUE |

Exhibit 29



CALIFORNIA HIGHWAY PATROL
1929
SAFETY, SERVICE, & SECURITY

CALIFORNIA STATE
TRANSPORTATION AGENCY

GAVIN NEWSOM
GOVERNOR

CALIFORNIA
HIGHWAY PATROL

April 07, 2023

File No.: 801.13318.A14522

Mr. Jeff Macy
P.O. Box 103
Twin Peaks, CA 92391

Dear Mr. Macy:

The California Highway Patrol (CHP), Inland Division, received your request for records on March 30, 2023. Please accept this correspondence as a determination on your request.

In your request, you asked for the following, verbatim:

1. Any records of Burrtec trucks last year in mountain region safety violations.
2. Are all Burrtec trash trucks being inspected bi annually.
3. Any violations for Burrtec trucks or drives in mountain area.
4. Any weight restrictions on mountain roads, or my private road Augusta way lake arrowhead.
5. Requesting your specialist from "safer" to provide all records of Burrtec trucks for last 7 years (Mountain region only sb).

Inland Division is determining whether you seek copies of disclosable public records in the Department's possession. Accordingly, the Inland Division is extending its 10-day response timeframe by an additional 14 days, as authorized by Government Code section 7922.535, subdivision (c)(1).

If you have any questions or if you need additional information, please contact the Inland Division Public Records Act Coordinator Associate Governmental Program Analyst Monique Jules, ID A14522, at (909) 806-2400.

Sincerely,

D. J. MINOR, Chief
Inland Division

SAFETY, SERVICE, AND SECURITY
CHP 49 (Rev. 3-23) OPI 076

847 East Brier Drive, San Bernardino, CA 92408
909-806-2400 | 800-735-2929 (TT/TDD) | 800-735-2922 (Voice)

AN INTERNATIONALLY ACCREDITED AGENCY



Exhibit 30

State of California—Transportation Agency GAVIN NEWSOM, Governor

**DEPARTMENT OF CALIFORNIA HIGHWAY PATROL**
**Arrowhead Area**
**P.O. Box 997, 31230 Highway 18**
**Running Springs, CA 92382**
**(909) 867-2791**
**(800) 735-2929 (TT/TDD)**
**(800) 735-2922 (Voice)**

August 7, 2023

File No.:865.19044

Mr. Jeffrey Lloyd Macy
P. O. Box 103
Twin Peaks, CA 92391

Dear Mr. Macy:

On June 28, 2023, you contacted the California Highway Patrol Office of Internal Affairs and expressed your dissatisfaction with the conduct of Officer C. Bates, ID 18392, specifically the validity of the issued citation, and requested to file a formal complaint. You also telephoned the California Highway Patrol Arrowhead Area office and spoke to Sergeant D. Wellman, ID 18336, and expressed your dissatisfaction with the conduct of Officer Bates and Sergeant J. O'Brien, ID 19087, and requested to file a formal complaint. On July 3, 2023, the Arrowhead Area received a CHP 240B, *Civilian's Complaint Information*, completed and signed by you. You also submitted a video recording taken by a personal electronic device that captured the enforcement contact. A thorough review was conducted regarding the conduct of Officer Bates and Sergeant O'Brien during the enforcement contact. The Arrowhead command also thoroughly reviewed the Wireless Mobile Video and Audio Recording System (WMVARS) events, including the video you provided, and found the actions of Officer Bates and Sergeant O'Brien were appropriate and within departmental policy.

Regarding the traffic citation you believe was issued in error, the Department firmly believes the best venue to adjudicate the validity of citations is through the court system. The Department does not intervene in the court process unless there is clear evidence of employee misconduct. A review of the citation, and the circumstances surrounding the alleged violation, do not indicate any impropriety. As such, we recommend you pursue your concerns through the proper court.

The California Highway Patrol strives to provide the highest level of safety and service to the public and demands the highest standards from its employees. It is my hope any future contact you have with members of this Department will be under more favorable circumstances. This investigation will be retained on file for a period of five years.

*Sincerely,*

N. SALAIS, Lieutenant
Commander
Arrowhead Area

Exhibit 31
PAGE 250

Office of Risk & Insurance Management **Failure of Duty.**

**CLAIM AGAINST CA HIGHWAY PATROL OFFICE OF RISK & INSURANCE MANAGEMENT; FAILURE OF DUTY**

**Claim # GCP202301489**

Evidence **100%** proof: Video of California Highway Patrol's illegal Traffic Stop on June 27: **factually Macy's won 2-day trial; for said illegal traffic stop!**

**https://www.youtube.com/watch?v=GvmaMonuPeo**

Office of Risk & Insurance Management website. (**https://www.dgs.ca.gov/ORIM**) Legally States: ***"Any person can file a government claim for damages believed to be caused by the state of California due to the action or inaction of its employees."***

Office of Risk & Insurance Management stated, *"The claim involves complex issues that are beyond the scope of analysis & legal interpretation typically undertaken by the GCP. Claims involving complex issues are best determined by the courts. Therefore, staff* ***did not make a determination regarding the merit of the claim, & it is being rejected*** *so you can initiate court action if you choose to pursue this matter further."*

California Government code 910.8. *"If, in the opinion of the board or the person designated by it, a claim as presented* ***fails to comply substantially*** *with the requirements of Sections* ***910*** *&* ***910.2****, or with the requirements of a form provided under Section* ***910.4*** *if a claim is presented pursuant thereto, the board*

*or the person may, at any time within **20** days after the claim is presented, give written notice of its **insufficiency**, stating with **particularity the defects or omissions** therein. The notice shall be given in the manner prescribed by Section **915.4**. The board may not take action on the claim for a period of **15** days after the notice is given".*

**Risk & Insurance Management** office has **failed** to state ***particularly the defect or omissions*** *therein*; legal requirement! Risk & Insurance Management did not present the claim to have **failed to comply *substantially***. (School teaches 1-page minimum explanation). Risk & Insurance Management denied Macy's valid claim for compensation against California Highway Patrol. Risk & Insurance Management did not even make a **determination regarding the merit of the claim**. Risk & Insurance Management- Legally States: "…**must settle** valid claims!" & "…**required to settle valid claims** to save government lengthy & expensive lawsuits."

Risk & Insurance Management has refused to meet with the Macys or talk about claim. Macy's have gotten no phone calls, no long letter explaining particularly the defect or omissions. Risk & Insurance Management has failed to do Risk Management's legal duty.

**Claim for Just Compensation ($)**

**"PROPERTY OWNERSHIP FAIRNESS ACT"**
**ARTICLE 2.5 Property Ownership Fairness Act 6 38-2.5-101.**

**Property Ownership Fairness Act** Legally States: "*...includes a **simple process to file a claim for compensation**, designed to allow government & property owners to* ***<u>negotiate a settlement without having to go to court</u>***." (II) "*A PREVAILING PLAINTIFF IN AN ACTION FOR JUST COMPENSATION BROUGHT PURSUANT TO THIS SECTION MAY BE **AWARDED COSTS, EXPENSES, AND REASONABLE ATTORNEY FEES**.*"

<u>Legal Facts:</u> "*Within **3** years of the time the restriction on use is first applied to property, the owner must send a simple letter to the government requesting just compensation. No clumsy, time-consuming administrative review process is involved. Instead, the **government has 90 days to decide whether to restore the property rights by waiving the land-use restriction or to pay the owner for taking those rights away.** If the government chooses not to apply the restriction, that waiver can be passed down to later owners of the property. If the government either rejects the claim letter or takes no action within **3** months, the owner can ask a court to order compensation. & because the government must pay a successful property owner's legal bill, bureaucrats have an incentive to cooperate & resolve disputes before going to court.*"

**Property Ownership Fairness Act.** <u>Legal Facts:</u> Fairness Act, "*Was designed to enable **private citizens to file a claim without having to hire an attorney**. Lowering the costs & burdens of establishing a claim increases the likelihood of settlement without lengthy & expensive lawsuits, & helps discourage governments from exploiting property owners who do not know the law. Act is therefore a substantial improvement over the efforts by some states to protect people from regulatory takings, for most states have not done much to reduce the difficult process of filing claims.*"

**Florida's Harris Act**. State courts call it, **"COMPLEX PRESUIT REQUIREMENTS."**

Exhibit 32

3/12/2024

Custodian of Records

# Incident Detail Report

Data Source: Data Warehouse
Incident Status: Closed
Incident number: 220203IN00863
Case Numbers:
Incident Date: 2/3/2022 15:57:46
Report Generated: 3/12/2024 11:41:51

**Incident Information**
Incident Type: 1 CHP Unit Incident
Priority: 7
Determinant:
Base Response#: 02032022-0000951
Confirmation#:
Taken By: Marianne Tillmann
Response Area: 101-001
Disposition: F-File
Cancel Reason: SD-Service Desk
Incident Status: Closed
Certification:
Longitude: 117301974

Alarm Level:
Problem: PKG-Parking Violations
Agency: CHP
Jurisdiction: IN
Division: 101-Arrowhead
Battalion: 101-Arrowhead
Response Plan: 101-001 1 Unit Response
Command Ch:
Primary TAC:
Secondary TAC:
Delay Reason (if any):
Latitude: 34251398

**Incident Location**
Location Name: ** STORAGE * REF LOG 220204IN00497
Address: 23013 Vista Ln
Apartment:
Building:
City, State, Zip: Crestline CA 92325

County: San Bernardino
Location Type:
Cross Street: Cedar Way/Vista Pl
Map Reference:

**Supplemental Information - Person**
PERSON 1
OLN: GC 7927.705

OLS: CA

**Supplemental Information - Vehicle**
VEHICLE 1
License: ██████ CA

VEHICLE 2
License: ██████ CA

VEHICLE 3
License: GC 7927.705 ████ CA

VEHICLE 4
License: ██████ CA - Passenger Car

Plate Year: 2022

**Call Receipt**
Caller Name: GC 7927.705
Method Received: Passing Motorist
Caller Type:
Caller Address:

Call Back Phone:
Caller Location: GC 7927.705
Caller Location Phone:

California Highway Patrol                    Inland Communications Center

**Caller Building:**
**Caller City, State, Zip:**

**Caller Apartment:**
**Caller County:**

Time Stamps

| Description | Date | Time | User |
|---|---|---|---|
| **Phone Pickup** | 2/3/2022 | 15:57:44 | |
| **1st Key Stroke** | 2/3/2022 | 15:57:46 | |
| **In Waiting Queue** | 2/3/2022 | 15:58:36 | |
| **Call Taking Complete** | 2/3/2022 | 15:58:48 | Marianne Tillmann |
| **1st Unit Assigned** | 2/3/2022 | 15:59:11 | |
| **1st Unit Enroute** | | | |
| **1st Unit Arrived** | 2/3/2022 | 16:54:47 | |
| **Closed** | 2/3/2022 | 22:21:41 | April L Sorensen |

Elapsed Times

| Description | Time |
|---|---|
| **Received to In Queue** | 00:00:50 |
| **Call Taking** | 00:01:02 |
| **In Queue to 1st Assign** | 00:00:35 |
| **Call Received to 1st Assign** | 00:01:27 |
| **Assigned to 1st Enroute** | |
| **Enroute to 1st Arrived** | |
| **Incident Duration** | 06:23:57 |

Resources Assigned

| Unit | Primary Flag | Assigned | Disposition | Enroute | Staged | Arrived | At Patient | Delay Avail | Complete | Odm. Enroute | Odm. Arrived | Cancel Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B101-010 | N | 15:59:11 | RU-Reassign Unit or Incident | | | 16:54:47 | | | 19:21:36 | | | RU-Reassign Unit |
| B101-012 | N | 20:02:12 | RU-Reassign Unit or Incident | | | 20:04:20 | | | 21:30:47 | | | RU-Reassign Unit |

Personnel Assigned

| Unit | Name |
|---|---|
| B101-010 | Christopher J Brown (021840) |
| B101-012 | Christopher H Ruffalo (020393) |

Caution Notes
**No Caution Notes found**

Permits
**No Permit Information**

Pre-Scheduled Information
**No Pre-Scheduled Information**

Transports
**No Transports Information**

Transport Legs
**No Transports Information**

Comments

| Date | Time | User | Type | Conf. | Comments |
|---|---|---|---|---|---|
| 2/3/2022 | 15:58:12 | A13816 | Response | | [1] WHI IZUSU BOX TRUCK BLOCKING FIRE HYDRANT |
| 2/3/2022 | 16:55:12 | A18445 | Response | | [2] B101-010 1125 IN RDWY BLOCKING FIRE HYDRANT |
| 2/3/2022 | 16:59:22 | A13413 | Response | | [3] [Notification] [CHP]-ON LL |
| 2/3/2022 | 16:59:36 | A18445 | Response | | [4] 101-10 REQ 1185 FOR BOX TK |
| 2/3/2022 | 17:00:55 | A13413 | Response | | [5] [Notification] [CHP]-1185 ON LL INQ SIZE OF THE BOX TK |
| 2/3/2022 | 17:01:58 | A18445 | Response | | [6] 101-10 ADV DUALLY APPROX 25 TO 30 FT - GOING TO HAVE TO DRIVE AROUND VEH ONTO DIRT SHOULDER |
| | | | | | [7] [Rotation Request Comment] 1021 BILL AND WAGS TOW FOR MD, ADV |

| | | | | | |
|---|---|---|---|---|---|
| 2/3/2022 | 17:02:19 | A13413 | Response | | WILL NEED A HD FOR THAT TYPE OF TK |
| 2/3/2022 | 17:02:23 | A13413 | Response | | [8] BOT |
| 2/3/2022 | 17:04:20 | A13413 | Response | | [9] [Notification] [CHP]-IS THE TK LOADED ? |
| 2/3/2022 | 17:05:47 | A13413 | Response | | [10] [Rotation Request Comment] 1039 DESERT VALLEY TOW W/HD 760-961-4889 |
| 2/3/2022 | 17:06:08 | A13413 | Response | | [11] CPS PKG - UNIT MIGHT NOT KNOW IF LOADED SINCE IT'S A BOX TK |
| 2/3/2022 | 17:06:33 | A18445 | Response | | [12] 101-10 UNK IF LOADED |
| 2/3/2022 | 17:08:14 | A18445 | Response | Y | [13] [Query] B101-010, CLETS/NCIC Vehicle Inquiry: C,CA GC PC,4,T |
| 2/3/2022 | 18:12:28 | A18445 | Response | | [14] 101-10 REQ ETA 1185 |
| 2/3/2022 | 18:13:01 | A18445 | Response | | [15] 1039 DESERT VALLEY - ETA 45 MINS OUT |
| 2/3/2022 | 19:01:07 | A18445 | Response | | [16] 1021 DESERT VALLEY FOR ETA - AT THE 18 APPCH 138 |
| 2/3/2022 | 19:21:28 | A14129 | Response | | [17] IF 1185 WANTS TO HOOK UP THE VEH HE WILL PROVIDE 180 WHEN HE IS CLR |
| 2/3/2022 | 19:21:52 | A14129 | Response | | [18] 10 REQ 12 TO CONT AND HE WILL PROVIDE HIM W/ 180 |
| 2/3/2022 | 19:21:56 | A14129 | Response | | [19] 12 CPYS FRM STOP |
| 2/3/2022 | 19:22:53 | A16979 | Response | | [20] 1021 DESERT VALLEY CPS LINE 17 |
| 2/3/2022 | 19:23:21 | A14129 | Response | | [21] 1185 97 ADV TO HOOK UP AND WILL PROVIDE 180 WHEN CLR |
| 2/3/2022 | 19:23:38 | A14129 | Response | | [22] 12 ADV HAVE 10 LEAVE 180 AND HE WILL FINISH IT UP |
| 2/3/2022 | 20:02:05 | A14129 | Response | | [23] 1039 DESERT VALLEY TO SEE WHERE THERE TOW IS 1023 / PER TOW STILL AT ORIG LOCATION |
| 2/3/2022 | 20:18:55 | A14129 | Response | | [24] DESERT VALLEY IS HAVING A HARD TIME GETTING VEH , BUT HAS ANOTHER TOW ENRT |
| 2/3/2022 | 20:19:18 | A14129 | Response | | [25] PER 10 THEY ARE SENDING ANOTHER TK |
| 2/3/2022 | 20:28:16 | A13414 | Response | | [26] [Notification] [CHP]-DESERT VALLEY INQ IF CHP CAN ADV IF DRIVER IS 1097 - CANT GET A HOLD OF HIM |
| 2/3/2022 | 20:28:49 | A14129 | Response | | [27] AFFIRM TRYING TO ACCESS IT FRM THE BACK SIDE |
| 2/3/2022 | 21:33:19 | A14129 | Response | | [28] 101-12 18 IZSU MPR XE WHI B ID 21840 |
| 2/3/2022 | 21:34:18 | A14129 | Response | | [29] ** XD |
| 2/3/2022 | 21:34:56 | A14129 | Response | | [30] ** GC 7927.705 |
| 2/3/2022 | 21:34:57 | A14129 | Response | Y | [31] [Query] , CLETS/NCIC Vehicle Inquiry: C,CA,22, GC PC,4,T |
| 2/3/2022 | 22:05:44 | A14129 | Response | Y | [32] [Query] 101-CLETS, 1. Vehicle - Stored: C GC CA,22,CO GC 7927.705 18,ISUZ,HD,DS,WHI,020322,V-00056-865-22,22651(b) DESERT VALLEY TOWING (760)961-4889 IN00863 021840 A14129 |
| 2/3/2022 | 22:06:12 | A14129 | Response | Y | [33] [Query] 101-CLETS, 1. Vehicle - Stored: C GC CA,22,CO, GC 7927.705 18,ISU,HD,DS,WHI,020322,V-00056-865-22,22651(b) DESERT VALLEY TOWING (760)961-4889 IN00863 021840 A14129 |
| 2/3/2022 | 22:09:21 | A14129 | Response | Y | [34] [Query] 101-CLETS, 1. Vehicle - Stored: C, GC CA,22,CO GC 7927.705 18,ISU,HD,PK,WHI,020322,V-00056-865-22,22651(b) DESERT VALLEY TOWING (760)961-4889 IN00863 021840 A14129 |
| 2/3/2022 | 22:09:55 | A14129 | Response | Y | [35] [Query] 101-CLETS, 1. Vehicle - Stored: C GC CA,22,CO GC 7927.705 18,ISU,TK,DS,WHI,020322,V-00056-865-22,22651(b) DESERT VALLEY TOWING (760)961-4889 IN00863 021840 A14129 |
| 2/3/2022 | 22:10:56 | A14129 | Response | | [36] ** FCN FOR ISU OCA/V-00056-865-22 FCN/4492203405146 |
| 2/3/2022 | 22:11:01 | A15639 | Response | Y | [37] [Query] , CLETS/NCIC Vehicle Inquiry: C,CA,22 GC PC,4,T |
| 2/3/2022 | 22:12:33 | A15639 | Response | | [38] SVS VERIFIED |
| 2/4/2022 | 12:10:52 | A09381 | Response | | [39] R/O OF VEH CALLED - RUDE AND BELLIGERANT - UPSET THAT HIS VEH WAS TOWED - WANTS TO KNOW WHY WON'T LISTEN TO ANY INFO - KEEPS ASKING SAME QUESTIONS - I WAS GOING TO GIVE HIM THE # TO THE TOW CO AND THE # TO THE ARROWHEAD CHP OFFICE - HE STATED HE DOESN'T HAVE ANYTHING TO WRITE WITH - ADVISED HE WILL NEED |

TO CONTACT THE OFFICE TO INQUIRE WHY VEH WAS TOWED

**Address Changes**
**No Address Changes**

**Priority Changes**
**No Priority Changes**

**Alarm Level Changes**
**No Alarm Level Changes**

**Activity Log**

| Date | Time | Radio | Activity | Location | Log Entry |
|---|---|---|---|---|---|
| 2/3/2022 | 15:58:48 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 15:58:50 | | Read Incident | | Incident 289 was Marked as Read. |
| 2/3/2022 | 15:58:50 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 15:58:59 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 15:59:11 | B101-010 | ASSIGN | 23013 Vista Ln | Response Number (02032022-0000951) |
| 2/3/2022 | 15:59:12 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 16:24:37 | B101-010 | Record Check: Vehicle Check | SR18\Rowder Horn RCH RD | B101-010 IncidentId: 23122289 CLETSPUR-C LIC-GC LIS-CA EntryForm-Roller CLETSPUR1-C LIC1 GC LIS1-CA ICODE1-4 |
| 2/3/2022 | 16:24:37 | B101-010 | Vehicle Check Supplemental info | SR18\Rowder Horn RCH RD | Added Vehicle Check supplemental information |
| 2/3/2022 | 16:24:37 | | Supplemental Information | 23013 Vista Ln | Supplemental Vehicle record 2471671 was added for license plate GC |
| 2/3/2022 | 16:24:37 | | License Plate | 23013 Vista Ln | Plate Number GC has been added. |
| 2/3/2022 | 16:33:00 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 16:40:02 | B101-010 | Record Check: Vehicle Check | SR18\Pine AVE | B101-010 IncidentId: 23122289 CLETSPUR-C LIC-GC LIS-CA EntryForm-Roller CLETSPUR1-C LIC1 GC LIS1-CA ICODE1-4 |
| 2/3/2022 | 16:40:02 | B101-010 | Vehicle Check Supplemental info | SR18\Pine AVE | Added Vehicle Check supplemental information |
| 2/3/2022 | 16:40:02 | | Supplemental Information | 23013 Vista Ln | Supplemental Vehicle record 2471691 was added for license plate GC |
| 2/3/2022 | 16:40:02 | | License Plate | 23013 Vista Ln | Plate Number GC has been added. |
| 2/3/2022 | 16:40:45 | B101-010 | Record Check: Person Check | SR18\Pine AVE | B101-010 IncidentId: 23122289 CLETSPURx-C State-CA SubjectCheck-true DInumber-GC CLETSPUR1-C OLS1-CA OLN1-7927.705 DMVICODE1-L1 |
| 2/3/2022 | 16:40:45 | B101-010 | Person Check Supplemental info | SR18\Pine AVE | Added Person Check supplemental information |
| 2/3/2022 | 16:40:45 | | Supplemental Information | 23013 Vista Ln | Supplemental Person record 3195359 - was added for GC 7927.705 |
| 2/3/2022 | 16:46:12 | | Supplemental Information | 23013 Vista Ln | Supplemental Vehicle record 2471699 was added for license plate GC |
| 2/3/2022 | 16:46:12 | | License Plate | 23013 Vista Ln | Plate Number GC has been added. |
| 2/3/2022 | 16:46:12 | B101-010 | Record Check: Vehicle Check | LAKE DR\Lake Gregory DR | B101-010 IncidentId: 23122289 CLETSPUR-C LIC-GC LIS-CA EntryForm-Roller CLETSPUR1-C LIC1 GC LIS1-CA ICODE1-4 |
| 2/3/2022 | 16:46:12 | B101-010 | Vehicle Check Supplemental info | LAKE DR\Lake Gregory DR | Added Vehicle Check supplemental information |

| | | | | | |
|---|---|---|---|---|---|
| 2/3/2022 | 16:54:47 | B101-010 | 10-97 | 23013 Vista Ln | |
| 2/3/2022 | 16:55:07 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 16:55:59 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 16:56:35 | | Supplemental Information | 23013 Vista Ln | Supplemental Vehicle record 2471711 was added for license plate GC |
| 2/3/2022 | 16:56:35 | | License Plate | 23013 Vista Ln | Plate Number GC has been added. |
| 2/3/2022 | 16:56:35 | B101-010 | Record Check: Vehicle Check | 23013 Vista Ln | B101-010 IncidentId: 23122289 CLETSPUR-C LIC- GC LIS-CA EntryForm-Roller CLETSPUR1-C LIC1- GC LIS1-CA ICODE1-4 |
| 2/3/2022 | 16:56:35 | B101-010 | Vehicle Check Supplemental info | 23013 Vista Ln | Added Vehicle Check supplemental information |
| 2/3/2022 | 16:59:24 | B101-010 | Rotation Request Entered | 23013 Vista Ln Crestline, CA 92325 | Rotation Request ID 821516 entered. |
| 2/3/2022 | 16:59:27 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 16:59:38 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 17:00:02 | B101-010 | Rotation Request Canceled | 23013 Vista Ln Crestline, CA 92325 | [RR 821516] Rotation Request canceled. |
| 2/3/2022 | 17:00:04 | B101-010 | Rotation Request Entered | 23013 Vista Ln Crestline, CA 92325 | Rotation Request ID 821517 entered. |
| 2/3/2022 | 17:00:06 | B101-010 | Rotation Service Request Recommendation | 23013 Vista Ln Crestline, CA 92325 | [RR 821517] Rotation Provider Desert Valley Tow IN was overridden with reason No Skip Reason added due to a Rotation Provider and/or Category Change. |
| 2/3/2022 | 17:01:11 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 17:02:36 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 17:02:43 | B101-010 | Rotation Request Canceled | 23013 Vista Ln Crestline, CA 92325 | [RR 821517] Rotation Request canceled. |
| 2/3/2022 | 17:02:45 | B101-010 | Rotation Request Entered | 23013 Vista Ln Crestline, CA 92325 | Rotation Request ID 821518 entered. |
| 2/3/2022 | 17:02:47 | B101-010 | Rotation Service Request Recommendation | 23013 Vista Ln Crestline, CA 92325 | [RR 821518] Rotation Provider Desert Valley Tow IN was overridden with reason No Skip Reason added due to a Rotation Provider and/or Category Change. |
| 2/3/2022 | 17:02:51 | B101-010 | Rotation Service Request Recommendation | 23013 Vista Ln Crestline, CA 92325 | [RR 821518] Rotation Provider Use Provider Area 101-1 was overridden with reason No Skip Reason added due to a Rotation Provider and/or Category Change. |
| 2/3/2022 | 17:05:34 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 17:05:47 | B101-010 | Rotation Service Request Number changed | 23013 Vista Ln Crestline, CA 92325 | [RR 821518] Rotation Service Request Number changed from 02032022-0000036 to 02032022-0000036 because rotation provider area changed. |
| 2/3/2022 | 17:05:51 | B101-010 | Rotation Provider Assigned | 23013 Vista Ln Crestline, CA 92325 | [RR 821518] Rotation Provider Desert Valley Tow IN assigned to request. |
| 2/3/2022 | 17:05:55 | | Read Incident | | Incident 289 was Marked as Read. |
| 2/3/2022 | 17:05:55 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 17:06:08 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 17:06:09 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 17:06:35 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 17:08:14 | B101-010 | [Query] | | [Query] CLETS/NCIC Vehicle Inquiry: C,CA GC PC,4,T |
| 2/3/2022 | 18:11:52 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 18:14:35 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 18:23:25 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 18:58:29 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 19:00:21 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 19:01:24 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 19:04:29 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 19:04:35 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 19:05:58 | | UserAction | | User clicked Exit/Save |

| | | | | | |
|---|---|---|---|---|---|
| 2/3/2022 | 19:21:36 | | ReAssign Response | 23013 Vista Ln | Clearing Primary Vehicle Flag |
| 2/3/2022 | 19:21:36 | | ReAssign Response | 23013 Vista Ln | ReAssign Reason: RU-Reassign Unit |
| 2/3/2022 | 19:21:36 | B101-010 | ReAssign Vehicle | 23013 Vista Ln | ReAssign Reason: RU-Reassign Unit |
| 2/3/2022 | 19:21:40 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 19:21:57 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 19:22:55 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 19:23:10 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 19:23:48 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 20:02:12 | B101-012 | ASSIGN | 23013 Vista Ln | Response Number (02032022-0000957) |
| 2/3/2022 | 20:04:20 | B101-012 | 10-97 | 23013 Vista Ln | |
| 2/3/2022 | 20:18:36 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 20:23:02 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 20:25:28 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 20:28:24 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 20:31:45 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 20:31:46 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 20:32:38 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 20:37:07 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 20:39:09 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 21:07:32 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 21:29:46 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 21:30:47 | | ReAssign Response | 23013 Vista Ln | Clearing Primary Vehicle Flag |
| 2/3/2022 | 21:30:47 | | ReAssign Response | 23013 Vista Ln | ReAssign Reason: RU-Reassign Unit |
| 2/3/2022 | 21:30:47 | B101-012 | ReAssign Vehicle | 23013 Vista Ln | ReAssign Reason: RU-Reassign Unit |
| 2/3/2022 | 21:33:25 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 21:34:00 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 21:34:56 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 21:34:57 | | [Query] | | [Query] CLETS/NCIC Vehicle Inquiry: C,CA,22, GC PC,4,T |
| 2/3/2022 | 21:36:18 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 21:42:03 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 21:42:59 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 21:50:30 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 22:05:44 | 101-CLETS | [Query] | | [Query] 1. Vehicle - Stored: C GC CA,22,CO GC 7927.705 18,ISUZ,I -00056-865-22,22651(b) DESERT VALLEY TOWING (760)961-4889 IN00863 021840 A14129 |
| 2/3/2022 | 22:06:12 | 101-CLETS | [Query] | | [Query] 1. Vehicle - Stored: C GC CA,22,CO GC 7927.705 18,ISU,H -00056-865-22,22651(b) DESERT VALLEY TOWING (760)961-4889 IN00863 021840 A14129 |
| 2/3/2022 | 22:09:21 | 101-CLETS | [Query] | | [Query] 1. Vehicle - Stored: C GC CA,22,CO GC 7927.705 ,18,ISU,H -00056-865-22,22651(b) DESERT VALLEY TOWING (760)961-4889 IN00863 021840 A14129 |
| 2/3/2022 | 22:09:55 | 101-CLETS | [Query] | | [Query] 1. Vehicle - Stored: C GC ,CA,22,CO GC 7927.705 18,ISU,TI -00056-865-22,22651(b) DESERT VALLEY TOWING (760)961-4889 IN00863 021840 A14129 |
| 2/3/2022 | 22:10:36 | | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 22:10:58 | | UserAction | | User clicked Exit/Save |
| 2/3/2022 | 22:11:01 | | [Query] | | [Query] CLETS/NCIC Vehicle Inquiry: C,CA,22 GC PC,4,T |
| 2/3/2022 | 22:12:40 | | UserAction | | User clicked Exit/Save |

| | | | | |
|---|---|---|---|---|
| 2/3/2022 | 22:21:37 | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/3/2022 | 22:21:39 | UserAction | | User clicked Cancel |
| 2/3/2022 | 22:21:41 | Cancel Response | ** STORAGE | Cancellation Reason: SD-Service Desk, Response Disposition: F-File |
| 2/4/2022 | 12:10:53 | UserAction | | User clicked Exit/Save |
| 2/4/2022 | 12:14:46 | UserAction | | User clicked Exit/Save |
| 2/4/2022 | 14:16:00 | Read Comment | | Comment for Incident 289 was Marked as Read. |
| 2/4/2022 | 14:17:08 | UserAction | | User clicked Exit/Save |

Edit Log

| Date | Time | Field | Changed From | Changed To | Reason | Table | Workstation | User |
|---|---|---|---|---|---|---|---|---|
| 2/3/2022 | 15:57:49 | Address | (Blank) | 23013 VISTA | New Entry | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:51 | Longitude | 0 | 117301974 | Entry Selected/Returned from GeoLocator | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:51 | Latitude | 0 | 34251398 | Entry Selected/Returned from GeoLocator | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:51 | Address | 23013 VISTA | 23013 Vista Ln | Entry Selected/Returned from GeoLocator | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:52 | ResponsePlanType | 0 | 0 | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:52 | Response_Area | | 101-001 | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:52 | Battalion | | 101-Arrowhead | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:52 | Division | | 101-Arrowhead | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:52 | Jurisdiction | | IN | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:52 | City | | Crestline | Updated City | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:55 | Incident_Type | | 1 CHP Unit Incident | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:55 | Priority_Number | 0 | 7 | | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:55 | Priority_Description | | 7 | | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:55 | ResponsePlanType | 0 | 1 | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:55 | DispatchLevel | | Default | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:55 | Response_Plan | | 101-001 1 Unit Response | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:57:55 | Problem | | PKG-Parking Violations | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:58:16 | Caller_Type | | Passing Motorist | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:58:26 | Caller_Name | | GC 7927.705 | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:58:31 | Call_Back_Phone | | | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:58:36 | Caller_Name | SALVA | | (Response Viewer) | Response_Master_Incident | IN021 | A13816 |
| 2/3/2022 | 15:58:50 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN016 | A14695 |
| 2/3/2022 | 15:58:50 | Read Call | False | True | (Response Viewer) | Response_Master_Incident | IN016 | A14695 |
| 2/3/2022 | 16:59:27 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A18445 |
| 2/3/2022 | 17:01:11 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A18445 |
| 2/3/2022 | 17:05:34 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A18445 |
| 2/3/2022 | 17:05:55 | Read Comment | False | True | (Recall Window) | Response_Master_Incident | IN007 | A18445 |
| 2/3/2022 | 17:06:08 | Read Comment | False | True | (Recall Window) | Response_Master_Incident | IN007 | A18445 |
| 2/3/2022 | 18:11:52 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A18445 |
| 2/3/2022 | 19:00:21 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A18445 |
| 2/3/2022 | 19:04:29 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A18445 |
| 2/3/2022 | 19:21:40 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/3/2022 | 19:23:10 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/3/2022 | 20:18:36 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/3/2022 | 20:28:24 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/3/2022 | 21:29:46 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/3/2022 | 21:34:00 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2/3/2022 | 21:34:55 | LicensePlateYear | | 2022 | Supplement Vehicle Record Edited. Record ID 2471711 | IncidentSupplementVehicle | IN007 | A14129 |
| 2/3/2022 | 21:34:55 | LicensePlateType | | PC | Supplement Vehicle Record Edited. Record ID 2471711 | IncidentSupplementVehicle | IN007 | A14129 |
| 2/3/2022 | 21:34:55 | LicensePlateNumbe | GC 7927.705 | GC | Supplement Vehicle Record Edited. Record ID 2471711 | IncidentSupplementVehicle | IN007 | A14129 |
| 2/3/2022 | 21:36:18 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/3/2022 | 21:50:29 | Location_Name | | ** STORAGE | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/3/2022 | 22:10:36 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/3/2022 | 22:21:37 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN007 | A14129 |
| 2/4/2022 | 12:14:22 | Location_Name | ** STORAGE | ** STORAGE * REF LOG 220204IN00497 | (Response Viewer) | Response_Master_Incident | IN022 | A09381 |
| 2/4/2022 | 14:16:00 | Read Comment | False | True | (Response Viewer) | Response_Master_Incident | IN016 | A18445 |

**Custom Time Stamps**
**No Custom Time Stamps**

**Custom Data Fields**

| Description | Data | User |
|---|---|---|
| EMS | SBCOMM | A13816 |
| FIRE | SBCOMM | A13816 |
| LAW | SBSO | A13816 |
| EMS | SBCOMM | A13816 |
| FIRE | SBCOMM | A13816 |
| LAW | SBSO | A13816 |

**Attachments**
**No Attachment**

"I declare under penalty of perjury that the document(s) consisting of 8 pages to which this is affixed is (are) a true copy(s) of the original document(s) on file with the Department of California Highway Patrol."

By: Scott Wagner, A11327
Date: 3/12/24
Title: Public Safety Dispatch Supervisor I

Redaction Date: 3/13/2024 10:34:45 AM

# Redaction Log

Total Number of Redactions in Document: 48

## Redaction Reasons by Page

| Page | Reason | Description | Occurrences |
|---|---|---|---|
| 1 | GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 4 |
| 3 | GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 12 |
| 4 | GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 14 |
| 5 | GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 5 |
| 6 | GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 10 |
| 7 | GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 1 |
| 8 | GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 2 |

Redaction Date: 3/13/2024 10:34:45 AM

# Redaction Log

## Redaction Reasons by Exemption

| Reason | Description | Pages (Count) |
|---|---|---|
| GC 7927.705 | Information withheld pursuant to California Government Code 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1). | 1(4)<br>3(12)<br>4(14)<br>5(5)<br>6(10)<br>7(1)<br>8(2) |

Exhibit 33

# [Records Center] CPRA REQUEST :: R001433-022824

From:    CHPCA Support (chpca@govqa.us)

To:      macybuilders@yahoo.com

Date:    Tuesday, May 21, 2024 at 12:12 PM PDT

--- Please respond above this line ---



RE: CPRA REQUEST of February 28, 2024., Reference # R001433-022824.

Dear Jeff Macy,

The California Highway Patrol received your request for records on February 28, 2024.

The Public Records Unit (PRU) has determined the Department possesses records responsive to your request.  Please be advised certain information has been withheld pursuant to Government Code section(s) 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1).

As your request relates to the reevaluation of request number R001226-0022124, the PRU has concluded that the Department's prior determination still stands.  Information was redacted per Government Code section(s) 7927.705, which incorporates an individual's right to privacy under the California Constitution (Cal. Const., art. I, 1).

Please note, certain items being requested does not reasonably describe an identifiable record and does not meet the requirements contained in the Government Code section 7922.530.  Additionally, the California Public Records Act (CPRA) does not compel agencies to respond to questions.  The CPRA requires agencies to disclose certain tangible records, already in existence, unless an exemption applies.

 Please log in to the Public Records Center at the following link to retrieve the responsive records.

CPRA REQUEST - R001433-022824

If you have any questions or need additional information, please respond to this email or contact the PRU at (916) 843-4030.

Sincerely,

Joanna Titman
California Highway Patrol
Public Records Unit

To monitor the progress or update this request please log into the Public Records Center .

