UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 5:23-cv-02245-RGK-BFM | **Date:** | March 14, 2025 |

**Title:** Jeff Macy v. California Highway Patrol Running Springs, et al.

========================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** **(In Chambers) Order Denying Plaintiff's Motion for Summary Judgment (ECF 84); Denying Plaintiff's Motion for Sanctions (ECF 63, 81)**

Pending before the Court are several motions. For the reasons that follow, the Court **denies** Plaintiff's Motion for Summary Judgment, without prejudice to him filing a new motion that complies with the relevant rules. The Court also **denies** the pending discovery-related Motions.

Plaintiff's Motion for Summary Judgment (ECF 84)

Last month, the Court struck Plaintiff's Motion for Summary Judgment (ECF 72), finding that Plaintiff did not comply with Local Rule 56. (ECF 73.) Plaintiff re-filed essentially the same document, along with a proposed order. (ECF 84.) Plaintiff's Motion still does not comply with the Local Rules governing summary judgment motions, because Plaintiff did not lodge a proposed Statement of Uncontroverted Facts.

Even if the Court overlooked that noncompliance, the Court could not grant Plaintiff's Motion as is. At the summary judgment stage, the moving party must "identify[] those portions of [the record] which it believes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 5:23-cv-02245-RGK-BFM | **Date:** | March 14, 2025 |

**Title:** Jeff Macy v. California Highway Patrol Running Springs, et al.

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(c). The Motion repeats allegations from the Complaint but does not support those allegations with evidence or citations to the record. And while courts are required to construe pro se filings liberally, such liberal construction does not reduce the burden on a party moving for summary judgment. *See Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

The Motion (ECF 84) is therefore **denied without prejudice** to Plaintiff again moving for summary judgment in compliance with Rule 56 and the Local Rules outlined in the prior order (ECF 73). The hearing on Plaintiff's Motion, noticed for March 18, 2025, is **taken off calendar**.

Plaintiff is reminded that he is not required to move for summary judgment. If he chooses to re-file, however, the dispositive motion cutoff is April 7, 2025, and he must comply with that deadline.

### Motion for Sanctions

There are two pending discovery motions. In the first, Plaintiff argued that sanctions should be imposed because (1) Defendants sent him a CD-ROM that was cracked; and (2) a video file he received had been edited, as reflected on the timestamps, and has distorted audio. (ECF 63.) Defendants opposed that Motion (ECF 85) and the time for Plaintiff's optional reply is past.

Defense counsel stated that he replaced the cracked CD-ROM back in November 2024, the day after Plaintiff filed his Motion flagging the issue. (ECF 85-1 (Decl. of J. Hernandez ¶ 2).) That declaration is supported by a copy of the letter which is, indeed, dated the day after the Motion was filed. (ECF 85-3 at 5.) The Court concludes that neither an order compelling further production

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 5:23-cv-02245-RGK-BFM | **Date:** | March 14, 2025 |

**Title:**   Jeff Macy v. California Highway Patrol Running Springs, et al.

nor imposition of discovery sanctions is appropriate with respect to the cracked CD-ROM; Plaintiff now has the video and Defendants moved promptly to fix the issue once they were notified of the problem. To the extent that Plaintiff seeks to compel further production with respect to the cracked video, the Motion (ECF 63) is **denied**.

With respect to the video from Officer Bates' dashcam, Defendants provided declarations from Defendants' counsel and from CHP Officer Garret Morris. Officer Morris states that the recording equipment in Officer Bates' vehicle does not have date or time stamps. (ECF 85-2 ¶ 5.) Defense counsel states that listening to the audio requires using an open-source software, and that he explained that fact to Plaintiff during a meet-and-confer. Counsel also indicates that video blurs license plates of involved vehicles (and his own vehicle), and the face of Plaintiff and his child. (Decl. of J. Hernandez ¶ 3.) None of these three facts are particularly concerning or suggest that there is something else Defendants should be ordered to produce.

Officer Garret's Declaration also indicates that there is an issue with the download of Officer Bates' video, in that there is "additional video time" added to the length of the video. (ECF 85-2 ¶ 4.) It's unclear what exactly that means. In any event, Plaintiff has the audio of this file and two additional angles of the traffic stop—his own recording and the recording from Sergeant O'Brien's dashcam (which apparently does have timestamps). Neither one of the other videos captures the beginning of the stop, but the audio plus the other two recordings should be sufficient to test the fidelity of the timing of Officer Bates' dashcam, should it become relevant.

More to the point, Officer Morris indicated he tried to fix the glitch and was unable to do so. (ECF 82-2 ¶ 4.) Plaintiff thus has everything Defendants can produce at this juncture. To the extent that Plaintiff seeks to compel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 5:23-cv-02245-RGK-BFM | **Date:** | March 14, 2025 |

**Title:** Jeff Macy v. California Highway Patrol Running Springs, et al.

further production with respect to the dashcam, the Motion (ECF 63) is **denied**. Moreover, nothing before the Court suggests that this issue was anything more than a technology error, so the request for sanctions is also **denied**.

Plaintiff filed a second Motion seeking the imposition of sanctions. (ECF 81.) That Motion re-raises the issues just discussed and raises one more: that Defendants have not provided Plaintiff a copy of the videorecording of his deposition. (ECF 81 at 3.) Rule 30(f)(3) reflects that any party may obtain a copy of the recording upon payment of "reasonable charges." In other words, if Plaintiff wants a copy of the video recording, he must reach out to the videographer directly. The transcript of the deposition was filed earlier in the case, and it has the videographer's name and the firm he works for. Plaintiff's Motion (ECF 81) is therefore **denied**.

**IT IS SO ORDERED**.

cc: Jeff Macy, pro se
Counsel of Record

Initials of Preparer: ch